UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADHU SAMEER,<br><br>    Plaintiff,<br><br>v.<br><br>SAMEER KHERA, *et al*.,<br><br>    Defendants. | Case No. 1:17-cv-01748-DAD-EPG<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SUBSTITUTED AND ALTERNATIVE SERVICE OF PROCESS**<br><br>(ECF Nos. 24, 26) |

On December 26, 2017, Madhu Sameer ("Plaintiff"), proceeding *pro se*, commenced this action by the filing of a Complaint naming thirty defendants. (ECF No. 1). On April 26, 2018, and April 30, 2018, Plaintiff filed requests to effect substituted service of process upon eight of the defendants: Sameer Khera, Snehal Devani, Healthy Masala, Devine Arts & Entertainment, Sandra Schuster, Gary Green, TC Zayner, and Edward Davila (collectively, "defendants"). (ECF Nos. 24, 26).

Plaintiff contends that Sameer Khera has evaded service by failing to respond to requests to waive service of process and by refusing to provide his residential address. Plaintiff states that Sameer Khera is no longer available at the residential address identified through court records and skip tracing because said residence has been sold. (ECF No. 24).

Plaintiff also contends that she could not secure the residential address of Sandra Schuster, and said defendant has evaded service at work. (ECF No. 24).

Plaintiff further contends that Gary Green, TC Zayner, and Edward Davila are Judicial Officers who believe they are above the law and are evading service. Specifically, Plaintiff states

1

that she has attempted to serve Gary Green more than five times, including two times at his office and four times at his residential address, but said defendant has refused service. (ECF No. 26).

Plaintiff requests leave to serve the defendants by publication, by leaving the documents at the defendant's office, by email, or via Facebook. (ECF Nos. 24, 26).

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987), *cert. denied*, 484 U.S. 870 (1987). Rule 4 provides that service of a summons and complaint may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4 (e)(1).

California Code of Civil Procedure § 413.10 *et seq.*, sets forth the permissible methods of service of a summons and complaint. Section 415.20(b) provides that service may be made to the person to be served by leaving a copy of the summons and complaint at his dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box when such papers cannot be personally delivered with reasonable diligence. The summons and complaint must be left in the presence of a competent member of the household or a person apparently in charge of such business, as the case may be, who must be at least 18 years of age and be informed of the general nature of the papers. A copy of the papers must be mailed thereafter by ordinary first-class mail with postage prepaid to the person to be served at the place of delivery. Cal. Civ. Proc. Code § 415.20 (b).

Section 415.50(a)(1) provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified." Because service by publication is the least likely to succeed in notifying a defendant of an action against him, a court must first be convinced that a thorough, systematic investigation and inquiry has been conducted in good faith to locate the defendant to be served. *Bd. of Trustees of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 338 (2013). A plaintiff must demonstrate that exhaustive attempts have been taken to serve the defendant by another manner." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (internal quotations and citations omitted). In addition

to the reasonable-diligence requirement, a plaintiff requesting service by publication must show, by affidavit that "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1).

Section 413.30 permits courts to direct service of a summons in any manner that is reasonably calculated to give actual notice to the party to be served, where no provision is made in this chapter or other law for the service of summons. Pursuant to this section, federal courts have authorized service by email. *See e.g. THC-Orange Cty. Inc. v. Valdez*, No. 17-CV-01911-LB, 2017 WL 3115171, at *3 (N.D. Cal. July 21, 2017); *Miller v. Ceres Uniified Sch. Dist.*, No. 1:15-CV-0029-BAM, 2016 WL 4702754, at *4 (E.D. Cal. Sept. 7, 2016); *Carson v. Griffin*, No. 13-cv-0520 KAW, 2013 WL 2403601 (N.D. Cal. May 31, 2014); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012). Nevertheless, to comport with due process, this method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Plaintiff requests leave to serve defendants by publication, email, Facebook, or by leaving the documents at the office of the person to be served. Initially, section 415.20(b) permits Plaintiff to effect service upon a defendant by leaving a copy of the summons and complaint at the person's usual place of business and mailing an additional copy to the address of said usual place of business. Thus, to the extent Plaintiff seeks to effect service pursuant to section 415.20(b), she may do so without leave of the Court.

The remainder of Plaintiff's motion is denied, however. First, a request for service by publication must be accompanied by an affidavit showing in detail (1) a thorough, systematic investigation and inquiry conducted in good faith to locate the defendant, including the dates thereof and any attempts to serve the defendant by another method of service and (2) that a cause of action exists against the defendant or that he is a necessary or proper party. Judicial Council Comment, Cal. Code Civ. Proc. § 415.50. Plaintiff's request is not accompanied by the statutorily required affidavit. Moreover, Plaintiff fails to show exhaustive attempts to locate the defendants.

Plaintiff does not detail any investigation or inquiry conducted to locate the defendants, and has in fact stated that at least one of the defendants may be served by another method.

Second, Plaintiff has not demonstrated that the requested alternative methods of service are reasonably calculated to apprise the defendants of this action. Plaintiff has submitted no evidence that service by email or Facebook would provide actual notice to the defendants. In fact, Plaintiff has not informed this Court of any email addresses or Facebook accounts through which she would attempt service of process.

Accordingly, Plaintiff's request to serve process by publication and by alternative methods is denied.

IT IS SO ORDERED.

Dated: **May 2, 2018**　　　　　　　　　　/s/ *Erin P. Grosj*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE