# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADHU SAMEER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMEER KHERA, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01748-DAD-EPG<br><br>**ORDER DISMISSING THE FIRST AMENDED COMPLAINT AND GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT; DENYING REQUEST TO FILE OVERLENGTH COMPLAINT; AND DENYING AS MOOT EX PARTE APPLICATION TO FILE MOTION TO STRIKE**<br><br>(ECF No. 59, 60, 61) |

　　　　On December 26, 2017, Madhu Sameer ("Plaintiff"), proceeding *pro se*, commenced this action by the filing of a 164-page complaint against 30 defendants. (ECF No. 1.) On May 8, 2018, Defendant Michael Millen filed a motion to dismiss under Rules 8(a), 12(b)(6), and 9(b) and for a more definite statement under Rule 12(e). (ECF No. 48). Also on May 8, 2018, Defendants J. Hector Moreno & Associates, J. Hector Moreno, Constance Smith, Rory Coetzee, Andrew Westover, Kayleigh Walsh, and Raechelle Velarde filed a motion pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 52.)

　　　　On May 8, 2018, Plaintiff filed a request for leave to file an amended complaint by June 15, 2018, and to vacate the pending motions to dismiss. (ECF No. 53.) On May 14, 2018, the Court granted Plaintiff leave to file an amended complaint on or before June 15, 2018. (ECF No. 56.) Citing Federal Rule of Civil Procedure 8(a), which requires the complaint to provide a short

1

and plain statement of the claim for relief, the Court directed Plaintiff to file an amended complaint that did not exceed 50 pages in length and warned Plaintiff that failure to comply with this directive may result in dismissal of this action.

On June 15, 2018, Plaintiff filed a First Amended Complaint ("FAC") that is 171 pages in length. (ECF No. 59.) Shortly after the FAC was filed, Defendant Michael Millen filed an ex parte application requesting that he be allowed to file a limited motion to strike prior to responding to the FAC, noting that the 171-page FAC not only fails to comply with the Court's directive that the amended complaint not exceed 50 pages in length, but that the FAC is also longer than Plaintiff's original 165-page complaint. (ECF No. 60.)

Shortly after Defendant Millen filed the ex parte application, Plaintiff filed a request or permission for file an overlength complaint. (ECF No. 61.) Additional Defendants subsequently filed joinders in Defendant Millen's ex parte application. (ECF Nos. 62, 63, 64.) On June 19, 2018, Plaintiff filed her opposition to the ex parte application. (ECF No. 65.)

The Court will deny the request to file an overlength brief (ECF No. 61), will dismiss the FAC (ECF No. 59) with leave to file a second amended complaint, and will deny as moot the ex parte application to file a limited motion to strike (ECF No. 60).

In her request to file an overlength complaint, Plaintiff contends that the 171-page length of her FAC is necessary for her to state her claims for relief as she is bringing claims based on activities, including racketeering, that have spanned 15 years and involve more than 70 individuals, although only approximately 30 of those individuals are named as defendants. (ECF No. 61 at 1.) She further contends that she has located more than 30 different complaints filed in other cases that were 150 pages in length; that to "single me out and force me to limit it to 50 pages, would amount to discrimination"; and that requiring her to reduce the length of her complaint to 50 pages "will severely prejudice" her. (*Id.*) Plaintiff requests that if her request to file the 171-page complaint is denied, that she be provided 15 days to file an amended complaint with a 100-page limit.

The Court has reviewed Plaintiff's request (ECF No. 61) and the FAC (ECF No. 59) and finds that the FAC not only violates this Court's order (ECF No. 56) limiting Plaintiff's amended

complaint to 50 pages, but also violates Federal Rule of Civil Procedure 8(a).

Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" that also "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The FAC violates this standard.

The first 65 pages of the FAC include extremely detailed background factual allegations against both named defendants and non-defendants. The claims for relief, which begin on page 65 of the FAC and continue for 100 pages, also contain extremely detailed factual allegations. These factual allegations extend far beyond the "short and plain statement" allowed under Rule 8(a). Although the factual allegations "must be enough to raise a right to relief above the speculative level," the plaintiff need only include in the complaint sufficient "factual enhancement" to cross "the line between possibility and plausibility." *Twombly*, 550 U.S. at 556-57; *see Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-98 (9th Cir. 2014) (applying Rule 8(a) to a complaint that includes a RICO claim).

Accordingly,

Plaintiff's Request to File an Oversized Complaint (ECF No. 61) or to alternatively file an amended complaint limited to 100 pages is DENIED.

Plaintiff's First Amended Complaint (ECF No. 59) is DISMISSED as filed in violation of the Court's order (ECF No. 56) limiting the length of Plaintiff's amended complaint to 50 pages and as violating Fed. R. Civ. P. 8(a)'s requirement for a short and plain statement of Plaintiff's claims for relief.

Plaintiff is granted leave to file a second amended complaint within fourteen (14) days of the date of this Order. Plaintiff's second amended complaint may not exceed fifty (50) pages in length. Failure to follow this directive may result in dismissal of this action. *McHenry v. Renne*, 84 F.3d 1172, 1176, 1179 (9th Cir. 1996) (explaining that a heightened pleading standard is "no invitation to disregard Rule 8's requirement of simplicity, directness, and clarity," and that the "propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," but instead "applies to good claims as well as bad, and is a

basis for dismissal independent of Rule 12(b)(6)").

Defendant Millen's Ex Parte Application to allow Limited Motion to Strike Before Responding to Complaint (ECF No. 60), in which additional Defendants have joined (ECF Nos. 62, 63, 64) is DENIED as moot in light of the Court's dismissal of the FAC.

IT IS SO ORDERED.

Dated: **June 21, 2018**

/s/ *Eric P. Grosj*
UNITED STATES MAGISTRATE JUDGE