1

Michael Millen
Attorney at Law  (#151731)

2

119 Calle Marguerita  Ste. 100
Los Gatos, CA  95032

3

Telephone:  (408) 871-0777
Fax:  (408) 866-7480

4

mikemillen@aol.com

5

In Pro Per

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)

10

MADHU SAMEER

NO.:  17-CV-01748-DAD-EPG

11

Plaintiff,

**DEFENDANT MILLEN'S MOTION TO DISMISS #2 UNDER FRCP RULES 8(a), 12(b)(6),  9(b) and MOTION FOR MORE DEFINITE STATEMENT UNDER FRCP RULE 12(e).**

12

v.

13

SAMEER KHERA, et al.,

14

Defendants.

15

Date:  August 7, 2018
Time:  9:30 a.m.

16

Judge:  Drozd

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**

17-CV-01748-DAD

1

## NOTICE OF MOTION AND MOTION

2          PLEASE TAKE NOTICE THAT on August 7, 2018, at 9:30 a.m. in Courtroom 5 of

3   the Honorable Dale Drozd at the Robert E. Coyle United States Courthouse, 7th Floor, 2500

4   Tulare Street, Fresno, CA  93721, defendant Michael Millen will move this court:

5          (a) to dismiss the complaint for failure to state claim upon which relief can be

6   granted under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6); and

7          (b) to dismiss the complaint for failure state with particularity the circumstances

8   constituting fraud as per FRCP Rule 9(b); and

9          In addition, if the court does not dismiss the complaint outright as requested in (a)

10  and/or (b) above, defendant Millen will move this court:

11         (c) To provide a more definite statement as per Rule 12(e) on the grounds that the

12  complaint is a "shotgun" pleading which is so vague and ambiguous that it is not reasonably

13  possible to file a responsive pleading and that is fails to contain a short and plain statement

14  of the claim showing that the pleader is entitled to relief under FRCP Rule 8(a).

15

16         The motion is based on these moving papers, the Request for Judicial Notice #2, the

17  complaint already in file in this action, any reply and further papers submitted in

18  furtherance of this motion, and oral statements made at the hearing.

19

20         **NOTICE TO PLAINTIFF SAMEER RE: OPPOSITION DUE DATE:**

21         **You are hereby notified that under Local Rule 230(c), you must file and serve**

22  **your response to this motion not less than fourteen (14) days prior to the noticed**

23  **hearing date.**

24

25

26

27

28

**DEFENDANT MILLEN'S MOTION TO DISMISS #2**
**UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**

17-CV-01748-DAD      Page i

1

*MEMORANDUM OF POINTS AND AUTHORITIES*

2

**TABLE OF CONTENTS**

3

**NOTICE OF MOTION AND MOTION**.................................................................**i**

4

*MEMORANDUM OF POINTS AND AUTHORITIES* ..................................**ii**

5

**TABLE OF CONTENTS**...............................................................................**ii**

6

**TABLE OF AUTHORITIES**........................................................................**iv**

7

*INTRODUCTION* .........................................................................................**1**

8

*FACTS* ..........................................................................................................**1**

9

**General Facts** ..............................................................................................**1**

10

**Facts Related To Defendant Millen** ...........................................................**3**

11

*ARGUMENT* .................................................................................................**5**

12

    I. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED. **5**

13

        **A. All Claims related to Professional Services are Time-barred** ...........**6**

14

        **B. All RICO Claims are Time-barred** ...................................................**7**

15

        **C. All Other Claims are Time-barred** ..................................................**8**

16

    II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE EACH CAUSE OF ACTION FAILS TO STATE CLAIM ....................................................... **8**

17

18

        **A. First Cause of Action: Attempts** .....................................................**8**

19

        **B. Second Cause of Action: Fraud**......................................................**8**

20

        **C. Third Cause of Action: Negligence** .................................................**9**

21

        **D. Fourth Cause of Action: Unjust Enrichment** .................................**9**

22

        **E Fifth Cause of Action: Civil Rights 42 U.S.C. §1983**.........................**10**

23

        **F. Sixth Cause of Action: Fraudulent Conveyancing** ...........................**11**

24

        **G. Seventh Cause of Action: Breach of Fiduciary Duty** .......................**11**

25

        **H. Eighth and Ninth Causes of Action: Intentional / Negligent Infliction of Emotional Distress** ..............................................................**12**

26

        **I. Tenth Cause of Action: Obstruction of Justice**................................**12**

27

        **J. Eleventh Cause of Action: Theft/ Identity Theft**...............................**12**

28

**K. Twelfth Cause of Action:   Unfair Business Practices** ....................... **13**

**L. Thirteenth Cause of Action:   Crimes Against the United States**...... **13**

**M. Fourteenth Cause of Action:   Civil Conspiracy**............................... **14**

**N. Fifteenth Cause of Action:   RICO** ..................................................... **14**

III.  THE COMPLAINT SHOULD BE DISMISSED DUE TO *TWOMBLY* AND SHOTGUN PLEADING CONSIDERATIONS............................................................... 16

**A. The Complaint Fails to satisfy *Twombly*** ............................................. **16**

**B. The Complaint is an Inappropriate "shotgun" Pleading and, If Not Dismissed, Should be Repleaded to Give a More Definite Statement** ...................................................................................................... **16**

**CONCLUSION**............................................................................................................ **19**

1

**TABLE OF AUTHORITIES**

2

3

4

**Cases**

5

*Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364

(11th Cir.1996) ........................................................................................... 17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................... 16

*Conley v. Gibson*, 355 U.S. 41 (1957)............................................................... 5

*Destfino v. Kennedy*, No. CVF081269LJODLB, 2009 WL 63566 (E.D. Cal. Jan. 8,

2009)............................................................................................................ 17

