**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MADHU SAMEER,<br><br>        Plaintiff,<br><br>v.<br><br>SAMEER KHERA, et al.,<br><br>        Defendants. | Case No. 1:17-cv-01748-DAD-EPG<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SUBSTITUTED AND ALTERNATIVE SERVICE OF PROCESS**<br><br>(ECF No. 68) |

On December 26, 2017, Plaintiff, Madhu Sameer, proceeding *pro se*, commenced this action against 30 defendants. (ECF No. 1.) On April 26, 2018, and April 30, 2018, Plaintiff filed requests to effect substituted service of process upon eight of the defendants, including the "Khera Defendants," consisting of Sameer Khera and Snehal Devani, husband and wife, and their businesses, Healthy Masala and Devine Arts & Entertainment. (ECF No. 24, 26), The Court denied these requests on May 2, 2018, providing Plaintiff with guidance regarding the requirements for service under the applicable rules. (ECF No. 38.) On June 20, 2018, Plaintiff filed a renewed request to effect substituted service of process upon the Khera Defendants. (ECF No. 68.)

In her renewed request, Plaintiff is seeking leave to serve the Khera Defendants through the following alternative means: (1) through an email to Sameer Khera; and/or (2) by mailing

1 the documents to the residential address of Khera Sameer and Snehal Devani; and/or (3) by leaving a copy of the documents on the doorstep or taped to the front door of said residential address; and/or (4) by leaving a copy of the documents with the residential neighbors of Khera Sameer and Snehal Devani; and/or (5) by leaving a copy of the documents with Khera Sameer's family law attorney, who is also a defendant in this action; and/or (6) by leaving a copy of the documents with Khera Sameer's civil attorney along with a request that this attorney forward the documents to Khera Sameer; or (7) by publication in the Mercury News. (ECF No. 68 at 1-2.)

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987). Rule 4(e), which sets out the requirements for service on an individual located within a judicial district of the United States, provides that "an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served" by either

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1), (2).

California Civil Procedure Code § 413.10 *et seq.*, sets forth the permissible methods of service of a summons and complaint in California. These methods include (1) by personal delivery of a copy of the summons and complaint to the person to be served, as specified in Cal. Civ. P. Code § 415.10; (2) by leaving copy of the summons and complaint at the office, dwelling house, usual place of abode or business, or usual mailing address using the procedures and under

2

the conditions set forth in Cal. Civ. Proc. Code § 415.20; or (3) by mail using the procedures and under the conditions set forth in Cal. Civ. Proc. Code § 415.30. To the extent Plaintiff is seeking to serve the Khera Defendants via mail or by leaving a copy of the documents at the residence of Khera Sameer and Snehal Devani, she is not required to seek leave of the Court but must simply comply with the conditions and procedures set out in the applicable section of the California Civil Procedure Code and/or in Federal Rule of Civil Procedure 4.

A. <u>Plaintiff's Efforts to Serve the Khera Defendants</u>

Plaintiff represents that she has been attempting to serve the Khera Defendants for over four months but that they have continuously evaded process. (ECF No. 68 at 1.) Plaintiff has not, however, provided an affidavit or any other documentation in support of her efforts to effect service of process, let alone the purported attempt by the Khera Defendants to evade service of process, for more than four months.

Plaintiff represents that her process server has made four attempts to serve the Khera Defendants at their residence. In support of this representation, Plaintiff cites to exhibit 1, attached to her request for substituted service. Exhibit 1 includes what is represented to be email correspondence between Plaintiff and her process server. (*See id.* at 3-10.) This correspondence is insufficient to demonstrate reasonable diligence.

First, there is no affidavit from Plaintiff's process server describing the efforts he has made to serve the Khera Defendants. Second, the information in exhibit 1 indicates minimal effort has been made to serve these defendants. According to the correspondence:

1. On May 7, 2018, the process server located an address for "Snehal Devani and her husband," at 4293 Verdigris Circle, San Jose, CA (the "residence"), but the server still "had to drive there and confirm they live there." (*Id.* at 5-6.)

2. On May 11, 2018, in the morning, the server went to the residence and knocked, but no one answered the door. The process server confirmed with neighbors and asked around and "from what I am told they are at that address." (*Id* at 9.)

3. On May 16, 2018, the process server went by the residence at 5:45 a.m. and waited about one-half hour. While he was there, there was a car parked in the driveway—the

3

1  process server indicates that he planned to have a friend run the car's license plates to
2  see to whom the car was registered. (*Id.* at 10.)

