**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MADHU SAMEER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMEER KHERA, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01748-DAD-EPG<br><br>**ORDER DENYING EX PARTE APPLICATION TO ALLOW LIMITED MOTION TO STRIKE BEFORE RESPONDING TO SECOND AMENDED COMPLAINT**<br><br>(ECF No. 81, 87) |

The Court has before it the Ex Parte Application to Allow Limited Motion to Strike Before Responding to Second Amended Complaint filed by Defendants J. Hector Moreno, Jr. Associates, J. Hector Moreno, Constance Smith, Rory Coetzee, Andrew Westover, Kayleigh Walsh, and Raechelle Velarde's (ECF No. 81), and joined by Defendants Susan Benett, Lewis Becker and Benett & Becker (ECF No. 87) (collectively the "Moving Defendants").

Plaintiff, Madhu Sameer, proceeding *pro se*, commenced this action on December 26, 2017, against 30 defendants. (ECF No. 1.) After several defendants filed motions to dismiss (*see* ECF Nos. 48, 52), Plaintiff requested leave to file an amended complaint (ECF No. 53). The Court granted Plaintiff leave to file an amended complaint. (ECF No. 56.) In doing so, the Court reminded Plaintiff that under Federal Rule of Civil Procedure (8)(a), the amended complaint was required to provide only a short and plain statement of her claims, and imposed a requirement that Plaintiff's amended complaint not exceed 50 pages in length. (ECF NO. 56 at

2.) The Court warned Plaintiff that failure to follow this directive may result in dismissal of the action. (*Id.*)

On June 15, 2018, Plaintiff filed her First Amended Complaint (ECF No. 59), which was 171 pages in length. The Court dismissed the First Amended Complaint on June 21, 2018, again granted Plaintiff leave to amend, and again instructed Plaintiff that any amended complaint was not to exceed 50 pages in length. (ECF No. 69 at 3.) On July 1, 2018, Plaintiff filed her Second Amended Complaint, which is exactly 50 pages in length. (ECF No. 72.) On July 13, 2018, the Moving Defendants filed their Ex Parte Application to strike the Second Amended Complaint ("SAC"). (ECF Nos. 81, 87.)

In their application, the Moving Defendants seek leave of the Court to file a limited motion to strike that only addresses whether the SAC should be struck for failure to follow the Court's June 21, 2018, Order, including failure to comply with Fed. R. Civ. P. 8(a) and the Court's pleading requirements. The Moving Defendants also seek leave to file a full motion to dismiss on all other available grounds within 30 days of the resolution of the limited motion to strike. (ECF Nos. 81 at 2-3, 87 at 2.) The Court will deny the application.

Under the Local Rules, all documents filed with the Court "shall be double-spaced except for the identification of counsel, title of the action, category headings, footnotes, quotations, exhibits and descriptions of real property," and must include numbered lines in the left margin. Local Rule 130(a)-(c). Further, under District Judge Drozd's Standard Procedures[1] and Standard Order in Civil Actions,[2] all pleadings must use Times New Roman font of no less than 12-point size, and footnotes may be no more than one size smaller than the text size. (Standard Procedures at 1; Standing Order in Civil Actions at 2 n.1.) This means that the *font* of documents filed with the Court in this case must be drafted using Times New Roman with a minimum font size of 12-point, with footnotes a minimum of 11-point, and that *line spacing* of such documents (with the exceptions of those portions listed in Local Rule 130) must be double-spaced meaning, at

---

[1] Judge Drozd's Standard Procedures are available at http://www.caed.uscourts.gov/caednew/assets/File/DAD%20Standard%20Information_10_20_17.pdf.

[2] Judge Drozd's Standard Information is available at http://www.caed.uscourts.gov/caednew/assets/File/DAD%20Standing%20Order.pdf.

minimum, 24-point *line spacing*.

Plaintiff's SAC fails to comply with these requirements. The SAC does not use Times New Roman minimum 12-point font size for the body, 11-point for footnotes, and fails to use the minimum 24-point line spacing. Although Plaintiff represents that she used 12-point Times Roman (ECF No. 86 at 1), the font is much smaller than that. She blames "unintended formatting glitches" for the smaller font and narrow margins, and number of lines per page, and contends that the Moving Defendants have not shown how they are prejudiced by any failure of the SAC to comply with the rules. (ECF NO. 86 at 1-2.) The SAC also does not include line numbers as required under Local Rule 130.

The Court takes the requirements of the Federal Rules of Civil Procedure, the Local Rules, and Judge Drozd's Standard Procedures and Standard Order in Civil Actions seriously. The failure to comply with the Court's rules, procedures, and orders is a serious matter, and the Court warns Plaintiff that such failure may result in the striking of a pleading and/or other alternative appropriate and potentially harsher sanctions, such as dismissal of her action. Further, Plaintiff's *pro se* status does not relieve her of the requirement that she comply with the Court's rules, procedures, and orders. As the Ninth Circuit has repeatedly held, *pro se* litigants are required to follow the same rules as parties who are represented by counsel. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995) *(per curiam)* (holding that *pro se* litigants are bound by the same rules and procedures as other litigants); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, . . . they may impose sanctions including, where appropriate, . . . dismissal of a case." (internal quotation omitted)).

Nonetheless, after reviewing Plaintiff's SAC, and keeping in mind Plaintiff's *pro se* status in doing so, and in light of Plaintiff's representations that she was attempting to comply with the Court's orders, the Court does not find good cause for allowing the Moving Defendants to file a limited motion to strike before responding to Plaintiff's SAC. Accordingly,

\\\

\\\

The Application to Allow Limited Motion to Strike Before Responding to Second

Amended Complaint (ECF No. 81, 87), is DENIED.

IT IS SO ORDERED.

Dated: __**July 17, 2018**__  /s/ *Eric P. Grosjean*
UNITED STATES MAGISTRATE JUDGE