Arnold J. Anchordoquy, Esq. – SBN 56449
Sean T. Cook, Esq. – SBN 318952
CLIFFORD & BROWN
A Professional Corporation
Attorneys at Law
Bank of America Building
1430 Truxtun Avenue, Suite 900
Bakersfield, CA 93301-5230
Tel: (661) 322-6023   Fax: (661) 322-3508

Attorneys for Defendant,
GREGORY ELLIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| MADHU SAMEER, an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>SAMEER KHERA, et al.,<br><br>      Defendants. | **CASE NO.: 1:17-CV-01748-DAD-EPG**<br>*Judge: Hon. Dale A. Drozd*<br>*Department: 5*<br><br>**DEFENDANT GREGORY ELLIS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**DATE:** September 5, 2018<br>**TIME:** 9:30 a.m.<br>**DEPT:** 5 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on September 5, 2018 at 9:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 5 of the above-entitled Court, located at 2500 Tulare Street, Fresno, California 93721, Defendant GREGORY ELLIS (hereinafter "ELLIS" and/or "Defendant"), will and hereby does move this Court for an order dismissing Plaintiff's Second Amended Complaint (ECF No. 72) ("SAC") as to ELLIS, without leave to amend.

This Motion is brought pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6), on the grounds that this Court lacks subject matter jurisdiction, and for failure to state a

1

claim upon which relief can be granted. This Motion is made on the following grounds:

1.    This Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, because this Court has no authority to review final determinations of state court judicial proceedings;

2.    All of Plaintiff's causes of action are time-barred;

3.    All of Plaintiff's causes of action fail to state a claim upon which relief can be granted; and

4.    There is no basis for further amendment of claims, and leave to amend should be denied.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and exhibits thereto, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

## NOTICE TO PLAINTIFF RE: OPPOSITION DUE DATE

You are hereby notified that under Local Rule 230(c), you must file and serve your response to this Motion not less than 14 days prior to the noticed hearing date.

Dated: July 3?, 2018               CLIFFORD & BROWN

By: _____
    Arnold J. Anchordoquy, Esq.
    Sean T. Cook, Esq.
    Attorneys for Defendant,
    GREGORY ELLIS

Arnold J. Anchordoquy, Esq. – SBN 56449
Sean T. Cook, Esq. – SBN 318952
CLIFFORD & BROWN
A Professional Corporation
Attorneys at Law
Bank of America Building
1430 Truxtun Avenue, Suite 900
Bakersfield, CA  93301-5230
Tel: (661) 322-6023   Fax: (661) 322-3508

Attorneys for Defendant,
GREGORY ELLIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| MADHU SAMEER, an individual,<br><br>        Plaintiff,<br><br>  vs.<br><br>SAMEER KHERA, et al.,<br><br>        Defendants. | **CASE NO.: 1:17-CV-01748-DAD-EPG**<br>*Judge: Hon. Dale A. Drozd*<br>*Department: 5*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREGORY ELLIS' MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**<br><br>**DATE:**  September 5, 2018<br>**TIME:**  9:30 a.m.<br>**DEPT:**  5 |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................1

II. RELEVANT FACTUAL ALLEGATIONS.............................................1

   A. Facts Pertinent to Defendant ELLIS .............................................2

III. LEGAL STANDARD...........................................................................3

IV. ARGUMENT.......................................................................................4

   A. The Court Lacks Subject Matter Jurisdiction ...............................4

      1. Plaintiff's Complaint is Barred by the *Rooker-Feldman* Doctrine ...........4

   B. Plaintiff's SAC Must Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted ..................................................................6

      1. The RICO Claims are Time-Barred........................................6

      2. The Deprivation of Civil Rights (42 U.S. Code § 1983) Claim is Time-Barred............................................................................7

      3. The First, Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, and Fourteenth Causes of Action are Time-Barred............................................................................8

      4. First Cause of Action (Attempts) Fails to State a Claim ...........9

      5. Second Cause of Action (Fraud) Fails to State a Claim ...........9

      6. Third Cause of Action (Negligence) Fails to State a Claim ...................12

      7. Fourth Cause of Action (Unjust Enrichment) Fails to State a Claim............................................................................13

Defendant Ellis's Notice of Motion and Motion to Dismiss

8. Fifth Cause of Action (Deprivation of Civil Rights) Fails to State a Claim ..................................................................................13

9. Sixth Cause of Action (Fraudulent Conveyancing) Fails to State a Claim ...................................................................................14

10. Seventh Cause of Action (Breach of Fiduciary Duty and Covenant of Good Faith and Fair Dealing) Fails to State a Claim ............14

11. Eighth Cause of Action (Intentional Infliction of Emotional Distress) Fails to State a Claim ...............................................15

12. Ninth Cause of Action (Negligent Infliction of Emotional Distress) Fails to State a Claim ...............................................15

13. Tenth Cause of Action (Obstruction of Justice) Fails to State a Claim ..................................................................................16

14. Twelfth Cause of Action (Unfair Business Practices) Fails to State a Claim ..........................................................................16

15. Thirteenth Cause of Action (Aiding & Abetting) Fails to State a Claim ..................................................................................17

16. Fourteenth Cause of Action (Civil Conspiracy) Fails to State a Claim ..................................................................................18

17. Fifteenth Cause of Action (RICO) Fails to State a Claim ..................18

C. The SAC Fails to Satisfy *Twombly* ..................................................20

D. The SAC Should Be Dismissed Without Leave to Amend ............................21

E. ELLIS is Entitled to Recover Attorneys' Fees and Costs Due to the Frivolous Nature of the Claims Alleged ...............................................22

Defendant Ellis's Notice of Motion and Motion to Dismiss

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aldabe v. Aldabe,*
     616 F.2d 1089, 1092 (9th Cir. 1980) ...............................................................9, 17, 18

*Ashcroft v. Iqbal,*
     556 U.S. 622, 662 (2009)............................................................................3, 4, 6

*Austin v. Terhune,*
     367 F.3d 1167, 1169 (9th Cir. 2004) ...............................................................15

*Bell Atl. Corp. v. Twombly,*
     550 U.S. 544, 548 (2007).................................................................................20

*Christianburg Garmet Co. v. E.E.O.C.,*
     434 U.S. 412, 420 (1978).................................................................................22

*Conley v. Gibson,*
     355 U.S. 41, 45-46 (1957) ............................................................................4, 6

*Continental Airlines, Inc. v. McDonnell Douglas Corp.,*
     216 Cal. App. 3d 388, 404 (1989) ...................................................................12

*Cort v. Ash,*
     422 U.S. 66, 79 (1975).......................................................................................9

*Dunn v. Hackworth,*
     628 F.2d 1111, 1112-1113 (8th Cir. 1980) .......................................................13

*Ellis v. City of San Diego,*
     176 F.3d 1183, 1189 (9th Cir. 1999) ..................................................................9

*Farm Credit Services of America v. American State Bank,*
     339 F.3d 764 (8th Cir. 2003) .............................................................................4

*Ferguson v. J.P. Morgan Chase Bank,*
     N.A. 2014 U.S. Dist. LEXIS 70013, *23-24 ...................................................12

*Fortaleza v. PNC Fin. Servs. Grp., Inc.,*
     642 F.Supp.2d 1012, 1017 (N.D. Cal. 2009).............................................10, 11

Defendant Ellis's Notice of Motion and Motion to Dismiss

*Grimmett v. Brown,*
    75 F.3d 506, 511 (9th Cir. 1996) ...........................................................7, 18

*H.J. Inc. v. Northwestern Bell Tel. Co.,*
    492 U.S. 229, 241 (1989) .............................................................................19

*Harkins v. Eldridge,*
    505 F.2d 802, 803 (8th Cir. 1974) ..............................................................13

*Harley v. Oliver,*
    539 F.2d 1143, 1145-1146 (8th Cir. 1976) .................................................13

*Herron v. Hughes,*
    (1864) 25 Cal. 555 ........................................................................................18

*Hicks v. Bd. Of Supervisors,*
    (1977) 69 Cal. App. 3d 228, 240 ................................................................17

*In re Marriage of Khura & Sameer,*
    (2012) 206 Cal.App.4th 1467 ..................................................................7, 17

