1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MADHU SAMEER,                            No.  1:17-cv-01748-DAD-EPG

12                    Plaintiff,

13          v.                                 ORDER DENYING REQUEST FOR
                                               TEMPORARY RESTRAINING ORDER
14   SAMEER KHERA, et al.,
                                               (Doc. No. 107)
15                    Defendants.

16

17          This matter was initiated on December 26, 2017, with plaintiff's filing of a 164-page

18   complaint alleging a litany of claims against numerous defendants under the Racketeer Influenced

19   and Corrupt Organizations Act ("RICO") and other statutes.  (Doc. No. 1.)  Due to the

20   complaint's prolix nature, the magistrate judge assigned to this action imposed page limitations

21   on plaintiff and ordered the filing of an amended complaint.  Following several iterations, the

22   case now proceeds on plaintiff's second amended complaint (Doc. No. 72) filed July 1, 2018.

23   Numerous motions to dismiss filed by various defendants are currently pending before this court.

24   (Doc. Nos. 75, 88, 94, 97, 98, 99, 112.)

25          On July 24, 2018, plaintiff filed a motion docketed as "request for fee waiver &

26   [temporary restraining order] TRO."  (Doc. No. 107.)  A review of this document reveals that it is

27   actually a declaration.  It appears plaintiff does not seek a waiver of the required filing fee in

28   connection with this action, but instead seeks permission to have certain remaining defendants

1

served by the U.S. Marshal's Service.  (*See id.* at 4.)  Rule 4 of the Federal Rules of Civil

Procedure states that "the court may order that service be made by a United States marshal or

deputy marshal," and is only required to permit such service where the plaintiff has been

authorized to proceed *in forma pauperis*.  Plaintiff here has neither sought nor been granted *in*

*forma pauperis* status, and thus it is within the court's discretion whether to order service through

a U.S. Marshal.  *See, e.g.*, *Bosworth v. United States*¸ No. CV 14–0498 DMG (SS), 2016 WL

9651128, at *2 n.4 (C.D. Cal. Dec. 9, 2016).  The undersigned refers any such future requests by

plaintiff related to methods of service to the assigned magistrate judge, pursuant to 28 U.S.C.

§ 636(b)(1).

Concerning plaintiff's request for a TRO, the court observes that no motion or brief

supporting such a request has been filed by plaintiff, only her declaration.  Nevertheless, because

plaintiff is proceeding pro se, the court liberally construes this declaration as requesting a TRO.

The standard for issuing a temporary restraining order is "substantially identical" to the standard

for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240

F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief

requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

and that an injunction is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127

(9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see*

*also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*,

'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a

preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052

(9th Cir. 2009).  The party seeking the injunction bears the burden of proving these elements.

*Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).  Preliminary injunctive relief

is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

entitled to such relief."  *Winter*, 555 U.S. at 22.

In her declaration, plaintiff makes numerous allegations concerning money that is

purportedly owed to her by defendant Khera, her ex-husband, due to prior support obligations.

*See In re Marriage of Khera & Sameer*, 206 Cal. App. 4th 1467 (2012) (upholding denial of motion to modify prior spousal support order which automatically ended spousal support from Khera to plaintiff on June 1, 2010). Plaintiff asserts wide-ranging claims concerning the monetary assets of defendant Khera, alleges she was blackmailed by Khera's attorney, and states that Khera has violated various criminal statutes. Plaintiff maintains that Khera is a "flight risk" and requests that this court "restrict his passport and his international travel," as well as freeze his assets. (Doc. No. 107 at 9.) Plaintiff's declaration summarily states that irreparable injury will occur in the absence of the granting of a TRO. (*Id.*)

Plaintiff's request must be denied for at least two reasons. First, plaintiff has not demonstrated an irreparable injury or irreparable harm that will result in the absence of the granting of preliminary injunctive relief. These phrases are terms of art which mean a party has suffered a wrong which cannot be adequately compensated by remedies available at law, such as monetary damages. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)[1]; *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("The basis of injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies . . . . [M]onetary injury is not normally considered irreparable."). "At a minimum, a plaintiff seeking preliminary injunctive relief must demonstrate that it will be exposed to irreparable harm." *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). All of plaintiff's allegations concern money she alleges is owed to her as spousal support or injuries that would typically be remediated by an award of money damages. Even assuming the validity of plaintiff's allegations, she has failed to even suggest, let alone establish, that she will suffer any irreparable injury as defined by law in the absence of the granting of preliminary relief.

Additionally, plaintiff has in no way demonstrated she is likely to succeed on the merits of this action. Ignoring the many other defendants identified in her second amended complaint—a

---

[1] The decision in *eBay* was not limited to the Patent Act context in which it was issued. Rather, the Supreme Court emphasized that its decision was based on "well-established principles of equity," from which "a major departure . . . should not lightly be implied." *eBay*, 547 U.S. at 391.

number of whom would clearly appear to be protected by various immunity doctrines—plaintiff

has not shown it is likely defendant Khera continues to owe her spousal support in any form.

Indeed, the California Court of Appeals upheld the denial of plaintiff's motion to modify the prior

spousal support order, which contained a sunset provision ending spousal support on a particular

date, more than six years ago. *See In re Marriage of Khera & Sameer*, 206 Cal. App. 4th 1467

(2012). This court does not sit to reconsider decisions in domestic relations disputes which were

decided by a state court, both because this court is not an appellate court and because such

proceedings are almost exclusively the province of the states. *See, e.g.*, *Ankenbrandt v. Richards*,

504 U.S. 689, 703 (1992) ("'[T]he whole subject of the domestic relations of husband and wife,

parent and child, belongs to the laws of the States and not to the laws of the United States.'")

(quoting *Ex parte Burrus*, 136 U.S. 586, 593–94 (1890)); *Farraj v. Cunningham*, No. CV 13–

6107 (CAS) (MRWx), 2013 WL 12200648, at *5 (C.D. Cal. Oct. 15, 2013) ("It is a 'well

established principle that federal courts should decline jurisdiction of cases concerning domestic

relations when the primary issue concerns the status of parent and child or husband and wife.'")

(quoting *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983)); *Aster v. Ward*, No. C 07–05799

MHP, 2008 WL 51471, at *1 (N.D. Cal. Jan. 2, 2008) ("'[A]s courts of original jurisdiction,

[district courts] do not have jurisdiction over direct challenges to final decisions of state courts,

even if those challenges allege that the state court's action was unconstitutional.'") (quoting *Allah

v. Superior Court*, 871 F.2d 887, 890–91 (9th Cir. 1989)). Rather, a plaintiff's proper remedy for

perceived errors in state court decisions is to file an appeal to the next level of appellate court,

which in this instance would appear to have been the California Supreme Court.

      For the reasons given above, plaintiff's request for a temporary restraining order (Doc.

No. 107) is denied.

IT IS SO ORDERED.

    Dated:   **August 3, 2018**

                        UNITED STATES DISTRICT JUDGE