UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADHU SAMEER,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMEER KHERA, et al.,<br><br>    Defendants. | No. 1:17-cv-01748-DAD-EPG<br><br>ORDER REINSTATING PERMISSION FOR PLAINTIFF TO FILE ELECTRONICALLY<br><br>(Doc. No. 113) |

On August 3, 2018, the court revoked plaintiff's permission to file documents electronically. (Doc. No. 113.) Simultaneously, this court sealed several documents that had been previously filed by plaintiff, proceeding *pro se*, on the court's docket. Neither the court's revocation of plaintiff's permission to file documents electronically nor the sealing of documents was intended to be permanent or punitive. Rather, the court had determined that several filings submitted by plaintiff included private information regarding some of the defendants named in this action, such as complete home addresses. Although this information does not fall explicitly within the categories of information that must be omitted or redacted pursuant to Federal Rule of Civil Procedure 5.2(a) and Local Rule 140, the court finds such information raises significant privacy and security concerns, given the identity of some of the defendants.

Documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999); *Kamakana v. City & County of Honolulu*,

1

447 F.3d 1172, 1178–79 (9th Cir. 2006) ("Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'") (citation omitted). However, the court finds there is a compelling reason for denying public access to certain private information, in particular identifying information such as the full home addresses or telephone numbers of any law enforcement or judicial defendants. The security interests in keeping this information private outweigh the interests of the public in having access to these documents. *See Kamakana*, 447 F.3d at 1180 (policy of public access to judicial documents and records can be overcome upon a "showing that 'compelling reasons' support secrecy") (citation omitted).

Considering the above, the court orders that plaintiff's previously granted permission to file documents electronically is restored, and the Clerk of the Court shall take any steps necessary to ensure this access is restored in a timely fashion. **However, plaintiff shall not file any further documents on the court's public docket that include the unredacted home address or telephone number of any law enforcement or judicial officers, or any other personal information that must be redacted pursuant to Federal Rule of Civil Procedure 5.2(a) or Local Rule 140. Failure to adhere to this order will result in the immediate and permanent revocation of plaintiff's ability to file electronically, and may result in the imposition of additional sanctions, up to and including dismissal of this case.**

Given the foregoing, plaintiff's request to reconsider the court's prior order revoking her ability to file electronically (Doc. No. 118) is denied as moot. In that same motion, plaintiff also requested the court reconsider its decision to seal plaintiff's prior filings. (Doc. No. 118 at 6.) This request is denied. Because some of the documents submitted by plaintiff contain personal identifying information that is inappropriate to file on the court's public docket, all documents previously submitted by plaintiff must be reviewed by the court prior to being unsealed. Any documents that do not contain such information will ultimately be unsealed. Additionally, the court may order plaintiff to submit redacted versions of documents that do contain such information. This matter is referred to the magistrate judge assigned to this case for review of
/////

plaintiff's previously-filed documents in this case and determination of what may be unsealed and what must be resubmitted by plaintiff in redacted form.

IT IS SO ORDERED.

Dated: **August 16, 2018**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE