UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADHU SAMEER,<br><br>   Plaintiff,<br><br>   v.<br><br>SAMEER KHERA, et al.,<br><br>   Defendants. | No. 1:17-cv-01748-DAD-EPG<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION OF ORDER DENYING TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 119) |

On August 6, 2018, this court denied plaintiff's request for a temporary restraining order. (Doc. No. 115.) On August 14, 2018, plaintiff filed a motion for reconsideration of this decision. (Doc. No. 119.) In the motion for reconsideration, plaintiff asserts that she is not seeking a temporary restraining order based on defendant Khera's failure to pay spousal support payments. Rather, plaintiff asserts that her request for the issuance of a temporary restraining order is based on the alleged fraud defendant Khera has perpetrated by failing to pay child support and by disposing of certain property. Though not entirely clear, it appears that plaintiff's claim that she is entitled to child support and the property in question stems from a state court order that governed disposition of community and separate property following the couple's divorce, which plaintiff has attached to her motion for reconsideration. (Doc. No. 119 at 17–26.)

/////

1

Plaintiff has provided no basis for the court to reconsider its prior order. To the extent that plaintiff is now asserting her claims are based on defendant Khera's violations of state court orders, she must seek enforcement from the court that issued the order, as this court generally does not have jurisdiction to enforce orders made by another court or to compel that court to take any action. *See Demos v. U.S. Dist. Court for E. Dist. of Wash.*, 925 F.2d 1160, 1161–62 (9th Cir. 1991) (noting that federal courts lack jurisdiction to issue writs of mandamus to state courts and cannot order "a state court to take or refrain from some action"); *Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d 1267, 1273 (9th Cir. 1982) (noting that one district court cannot issue an order to protect the judgment of another district court and that any such order must come from the court issuing the judgment); *ABBA Bail Bonds, Inc. v. Grubbe*, 643 Fed. App'x 634, 635–36 (9th Cir. 2016) (concluding district court did not have subject matter jurisdiction to enforce state court orders)[1]; *Monaco v. Moore*, No. 2:12–cv–1231 AC P, 2012 WL 6138219, at *2 (E.D. Cal. Dec. 10, 2012) (noting that federal courts lack jurisdiction to compel state courts to enforce their own orders); *Richmond v. Wampanoag Tribal Court Cases*, 431 F. Supp. 2d 1159, 1181 (D. Utah 2006) (stating it would "impermissibly enlarge the exceptions" of the Anti-Injunction Act "to allow one federal district court to issue an injunction in order to aid the jurisdiction or protect the judgment of another court, be it another federal district court or the court of another sovereign").

Here, plaintiff has failed to demonstrate she is likely to succeed on any claims brought in this federal suit seeking to enforce an order of the state court. Therefore, plaintiff's motion for reconsideration (Doc. No. 119) is denied.

IT IS SO ORDERED.

Dated: **August 21, 2018**

_____
UNITED STATES DISTRICT JUDGE

---

[1] Citation to this unpublished opinion is appropriate pursuant to Ninth Circuit Rule 36-3.