*Dunn v. Hackworth*, 628 F.2d 1111 (8th Cir. 1980) ....................................... 10

*Ferguson v. JPMorgan Chase Bank, N.A.*, No. 2:14-CV-00328-KJM, 2014 WL

2118527  (E.D. Cal. May 21, 2014) ............................................................ 9

*Forsyth v. Humana, Inc.,* 114 F.3d 1467 (9th Cir. 1997)................................. 12

*Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980)............................................ 5

*Great Am. Fed. S & L Ass'n v. Novotny*, 442 U.S. 366 (1979) ...................... 10

*Griffen v. Breckenridge*, 403 U.S. 88 (1971) ................................................. 10

*Grimmett v. Brown*, 75 F.3d 506 (9th Cir. 1996) ............................................ 7

*Harkins v. Eldredge*, 505 F.2d 802 (8th Cir. 1974)........................................ 10

*Harley v. Oliver*, 539 F.2d 1143 (8th Cir. 1976) ............................................ 10

*Hillblom v. County of Fresno*, 539 F.Supp.2d 1192 (E.D.Cal.2008) .............. 12

*Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997)............................................... 8

*Lee v. Hanley*, 61 Cal.4th 1225 (2015)............................................................. 6

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353 (9th Cir. 2005) .... 7

*Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal.4th 592 (2010)....................... 12

*Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001) .................................... 18

*MGIC Indem. Corp. v. Weisman*, 803 F.2d 500 (9th Cir. 1986) ...................... 6

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**

17-CV-01748-DAD       Page iv

*Nautilus, Inc. v. Chao Chen Yang*, 11 Cal. App. 5th 33 (2017) ..................................... 11

*Nugget Hydroelectric L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429 (9th Cir.1992 ..... 14

*Pincay v. Andrews*, 238 F.3d 1106 (9th Cir.2001) ............................................................ 7

*Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965 (1993) ........................................ 12

*PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802 (11th Cir.2010) .... 16

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985)...................................................... 15

*Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978)............................................................... 10

*United States v. Zibilich*, 542 F.2d 259 (5th Cir. 1976) ................................................ 10

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)....................................... 9

*Villegas v. Wells Fargo Bank, N.A.* (N.D. Cal., Sept. 17, 2012, No. C 12-02004 LB)
    2012 WL 4097747 ...................................................................................................... 9

*Wagh v. Metris Direct, Inc.*, 363 F.3d 821 (9th Cir.2003) .............................................. 14

*Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773 (1979) ......................................................... 14

*Yaesu Electronics Corp. v. Tamura* 28 Cal.App.4th 8 (1994) ....................................... 11

**Statutes**

42 U.S.C. §1985(3)............................................................................................................ 10

Cal. Civil Code §3439 et seq............................................................................................. 11

**Rules**

FRCP Rule 12(b)(6) ............................................................................................................ 5

FRCP Rule 8(a) ................................................................................................................ 16

FRCP Rule 9(b) .................................................................................................................. 8

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2**
**UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**

17-CV-01748-DAD     Page v

### *INTRODUCTION*

Plaintiff Madhu Sameer has filed a lawsuit which accuses the entire California family law judicial system of being a fraudulent RICO enterprise.  In the 50 page Second Amended Complaint ("SAC"), plaintiff names four superior court judicial officers from two different counties, the California Dept. of Child Support Services, vocational and accounting experts, and all the attorneys who represented either plaintiff or her husband in family court as conspiratorially coordinating to abuse and fleece litigants such as herself. While plaintiff's lack of satisfaction with the California family law system is regrettable, a review of the complaint suggests that her concerns would be more appropriately addressed by legislative change rather than a RICO lawsuit against anyone remotely connected with plaintiff's divorce case.

The movant herein, defendant Michael Millen, Esq., was one of plaintiff's attorneys who represented plaintiff in a tangential civil malpractice lawsuit and whom plaintiff substituted out due to financial considerations.   Not only does the complaint fail to state a claim against defendant Millen, but the statute of limitations has passed as to any claim which did exist.

### *FACTS*

For ease of analysis, it is helpful to view the facts of complaint from two different perspectives:  the general facts related to all defendants, and the specific facts related to Millen.  For purposes of this motion only, the facts of the complaint will be assumed as true.  Defendant Millen reserves the right to contest all facts in future pleadings and at trial.

### **General Facts**

Plaintiff's complaint stems from various court proceedings related to plaintiff's marriage dissolution with her ex-husband Sameer Khera ("Khera").  The plaintiff and Khera were married in 1986 (SAC ¶2) and Khera filed a dissolution petition in 2003 (SAC ¶26).  With the assistance of William Pardue, Esq., a marital settlement agreement was

1   reached in 2007 (SAC ¶47).  Plaintiff sought to have that settlement overturned and

2   litigated the matter up to the California Court of Appeal in the case of *In re Marriage of*

3   *Khera and Sameer* (2012) 206 Cal.App.4th 1467.   Plaintiff also filed a malpractice suit

4   against attorney Pardue in 2009, noting that the settlement agreement was "coerce[d]".

5   (SAC ¶¶47, 77.)  Plaintiff further claims to have suffered injuries as a consequence of child

6   support litigation in Fresno County.  (SAC ¶67.)