3 This correspondence indicates one knock on the residence "in the morning" on May 11, 2018; and perhaps a second attempt at service at 5:45 a.m. on May 16, 2018, although it is not clear that there was a knock on the door on that date or whether, instead, the server was waiting for someone to come out of the house. These two attempts do not demonstrate reasonable diligence in attempting to serve the Khera Defendants.

B. <u>Service by Email</u>

California Civil Procedure Code § 413.30 gives the Court discretion to direct service of a summons in any manner that "is reasonably calculated to give actual notice to the party to be served," where no provision is made in this chapter or other law for the service of summons. Pursuant to § 413.30, federal courts have authorized service by email where the plaintiff has demonstrated that service by traditional methods is impracticable and that service through email is reasonably calculated to apprise the defendant of the action. *See, e.g., Miller v. Ceres Unified Sch. Dist.*, No. 1:15-CV-0029-BAM, 2016 WL 4702754, at *4 (E.D. Cal. Sept. 7, 2016) (granting leave to serve by email where plaintiff demonstrated that despite reasonable diligence, he had been unable to serve defendant by traditional methods); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012) (allowing service by email on companies engaged in internet-based commercial activities that rely on email as a means of communication where plaintiff's attempts to locate and contact the companies by mail, email, and telephone were unsuccessful). To comport with due process, service by email must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, as previously noted, Plaintiff's limited attempts to serve the Khera Defendants do not rise to the level of reasonable diligence. Under these circumstances, the Court is not convinced that allowing Plaintiff to serve the Khera Defendants by email is justified.

Further, Plaintiff represents that she has been in touch with Sameer Khera through the email address skhera_1999@yahoo.com; and that Sameer Khera has used this email address for over eight years, including to correspond with his children. (ECF No. 68 at 1.) Plaintiff also provides a printout of what appears to be an email from Sameer Khera to Plaintiff dated February 28, 2018. (*Id.* at 12.) There is no affidavit from Plaintiff to support her representations. Further, assuming service to this email address would be sufficient to be "reasonably calculated to apprise" Sameer Khera of this action, Plaintiff does not explain how or why service to this email address would be reasonably calculated to apprise Snehal Devani of the action. The mere assertion that these two defendants are married is insufficient to make that showing.

Plaintiff's request for leave to serve the summons and complaint by email is denied.

C. <u>Service by Publication</u>

Because service by publication is the least likely to succeed in notifying a defendant of an action against him, Plaintiff must convince the Court that a thorough, systematic investigation and inquiry has been conducted in good faith to locate the defendant to be served. *Bd. of Trustees of the Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 338 (2013). "If a defendant's address is ascertainable, a method of service superior to publication must be employed, because constitutional principles of due process of law, as well as the authorizing statute, require that service by publication be utilized only as a last resort." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995).

The various means of service described in §§ 415.10 through 415.40 of the California Civil Procedure Code "make service by publication unnecessary except where a defendant's whereabouts and his dwelling house or usual place of abode, etc. cannot be ascertained with reasonable diligence." *Id.* "The term 'reasonable diligence' denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Id.* (internal ellipses, quotations, and citations omitted). Further, a plaintiff is required to file an affidavit that demonstrates that she meets the reasonable-diligence requirement as to the defendants she seeks to serve by publication, and that a cause of action exists against these defendants or that these defendants are a necessary or proper party to the action. *See* Cal. Civ.

Proc. Code § 415.50(a)(1).

Plaintiff has neither filed the affidavit nor made the showings required for service by publication. *See id.* and Judicial Council Comment, Cal. Civ. Proc. Code § 415.50. Plaintiff's request for leave to serve by publication is denied.

D. <u>Service Through Counsel and/or Neighbors</u>

Plaintiff also requests leave to serve the Khera Defendants by providing a copy of the summons and complaint to Sameer Khera's family law attorney and/or his civil attorney, and/or the residential neighbors of Sameer Khera and Snehal Devani. Plaintiff has not demonstrated that these attorneys or neighbors are an "agent authorized by appointment or by law to receive service of process" in this matter. *See* Fed. R. Civ. P. 4(e)(2)(C). Accordingly, the request for leave to serve the Khera Defendants through these individuals is denied.

Plaintiff's Request for Substituted Service (ECF No. 68) is DENIED.

IT IS SO ORDERED.

Dated: **July 9, 2018**

/s/ Elise P. Grosj

UNITED STATES MAGISTRATE JUDGE