*Jackson v. Bank of Hawaii,*
    902 F.2d 1385 (9th Cir. 1990) .......................................................................7

*Kelley v. Rambus, Inc.,*
    384 F.App'x 570, 573 (9th Cir. 2010) .........................................................12

*Khoury v. Mayy's of California, Inc.,*
    (1993) 14 Cal.App.4th 612, 619 ..................................................................17

*MacKenzie v. Int'l Union of Operating Eng'rs,*
    F.Supp. 1025, 1028 (N.D. Miss. 1979).........................................................3

*Meixner v. Wells Fargo Bank,*
    N.A., 101 F.Supp.3d 938, 941 (E.D. cal. 2015)..........................................12

*Melchior v. New Line Prods., Inc.,*
    (2003) 106 Cal.App.4th 779, 794. ...............................................................13

*Menchaca v. Chrysler Credit Corp.,*
    613 F.2d 507, 511 (5th Cir. 1980) .................................................................3

*Missud v. Cty & Cnty. Of San Francisco,*
    2017 U.S. Dist. LEXIS 40799 ......................................................................21

Defendant Ellis's Notice of Motion and Motion to Dismiss

*Mohebbi v. Khazen,*
   50 F.Supp.3d 1234, 1253 (N.D. Cal. 2014) ...........................................18, 19

*Mox, Inc. v. Woods,*
   202 Cal. 675, 676 (1927) ...............................................................................18

*Najarro v. Wollman,*
   2012 U.S. Dist. LEXIS 75032, at *3 *N.D. Col. 2012 ................................16

*Nautilus, Inc. v. Chao Chen Yang,*
   (2017) 11 Cal.App.5th 33, 39 ........................................................................14

*Neilson v.Union Bank of California,*
   290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003) ................................................12

*Odom v. Microsfot Corp.,*
   486 F.3d 541, 551 (9th Cir. 2007) .................................................................18

*Pincay v. Andrews,*
   238 F.3d 1106, 1108 (9th Cir. 2001) ...............................................................7

*Potter v. Firestone Tire & Rubber Co.,*
   (1993) 6 Cal.App.4th 965, 1001 ....................................................................15

*Reusser v. Wachovia Bank,*
   N.A., 525 F.3d 855, 856 (9th Cir. 2007).........................................................5

*Roberts v. Ball, Hunt, Hart, Brown & Baerwitz,*
   57 Cal.App.3d 104, 109 (1979) .....................................................................10

*Robinson v. United States,*
   586 F.3d 683, 685 (9th Cir. 2009) ...................................................................3

*Rooker v. Fidelity Trust Co.,*
   263 U.S. 413 (1923)......................................................................................4, 5

*Sample v. Monterey Cnty Family & Child Servs.,*
   2009 U.S. Dist. LEXIS 69260, *3 (N.D. Cal. 2009) ......................................6

*Schreiber Distrib. Co. v. Serv – Well Furniture Co.,*
   806 F.2d 1393, 1401 (9th Cir. 1986) .............................................................21

*Shoemaker v. Siegel,*
   2017 U.S. Dist. LEXIS 137139, *13 (C.D. Cal. 2017).................................14

v

*Shopoff & Cavallo LLP v. Hyon*,
   (2008) 167 Cal.App.4th 1489, 1509 ...................................................14

*Simo v. Union of Needletrades*,
   322 F.3d 602, 606 (9th Cir. 2003) ......................................................15

*Slavin . Curry*,
   574 F.2d 1256, 1264 (5th Cir. 1978) ...................................................13

*Trotter v. International Longshoreman's & Women's Union*,
   704 F.2d 1141, 1143 (9th Cir. 1983) .....................................................8

*Turner v. Cook*,
   362 F.3d 1219, 1231 (9th Cir. 2004) ...................................................19

*Unichappell Music, Inc. v. Modrock Prods., LLC*,
   2015 U.S. Dist. LEXIS 16111, at *9 (C.D. Cal. 2015)................................12

*United States v. Ziblich*,
   542 F.2d 259, 261 (5th Cir. 1976) ......................................................13

*Walker v. USAA Casualty Insurance Co.*,
   474 F.Supp.2d 1168, 1174 (E.D. Cal. 2007)...........................................13

*Williams v. Anderson*,
   2018 U.S. Dist. LEXIS 64733, at *13 (E.D. Cal. Apr. 16, 2018)................16

*Wilson v. Garcia*,
   471 U.S. 261, 279 (1985)..................................................................8

*Wyatt v. Union Mortg. Co.*,
   (1979) 24 Cal.3d 773, 787 .................................................................18

*Yaesu Electronics Corp. v. Tamura*,
   (1994) 28 Cal.App.4th 8, 13 ..............................................................14

*Yourish v. California Amplifier*,
   191 f.3d 983, 992-93 (9th Cir. 1999)....................................................10

**Statutes**

Cal. Code Civ. Proc. § 335.1 ..................................................................1

Cal. Code Civ. Proc. §340.6(a) ...........................................................8, 9

Defendant Ellis's Notice of Motion and Motion to Dismiss

Cal. Penal Code § 664.........................................................................................9

California Rules of Professional Conduct..........................................................16

Model Penal Code 5.01.......................................................................................9

18 U.S.C. §§ 2, 3, 4, 2382................................................................................17

18 U.S.C. § 1962................................................................................................7

42 U.S.C § 1983................................................................................7, 8, 13, 22

**Rules**

Fed. R. Civ. P. 8(a)(2)...........................................................................3, 20, 21

Fed. R. Civ. P. 9(b) ...........................................................10, 11, 12, 18, 19, 20

Fed. R. Civ. P. 12(b)(1).................................................................................3, 22

Fed. R. Civ. P. 12(b)(6)......................................................................3, 20, 21, 22

**Other Sources**

Jack M Beerman, *Why Do Plaintiffs Sue Private Parties Under Section 1983?*, 26
Cardozo L. Rev. 9 (2005) .................................................................................13

Defendant Ellis's Notice of Motion and Motion to Dismiss

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Madhu Sameer filed her initial Complaint in the above-referenced matter on or about December 26, 2017 (ECF No. 1). Therein, Plaintiff alleged myriad causes of action, spanning over 15 years, against approximately 30 named defendants, including numerous judicial officers and attorneys. Plaintiff's initial Complaint was over 150 pages in length and was borderline unintelligible. The Complaint jumps from year to year, from defendant to defendant, from wrong to wrong, without any sort of semblance of structure or clarity, making the entire pleading a jumbled mess of incomprehensible ideas and allegations. Due to the hectic nature of Plaintiff's Complaint and the confusion that followed, the Court granted Plaintiff leave to amend her Complaint, with special instructions to limit the amended complaint to 50 pages in length (ECF No. 56). On or about June 15, 2018, Plaintiff filed her First Amended Complaint ("FAC") (ECF No. 59). Despite the Court's clear and unambiguous instruction, Plaintiff's FAC surpassed the Court's 50 page limit by approximately 120 pages and was as opaque and confusing as the first Complaint.  After again going through the rigmarole of attempting to decipher Plaintiff's pleading and addressing Defendants' ex parte applications, the Court granted Plaintiff a second leave to amend, with the same 50 page limiting instruction (ECF No. 69).

Plaintiff filed her Second Amended Complaint ("SAC") on or about July 1, 2018 (ECF No. 72). While technically complying with the Court's 50 page limiting instruction, Plaintiff's SAC[1] is in clear violation of a number of this Court's Local Rules regarding page margin, paragraph, line spacing, and font requirements, apparently in an effort to circumvent the Court's instruction. Further, despite this Court's best efforts to simplify matters and accommodate both Plaintiff and Defendants, Plaintiff's SAC is as meritless, groundless, and incomprehensible as her initial pleading; and serves as the subject of the present Motion.