7        From this nucleus of facts, plaintiff claims that there has been a mammoth

8   racketeering conspiracy[1] against her, with the conspirators comprising a rather diverse

9   group: her ex-husband and his current wife, their two corporations, all attorneys who

10  represented her ex-husband in the family law/custody matters, all attorneys who represented

11  plaintiff herself in both the family law/custody matters and the Pardue malpractice case,

12  two Santa Clara County judges, a Fresno county judge and a Fresno court commissioner,

13  the California Department of  Child Support Services ("DCSS") and one of its lawyers, a

14  Certified Public Accountant, and a vocational assessment professional.

15       It appears that every cause of action incorporate incorporates all prior paragraphs.

16  Even more notably, the complaint actually turns itself into a Gordian knot by plaintiff's

17  continuing use of the novel phrase, "I incorporate all the ***preceding and successive***

18  ***paragraphs*** of this Complaint."  (emphasis added) (*See, e.g.,* Complaint ¶¶120, 123, 129,

19  140.)  This pleading technique is used at least a dozen times, and it is useful to consider an

20  example for the effect this has on the complaint overall.  Take plaintiff's claim for Fraud

21  which is found at Complaint ¶¶123-128.  Because this claim contains the "preceding and

22  successive paragraphs" phrase, the fraud claim against Millen literally contains all 358[2]

23  paragraphs of the complaint, both before it and after it.  However, many of those paragraphs

24  reference each other, both forward and backward, creating an infinitely recursive document

25  which references itself *in toto* repeatedly.

26

27  [1] The word "conspired" appears 83 times in the complaint.  Additionally, the word
    "conspiracy" appears 42 times.

28  [2] Because some numbers are reused, the complaint has more than 358 numbered paragraphs.

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

1    Further, all defendants are implausibly said to have conspired with each other in

2  everything done, at times making it difficult to determine which actor actually committed

3  which wrong, for example:

| SAC ¶ | Allegation |
|---|---|
| 30 | "each defendant made a fraudulent representation that parties had not owned any property in Australia" |
| 35 | "Defendants stole my identity to retain control over my E*Trade and Schwab Accounts" |
| 37 | "defendants have conspired to transfer to me all the liabilities, loans and payments that had been accrued jointly by parties" |
| 48 | "Each defendant intentionally concealed sale of community assets." |
| 60 | " All defendants engaged in falsification of facts, and inadequate representations of law to Sixth Appellate District." |
| 124 | "defendants conspired to have child support waived retrospectively in violation of 42 USC 666(a)(9)(c)" |

Typically there is no differentiation between defendants, meaning that a late-comer to the drama (such Millen, who was hired in 2009), the judicial defendants, and attorney s on both sides are all blanketly alleged as participating in each act of malfeasance cited by plaintiff.

### Facts Related To Defendant Millen

   William Pardue, Esq., after assisting plaintiff with her 2007 settlement agreement, substituted out of her family law case.  (SAC ¶¶47, 49.)  On Sept. 24, 2008, plaintiff, *in pro per*, filed a legal malpractice suit against Pardue, the attorney who represented her at the settlement conference.  (Request for Judicial Notice #2 ("RJN"), Ex. A; *but cf.* Complaint ¶77 (suggesting a 2009 filing date.)  On March 17, 2009, attorney Michael Millen, Esq. substituted in and became plaintiff's attorney of record in that malpractice case. (RJN, Ex. B.)

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6), and 12(e)**          17-CV-01748-DAD   Page 3

1   While the malpractice complaint was pending, the California Court of Appeal ruled

2   on plaintiff's attempt to overturn the family law judgment's spousal support order.  *See In*

3   *re Marriage of Khera and Sameer* (2012) 206 Cal.App.4th 1467.  That decision, while

4   noting plaintiff's claim of duress during the settlement conference (*Id.* at 1472),

5   nevertheless went against plaintiff with the court refusing to modify the spousal support

6   order to which she had agreed.

7   Only a handful of paragraphs in the SAC provide detail regarding attorney Millen's

8   actions during his representation of plaintiff in the malpractice case.  Those portions are as

9   follows:

10   45.  Between 2008 – Dec 2016, cumulative payments of over $500,000 were
11   made to PARDUE, MORENO Defendants, T&T Defendants, MILLEN and
their affiliates and associates using checks, credit cards and bank transfers.
12   Defendants defrauded me of these monies by pretending to represent me where
in fact they were employed by the CFDE and worked against me….
13

14   76.  Attorney Fee: Defendants have engaged in unscrupulous, fraudulent billing,
and delaying tactics to incease [sic] their billings, without really achieving
15   anything. I was billed over $40,000 by PARDUE, $20,000 by MILLEN,
$20,000 by T&T Defendants, and  $400,000 by MORENO Defendants. These
16   attorneys were in collusion with the opposing counsels, who delayed resolution
17   and billed similarly by mutual collusion. I was injured.

18   77. Fraud In Civil Litigation : The CFDE attorneys and Judicial Officers
conspired to prevent me from seeking damages against any of the culprits.  In
19   2009, I filed a Legal Malpractice suit against PARDUE alleging  negligence.
20   MORENO defendant advised I retain MILLEN. Together the two billed me
unscrupulously, wilfully sabotaged the proceedings, conspired between
21   themselves to abandoned [sic] me, preventing me from seeking appropriate
22   damages from defendant PARDUE, and against MORENO Defendants.

23   120.4  MILLEN and T&T Defendants wilfully sabotaged the litigations, to
24   protect MORENO Defendants, and other defendants.

25   151.2. Between 2007 - 2014, Defendants PARDUE, MILLEN, T&T
26   Defendants, MORENO Defendants, DAVIDSON, violated CRPC 1-400 (D)
by false advertising, false statements, and making false  representations about
27   themselves. their lawfirms, and affiliates and referrals. Defendants concealed

28

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**          17-CV-01748-DAD     Page 4

1

their corrupt motives, and have recklessly, intentionally, repeatedly failed to perform legal services competently, in violation of 3-110 ….

2

3

151.3 … Defendants SCHREIBER, B&B Defendants, and PARUDE, MORENO defendants, DAVIDSON, MILLEN and T&T Defendants colluded to share the attorney fee by delaying, have the fee awarded in exchange of waiver of child support arrears, misrepresentation and other illegal and unlawful acts of the defendants, a violation under CRPC 2-200 (A) and (B).