## II. RELEVANT FACTUAL ALLEGATIONS

As mentioned above, Plaintiff has sued more than 30 named defendants, including her ex-

---

[1] The SAC contains 15 causes of action, including a Title 18 U.S. Code § 1962 RICO cause of action, which Plaintiff then separates into 10 distinct RICO allegations.

husband, her ex-husband's current wife, the judges that presided over her multi-year divorce and related legal proceedings, her former legal counsel, her ex-husband's former legal counsel, the Department of Child Support Services, and any and every person/entity who was in any way involved with the foregoing proceedings. All of whom, Plaintiff claims, worked in unison over the span of 15 years to form a Mafia-esque racket with the desired goal of stifling justice and defrauding Plaintiff of millions of dollars.[2]

Plaintiff's complaints stem from Plaintiff's marriage dissolution from her now ex-husband, and co-defendant, Sameer Khera ("Khera"). (SAC ¶26). Dissolution proceedings began in 2003 in Santa Clara County, California. Custody and support orders were issued in late 2003, which were later modified in 2006. (SAC ¶27). A marital settlement agreement was reached in 2007, resolving property division, custody, and support issues. (SAC ¶47). However, in 2008, Plaintiff alleges "defendants conspired in making of a series of illegal Court orders referred to as Judgments of 2008, related to property, spousal support and child support." (SAC ¶27). Plaintiff, through the assistance of J. Hector Moreno ("Moreno") of Moreno & Associates (the "Moreno Firm")[3], petitioned the court for continuation of spousal support and to set aside the Judgments of 2008 (which Plaintiff alleges were coerced), both of which were denied by co-defendant, Judge T.C. Zayner ("Zayner"). (SAC ¶55).

In 2010, Plaintiff retained co-defendant Tone & Tone to appeal Zayner's order denying continuation of spousal support and motion to set aside the Judgments of 2008. (SAC ¶60). Co-defendant Khera was represented by Defendant ELLIS in the 2010 appeal proceedings. In June 2012, the appeal resulted in a published decision affirming the above-referenced spousal support order.[4] ELLIS' involvement with this matter ceased on or about June 19, 2012, the date of issuance of the Sixth District's decision.

## A.   **Facts Pertinent to Defendant ELLIS**

Throughout the entirety of Plaintiff's 50 page SAC, Defendant ELLIS is mentioned by name only four times, including the initial recitals. Not surprisingly, there are few instances throughout the

---

[2]   A number of Plaintiff's allegations include instances of identity theft, fraud, bribery, sexual abuse, domestic violence, blackmail, coercion, issuance of fraudulent judgments, and governmental pyramid schemes.
[3]   J. Hector Moreno and Moreno & Associates are also both named co-defendants in this matter.
[4]   See *In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4[th] 1467.

2

SAC where any factual allegations are made against ELLIS specifically. It is clear from the minimal allegations raised against ELLIS that Gregory Ellis' only involvement with Plaintiff stem from the 2010 appeal of the Santa Clara Superior Court's order denying modification of spousal support. (SAC ¶¶13, 60). There are no facts pled that ELLIS had any involvement with any legal proceeding or alleged conspiracy before or after the 2010 appeal.

In fact, ELLIS had no connection to the Plaintiff herself, as ELLIS represented co-defendant Khera in the 2010 appeal. (SAC ¶¶13, 60). Nonetheless, the alleged wrongful acts committed by ELLIS in the SAC occurred solely between the years of 2010 and 2012. Defendant ELLIS' involvement with Plaintiff and the present matter concluded on or about June 19, 2012, the day the Sixth District Court of Appeal issued its decision.

### III. LEGAL STANDARD

A motion to dismiss is appropriate when the district court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and when the complainant fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Further, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009). Detailed factual allegations are not necessarily required; however, the Federal Rules mentioned above demand more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction must include an inquiry by the court into its own jurisdiction. *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980). This is supported by the fact that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings. *Id.* Also, the party asserting subject matter jurisdiction has the burden of proving that the court has jurisdiction over the claims. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). As such, complainants claiming federal jurisdiction under 12(b)(1) must show that they have an alleged claim under federal law and that the claim is not frivolous. *MacKenzie v. Int'l Union of Operating Eng'rs*, 472 F. Supp. 1025, 1028 (N.D. Miss. 1979).

Next, a complaint can survive a 12(b)(6) motion to dismiss only if it contains "sufficient factual matter. . .to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). Detailed facts and carefully crafted allegations are not required, but the plaintiff must provide grounds for her entitlement to relief by way of more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Further, while courts must take factual allegations in the complaint as true for purposes of motions to dismiss, the court is "not bound to accept as true legal conclusion couched as a factual allegation." *Id.* Courts are "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services of America v. American State Bank*, 339 F.3d 764 (8th Cir. 2003). As such, a complaint should be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV. ARGUMENT

### A.   The Court Lacks Subject Matter Jurisdiction

As mentioned above, a motion to dismiss under Rule 12(b)(1) is appropriate when the district court lacks subject matter jurisdiction. Such is the case before this Court. As set forth below in further detail, Plaintiff is barred from bringing her claims before this court based on the *Rooker-Feldman* doctrine, which in essence holds that district courts are courts of first impression. As such, district courts may not function in the role of an appellate tribunal, and have no authority to review final determinations of state court proceedings.

### 1.   Plaintiff's Complaint is Barred by the *Rooker-Feldman* Doctrine

Many of Plaintiff's grievances outlined in her SAC stem from final state court determinations relating to her marriage dissolution and the proceedings that followed. Having exhausted her legal remedies at the state level, Plaintiff now presents her SAC to this Court in hopes of having a federal district court provide her with relief.

The *Rooker-Feldman* doctrine holds that federal district courts lack jurisdiction to consider claims that an alleged erroneous state court order violated a plaintiff's federal rights. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This doctrine is founded upon the premise that district courts are courts of first impression. Under this doctrine, a district court has no jurisdiction over a suit brought by a party who was defeated in the state courts, against her successful opponents, to set aside

4

1    judgments as void because of errors alleged to have been committed by the state courts in deciding

2    constitutional questions. *Id.* at 416.

3         The bulk of the allegations pled in Plaintiff's SAC include instances of both legal counsel and

4    judicial error throughout the stages of her marriage dissolution and subsequent appellate actions.

5    Plaintiff's SAC, as it applies to ELLIS, clearly stems from Plaintiff's displeasure with the state

6    appellate court's decision regarding the Judgments of 2008. Plaintiff now wishes to have this court

7    render determinations on the allegedly erroneous holdings of the state courts. This is clearly

8    evidenced by Plaintiff's Prayer for Relief, wherein Plaintiff states: "I request that this Court declare

9    the Judgment of 2008 and any and all orders derived from, or based on Judgment of 2008, void based

10   on [sic] based on 18 USC 666(a)(9)(c) and Civ Code 1710." (SAC ¶351).

11        However, the *Rooker-Feldman* doctrine strictly forbids this court from reviewing or altering

12   state court decisions. In order to grant Plaintiff the relief requested, this Court would need to review,

13   *inter alia*, the various rulings by the state courts and render a determination on previously decided

14   issues. Further, the doctrine is not strictly limited to instances in which the Plaintiff <u>explicitly</u> seeks to

15   overturn state court judgments. The *Rooker-Feldman* doctrine also applies to instances wherein the

16   plaintiff initiates federal jurisdiction as a veil for a de facto appeal in federal court. *Reusser v.*

17   *Wachovia Bank, N.A.,* 525 F.3d 855, 856 (9th Cir. 2007).[5] "A federal action constitutes such a de facto

18   appeal where claims raised in the federal court action are 'inextricably intertwined' with the state

19   court's decision such that the adjudication of the federal claims would undercut the state ruling or

20   require the district court to interpret the application of state laws or procedural rules. In such

21   circumstances, the district court is in essence being called upon to review the state court decision."

22   *Id.*

23        An action against a party involved in a challenged state court action is barred where the

24   "core" of the action arises from a plaintiff's unhappiness with a state court's custody decisions.

25   *Sample v. Monterey Cnty. Family & Child Servs.,* 2009 U.S. Dist. LEXIS 69260, *3 (N.D. Cal.

26

27   ───────────────

28   [5]  See *Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 859 (9th Cir. 2007): Rooker-Feldman may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine "prohibits a federal district court from exercising jurisdiction over a suit that is a de facto appeal from state court judgments."

1    2009). This is due to the "inextricably intertwined" nature of a plaintiff's claims, which would require

2    the district court to look back and review the proceedings and decisions of the underlying state courts.