4

5

6

212. … Between 2007 – 2014, defendants B&B, SCHREIBER, and ELLIS have unlawfully pretended to be litigating the matter, when in fact they were engaged in good-cop/bad cop collusion,  dragging the litigation by colluding with PARDUE, MORENO defendants, T&T Defendants, MILLEN, FC-DCSS Defendants. They have collected over $650,000 in legal fee from defendant KHERA without really achieving much.

7

8

9

10

In 2013, Millen substituted out of the malpractice case.  (RJN, Ex. C.)  A review of

11

the Substitution of Attorney form reveals that it was signed by plaintiff and attorney Millen

12

on April 25, 2013, and filed that same day, with attorney Millen substituting out and

13

plaintiff Sameer substituting in to become self-represented in the action. (RJN, Ex. C).

14

According to the Superior Court's file, the malpractice lawsuit was dismissed after

15

settlement on April 24, 2014.  (RJN Ex. D, page 17.)

16

Plaintiff also filed a legal malpractice lawsuit against attorney Moreno.  The lawsuit

17

was dismissed as was the ensuing appeal.  (Complaint ¶78.)

18

19

***ARGUMENT***

20

I.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS TIME-
      BARRED

21

22

The standard applied on a motion to dismiss for failure to state a claim upon which

23

relief can be granted pursuant to FRCP Rule 12(b)(6) is well-established: a complaint

24

should be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in

25

support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46

26

(1957); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).  In ruling on an FRCP

27

12(b)(6) motion to dismiss, the Court may also rely upon documents which are properly

28

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**        17-CV-01748-DAD    Page 5

1    subject to judicial notice.[3] *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.

2    1986) (Court may take judicial notice of official records and reports without converting an

3    FRCP 12(b)(6) motion into an FRCP 56 motion for summary judgment).

4        In the instant case, the complaint should be dismissed because the causes of action

5    are improperly pleaded and all causes of action are time-barred.  The allegations against

6    defendant Millen as pleaded by plaintiff (and supplemented via the Request for Judicial

7    notice) boil down to the following:

8        ● Plaintiff filed a malpractice case *in pro per* against William Pardue, Esq. on Sept.

9    24, 2008;  (RJN Ex. A)

10        ● Attorney Millen substituted in and became plaintiff's counsel of record for the

11    case on March 17, 2009; (RJN Ex. B)

12        ● Plaintiff was allegedly billed $20,000 by Millen (SAC ¶76);

13        ● Attorney Millen allegedly dragged out the litigation, sabotaged the litigation,

14    conspired to abandon plaintiff, all "without really achieving much" (SAC ¶¶77, 212);

15        ● Attorney Millen substituted out of the case on April 25, 2013, *with plaintiff's*

16    *written consent,* and she then began to represent herself;  (RJN Ex. C)

17    Even assuming all of these things are true, plaintiff's claims are barred by the statute of

18    limitations.

19            **A.  All Claims related to Professional Services are Time-barred**

20        Under *Lee v. Hanley*, 61 Cal.4th 1225 (2015), apart from fraud, the one year statute

21    of limitations set forth in Code of Civil Procedure §340.6(a) applies when an attorney is

22    sued for violating a professional obligation he or she owed by virtue of being an attorney.

23        Although plaintiff's SAC  numbers 50 pages, only a handful of paragraphs actually

24    detail any acts or failures attributable to defendant Millen as noted above.   Because all of

25    the alleged wrongs center around Millen's professional representation as plaintiff's attorney

26

27

28

---

[3] Defendant Millen has included a Request for Judicial notice containing various documents from the Santa Clara County Superior Court's files.

**DEFENDANT MILLEN'S MOTION TO DISMISS #2 UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**     17-CV-01748-DAD    **Page 6**

1  in the Pardue civil malpractice suit, and given that the facts in no way suggest that Millen

2  had anything to do with the underlying family law or child support cases, the gravamen of

3  the complaint is malpractice (in the course of litigating plaintiff's malpractice case) and

4  breach of fiduciary duty to plaintiff in regards to that representation.

5     Given that Millen substituted out in April 2013 with plaintiff's consent, and given

6  that plaintiff's malpractice lawsuit was dismissed after settlement a year later in 2014, all

7  causes of action again Millen related to Millen's professional services are time-barred

8  because they accrued well more than one year prior to plaintiff's 2017 filing of this case.

9     Moreover, even plaintiff's fraud case is time barred because her injury was apparent

10  when Millen substituted out (and she once again became pro per) more than four years prior

11  to this lawsuit begin filed.

12  ## B. All RICO Claims are Time-barred

13     The statute of limitations for a civil RICO claim is 4 years. *Pincay v. Andrews*, 238

14  F.3d 1106, 1108 (9th Cir.2001); *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431

15  F.3d 353, 365 (9th Cir. 2005). Because plaintiff filed the instant lawsuit on Dec. 26, 2017,

16  the RICO claim is time barred because plaintiff knew of her  injuries long before December

17  2013.

18     Plaintiff alleges her own timeliness in the complaint by stating, "Action is timely as I

19  became aware of the conspiracy in early 2015 or thereabouts. The conspiracy, racketeering

20  acts and fraud is ongoing. Any previous actions are tolled due to false invoicing, lying, and

21  misrepresentation of the defendants." (Complaint ¶24.)  By pleading this, plaintiff is

22  essentially asking for this court to adopt an "injury and pattern discovery" rule for

23  determining the timeliness of a RICO claim.  However, our circuit has rejected the "injury

24  and pattern discovery" in favor of an "injury discovery rule". *Grimmett v. Brown*, 75 F.3d

25  506, 511-12 (9th Cir. 1996) (discussing injury discovery rule for civil RICO claims);

26  *Living Designs, Inc.*, 431 F.3d at 365 ("[t]he limitations period … begins to run when a

27  plaintiff knows or should know of the injury which is the basis for the action").