3    Moreover, "[courts] have recognized that 'the clearest case for dismissal based on the *Rooker-*

4    *Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous

5    decision by a state court and seeks relief from a state court judgment based on that decision." *Reusser*

6    *v. Wachovia Bank, N.A.,* 525 F.3d 855, 859 (9th Cir. 2007). Due to the foregoing, Plaintiff's SAC is

7    barred by the *Rooker-Feldman* doctrine and should be dismissed on that basis.

8    **B.    Plaintiff's SAC Must Be Dismissed for Failure to State a Claim Upon Which Relief Can**

9    **Be Granted**

10    Assuming this Court has jurisdiction to hear Plaintiff's claims, the SAC must be dismissed for

11    failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure

12    12(b)(6). Each and every one of Plaintiff's 15 causes of action fails to state a claim against Defendant

13    ELLIS upon which relief can be granted. As mentioned *supra*, a complaint can survive a 12(b)(6)

14    motion to dismiss only if it contains "sufficient factual matter. . .to state a claim to relief that is

15    plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Only a complaint that states a

16    plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a

17    plausible claim for relief will be a context-specific task that requires the reviewing court to draw on

18    its judicial experience and common sense. But where the well-pleaded facts do not permit the court to

19    infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--

20    that the pleader is entitled to relief. *Id.*

21    A complaint should be dismissed if it appears beyond doubt that plaintiff can prove no set of

22    facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46

23    (1957). Plaintiff cannot state a claim upon which relief can be granted and the SAC should be

24    dismissed for two main reasons: (1) the statute of limitations for most of the causes of action against

25    ELLIS has lapsed; and (2) Plaintiff fails to plead sufficient facts to support her causes of action upon

26    which relief can be granted.

27    **1.    The RICO Claims are Time-Barred**

28    Included in the SAC as Plaintiff's Fifteenth Cause of Action is a civil RICO allegation,

against all Defendants, pursuant to 18 U.S. Code § 1962. (SAC ¶166). Civil RICO claims must be brought within four (4) years. *Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990); *Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996); *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001). "Civil RICO limitations period 'begins to run when a plaintiff knows or should know of the injury [emphasis added] that underlies [her] cause of action.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) citing *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.,* 828 F.2d 211, 220 (4th Cir. 1987). Further, the plaintiff need not discover that the injury is part of a "pattern of racketeering" for the period to begin to run. *Grimmett*, 75 F.3d at 510 citing *McCool v. Strata Oil Co.,* 972 F.2d 1452, 1464-65 (7th Cir. 1992).

The SAC alleges ELLIS colluded with co-defendants Khera, Tone & Tone, and others throughout the course of the 2010 Sixth District Court of Appeal proceedings. (SAC ¶60). Specifically, Plaintiff alleges that ELLIS and co-defendants falsified facts, refused to present pertinent evidence, engaged in inadequate representations of law, and generally conspired to sabotage the appeal. All of the foregoing wrongs, it appears, became apparent to Plaintiff during the course of the 2010 appeal. Nonetheless, the Sixth District issued its decision on the matter on or about June 19, 2012.[6] Assuming Plaintiff pleads sufficient facts demonstrating ELLIS committed the above-mentioned wrongs (which Plaintiff does not), any facts relating to the wrongs would have become discoverable after a review of the Sixth District's decision.

Because Plaintiff filed her original Complaint on December 26, 2017, and because Plaintiff knew, or should have known, of the facts giving rise to her frivolous RICO claim in June 2012 – at the latest – Plaintiff's RICO claims are time-barred. Any RICO claim relating to ELLIS' slight involvement lapsed on or about June 19, 2016.

### 2.     The Deprivation of Civil Rights (42 U.S. Code § 1983) Claim is Time-Barred

Plaintiff's Fifth Cause of Action against ELLIS alleges a deprivation of Plaintiff's civil rights under 42 U.S. Code § 1983. (SAC ¶140). Plaintiff's Fifth Cause of Action is time-barred. The statute of limitations for a § 1983 claim has lapsed. Having no statute of limitations of its own, the U.S.

---

[6] See *In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467.

Supreme Court has directed federal courts to apply the general state personal injury limitations to § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). The statute of limitations for general state personal injury claims in California is two years. *Cal. Code Civ. Proc.* § 335.1. For § 1983 limitations purposes, the time begins running when Plaintiff knows or has reason to know of the injury which is the basis of the action. *Trotter v. International Longshoremen's & Women's Union*, 704 F.2d 1141, 1143 (9th Cir. 1983). With regard to ELLIS, the basis for Plaintiff's deprivation of civil rights claims could only have occurred during the timeframe of 2010 – 2012. (SAC ¶60). Indeed, Plaintiff herself alleges that ELLIS' alleged wrongful conduct occurred over the course of the 2010 appeal. (SAC ¶60). What's more, Plaintiff appears to plead that she was aware of ELLIS' alleged wrongful acts during the appeal. This means that Plaintiff knew, or had reason to know, of the injury which is the basis for her § 1983 claim between 2010 – 2012. Because of the two year limitations period, Plaintiff was required to bring any § 1983 claim on or before June 19, 2014, at the latest. Because Plaintiff filed her initial Complaint on December 26, 2017, well after the statutory period, Plaintiff's Fifth Cause of Action is time-barred.

**3.     The First, Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, and Fourteenth Causes of Action are Time-Barred**

Plaintiff's First, Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, and Fourteenth Causes of Action are time-barred. Code of Civil Procedure § 340.6(a) sets forth the applicable statute of limitations for commencing a civil action against an attorney for a wrongful act or omission arising in the performance of professional services. § 340.6(a) states in pertinent part:

> "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first."

It is worth noting that § 340.6(a) makes no mention of an attorney's role in prior litigation for § 340.6(a) to apply. Put another way, § 340.6(a) does not explicitly limit the one year limitation period to Plaintiff's former counsel. The statute, as read, may also apply to other attorneys against

whom an action is raised based upon that attorney's performance of professional services. As such, the limitations period set forth above governs all causes of action against an attorney, except those for actual fraud. However, assuming *arguendo*, § 340.6(a) does not apply to ELLIS, all of the above-referenced causes of action are still time-barred because the causes are rooted in California state law. The limitations periods for these causes of actions, absent applicability of § 340.6(a), is three to four years, maximum. Because Plaintiff does not allege that ELLIS was in any way involved with the matter after the 2012 Sixth District decision, any claim against ELLIS must have been brought on or before June 2013 (if applying § 340.6(a)), or in the alternative, June 2016. Because Plaintiff filed her initial Complaint on December 26, 2017, the First, Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, and Fourteenth Causes of Action are time-barred

### 4.   First Cause of Action (Attempts) Fails to State a Claim

Plaintiff's First Cause of Action is labeled "Attempts" and is alleged pursuant to Model Penal Code 5.01. (SAC ¶120). This claim fails because there is no recognized cause of action for "attempts" in either California or federal civil practice. This fact is further evidenced by Plaintiff's citation to the Model Penal Code.[7] While certain criminal acts may present the basis and law for civil actions – such as battery – there exists no civil action or remedy for "attempts". Further, it is recognized law in the Ninth Circuit that criminal statutes do not generally provide a private cause of action, nor a basis for civil liability. *Ellis v. City of San Diego,* 176 F.3d 1183, 1189 (9th Cir. 1999); see also *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) [criminal statutes "provided no basis for civil liability"]. Put another way, there is no statutory basis for inferring that a civil cause of action of some sort lay in favor of Plaintiff for the crime of attempt. *Cort v. Ash*, 422 U.S. 66, 79 (1975); see also *Cal. Pen. Code* § 664; see also *Model Penal Code* 5.01. Because there is no civil cause of action or remedy for "attempts", Plaintiff cannot state a claim upon which relief can be granted.

### 5.   Second Cause of Action (Fraud) Fails to State a Claim

Plaintiff's Second Cause of Action for Fraud fails for a number of reasons. (SAC ¶123). "Under California law, the elements of common law fraud are misrepresentation, knowledge of its

---

[7] Even if a cause of action were to be permissible under penal laws and statutes, Plaintiff fails to recognize that Model Penal Code has never been enacted as positive law in California.

falsity, intent to defraud, justifiable reliance, and resulting damages." *Fortaleza v. PNC Fin. Servs. Grp., Inc.,* 642 F. Supp. 2d 1012, 1017 (N.D. Cal. 2009). In alleging fraud, a party must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b); see also *Roberts v. Ball, Hunt, Hart, Brown & Baerwitz,* (1976) 57 Cal.App.3d 104, 109. A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Fed. R. Civ. P. 9(b)'s heightened pleading requirement. *Fortaleza v. PNC Fin. Servs. Grp., Inc.,* 642 F. Supp. 2d 1012, 1017 (N.D. Cal. 2009).