28

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**      17-CV-01748-DAD   Page 7

1       Thus, the "look-back" date in a RICO case is not the date when the conspiracy

2 became "apparent" to the plaintiff but rather the *first* day she suffered an injury related to

3 the RICO conspiracy. *See Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 186 (1997) (refusing to

4 recognize a "last predicate act" rule). Because plaintiff alleges numerous injuries between

5 2007 and 2013, her RICO claims are all time barred.

6

7                   **C. All Other Claims are Time-barred**

8       Leaving aside the professional services and RICO claims, all of plaintiff's other

9 claims have two to three year statutes of limitations. Again, because plaintiff does not

10 plead that Millen committed any civil wrong after Dec. 2013, all other causes of action are

11 time-barred.

12     II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE EACH CAUSE OF
            ACTION FAILS TO STATE CLAIM

13       The court is asked to dismiss each of plaintiff's causes of action due to their failure

14 to state a claim.

15              **A. First Cause of Action:  Attempts**

16       The first cause of action is for "Attempts" as outlined by Model Penal Code §5.01.

17 This claim should be dismissed because "Attempts" is not a recognized civil cause of action

18 in California state or federal practice. The Model Penal Code has never been enacted as

19 positive law in California, and in any case plaintiff is not authorized to bring criminal

20 prosecution. *See Hicks v. Bd. of Supervisors*, 69 Cal. App. 3d 228, 240 (1977) (No one can

21 institute criminal proceedings without the concurrence, approval or authorization of the

22 District Attorney).

23              **B. Second Cause of Action:  Fraud**

24       The second cause of action is for fraud. FRCP Rule 9(b) requires that "[i]n alleging

25 fraud or mistake, a party must state with particularity the circumstances constituting fraud

26 or mistake." Moreover, "[a]verments of fraud must be accompanied by 'the who, what,

27

28

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**     17-CV-01748-DAD    Page 8

1    when, where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317

2    F.3d 1097, 1106 (9th Cir. 2003).

3         Here, plaintiff claims that Millen is liable for fraud due to intentional

4    misrepresentation and other vague wrongdoings.  (SAC ¶¶126-128.)   However, the

5    complaint does not allege the false statements which Millen made, that Millen knew the

6    statements were false, that plaintiff relied on them to her detriment, nor the damage she

7    experienced due to said reliance.  The complaint's vague allegations are not sufficient to

8    make out a fraud cause of action, particularly in view of Rule 9(b), and thus this cause of

9    action should be dismissed.

10                    **C.  Third Cause of Action:  Negligence**

11        Although the third cause of action is simply denominated as general "Negligence", it

12   appears that the gravamen is negligent misrepresentation.  (See SAC ¶¶130-131, 134.)  This

13   court has previously ruled that when a negligent misrepresentation claim relies on the same

14   facts as an intentional misrepresentation claim, the pleading must meet the FRCP Rule 9(b)

15   heightened pleading standard.[4]  *See Ferguson v. JPMorgan Chase Bank, N.A.*, No. 2:14-

16   CV-00328-KJM, 2014 WL 2118527, at *9 (E.D. Cal. May 21, 2014).  Plaintiff has not

17   specified the false statements which Millen made, that he had no reasonable grounds for

18   believing them, that plaintiff relied on them to her detriment, nor the damage she

19   experienced due to said reliance.  Accordingly, this cause of action should be dismissed.

20                  **D.  Fourth Cause of Action:  Unjust Enrichment**

21        Plaintiff's fourth cause of action is for unjust enrichment.  This court has previously

22   held that "There is no cause of action in California for unjust enrichment."  *Walker v. USAA*

23   *Casualty Insurance Co.*, 474 F. Supp. 2d 1168, 1174 (E.D. Cal. 2007), *affd by Walker v.*

24

25

26   _____

     [4] As noted in *Villegas v. Wells Fargo Bank, N.A.* (N.D. Cal., Sept. 17, 2012, No. C 12-02004
27   LB) 2012 WL 4097747, at *7, "The Ninth Circuit has not yet decided whether Rule 9(b)'s
     heightened pleading standard applies to a claim for negligent misrepresentation, but most
28   district courts in California hold that it does."

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777
**DEFENDANT MILLEN'S MOTION TO DISMISS #2**
**UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**
17-CV-01748-DAD    Page 9

1  | *Geico Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009), *cert. denied Walker v. Geico*

2  | *Gen. Ins. Co.*, 130 S. Ct. 400 (2009).

3  | Regardless, even if there was such a claim, plaintiff has not set forth facts suggesting

4  | that defendant Millen received a benefit the continued retention of which would be

5  | "unjust".

6  | ### E  Fifth Cause of Action:  Civil Rights 42 U.S.C. §1983

7  | Plaintiff's fifth cause of action against defendant Millen is for deprivation of civil

8  | rights (42 U.S.C. §1983).  This claim fails due to the lack of state action because Millen,

9  | being merely an attorney, is not a state actor.  *Dunn v. Hackworth*, 628 F.2d 1111, 1112–

10 | 1113 (8th Cir. 1980); citing *Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir. 1978) (private

11 | counsel do not act under color of law); *United States v. Zibilich*, 542 F.2d 259, 261 (5th Cir.

12 | 1976) (section 1983 action against retained counsel for acts or omissions in a criminal trial

13 | must fail for lack of state action); *Harley v. Oliver*, 539 F.2d 1143, 1145-1146 (8th Cir.