"In other words, the plaintiff must include the who, what, when, where, and how of the fraud. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* Plaintiff must do more than simply allege the neutral facts necessary to identify the transaction; she must also explain why the disputed statement was untrue or misleading at the time it was made. *Yourish v. California Amplifier*, 191 F.3d 983, 992-93 (9th Cir. 1999).

First, Plaintiff fails to plead with sufficient specificity, thus failing the Rule 9(b) heightened pleading requirement. Like much of the rest of the SAC, Plaintiff presents only broad accusations regarding the alleged fraud committed by ELLIS. Plaintiff's fraud allegation is as follows:

> "Defendants colluded with each other at the Appellate [sic] refusing to present pertinent evidence at the trial court, generally conspiring against me, sabotaging my own appeal, to protect and support other defendants. All defendants engaged in falsification of facts, and inadequate representations of law to Sixth Appellate District. As a consequence, the Sixth Appellate District affirmed DAVILA's order against me, but such an opinion of Sixth Appellate District is based on extensive fraud and has damaged me." (SAC ¶60).

Plaintiff fails to adequately identify what facts were falsified, how they were falsified, what specifically was false or misleading about these facts, and why they were false. The same is true of the alleged "inadequate representations of law". Further, assuming for argument's sake that Plaintiff met the heightened pleading requirement, Plaintiff cannot satisfy the elements of common law fraud mentioned above. Specifically, Plaintiff provided no facts demonstrating ELLIS' knowledge of the falsity of his representations, his intent to defraud, or justifiable reliance on said fraud.

Further, "[a]s to multiple defendants, Fed. R. Civ. P. 9(b) does not allow a complaint to merely lump multiple defendants together but requires the plaintiff to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations

surrounding his alleged participation in the fraud."[8] *Fortaleza v. PNC Fin. Servs. Grp., Inc.,* 642 F. Supp. 2d 1012, 1017 (N.D. Cal. 2009). Plaintiff fails, again, to meet this requirement. Defendant ELLIS is lumped into an overbroad category of defendants, rendering any differentiation as to instances of ELLIS' alleged fraud impossible. For example, beginning at Paragraph 125 of the SAC, Plaintiff claims that "[d]efendants unlawfully coerced me into entering into. . .contracts. . .by threatening, coercing, blackmailing me. . . Defendants fraudulently induced me into entrusting community property funds to defendant KHERA. . . Defendants willful, fraudulent promises to comply with Court Orders. . . Defendants assertions, representations of facts were not true. . .", etc. (SAC¶125).

It is impossible to determine which allegations of fraud align with which Defendants. The only allegations of fraud against ELLIS are found in Paragraph 60 of the SAC; however, in Paragraph 125, Plaintiff claims all Defendants induced her into contracts, induced her to entrust community property, etc. These allegations, on their very face, must be false, as ELLIS could not have induced Plaintiff into entrusting community property to Khera as this instance occurred <u>before</u> ELLIS was even involved with the legal proceedings. (SAC ¶¶27, 30, 34, 40, 46, 47, 55, etc.)  The same is true regarding the "willful, fraudulent promises to comply with Court Orders", as ELLIS was not present at the time of the alleged fraud. The purpose of Rule 9(b) is lost in Plaintiff's pleading, as ELLIS has no way of acquiring notice of the specified allegations of fraud raised against him.

Plaintiff's Second Cause of Action for Fraud fails for a number of reasons. First, Plaintiff fails to plead facts sufficient to satisfy the heightened pleading requirement under Fed. R. Civ. P 9(b). This, in and of itself, is grounds for dismissal pursuant to the *Fortaleza* holdings mentioned, *supra*. Next, Plaintiff fails to satisfy each and every element of California common law fraud. Last, Plaintiff impermissibly lumps ELLIS in with other Defendants in her fraud claim, thus rendering notice impossible. For the foregoing reasons, Plaintiff's Second Cause of Action must be dismissed.

---

[8] "The purpose of Fed. Civ. P. 9(b) is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. Without such specificity, defendants in those cases would be put to an unfair advantage, since at the early stages of the proceedings they could do no more than generally deny any wrong doing." *Fortaleza v. PNC Fin. Servs. Grp., Inc.,* 642 F. Supp. 2d 1012, 1017 (N.D. Cal. 2009).

### 6.   Third Cause of Action (Negligence) Fails to State a Claim

A brief review of Plaintiff's Third Cause of Action (entitled solely as "Negligence") reveals the crux of Plaintiff's claim is negligent misrepresentation. (SAC ¶ 129 – 134). "Under California law, the elements of intentional misrepresentation (that is, fraud) are:

> (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages. The elements of *negligent misrepresentation* [emphasis added] are similar to intentional fraud except for the requirement of scienter; in a claim for negligent misrepresentation, the plaintiff need not allege the defendant made an intentionally false statement, but simply one as to which he or she lacked any reasonable ground for believing to be true. *Meixner v. Wells Fargo Bank*, N.A., 101 F. Supp. 3d 938, 941 (E.D. Cal. 2015).

"The case law is clear that in California negligent misrepresentation is a form of fraud and deceit under Cal. Civ. Code §§ 1710(2), 1572(2)." *Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal.App.3d 388, 404 (1989). "Courts in the Ninth Circuit have applied the [Fed. R. Civ. P] Rule 9(b) standard to claims of intentional and negligent misrepresentation, which in California are a species of fraud." *Ferguson v. J.P. Morgan Chase Bank, N.A.* 2014 U.S. Dist. LEXIS 70013, *23-24; see also *Unichappell Music, Inc. v. Modrock Prods., LLC*, 2015 U.S. Dist. LEXIS 16111, at *9 (C.D. Cal. 2015) [Courts in this circuit are divided on the question].[9]

Operating under the holding that negligent representation claims must be pled with sufficient facts to satisfy Rule 9(b)'s heightened pleading requirement, Plaintiff's Third Cause of Action must be dismissed for the same reasons listed in the foregoing section [4. Second Cause of Action (Fraud) Fails to State a Claim]. As with the fraud claim, Plaintiff fails to allege specific facts regarding any alleged negligent misrepresentation of ELLIS, and fails to present facts in support of the elements of this cause of action. The Third Cause of Action, therefore, fails to state a claim and should be

---

[9] While this circuit may technically be divided on the question of Rule 9(b) with regard to negligent misrepresentation, there is a convincing amount of case law supporting the idea that the heightened pleading requirement indeed applies to negligent misrepresentation. See *Kelley v. Rambus, Inc.* 384 F. App'x 570, 573 (9th Cir. 2010) [State law claims for common law fraud and negligent misrepresentation fail to meet the heightened pleading standard of Rule 9(b)]; *Neilson v. Union Bank of California*, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) [Both claims for fraud and negligent misrepresentation must meet Rule9(b)'s particularity requirements.].

1  dismissed.

2  **7.    Fourth Cause of Action (Unjust Enrichment) Fails to State a Claim**

3  California does not recognize an independent cause of action for unjust enrichment. *Melchior*

4  *v. New Line Prods.,* Inc., (2003) 106 Cal.App.4th 779, 794. "There is no cause of action in California

5  for unjust enrichment." *Walker v. USAA Casualty Insurance Co.,* 474 F. Supp. 2d 1168, 1174 (E.D.

6  Cal. 2007). Assuming, *arguendo*, that a cause for unjust enrichment did exist, Plaintiff fails to set

7  forth any factual allegations in support of this claim against ELLIS. There are no facts that ELLIS

8  received any compensation from Plaintiff or was unjustly enriched.