14 | 1976) ("Mr. Evans, was acting only in the performance of his duties as counsel representing

15 | the father. Such actions are not performed under color of state law."); *Harkins v. Eldredge*,

16 | 505 F.2d 802, 803 (8th Cir. 1974) (the conduct of private counsel, either retained or

17 | appointed, in representing clients does not constitute action under color of state law for

18 | purposes of a section 1983 action).

19 | Moreover, 42 U.S.C. §1985(3) does not provide any substantive right itself but

20 | rather provides for a remedy for the violation of an underlying civil right. *See Great Am.*

21 | *Fed. S & L Ass'n v. Novotny*, 442 U.S. 366, 372 (1979).  Further, "[t]he language requiring

22 | intent to deprive of equal protection, or equal privileges and immunities, means that there

23 | must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus

24 | behind the conspirators' action." *Griffen v. Breckenridge*, 403 U.S. 88, 102 (1971).  No such

25 | animus is pleaded here.

26 | This cause of action should therefore be dismissed.

27 |

28 |

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**    17-CV-01748-DAD    Page 10

### F.  Sixth Cause of Action:  Fraudulent Conveyancing

Plaintiff's sixth cause of action against defendant Millen is for fraudulent conveyance.  In California, a fraudulent conveyance is "a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim.  *Nautilus, Inc. v. Chao Chen Yang*, 11 Cal. App. 5th 33, 39 (2017), *citing to Yaesu Electronics Corp. v. Tamura* 28 Cal.App.4th 8, 13 (1994).  Such transfers can be voided via the Uniform Voidable Transactions Act, Cal. Civil Code §3439 et seq.

Plaintiff's complaint fails to state a claim against Millen because it fails to allege that any asset in the possession of one of plaintiff's debtors was ever transferred to Millen.  Without a "conveyance" in favor of Millen, there can be no fraudulent conveyance action against him.  Accordingly, this cause of action should be dismissed.

### G.  Seventh Cause of Action:  Breach of Fiduciary Duty

Plaintiff's seventh cause of action against defendant Millen is breach of fiduciary duty.  The difficulty with plaintiff's cause of action is that she has not alleged a specific breach by Millen of any duties he owed her as her attorney.

The facts show that Millen served as plaintiff's counsel in a civil malpractice case between 2009 and 2013.  There is no allegation that Millen every appeared or gave advice regarding any family law matter of any kind, and in particular there is no allegation that Millen had any involvement with plaintiff or (anyone else in the cast of characters) prior to the 2009 substitution into her malpractice case against attorney Pardue.

Given that defendant Millen substituted out of plaintiff's malpractice case with plaintiff's written consent (RJN Ex. C), it is not clear how such substitution could constitute a breach of fiduciary duty.  Further, plaintiff makes no allegation of any specific wrongdoing done by Millen. Stating that Millen "sabotaged" plaintiffs case is so vague as to provide no information about what, if anything, Millen supposedly did or did not do.

The court is asked to find that insufficient facts are pleaded to make out a breach of fiduciary cause of action.

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**

17-CV-01748-DAD  Page 11

1

### H.  Eighth and Ninth Causes of Action:  Intentional / Negligent Infliction of Emotional Distress

2

Plaintiff's eighth cause of action against defendant Millen is for intentional infliction

3

of emotional distress.  An essential element of such a cause of action is "extreme and

4

outrageous" conduct by defendant.  However, plaintiff has not pleaded defendant Millen as

5

engaging in conduct which "exceed[s] all bounds of decency usually tolerated in a civilized

6

society." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993).  Accordingly,

7

this cause of action should be dismissed because it fails to state a claim.

8

Plaintiff's ninth claim is for negligent infliction of emotion distress which fails as

9

well, because there is no allegation that Millen did anything which reasonably and

10

foreseeably would have caused severe emotional distress.

11

### I.  Tenth Cause of Action:  Obstruction of Justice

12

Plaintiff's tenth cause of action against defendant Millen is for obstruction of

13

justice.[5]   However, there is no private right of action for obstruction of justice.  *Lu v.*

14

*Hawaiian Gardens Casino, Inc.*, 50 Cal.4th 592, 596 (2010); *see also Hillblom v. County of*

15

*Fresno*, 539 F.Supp.2d 1192, 1212 (E.D.Cal.2008) (no private cause of action under Pen.

16

Code, §182(a)); *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1483 (9th Cir. 1997), *overruled*

17

*on another ground by Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012)

18

(affirming judgment on the pleadings as to claim for obstruction of justice in violation of 18

19

U.S.C. § 1503, because the criminal statute does no sanction a private cause of action).

20

Therefore, Plaintiff's cannot state a claim for obstruction of justice because these are

21

nonexistent causes of action in a civil case. Thus, the court should dismiss this cause of

22

action.

23

### J.  Eleventh Cause of Action:  Theft/ Identity Theft

24

Plaintiff's eleventh cause of action is stated as being only against Khera and Devani

25

and does not involve allegations against Millen.

26

27

---

[5] Although the title mentions defamation, no facts are pleaded which relate to a defamation cause of action as against Millen.

28

### K.  Twelfth Cause of Action:   Unfair Business Practices

Plaintiff's twelfth cause of action against defendant Millen is for unfair business practices under Bus. & Prof. Code §§17200 and 17500.  However, the supporting allegations are generally devoid of facts and simply state legal conclusions.  Such vagueness violates the rule that a "plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation".  *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993).