9  **8.    Fifth Cause of Action (Deprivation of Civil Rights) Fails to State a Claim**

10  Plaintiff's Fifth Cause of Action is for Deprivation of Civil Rights under 42 U.S. Code §

11  1983. (SAC ¶140). This claim fails due to a lack of state action; because ELLIS is not, and was not at

12  any time material to this matter, a state actor. Section 1983 provides a cause of action against "any

13  person" who, while acting "under color of" state law, subjects or causes the plaintiff to be subjected

14  to a violation of federal constitutional or statutory rights. Jack M. Beerman, *Why Do Plaintiffs Sue*

15  *Private Parties Under Section 1983?,* 26 Cardozo L. Rev. 9 (2005). The requirement that the

16  defendant act under color of law means that the typical section 1983 claim is brought against state

17  and local government officials or entities, not against private individuals or entities. *Id.*

18  This premise is well-established and stated in federal case law. See *Dunn v. Hackworth*, 628

19  F.2d 1111, 1112-1113 (8th Cir. 1980); citing *Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir. 1978)

20  [private counsel do not act under color of law]; *United States v. Ziblich*, 542 F.2d 259, 261 (5th Cir.

21  1976 [section 1983 action against retained counsel for acts or omissions in a criminal trial must fail

22  for lack of state action]; *Harley v. Oliver*, 539 F2d 1143, 1145-1146 (8th Cir. 1976) ["Mr. Evans, was

23  acting only in the performance of his duties as counsel representing the father. Such actions are not

24  performed under color of state law."]; *Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974) [the

25  conduct of private counsel, either retained or appointed, in representing clients does not constitute

26  action under color of state law for purposes of a section 1983 action].

27  Because ELLIS is not, and was not, a state actor for purposes of § 1983 litigation, Plaintiff's

28  Fifth Cause of Action must fail.

### 9. Sixth Cause of Action (Fraudulent Conveyancing) Fails to State a Claim

Plaintiff's Sixth Cause of Action against ELLIS is for Fraudulent Conveyancing (erroneously marked as SAC ¶125, page 21). In California, a fraudulent conveyance is "a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim." *Nautilus, Inc. v. Chao Chen Yang*, (2017) 11 Cal.App. 5th 33, 39, citing *Yaesu Electronics Corp. v. Tamura,* (1994) 28 Cal.App. 4th 8, 13.

As previously stated, Plaintiff's sole grievance with ELLIS stems from ELLIS' representation of co-defendant Khera in the appellate proceedings spanning from 2010 – 2012. (SAC ¶ 60). Plaintiff fails to present any facts demonstrating that ELLIS transferred any property, in the name of any debtor, to a third person with the intent to prevent a creditor from reaching an interest to satisfy a claim. The SAC does not identify any fraudulent conveyance on behalf of ELLIS or in favor of ELLIS. Plaintiff fails to state a claim upon which relief can be granted.

### 10. Seventh Cause of Action (Breach of Fiduciary Duty and Covenant of Good Faith and Fair Dealing) Fails to State a Claim

Plaintiff's Seventh Cause of Action against ELLIS is for Breach of Fiduciary Duty and Breach of the Covenant of Good Faith and Fair Dealing. (Erroneously marked as SAC ¶ 128, page 22). To establish a cause of action for breach of fiduciary duty, a plaintiff must demonstrate the existence of a fiduciary relationship, breach of that duty, and damages. *Shopoff & Cavallo LLP v. Hyon*, (2008) 167 Cal.App.4[th] 1489, 1509; *Shoemaker v. Siegel*, 2017 U.S. Dist. LEXIS 137139, *13 (C.D. Cal. 2017). Plaintiff fails to prove any of the foregoing against ELLIS.

The gravamen of Plaintiff's Seventh Cause of Action seems to be directed at her own attorneys and their alleged breaches throughout the course of their representation. As noted above, ELLIS represented only co-defendant Khera in the Sixth District appellate proceedings from 2010 – 2012. (SAC ¶60). As such, no fiduciary duty was owed to Plaintiff. There could not have been a breach without a requisite duty, and there cannot be damages because there was no breach. Plaintiff is, once again, impermissibly lumping ELLIS into a group of Defendants without pleading sufficient facts. Plaintiff has presented no facts that ELLIS owed a fiduciary duty to Plaintiff during his brief involvement in this matter. Plaintiff's Seventh Cause of Action fails to state a claim against ELLIS

upon which relief can be granted.

11.   **Eighth Cause of Action (Intentional Infliction of Emotional Distress) Fails to State a Claim**

The elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct. *Simo v. Union of Needletrades*, 322 F.3d 602, 606 (9th Cir. 2003). The conduct must not only be intentional and outrageous, but must be directed at plaintiff, or occur in the presence of a plaintiff of whom defendant is aware. *Id.* Conduct is deemed outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Id.*

Again, the only accusation against ELLIS is that ELLIS represented Plaintiff's ex-husband on appeal. (SAC ¶60). Plaintiff does not provide any facts supporting any of the elements mentioned above. Plaintiff has not demonstrated that ELLIS engaged in any conduct which "exceed[s] all bounds of decency usually tolerated in a civilized society." *Potter v. Firestone Tire & Rubber Co.,* (1993) 6 Cal.App.4th 965, 1001. Instead, Plaintiff simply claims that the "actions" of Defendants "were CULPABLE, extreme, outrageous, malicious, fraudulent, and oppressive, reasonably and foreseeably causing me severe emotional distress." (SAC ¶135). There is no description of what "actions" Plaintiff is referring to, nor are there any facts demonstrating these "actions" meet the tall burden of amounting to extreme and outrageous conduct. Accordingly, this cause of action should be dismissed because it fails to state a claim.

12.   **Ninth Cause of Action (Negligent Infliction of Emotional Distress) Fails to State a Claim**

A cause of action for negligent infliction of emotional distress requires that a plaintiff show (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress. *Austin v. Terhune,* 367 F.3d 1167, 1169 (9th Cir. 2004). This cause of action must fail because there is no allegation that ELLIS did anything which reasonably and foreseeably would have caused severe emotional distress.

15

1  Again, Plaintiff fails to state what wrongful conduct ELLIS participated in, other than the vague

2  accusatory "falsification of facts" and "inadequate representation of law". (SAC ¶60). Plaintiff further

3  fails to show how ELLIS should have foreseen that such "wrongful conduct" would cause such

4  distress. Plaintiff fails to plead any facts against ELLIS and cannot satisfy any of the elements of

5  negligent infliction of emotional distress.

6          **13.**    <u>**Tenth Cause of Action (Obstruction of Justice) Fails to State a Claim**</u>

7        Plaintiff's Tenth Cause of Action against ELLIS is for Obstruction of Justice. (SAC ¶142).

8  However, much like Plaintiff's First Cause of Action for "Attempts", there is no private right of

9  action for obstruction of justice. "To the extent Plaintiff is attempting to assert a standalone claim for

10  'obstruction of justice,' it is not cognizable because there is no private cause of action for that claim."

11  *Williams v. Anderson*, 2018 U.S. Dist. LEXIS 64733, at *13 (E.D. Cal. Apr. 16, 2018); see also

12  *Najarro v. Wollman*, 2012 U.S. Dist. LEXIS 75032, at *3 *N.D. Cal. 2012) [dismissing claims of

13  "obstruction of laws," "obstruction of justice," and "perjury" because "there is no private right of

14  action for any of those claims"]. Because there is no private right of action for "obstruction of

15  justice", Plaintiff's Tenth Cause of Action cannot state a claim upon which relief can be granted, and

16  must be dismissed.

17          **14.**    <u>**Twelfth Cause of Action (Unfair Business Practices) Fails to State a Claim**</u>

18        Plaintiff's Twelfth Cause of Action is for Unfair Business Practices. The claim fails for a

19  number of reasons. First, Plaintiff again lumps ELLIS into a group of defendants and alleges

20  instances of unfair business practices and violations of professional conduct, the bulk of which

21  allegedly occurred before ELLIS was even involved with the matter. Plaintiff claims that "Each

22  attorney-Defendant has directly, or indirectly, conspired with, aided, advised, conspired with or

23  supported defendant KHERA in violation of Court Orders of 2003, 2006, 2008, 2014, in violation of

24  CRPC 3-210 of State Bar Rules of Professional Conduct." (SAC ¶151.7). Plaintiff herself alleges that

25  ELLIS was only involved in the 2010 appeal of the Judgment of 2008. (SAC ¶60). The alleged

26  "violation" of Court Orders of 2003 and 2006 occurred years before ELLIS was involved with the

27  matter. The same is true of the 2014 order, which occurred years after ELLIS's involvement

28  concluded.