Plaintiff alleges that Millen engaged in "false advertising, false statements, and making false representations about themselves. their lawfirms, and affiliates and referrals." (SAC ¶151.2)  However, no written or verbal communications from Millen to plaintiff are detailed, making the claim speculative and without particularity.  Plaintiff then alleges that legal services were not competently performed, but mere negligence is not a violation of Unfair Competition Law because such is neither unlawful, or unfair, or fraudulent.  Plaintiff also alleges that Millen retained relationships with opposing counsels that were adverse to plaintiff, but no mention is made of Millen have any interaction with any attorney opposing plaintiff, let alone an unlawful one.  Plaintiff contends that Millen billed plaintiff $20,000 in attorney's fees (SAC ¶76) during the four years he represented her and that this was an unconscionable amount, but no facts are detailed to support this bare legal conclusion.  Finally, plaintiff argues that Millen violated Cal. Rules of Prof. Conduct Rule 5-220 ("A member shall not suppress evidence that the member or the member's client has a legal obligation to reveal or to produce.")  However, plaintiff gives no explanation of what evidence Millen was supposed to produce which he failed to produce when he represented her in her malpractice case against attorney Pardue nor how this caused her damage.

### L.  Thirteenth Cause of Action:   Crimes Against the United States

Plaintiff's thirteenth cause of action against defendant Millen is for misprision of a felony and rebellion against the United States.  The concept appears to be that plaintiff's ex-husband Khera committed numerous crimes and that Millen knew of the crimes and failed

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2**
**UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**                    17-CV-01748-DAD     Page 13

1    to report them to a United States official, and that this not only constituted misprision of a

2    felony but some form of rebellion against the United States.

3        These allegations are of a criminal, as opposed to a civil, nature and can only be

4    brought by the government of the United States.  Because plaintiff is a private citizen suing

5    on her own behalf, she lacks standing to bring such claims and they should be dismissed.

6                    **M.  Fourteenth Cause of Action:   Civil Conspiracy**

7        Plaintiff's fourteenth cause of action against defendant Millen is for civil conspiracy.

8    However, there is no cause of action for "civil conspiracy".  *Wyatt v. Union Mortg. Co.*, 24

9    Cal. 3d 773, 787 (1979); *Mox Incorporated v. Woods,* 202 Cal. 675, 677 (1927).  This is

10   because "[a]llegations of conspiracy add nothing whatever that is substantive to a civil

11   complaint; their only purpose is to permit joinder as defendants of all parties who agreed to

12   the tort, regardless of whether they directly participated in its commission."  *Wyatt*, 24

13   Cal.3d at 792.  Accordingly, the court should dismiss this cause of action.

14                    **N.  Fifteenth Cause of Action:   RICO**

15       Plaintiff's fifteenth cause of action against defendant Millen is for racketeering

16   under Federal Civil RICO.  This cause of action is not properly pleaded and fails to state a

17   claim.

18       A plaintiff under RICO (18 U.S.C. §1964(c)) must show injury to their business or

19   property by reason of a violation of §1962. "Read together, these two provisions require

20   that a plaintiff seeking civil damages for a violation of section 1962 must allege facts

21   tending to show that he or she was injured by the use or investment of racketeering

22   income." *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 828 (9th Cir.2003) (quoting *Nugget*

23   *Hydroelectric L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429 (9th Cir.1992)); *overruled on*

24   *other grounds*, *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir.2007) (*en banc*).

25   Here, the only allegation relating to use of racketeering proceeds is in ¶¶294-299 where

26   plaintiff explains that Khera and Devani sold community assets, conspired to help Khera

27   violate support orders and conceal income, and that the money was used to operate a

28

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2**        17-CV-01748-DAD   Page 14
**UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**

1    restaurant and entertainment business.  None of these suggest that plaintiff was injured by

2    the proceeds.  Without giving any details, plaintiff alleges that all 30 defendants bribed an

3    accountant and vocational expert (SAC ¶42), that Khera bribed his own attorneys who in

4    turn bribed the judge and others (SAC ¶120.3(g)), and that plaintiff's family law attorney

5    William Pardue went so far as to bribe himself (*id.* ["PARDUE, SCHUSTER, WHITE

6    bribed or corruptly influenced defendants PARDUE…"]).  The "who", "when", "where",

7    and "how" of these bribes are fully left to the imagination, and no additional information is

8    given to explain or detail these incredible allegations and turn them into a theoretically

9    plausible claim.

10           Further, to state a civil RICO claim against Millen, Plaintiff must allege (1) conduct,

11   (2) of an enterprise, (3) through a pattern, (4) of racketeering activity, (5) causing injury to

12   plaintiff's business or property.  *Chan v. Chen*, 80 F.3d 1293, 1298-1300 (9th Cir.1996).

13   The complaint does not establish any of the above elements.

14           Plaintiff's assertion that Millen dragged out the litigation and conspired to

15   "abandon" plaintiff, resulting in Millen ultimately substituting out, provide no legal basis to

16   find that Millen engaged in unlawful conduct.  Further, there is no specific allegation that

17   Millen and any other entity were an "enterprise" or otherwise involved with a RICO

18   enterprise or that Millen acted in concert with the other defendants given his late entry into

19   the drama in 2009. Similarly, plaintiff has not alleged facts showing that Millen was

20   involved in the conduct of a RICO enterprise "through" a "pattern" of "racketeering

21   activity" causing injury to plaintiff.  Millen's legal representation of plaintiff cannot be

22   deemed racketeering activity.  In fact, there are no allegations against Millen outside his

23   role as counsel for plaintiff in the malpractice action, and there are no facts which plainly

24   state that Millen was allegedly involved in the affairs of a RICO "enterprise" and

25   conducting a "pattern of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S.

26   479, 493 (1985).  Accordingly, all RICO counts should be dismissed due to failure to state a

27   claim.

28

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**      17-CV-01748-DAD      Page 15

### III.  THE COMPLAINT SHOULD BE DISMISSED DUE TO *TWOMBLY* AND SHOTGUN PLEADING CONSIDERATIONS

#### A.  The Complaint Fails to satisfy *Twombly*

A complaint must contain more than "a formulaic recitation of the elements of a cause of action" but rather must contain factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  These allegations should also function as a "a short and plain statement of the claim showing that the pleader is entitled to relief".  FRCP Rule 8(a)(2).