Plaintiff alleges ELLIS violated California Rules of Professional Conduct 3-700. Specifically, Plaintiff alleges that ELLIS was required to "withdraw from the case" because ELLIS knew, or should have known, that "KHERA's actions against [Plaintiff] were without probable cause and defendant KHERA had demanded [ELLIS] to commit fraud, and violate statutory and settled laws." (SAC ¶151.6). California has noted that facts alleged in support of the statutory elements of a claim of unfair business practices must be states with reasonable particularity. *Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619.

Again, Plaintiff presents sweeping accusations of fraud and conspiracy against ELLIS without so much as a shred of "reasonable particularity." Plaintiff fails to show how ELLIS knew or should have known that co-defendant Khera lacked probable cause against Plaintiff during the course of the 2010 appeal. This "lack of probable cause" argument is rendered even more suspect by the fact that the Sixth District Court of Appeal issued a decision in the matter affirming ELLIS and co-defendant Khera's position.[10] Plaintiff further fails to plead with reasonable particularity the instances of alleged fraud and violation of law committed by ELLIS against her. Not once does Plaintiff point to a specific instance of fraud committed by ELLIS. The Court must dismiss this cause of action against ELLIS for failure to allege sufficient facts to constitute a cause of action for unfair business practices.

### 15.   Thirteenth Cause of Action (Aiding & Abetting) Fails to State a Claim

Plaintiff's Thirteenth Cause of Action is for "Principal & Aiding & Abetting in Commission of an Offence, Acessort [sic] After the Fact, Misprison [sic] of Felony, Insurrection (18 USC. § 2, 3, 4, 2383)." The crux of this cause of action appears to be that Khera committed crimes against the United States, and ELLIS – along with co-defendants – aided and abetted in the commission of Khera's crimes. (SAC ¶155 – 159). Once again, Plaintiff pleads a criminal statute as the basis for civil liability.[11]

Plaintiff, as a private citizen, cannot institute criminal proceedings without the concurrence, approval or authorization of the District Attorney. *Hicks v. Bd. Of Supervisors*, (1977) 69 Cal.App.3d 228, 240. Also, as mentioned above, criminal statutes do not provide the basis for civil liability.

---

[10] See *In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467.
[11] See Causes of Action One and Ten. (SAC ¶¶ 120, 142).

1  *Aldabe, supra.* at 1092. As such, the Thirteenth Cause of Action must be dismissed for failure to state

2  a claim.

3      **16.    Fourteenth Cause of Action (Civil Conspiracy) Fails to State a Claim**

4          Plaintiff's Fourteenth Cause of Action is for Civil Conspiracy. Again, Plaintiff cites to a

5  number of criminal statutes as the basis for her cause of action. (SAC ¶160). Criminal statues do not

6  provide the basis for civil liability. *Aldabe, supra.* at 1092. Further, it is a well-settled principle of law

7  that where two or more persons are sued for a civil wrong, it is the civil wrong resulting in damage,

8  and not the conspiracy, which constitutes a cause of action. *Herron v. Hughes*, (1864) 25 Cal. 555.

9  Put another way, there is no cause of action for "civil conspiracy". "The cause of action [for civil

10  conspiracy] is the damage suffered." *Mox, Inc. v. Woods*, 202 Cal. 675, 676 (1927). This is because

11  "[a]llegations of conspiracy add nothing whatever that is substantive to a civil complaint; their only

12  purpose is to permit joinder as defendants of all parties who agreed to the tort, regardless of whether

13  they directly participated in its commission." *Wyatt v. Union Mortg. Co.*, (1979) 24 Cal.3d 773, 787.

14  Because "civil conspiracy" is not a cause of action in and of itself, and because Plaintiff again cites

15  criminal statutes as the basis for her cause of action, the Court must dismiss the Fourteenth Cause of

16  Action.

17      **17.    Fifteenth Cause of Action (RICO) Fails to State a Claim**

18          "The elements of a RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern (4)

19  of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or

20  property." *Grimmett, supra.* at 508. In order to establish the existence of a RICO "enterprise", a

21  plaintiff must allege an ongoing organization in which the alleged RICO participants conducted

22  themselves as a continuing unit. *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007). A

23  plaintiff must allege at least two "predicate acts" of racketeering to establish a "pattern of

24  racketeering." *Id.*

25          "In the Ninth Circuit, a plaintiff seeking to plead a RICO claim based on a predicate act of

26  fraud must comply with the pleading requirements under Fed. R. Civ. P. Rule 9(b), which demands

27  plaintiff pleads 'with particularity the time, place, and manner' of each act of fraud, *plus the role of

28  each defendant in each scheme.*" *Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1253 (N.D. Cal. 2014)

[emphasis in original]. Plaintiff fails to plead facts sufficient to satisfy Rule 9(b) and cannot prove any of the RICO elements against ELLIS.

Plaintiff's RICO claim, with regard to the "predicate acts" requirement, is clearly seated in fraud. *See* (SAC ¶221, page 36: "Predicate Act: Use of Mails, Wires, and Banks to Defraud Me. . ."); (SAC ¶251, page 39: "Predicate Act: Honest Services Fraud. . ."). Consistent with the 14 previous causes of action, Plaintiff utilizes overbroad, sweeping accusations without once pleading with particularity the "time, place, and manner" of each act of fraud. Plus, Plaintiff failed to identify the role each Defendant had in each scheme, as required by *Mohebbi, supra*. at 1253. Indeed, throughout the "predicate acts" paragraphs, as well as the entirety of the RICO cause of action, Plaintiff inadequately uses the term "Defendants" without identifying which of the 30+ named Defendants engaged in the alleged schemes. The gravity of Plaintiff's failure to comply with the Rule 9(b) standard becomes magnified when considering the fact that out of the unintelligible 20 page RICO cause of action, Defendant ELLIS is identified by name only once. (SAC ¶212).

Further, the Supreme Court requires "continuity" to establish a pattern of racketeering. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241 (1989).

> "Continuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition. . . A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement. Congress was concerned in RICO with long term critical conduct." *Id*. at 241-242.

If a plaintiff fails to allege a pattern of racketeering consistent with the Supreme Court's "continuity" requirement, the district court may properly dismiss plaintiff's RICO claims. *Turner v. Cook*, 362F.3d 1219, 1231 (9th Cir. 2004). Such was the case in *Turner*, wherein the Ninth Circuit affirmed the dismissal of an alleged RICO claim that arose from activities between a lawyer and client related to a single litigated matter. *Turner*, 362 F.3d at 1231. In short, the Ninth Circuit in *Turner* noted that, although a minimum of two "predicates" is required, two acts are not necessarily sufficient. *Id*. at 1229. Plaintiffs must allege "predicates" extending over a substantial period of time

19

1    (i.e. "close-ended"); or misconduct that by its nature projects into the future (i.e. "open-ended"). *Id.*

2        Like *Turner*, neither of the above-referenced continuity requirements is met here. ELLIS was

3    only involved in the alleged fraudulent conduct during the course of one litigation, the 2010 appeal,

4    spanning from 2010 – 2012. Like in *Turner*, the "predicate acts" did not continue for a substantial

5    period and ceased in 2012, failing to satisfy the "closed-ended" concept of continuity. Likewise,

6    ELLIS' alleged fraudulent conduct was not long term, and did not continue past the single litigated

7    matter, as ELLIS severed all connection to Plaintiff and co-defendants in June of 2012, thus failing to

8    satisfy the "open-ended" concept of continuity.

9        The Fifteenth Cause of Action is an incoherent rambling spanning over 20 pages, casting as

10   wide a net as possible, with the purpose of showing that 30+ named Defendants were members of a

11   racket whose goal was to defraud Plaintiff of millions of dollars. Plaintiff fails to allege any facts with

12   particularity and fails to allege any specific racketeering acts against ELLIS. Because Plaintiff fails to

13   satisfy the Rule 9(b) requirement, fails to meet any of the elements of a civil RICO claim (specifically

14   the "continuity" requirement), and fails to identify ELLIS' scheme in the alleged racket, Plaintiff's

15   Fifteenth Cause of Action must be dismissed for failure to state a claim.

16   **C.**   **The SAC Fails to Satisfy *Twombly***

17       While a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual

18   allegations, a plaintiff's obligation to provide the grounds to her entitlement to relief requires more

19   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

20   due. Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl.*

21   *Corp. v. Twombly*, 550 U.S. 544, 548 (2007). These allegations should also function as a "short and

22   plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2).