As noted in the facts, there are only a handful of paragraphs that in any way relate to defendant Millen's actions (or inaction), and these do not state sufficient facts to make out any claim, let alone a conspiracy with dozens of other actors .  The remaining 350+ paragraphs implicate Millen only because he allegedly "conspired" with each and every defendant to perform each and act of mis-, mal-, and non-feasance even though Millen had nothing to do with any family law or child custody legal cases in which plaintiff suffered her underlying injuries.  The *Twombly* case calls "foul" on a complaint which seeks relief against a satellite defendant such as Millen if that complaint merely pleads that the defendant "conspired" with *everybody* to do *everything* at *every location* at *every time*.  Thus, the court is asked to dismiss the complaint on FRCP Rule 8(a)(2) and 12(b)(6) grounds.

#### B.  The Complaint is an Inappropriate "shotgun" Pleading and, If Not Dismissed, Should be Repleaded to Give a More Definite Statement

One of the most objectionable features of the complaint is its "shotgun" format in which all allegations are imported into every cause of action.  The Eleventh Circuit Court of Appeals remarked on the shotgun pleading before it in *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802 (11th Cir.2010).  There, the court explained that "Count I incorporates paragraphs one through seventy-three, and each of the nine succeeding counts incorporates all preceding counts, such that Count X amounts to an amalgamation of all

1    counts of the complaint." (*Id.* at 806) The court went on to lament the effect shotgun

2    pleadings had on the court docket (*Id.* at 806, n. 4):

> The amended complaint is a typical shotgun pleading. This court has
> condemned such pleadings in a series of cases stretching back at least as far as
> *Pelletier v. Zweifel*, 921 F.2d 1465, 1517–18 (11th Cir.1991) (describing such
> pleadings as "replete with factual allegations that could not possibly be
> material to any of the causes of action they assert"), and we do so once more
> here. Shotgun pleadings impede the administration of the district courts' civil
> dockets in countless ways. The district court, faced with a crowded docket and
> "whose time is constrained by the press of other business, is unable to squeeze
> the case down to its essentials." *Johnson Enters. of Jacksonville, Inc. v. FPL
> Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir.1998). It is therefore left to this
> court to sort out on appeal the meritorious issues from the unmeritorious ones,
> resulting in "a massive waste of judicial and private resources; moreover, 'the
> litigants suffer, and society loses confidence in the court[s'] ability to
> administer justice.' " *Id.* (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*,
> 114 F.3d 162, 165 (11th Cir.1997)).

13   This court (the Eastern District of California) has itself previously condemned

14   shotgun pleadings. In *Destfino v. Kennedy*, No. CVF081269LJODLB, 2009 WL 63566, at

15   *4 (E.D. Cal. Jan. 8, 2009), *aff'd sub nom. Destfino v. Reiswig*, 630 F.3d 952 (9th Cir.

16   2011), this court noted:

> Allegations, however, which incorporate each preceding paragraph, regardless
> of relevancy, are not permitted. This practice has been harshly criticized as a
> form of "shotgun pleading" that violates Rule 8's requirement of a "short and
> plain statement" and interferes with the court's ability to administer justice.
> *Byrne v. Nezhat*, 261 F.3d 1075, 1129–1130 (11th Cir.2001). In attacking such
> pleading, defendant has an obligation to move for a more definitive statement.
> *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77
> F.3d 364, 366 (11th Cir.1996) (Under the Federal Rules of Civil Procedure, a
> defendant faced with a complaint which incorporates each preceding
> paragraph, whether relevant or not, is not expected to frame a responsive
> pleading. Rather, the defendant is expected to move the court, pursuant to Rule
> 12(e), to require the plaintiff to file a more definite statement.)

25   Part of the problem is that when a shotgun pleading contain many causes of action, it

26   may become "virtually impossible to know which allegations of fact are intended to

27   support which claims." *Anderson v. District Bd. of Trustees of Cent. Florida

28   Community College*, 77 F.3d 364, 367 (11th Cir.1996).

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6), and 12(e)**          17-CV-01748-DAD   Page 17

The difficulties with plaintiff's complaint in this case mirror those detailed in *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001):

> The complaint is replete with allegations that "the defendants" engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of. Each count incorporates by reference the allegations made in a section entitled "General Factual Allegations" — which comprises 146 numbered paragraphs — while also incorporating the allegations of any count or counts that precede it. The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies.

This is doubly true when virtually every cause of action, as previously noted, incorporates every allegation preceding and succeeding it.

Accordingly, if this court does not dismiss the complaint outright for the reasons previously requested, it is respectfully asked to order plaintiff to give a more definite statement by repleading her complaint in accordance with directives similar to the following:

(1) Causes of action against "all defendants" shall not be allowed unless a defendant is alleged to have engaged in mis-, mal-, or non-feasance related to that cause of action;

(2) Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged;

(3) Plaintiff shall not plead separate causes of action for conspiracy;

(4) Each cause of action shall only incorporate by reference those allegations which are necessary to make out the cause of action;

//

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA  95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6),  and 12(e)**     17-CV-01748-DAD     Page 18

1

## CONCLUSION

2          The court is asked to dismiss the complaint or, if plaintiff is allowed to replead,

3   direct plaintiff to replead by following directives similar to those suggested.

4

5   Dated: July 6, 2018

6                                                    _____
                                                     MICHAEL MILLEN, ESQ.
7                                                    Defendant In Pro Per

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA 95032
(408) 871-0777

**DEFENDANT MILLEN'S MOTION TO DISMISS #2
UNDER FRCP RULES 8(a), 9, 12(b)(6), and 12(e)**          17-CV-01748-DAD          Page 19