23       As noted *supra.*, there is only one paragraph that in any way relates to ELLIS' alleged

24   wrongful conduct in this action. (SAC ¶60). Moreover, Plaintiff fails to plead sufficient facts to

25   illustrate any claim against ELLIS in Paragraph 60, let alone a conspiracy with dozens of actors. The

26   remaining 350+ paragraphs implicate ELLIS only because he allegedly "conspired" with each and

27   every defendant – even those Defendants involved before and after the 2010 appeal – to allegedly

28   defraud Plaintiff.

Defendant Gregory Ellis' Notice of Motion and Motion to Dismiss

1    *Twombly* calls "foul" on any complaint which seeks relief against a satellite defendant such as

2    ELLIS, if that complaint merely pleads that the defendant "conspired" with *everybody* to do

3    *everything* at *every location* and *every time*. As such, ELLIS respectfully requests this Court dismiss

4    the SAC against ELLIS pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6).

5    **D.    The SAC Should Be Dismissed Without Leave To Amend**

6         "A district court may deny a plaintiff leave to amend if it determines that 'allegation of further

7    facts consistent with the challenged pleading could not possibly cure the deficiency," *Schreiber*

8    *Distrib. Co., v. Serv – Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986), or if the plaintiff had

9    several opportunities to amend [her] complaint and repeatedly failed to cure deficiencies." *Missud v.*

10   *Cty & Cnty. of San Francisco*, 2017 U.S. Dist. LEXIS 40799. Plaintiff could not possibly cure the

11   deficiencies in her SAC as they relate to ELLIS. Further, because this is Plaintiff's second amended

12   complaint, Plaintiff has had numerous opportunities to amend her Complaint and has failed to do so

13   repeatedly.

14        The gravamen of Plaintiff's claims against ELLIS center around ELLIS' alleged involvement

15   in a state-wide conspiracy with other California attorneys and members of the judiciary to defraud

16   Plaintiff at each and every turn of her 2003 marriage dissolution proceedings. Despite these tall

17   allegations against ELLIS, Plaintiff does little more than include ELLIS in one paragraph of her SAC;

18   wherein, Plaintiff inadequately alleges that ELLIS "falsified facts" and engaged in "inadequate

19   representations of law". (SAC ¶60).

20        Plaintiff requests this Court to render void each and every one of the prior state court

21   judgments. Even with the opportunity to amend, Plaintiff would not be able to cure this deficiency

22   because her claims and requested relief are barred by the *Rooker-Feldman* doctrine. Further, ELLIS'

23   involvement in Plaintiff's matters ceased on or about June 19, 2012. Every single one of her claims

24   against ELLIS has long since been time-barred by each claims' respective statute of limitations. Next,

25   Plaintiff alleges civil liability based on criminal statutes. These ills cannot be cured by amendment.

26   Moreover, Plaintiff fails to plead sufficient facts against ELLIS; not only for claims that require

27   heightened pleading requirements, but also for claims that require merely a short and concise

28   statement of facts to present even a plausible theory of liability.

There is no basis to cure these deficiencies. Plaintiff has had two opportunities to amend her complaint. She has repeatedly failed to do so, and has failed to comply with this Court's prior limiting instructions. Plaintiff is unable to plausibly allege any set of facts that would allow her to successfully maintain a cause of action against ELLIS. As such, leave to amend is not warranted and should be denied.

E.   **ELLIS is Entitled to Recover Attorneys' Fees and Costs Due to the Frivolous Nature of the Claims Alleged**

A prevailing defendant in a civil rights case may be awarded attorneys' fees and costs upon the Court's finding that Plaintiff's claims were "frivolous, unreasonable, or without foundation", even if the claims were not brought in bad faith. *Christianburg Garmet Co. v. E.E.O.C.*, 434 U.S. 412, 420 (1978). Here, Plaintiff alleges civil rights violations and seeks relief under 42 U.S.C. § 1983 and the civil RICO Act for wholly unsubstantiated claims arising out of ELLIS' alleged involvement in a civil conspiracy. The foregoing arguments demonstrate the frivolous and ungrounded nature of Plaintiff's claims against ELLIS. Should ELLIS prevail on this Motion, ELLIS will seek to recover attorneys' fees and costs incurred in bringing and arguing this Motion.

## V. CONCLUSION

The SAC alleged against ELLIS should be dismissed in its entirety because (1) as Plaintiff's claims arise from alleged erroneous state court rulings, this Court lacks jurisdiction to consider the claims that said rulings violated Plaintiff's federal rights, (2) all claims against ELLIS are well beyond the one, two, three, and four year statute of limitations, and (3) Plaintiff fails to state a claim for relief against ELLIS. Accordingly, ELLIS respectfully requests this Court grant this Motion to Dismiss pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6), without leave to amend.

Defendant Gregory Ellis' Notice of Motion and Motion to Dismiss

Dated:  July 30, 2018

CLIFFORD & BROWN

By: _____

Arnold J. Anchordoquy, Esq.
Sean T. Cook, Esq.
Attorneys for Defendant,
GREGORY ELLIS

Defendant Gregory Ellis' Notice of Motion and Motion to Dismiss

**PROOF OF SERVICE (C.C.P. §1013, 2015.5)**
*Madhu Sameer v. Sameer Khera, et al.*
(USDC-Eastern District Court Case No. 1:17-cv-01748-DAD-EPG)

I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing occurred. My business address is 1430 Truxtun Avenue, Bakersfield, California 93301.

On July 3ʳᵈ, 2018, I served the following documents: **DEFENDANT GREGORY ELLIS' NOTICE OF MOTION AND MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the persons below as follows:

**PLEASE SEE PROOF OF SERVICE LIST BELOW**

___   BY UNITED STATES MAIL.   I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below:   I placed the envelope for collection and mailing, following our ordinary business practices.   I am "readily familiar" with this business's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposed in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. .

_X_   BY E-MAIL OR ELECTRONIC TRANSMISSION.   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

___   BY OVERNIGHT DELIVERY.   I enclosed the documents in an envelope or package provided by the overnight delivery carrier and addressed to the persons at the addresses listed on this Proof of Service. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier;

___   BY PERSONAL SERVICE.   I caused such envelope to be hand delivered to the offices of the addressee(s).

_X_   BY CM/ECF. I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF Filing System. Participants in the case who are registered CM/ECF users will be served by the CM/ECF System. Participants in the case who are not registered CM/EDF users will be served by mail or by other means permitted by the court rules.

Executed on July 3ʳᵈ, 2018, at Bakersfield, California.

_X_   (Federal)      I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

DIANA SEIBERT

PROOF OF SERVICE LIST

1

2   Madhu Sameer, Pro Se
3   142 Western Hills Drive,
    Kensington
4   Whangarei 0873
    New Zealand
5   Madhu.bambroo@gmail.com

6
    John Steven Burton (Counsel for Bennet defendants)
7   Law Offices of John S. Burton
    55 River St., Ste. 230
8   Santa Cruz, CA 95060

9
    John P. Girarde (Counsel for Moreno defendants)
10  MURPHY, PEARSON, BRADLEY, & FEENEY
    88 Kearney St., 10th Floor
11  San Francisco, CA 94108

12
    Sharon M. Nagel (Counsel for Judicial defendants)
13  BOLD, POLISNER, MADDOW, NELSON, & JUDSON
    2125 Oak Grove Rd., Ste. 210
14  Walnut Creek, CA 94598

15
    Michael D. Millen (Counsel for Michael D. Millen)
16  LAW OFFICE OF MICHAEL D. MILLEN
    119 Calle Marguerita, #100
17  Los Gatos, CA 95032

18
    Natalie P. Vance (Counsel for Tone defendants)
19  KLINEDINST, PC
    777 S. Figueroa St., Ste 2800
20  Los Angeles, CA 90017

21

22  19610-64

23

24

25

26

27

28