Madhu Sameer
37 Rarere Terrace
Keri Keri, New Zealand 0230
Plaintiff, Pro Se

EASTERN DISTRICT COURT

MADHU SAMEER,  Plaintiff,

SAMEER KHERA ET AL,   Defendants

Case # 1:17-CV-01748

**AMENDED - PLAINTIFF'S OPPOSITION TO ELLIS'S MOTION TO DISMISS**

Hearing Date: 10/2/2018

### Table of Contents

| | |
|---|---|
| Introduction | 10 |
| Background | 10 |
| Judicial Error Theory | 11 |
| Rooker Feldman Doctrine | 12 |
| Failure to State Claim | 14 |
| Continuing Offense Doctrine | 17 |
| Criminal Statute/Civil Liability | 19 |
| Void Judgments of 2008/Fraud Upon The Court | 21 |
| Failure To State Claim: Individual Causes Of Actions | 24 |
| **Cases** | |
| Adams v. Paul | 27 |
| Agency Holding Corp. v. Malley-Duff & Associates, Inc. | 14 |
| Ames v. State Bar | 30 |
| Bell Atlantic Corp. v. Twombly | 25 |
| Bell Atlantic v Twombly | 16 |
| Boag v. MacDougall | 33 |
| Burford v. Sun Oil Co | 23 |
| Burford v. Sun Oil Co.319 U.S. 315 (1943) | 13 |
| California Teachers Assn. v. State of California (1999) | 13 |
| Cannon v. University of Chicago | 19,20 |
| Chicago Title Ins. Co. v. Great Western Financial Corp | 32 |
| Christopher v. Harbury | 15 |
| Colorado River Water Conservation Dist. v. United States | 23 |
| Colorado River Water Conservation Dist. v. United States | 12 |
| Conley | 33, 34, 35 |
| County of Ventura v. Tillett | 23 |
| Demauro v Demauro et al (1997) No.96-2082 | 13 |
| DeMauro v. DeMauro (2002) | 13 |
| Doe v. Sundquist | 33 |
| Dunham v. Dunham | 23 |
| Dunn v. Hackworth | 28 |

Estelle v. Gamble                                                    33
    Forsyth v. Humana, Inc                                           29
    Grunewald v. United States                                      18
    Haines v. Kerner                                                 33
    Hazel-Atlas Glass Co. v. Hartford-Empire Co                     23
    Hicks v. Campbell                                                15
    In re Garcia                                                     23
    Ivy v. Tennessee Dept. of Corr                                   15
    Jenkins v. McKeithen                                             33
    J.I. Case Co. v. Borak                                         19,20
    Johnson v. Orr, 551 F.3d 564 (7th Cir. Ill. 2008)               12
    Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison       27
    Kadish, Schulhofer & Barkow (2017)                              27
    Khera v Sameer (2012                                            33
    Khera v Sameer (2012)                                           26
    KHERA v SAMEER (2012)                                           10
    Khera v Sameer (2018)                                           26
    KHERA v SAMEER (2018)                                         11,14
    Leatherman v. Tarrant County Narcotics Intelligence and Coordination
Uni                                                                  16
    Marriage of Flaherty, (1982)                                    13
    Massey v. Armco Steel Co                                        32
    Maty v. Grasselli Chemical Co                                   34
    Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co              22
    Menchaca v Crystler                                             12
    Merritt v. Faulkner                                             33
    Neitzke v. Williams                                             25
    Orloff v. Metropolitan Trust Co.                                32
    People v. One 1941 Chrysler Sedan                               23
    Phillips v. State Bar                                           30
    Picking v. Pennsylvania Railroad Co                             33
    Pinkerton v. United States                                      18
    Poling v. K. Hovnanian Enterprises                              16
    Proctor v. Schomberg, 63 So. 2d 68 (1953)                       15
    Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996)           13
    Reid v. Balter                                                  23
    Riggs v. Burson                                               15,33
    Roberts v. Roberts                                              23
    Root Refining Co. v. Universal Oil Products Co                  23
    Rosemond V. Lambert                                             23
    S.E.C. v. Elliott                                               16
    Scheuer v. Rhodes                                               25
    Schwarz v. Schwarz                                              23
    Shaoxing City Maolong Wuzhong Down Products, Ltd. v. Keehn      27
    Skelly Oil v. Universal Oil Products Co                         23
    Slavin v. Curry                                             15, 28, 29
    Stuck v. Medical Examiners                                      23
    Summers v. Superior Court                                       23

Swierkiewicz v. Sorema                                       25
Swierkiewicz v. Sorema N.A                                   25
Texas & Pacific Railway v. Rigsby                            18
Toussie                                                      16
Toussie v. United States                                     16
Tuggle v. Maddox, Fla., 60 So. 2d 158, 159                   15
U.S.v. Throckmorton                                          22
United States v. Elliott                                     32
United States v. Kissel                                      18
United States v. Neusom                                      18
United States v. Sutherland                                  32
Unruh v. Truck Insurance Exchange                            32
Walker v. USAA Casualty Insurance Co                         27
Willis v. Tennessee Dept. of Corr                            15
Wyatt v. Union Mortg. Co                                     32

**Statutes**
18 USC 1963                                                  21
18 USC 1983                                                  28
18 USC 1985                                                  28
18 USC 1986                                                  28
B&PC 17200                                                   20
B&PC 6068                                                  31,32
BPC 6100                                                   31,32
BPC 6101                                                   31,32
BPC 6106                                                   31,32
BPC 6108                                                   31,32
BPC 6128                                                   31,32
Civ Proc Code 1021.5                                         20
Civil Code 526                                               21
Family Code Section 271                                      24
Family Code Section 5601                                     24
Model Penal Code 5.01                                        26

**Rules**
CRPC 3-110                                                   30
CRPC 5-200                                                   30
CRPC 5-220                                                   30
Rule 8                                                       30

**Other Authorities**
CONTINUING OFFENCE DOCTRINE                                  17
Freeman on Judgments                                         22
Rooker Feldman                                            10,11
Witkin, Cal. Procedure                                       24

**INTRODUCTION:** <u>Defendant did not meet and confer with me prior to filing their motion to dismiss</u>**.** Defendant's Motion to Dismiss must be denied on this ground, and other grounds as below.

**BACKGROUND :** ELLIS was responsible for the decision in <u>*KHERA v SAMEER (2012)*</u> – which decision was based on fraudulent representation of facts, and law. ELLIS filed a Respondent's Brief in this case arguing that Judgment of 2008 was valid, and my spousal support must be terminated. The fact was – Judgment of 2008 was void for lack of subject matter jurisdiction therefore, the spousal support could not be terminated without a new order. ELLIS argued that Defendant's salary was $3,680 per annum in 2003, ie $41,800 per annum. Therefore, even if the spousal support were to be continued, it could not be more than what was ordered by Judgment of 2008. The facts were – Defendant KHERA's  salary was not $3,680 per month, but over $40,000 per month in 2003 as per his tax returns[1]. ELLIS argued that I was capable of earning between  $37,000 - $90,000 per annum, therefore my spousal support should be terminated. The fact was -  I had been barred from working as a Social Worker by Department of Social Services. ELLIS argued that I  had enrolled myself into a PhD program to avoid work, hence was not entitled to Spousal Support. The fact was – my PhD was from Santa Barbara, where my presence was required 1 weekend a month. I was actually working in 3 concurrent jobs, for 10-15 hours per and wasn't paid even the minimum wages. Other facts and law were misrepresented to further the motive of the conspiracy.

In and thru his Respondent's Brief, ELLIS was successful in deceiving the Sixth Appellate District. The Appellate Court made a ruling affirming (and publishing) defendant DAVILA's fraudulent and unlawful denial in *Khera v Sameer (2012)*. It became a precedent. I suffered and continue to suffer significant material and non material injuries and damages.

Represents of facts, and law, made by ELLIS in 6DCA's  *Khera v Sameer (2012)* have already been contradicted and hence held to be false misrepresentations by findings in 5DCA's

---

[1] At the time, our 3 children attended private schools, their annual tuition fee was over $55,000 per annum. If we could afford to pay $55,000 (after tax) for children's private education per annum in 2000-2003, KHERA could not have been earning $3,680 per month.

_KHERA v SAMEER (2018)._ Also see _Plaintiff's Declaration in Opposition to ELLIS's Motion to Dismiss_ filed concurrently herewith.

**JUDICIAL ERROR THEORY**: This underlying argument advanced by ELLIS for all the general waste and personal injury for the last 15 years, is untenable. A marital settlement agreement was recited in the Court on May 18, 2008 (and is captured in the transcript). Then, BENETT & BECKER prepared a written Agreement that was to be derived from the recital. In it, Defendants removed assets which had previously been awarded to me, they added verbiage that had not been recited[2]. PARDUE and DAVILA _attempted_ to bully me into signing this purported agreement. Four hearings were held between May 18, 2008 – Feb 25, 2008 where DAVILA was _shown_ the DCSS findings of defendant KHERA's income, and the discrepancies. He _intentionally_ made the default Judgments of 2008, and sanctioned me for refusing to co-operate. Subsequently, I have diligently been seeking to have these purported "errors" rectified, but have been prevented, threatened, sanctioned. None of the Judicial defendants admit the purported "error." Defendants are now estopped from claiming "error". I also alleged that my case was not an isolated case but the alleged misconduct is the modus operande of CFDE (see para 177-213 of 2AC). Witnesses may testify to being defrauded in a similar manner. Defendants were at all times aware of their actions _and_ the consequences of their actions. Others – like Judge KALEMKARIAN – aware of what is going on, are actively involved in obstruction of justice and spoliation of evidence. Negligence has to be _plead_ by defendants as an affirmative defense before the court dismisses the "intentional" causes of actions. The "error" theory is untenable.

---

[2] For example, the Brown account – which transcripts show was to be awarded to me – was removed from the final settlement and is not in the Judgment of 2008. It has over $1m, the last I saw. Like he forged my signatures on the DLF 4109, the same way defendant KHERA _intended_ to forge my signatures and transfer the funds to his account once the settlement was finalised. Other defendants _intended_ to facilitate this fraud and that is why it had been omitted. The only reason they were unsuccessful was  because I have been alleging fraud since, and the transfer would have distinctly established the fraud. Hence, ZAYNER prohibited the court reporters from releasing transcripts. KHERA and his cartel have refused to release the account till date – _despite knowing that it represents my post separation earnings._ This is only _one_ example of the conspiracy to defraud.

**ROOKER FELDMAN DOCTRINE:** Defendant challenges jurisdiction, citing _Menchaca v_

_Crystler_. The _Menchaca_ Court dismissed the complaint _after_ an evidentiary hearing. _Menchaca_ case

has no correlation with this case. 2AC alleges jurisdiction at (para 21)

The Rooker Feldman doctrine deprives federal courts of subject matter jurisdiction where a party,

dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court

judgment and requesting a remedy for an injury caused by that judgment. It is inapplicable when the

alleged injury is distinct from the judgment. For instance, it is inapplicable when the federal claim

alleges a prior injury that a state court failed to remedy. [Johnson v. Orr, 551 F.3d 564 (7th Cir. Ill.

2008)]. 2AC alleges that the judgments of 2008 are inherently void, the State court failed to remedy

this prior injury by engaging in a conspiracy to defraud thru deprivation of my civil rights. Burford v.

Sun Oil Co.319 U.S. 315 (1943), allows a federal court to dismiss a case **only** if it presents "_difficult_

_questions of state law bearing on policy problems of substantial public import whose importance_

_transcends the result in the case then at bar_," or if its adjudication in a federal forum "_would be_

_disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public_

_concern_." _Colorado River Water Conservation Dist._ v. _United States,_ 424 U. S. 800, 814. **This**

**power to dismiss represents an extraordinary and narrow exception to a district court's duty to**

**adjudicate a controversy properly before it**. Pp.723-728. Defendant fails to state how this case

satisfied the criteria for dismissal set by Burford, or even how it is disruptive in establishing a state

policy in matter of public concern. The complaint against ELLIS is a vanilla flavor of fraulent

representation, fraudulent concealment, corruption, and fraud upon the 6DCA. It is the fraud, and

conspiracy to violate statutory codes, CRPCs, BPCs,  that is alleged - the constitutions have not

deprived me of the basic fundamental rights[3]. The laws invokes are uniform throughout the country[4].

---

[3] The federal Court does not _interfere_ with the State decisions on matters related to law – simply to avoid conflict between state and federal law on policy matters. In this instance, there is no _intereference_ alleged.

[4] a)  Federal law prohibits evasion of child support, so does state law. b) Federal law prohibits violation of court orders. So does state law.  c) Federal law prohibits retrospective waiver of child support arrears, so does state law. d) Federal laws prohibit perjury, false statements, obstruction of justice. So do state laws.  E) Federal law holds that any orders made in clear absence of jurisdiction are void. So does state law. f) Federal law states that these void orders, made in clear

12

ELLIS has never been a defendant in any lawsuit initiated by me, no relief is pending from any Court. The injuries caused by ELLIS's actions are distinct, equitable relief is not sought from ELLIS, Rooker Feldman Doctrine does not apply for damages (see para 345-348). Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996)[5]. Federal RICO action arises from illegality in divorce proceedings, and does not invoke absentism [*Demauro v Demauro et al (1997) No. 96-2082*; *DeMauro v. DeMauro (2002)*].

Although he admits that the Judgments may be constitutionally void because of Judicial Errors, he argues against the cause of action for Negligence. See *JUDICIAL ERROR THEORY*. The crux of the complaint is a ***continued conspiracy to defraud, to conceal the criminal conduct of the defendants, and to protect the criminals from being held accountable for their crimes***. Litigants *" have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win . . . . [California Teachers Assn. v. State of California (1999) 20 Cal.4th 327, 340, 975 P.2d 622, 84 Cal. Rptr. 2d 425, quoting In re Marriage of Flaherty, (1982) 31 Cal.3d 637, 650, 183 Cal. Rptr. 508, 646 P.2d 179.).* Regardless, the **Judgments have already been discredited by 4 courts (***See Declaration***).** The request to declare the Judgments of 2008 void is a formality, and only a very small part of the *PRAYER FOR RELIEF*. The Court may choose *NOT to* void, and the issue then will be a subject of collateral attack in a summary adjudication motion, or it will be a triable (side) issue – just like it was a side issue for the 5DCA in *KHERA v SAMEER (2018) – 5DCA* actually had no authority to directly void it, they voided/discredited it by implication. This is a non issue, and does not relate to claim for damages against ELLIS.

---

absence of jurisdiction are nullities and can be voided any time. So does the state law. g) Federal laws hold conspiracy to defraud to be a crime. So do state laws. H) Federal laws hold that an officer of the court who engages in making false representations to the Court, is liable and punishable. So do states laws.

[5] In cases where the relief sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court. See, *e. g., Great Lakes Dredge & Dock Co.* v. *Huffman,* 319 U. S. 293, 297. By contrast, federal courts may stay actions for damages based on abstention principles, but those principles do not support the outright dismissal or remand of damages actions. See, *e. g., Louisiana Power & Light Co.* v. *City of Thibodaux,* 360 U. S. 25, 28. Pp.716-723.

**The damages, injunctive, declarative relief I seek from ELLIS relate to his role in the conspiracy to defraud me by *willfully* misleading 6DCA. His arguments about the validity of Judgments of 2008 are frivolous. The complaint alleges that ELLIS lied to 6DCA, and I was injured as a consequence of his lies. All that needs to be proven is that he lied *in the conspiracy*, and my asserted injures. His arguments that the Judgments must not be set aside, are irrelevant to the question of damages. It is not necessary to void the Judgment to prove my case of fraud and conspiracy against ELLIS.**

**FAILURE TO STATE CLAIM**: Defendant argues for dismissal for failure to state a claim upon which relief may be granted (page 6, line 8) – stating that a) the actions are time barred, and b) claims against ELLIS have not been plead with specificity.

**Claims Are Not Time Barred:**  Defendant alleges that claim is time barred because MORENO Defendants had informed me that their lawfirm did not get other attorneys in trouble, and therefore that constituted of my knowledge of a RICO injury. This statement has been intentionally misquoted out of context. I had previously provided detailed explanation but the 25 page limitation limits my ability to respond.

The complaint alleges Civil conspiracy (para 161-166), as well as RICO conspiracy (general RICO para 167 – 348; 300 – 348), both of which are ongoing, The *CONTINUING OFFENCE DOCTRINE* extends the statute of limitations for civil conspiracy. Liability is joint and several (alleged at para 214). RICO has a four-year statute of limitations. [*Agency Holding Corp. v. Malley-Duff & Associates, Inc*., 483 U.S. 143, (U.S. 1987)] which begins running on a RICO claim according to the "injury discovery accrual rule." The 2AC alleges the following (para 24):

> *Action is timely as I became aware of the conspiracy in early 2015 or thereabouts. The conspiracy, racketeering acts and fraud is ongoing. Any previous actions are tolled due to false invoicing, lying, and misrepresentation of the defendants[6].*

---

[6] All tolling doctrines are based upon whether it is fair, under the circumstances, to bar the victim's claims on the basis of the running of the statute of limitations.  In this instance, it would be unfair to bar my claims against ELLIS, on the basis of the statute of limitations.

14

The statute of limitations is an affirmative defense and must be pleaded. It cannot be taken advantage of by a motion to dismiss. In *Tuggle v. Maddox, Fla., 60 So. 2d 158, 159*], . .. then the plaintiff can show that the statute has been tolled or that there were facts which would constitute an exception to the statute, like fraudulent concealment etc which contribute to tolling or that the case presented is an exception to the statute of limitations. The sufficiency of such pleading may be tested in and determined by the trial Court. [*Proctor v. Schomberg, 63 So. 2d 68 (1953)].* Even though separate causes of actions have been plead, the complaint alleges defendants' participation one conspiracy to defraud [paras 161-166] and RICO  [para 167-324].  which statute is tolled due to fraud, lying, misrepresentations. See *Slavin v. Curry, 575 F.2d 1256, 1265 (5th Cir. 1978)* states

> *When the complaint is read with the required liberality, however, it asserts a single, continuing conspiracy. That is, it reveals a conspiracy that began with the intention of denying Slavin the equal protection of the laws and continued by obstructing justice and denying due process in an attempt to conceal the complicity in the first action. The complaint recounts a number of incidents. While they state separate causes of action against individual defendants, they also charge participation in a single conspiracy. The district court erred in treating the incidents as alleging only separate causes of action.*

Therefore none of the claims are time barred. Timeliness for Negligence has been plead under the same heading elsewhere.

**Claims Are Plead With Sufficiency:** A motion to dismiss must state with particularity the grounds for dismissal [Willis v. Tennessee Dept. of Corr., 113 S.W.3d 706, 709 n. 2 (Tenn.2003);  accord, Hicks v. Campbell, 2003 WL 22438441 (Tenn.Ct.App.2003);  Ivy v. Tennessee Dept. of Corr., 2003 WL 22383613 (Tenn.Ct.App.2003)]. See Willis v. State - 401 N.E.2d 683]. ).  It is designed to test the legal sufficiency of the complaint, not the strength of the plaintiff's case.   Doe v. Sundquist, 2 S.W.3d 919, 922 (Tenn.1999);  Riggs v. Burson, 941 S.W.2d 44, 47 (Tenn.1997). Defendant motion fails. It seeks *exact* details of defendants involvement, in contradiction to Doc 56 and 69, and FRCP 8(a)(2) [*Christopher v. Harbury 536 U.S. 403, 405-06 (2002)].*  "it may appear on the face of the pleadings that a recovery is very remote and unlikely **but that is not the test**. A pleading is not "a game of skill in which one misstep by counsel may be decisive to the outcome," and that the Rules

15

"accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. ' [*Conley v. Gibson 355 U.S. 41 (1957)*]. Rule 8(f)'s mandate that "**all pleadings shall be so construed as to do substantial justice**." The purpose of pleading is to facilitate a proper decision on the merits. *Cf. Maty v. Grasselli Chemical Co.,* 303 U. S. 197, cited in Conley v Gibson, supra]. *Bell Atlantic v Twombly 550 US 544 (2007)* new *plausibility* standard "does not impose a probability requirement at the pleading stage; it simply calls for *enough* facts to raise a reasonable expectation that discovery will provide evidence" that the facts set forth in the complaint will enable Plaintiff a right to relief. ***Plausibility is to be objectively***, mechanically determined (not subjectively-when adding up the averments, could the requested relief be awarded).

In *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Uni,* Supreme Court noted that the Rules simply "**do not** require a claimant to set out in detail the **facts** upon which he bases his claim. Federal Rules of Civil Procedure do "not require or even invite the pleading of facts." *Conley* "can be read as saying that **any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings."** [*Twombly, 127 S.Ct. at 1968*[7]].  ELLIS has failed to prove "beyond doubt" any factual impossibility inherent in my 2AC which would otherwise entitle the relief requested [*Conley*][8]. Between Dec 2017 and till date. This Court has ordered the brevity in filings. Appellate Courts have specifically stated :"*When interpreting pro se papers, Court is required to use its own common sense to determine **what relief that party either desires, or is otherwise entitled to**. [S.E.C. v. Elliot, 953 F.2d 1560, 1582 (11th Cir.*

---

[7] Given this reading of the "no set of facts" language from Conley, the Court in Twombly determined that "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of [undisclosed] facts to support recovery." Therefore, the ruling in Twombly was that the "no set of facts" phrase "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.'"

[8] The facts are self evident. The 6DCA Decision on *Khera v Sameer (2012)* alleges facts which are shown by *Khera v Sameer (2018)* to be false. *Khera v Sameer (2012)* is a discredited Opinion of the Appellate Court – already a nullity. The representation of facts and law in *Khera v Sameer (2012)* can proven to be fraud upon the Court. ELLIS was the attorney who misrepresented facts to 6DCA. ELLIS engaged in a conspiracy to commit fraud upon the Appellate Court. The conspiracy is ongoing because my injuries are ongoing.

16

*1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) (court has a special*

*obligation to construe pro se litigants' pleadings liberally);Poling v. K. Hovnanian Enterprises, 99*

*F.Supp.2d 502, 506-07 (D.N.J. 2000)*].

**CONTINUING  OFFENSE DOCTRINE (For Conspiracy):**  Here, the statute of limitations

begins to run when the offense terminates [*Toussie, 397 U.S. at 115. The offense generally "involves*

*(1) an ongoing course of conduct that causes (2) a harm[9] that lasts as long as that course of conduct*

*persists."[10].* The alleged misconduct has not ceased, nor have defendants stopped inflicting injuries

on me. [ *United States v. Castellano, 610 F. Supp. 1359, 1408 (S.D.N.Y. 198*5)]. Courts apply the

*Toussie v. United States* test. In *Toussie'*s first prong, the explicit language of the statute must plainly

state that the offense is a continuing one[11]. Theory of Conspiracy may fail to meet this standard[12].

Under the second *Toussie* prong, courts examine the nature of the offense alleged and Congressional

intent. Conspiracy is widely recognized as the classic example of a continuing offense[13]. The Ninth

Circuit adopted the same approach in *United States v. Neusom[14] 159 F. App'x 796 (9th Cir.*

---

[9] 5 Courts have used the term "harm" in the continuing offense doctrine context to describe "the substantive evil [to society that] Congress sought to prevent" in making certain actions or omissions federal crimes. Toussie, 397 U.S. at 122 ("It is in the nature of a conspiracy that each day's acts bring a renewed threat of the substantive evil Congress sought to prevent."); see also United States v. Morales, 11 F.3d 915, 922 (9th Cir. 1993) ("The harm done [by bribery] is intangible, but real enough: the undermining of public confidence, the loss of respect for and pride in our institutions. Congress simply has chosen to address this last kind of 'substantive evil' in section 201(b)(2)."); United States v. Cunningham, 891 F. Supp. 460, 464 (N.D. Ill. 1995) ("A prime example [of a continuing offense] is kidnapping, where the offender continues to violate the law and harm the victim every day that the victim is not released.").

[10] Morales, 11 F.3d at 921 (O'Scannlain, J., dissenting). Judge O'Scannlain elaborates that "the commission of [continuing offenses] takes place not in a moment, but over a span of time . . . [and the] harm done to society through [the] commission necessarily continues on for as long as the crime is ongoing." Id.

[11] See United States v. Banks, 708 F. Supp. 2d 622, 623 (E.D. Ky. 2010) ("To qualify as a continuing offense based on the explicit language of the statute (the first prong of the Toussie test), the statute must state the offense is a 'continuing offense' or indicate when the statute of limitations begins to run.").

[12] See, e.g., 18 U.S.C. § 371 (2006) ("If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.").

[13] See United States v. Yashar, 166 F.3d 873, 875 (7th Cir. 1999) ("[T]he classic example of a continuing offense is a conspiracy."); see also United States v. Kissel, 218 U.S. 601, 610 (1910) (holding that conspiracy is a continuing offense); United States v. Jake, 281 F.3d 123, 129 n.6 (3d Cir. 2002). Conspiracy crimes involve "the agreement . . . to commit one or more unlawful acts." Braverman v. United States, 317 U.S. 49, 53 (1942). Its unit of prosecution is the criminal agreement. United States v. Felix, 503 U.S. 378, 391–92 (1992).

[14] The defendant, James Neusom, had appealed his § 641 conviction, arguing that the conviction was barred by the statute of limitations. Neusom allegedly received improper Social Security payments from December 1993 to June 2001, and the prosecution aggregated the improper payment violations into one § 641 count.171 A five-year statute of limitations

*2005)[15].*[16] 2AC alleges that the conspiracy began in 2003 and continues till date. See [*United States*

*v. Kissel, 218 U.S. 601,610 (1910).* Also see Plaintiff's Declaration filed concurrently herewith.

> *An individual's "withdrawal" from a conspiracy starts the statute of limitations running as to that individual. "Withdrawal" from a conspiracy for this purpose means that the conspirator must take affirmative action by making a clean breast to the authorities or communicating his or her disassociation to the other conspirators.* See United States v. Gonzalez*, 797 F.2d 915 (10th Cir. 1986).*

There is no evidence that as an individual, ELLIS has taken an affirmative action, or made a

clean breast to Judges, Justices of 6DCA, nor does he produce any proof of communicating his

dissociation from other conspirators.  He continues being part of the cartel. The last overt act starts

the running of the statute. [*Grunewald v. United States, 353 U.S. 391,396-97 (1957)].*  The last over

act was completed by Judge KALEMKARIAN, a non-defendant identified in my 2AC, on Aug 22,

2018, by unlawfully dismissing my Motion for Sanctions and my motion for payment of add on costs

against KHERA/SCHREIBER, filed in 2014, being set for trial.  As a member of CFDE, ELLIS

incurs not only conspiracy liability, but also vicarious substantive liability for offenses committed

during the conspiracy and in furtherance of it by other defendants. His acts were within the

foreseeable scope of the agreement which ELLIS intentionally joined, even though he may not have

agreed to it [*Pinkerton v. United States, 328 U.S. 640, 645-48 (1946)].*

---

governed the indictment, filed on February 28, 2003.172 Neusom argued that only violations completed after February 28, 1998 could be prosecuted, and that his conviction was barred by the statute of limitations because the charge involved conduct that straddled the limitations date. Mirroring Smith, the court held that, given the nature of Neusom's recurring actions as set forth in the indictment, the violation of 18 U.S.C. § 641 at issue constituted a continuing offense. With minimal analysis, the court found no plain error and affirmed Neusom's conviction

[15] Also see 2011); United States v. Phan, 754 F. Supp. 2d 186, 189 (D. Mass. 2010); United States v. Street, No. 3:07CR181TSL, 2008 U.S. Dist. LEXIS 71331, at *11 (S.D. Miss. Sept. 19, 2008); United States v. Gibson, No. 08-030570, 2008 U.S. Dist. LEXIS 119120, at *5 (W.D. Mo. Sept. 12, 2008); United States v. Thompkins, No. 1:08CR, 2008 U.S. Dist. LEXIS 59255, at *5–6 (W.D. N.C. Aug. 5, 2008); United States v. Miller, 200 F. Supp. 2d 616, 619 (S.D. W.Va. 2002); United States v. Aubrey, 53 F. Supp. 2d 1355, 1356 (E.D. Tex. 1999).

[16] Had the government chosen, in any of these cases, to charge a single indictment count for each individual § 641 violation (i.e., one count for each unlawful payment received), the statute of limitations would plainly bar the counts involving actions occurring prior to the five-year limitations period. Because the government elected, in these cases, to aggregate the § 641 violations into a single count, it was able to utilize the charged conduct approach to argue that a continuous course of deliberative conduct occurred in violation of § 641, which in turn created a continuing offense.

**CRIMINAL STATUTE/CIVIL LIABILITY:** Defendant asserts that criminal statues do not

establish civil liabilities, private cause of actions. This argument is meritless because the facts alleged

create an implied cause of action under *Texas & Pacific Railway v. Rigsby* as "an application of the

maxim, Ubi jus ibi remedium"-where there is a right there is a remedy-the Court noted that fear of

liability to private suit may be as potent a deterrent to statutory violations as is governmental

prosecution. In *J.I. Case Co. v. Borak* (1964), the Court held that a private right of action should be

implied under § 14(a) of the Act. It was "*the duty of the courts to be alert to provide such remedies as*

*are necessary to make effective the congressional purpose.*"In *Cannon v. University of*

*Chicago* (1979),  the Court again recognized an implied private right of action. Factors relevant to the

implication inquiry [Cort v. Ash 422 U.S. 66 (1975)] are:

> (1) whether the statutory language is couched in broad prohibitory terms[17] - there is no provision which denied the private cause of action under any of the claims currently being made
> (2) whether there exists an express statutory enforcement so that the omission of the implied remedy is deemed deliberate[18] - there is none
> (3) whether the legislative history is silent or ambiguous so that there is no evidence of affirmative legislative intent to create an implied remedy[19] - there is no known statute in existence that rebuts implication.

---

[17] California v. Sierra Club, 101 S. Ct. 1775, 1779 (1981); Northwest Airlines, Inc. v. Transport Workers Union, 101 S. Ct. 1571, 1580-81 (1981); Universities Research Ass'n v. Coutu, 450 U.S. 754, 771-73 (1981). But see Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n, 101 S. Ct. 2615, 2623-25 (1981) (in examining the especial benefit criterion, addressing only the presumption that where a statutory enforcement provision is contained in the legislative scheme, an implied remedy is deemed deliberately omitted); Texas Indus., Inc. v. Radcliff Materials, Inc., 101 S. Ct. 2061, 2066 (1981) (not attaching significance to whether the language is broad or right, duty-creating).

[18] Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n, 101 S. Ct. 2615, 2623, 2626-27 (1981); Texas Indus., Inc. v. Radcliff Materials, Inc., 101 S. Ct. 2061, 2066 n.11, 2069 (1981); California v. Sierra Club, 101 S. Ct. 1775, 1780 n.6 (1981); Northwest Airlines, Inc. v. Transport Workers Union, 101 S. Ct. 1571, 1581-82, 1584 (1981); Universities Research Ass'n v. Coutu, 450 U.S. 754, 773 (1981). It is not entirely clear within which Cort factor the express enforcement provision presumption falls. See Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n, 101 S. Ct. 2615, 2623-25 (1981) (within the especial benefit and language inquiry); Texas Indus., Inc. v. Radcliff Materials, Inc., 101 S. Ct. 2061, 2066 n.11 (1981) (contained within a footnote at the end of the analysis); California v. Sierra Club, 101 S. Ct. 1775, 1780 & n.6 (1981) (within the second Cort factor); Universities Research Ass'n v. Coutu, 450 U.S. 754, 773 & n.24 (1981) (between the first and second Cort factors)

[19] See California v. Sierra Club, 101 S. Ct. 1775, 1780-81 (1981) (congressional silence on the issue of an implied remedy proving dispositive to its denial); Northwest Airlines, Inc. v. Transport Workers Union, 101 S. Ct. 1571, 1582 (1981) (same). The remarks of a single legislator are not sufficient evidence of legislative intent to imply a right. Texas Indus., Inc. v. Radeliff Materials, Inc., 101 S. Ct. 2061, 2069 n.17 (1981). Furthermore, inconclusive or ambiguous passing reference by members of Congress is insufficient evidence of legislative intent to imply a right. See, e.g., Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n, 101 S. Ct. 2615, 2623-25 (1981); id. at 2629-33 (Stevens, J., concurring in part and dissenting in part); Texas Indus., Inc. v. Radcliff Materials, Inc., 101 S. Ct. 2061, 2069 n.17 (1981).

19

There is no statutory scheme under the alleged statutes that prohibits lawsuit against corrupt

attorneys, judicial officers brought by a private entity. The provisions of attorney fee under Title 18,

28, and 42, and for damages arising from lost profits and/or lost work/business opportunities

attributable to defendants' demonstrates that Congress *intended* to create a private rights of action

under the statues alleged. Private plaintiffs who have "suffered injury in fact and lost money or

property as a result of unfair competition" may file suit under B&PC 17200[20]. Lawsuits based on

criminal code sections can be brought by private citizens in the public interests and are codified

under Civ Proc Code 1021.5. The award of attorney fee for private prosecutions represents legislative

intent to promote private prosecutions that are in public interest.  If the State ***intended*** to dissuade

such complaints from being filed, the Civ Proc Code 1021.5, and similar codes, would not have been

enacted. The complaint and the summons were served on District Attorney and US Attorney General

in Washington. Consent is presumed until otherwise noticed. Hence, this case is no longer a private

suit. Suits by private parties aid in effectuating the congressional purpose by encouraging detections

of statutory violations and promoting effective enforcement of federal law[21]. The prospect of private

suits under federal statutes deters statutory violations. Consideration of this deterrent effect is

conducive to effective enforcement of federal law. In addition, implied rights in this instance afford

the **only** adequate means of compensation to this unjustly injured party. These considerations should

not be subordinated to any other considerations. Any rewards to me are merely incidental.

---

[20] Section 17200 includes five definitions of unfair competition: (1) an unlawful business act or practice; (2) an unfair business act or practice; (3) a fraudulent business act or practice; (4) unfair, deceptive, untrue or misleading advertising; or (5) any act prohibited by Sections 17500-17577.5.[20] Section 17203 allows the court to order injunctions and other equitable defenses to prevent the unfair competition.

[21] Frankel, supra note 52, at 556, 566 & n.76, 578; Implying Civil Remedies From Federal Regulatory Statutes, supra note 202, at 291; Some Implications for Implication, supra note 24, at 1426-31. This factor has been considered by the Court in its earlier implication decisions. E.g., Cannon v. University of Chicago, 441 U.S. 677, 706-08 & nn. 41-42 (1979) (Court was persuaded to imply a remedy, in part, as a result of HEW's advocating that the implied remedy would assist the agency In enforcing Title IX because it lacked the necessary enforcement resources); Wyandotte Transp. Co. v. United States, 389 U.S. 191, 202 (1967) (inadequacy of the criminal penalties under § 16 of the Rivers and Harbors Appropriation Act was a factor considered by the Court in deciding the availability of an implied remedy in favor of the United States); J.I. Case Co. v. Borak, 377 U.S. 426, 432-33 (1964) (Court was influenced by the SEC, as amicus curiae, which advocated that an implied remedy was necessary in light of the limited resources of the.SEC in enforcing the proxy section of the securities laws). But see The Phenomenon of Implied Private Actions, supra note 32, at 448 ("by considering the lack of enforcement of the statute as a factor favoring implied private causes of action, courts encroach on the provinces of the legislative and executive branches").

Regardless, if the Court should find that the private remedy is denied on the basis of federal law, the complaint may be amended to plead offenses under state laws, or under 18 USC 1963. If the Court were to find even that untenable, the complaint could be amended to seek only injunctive and declarative relief. The purpose of suit was disgorgement of profits, and for it to act as a deterrent, to benefit the public, in furtherance of justice.

**VOID JUDGMENTS OF 2008 & FRAUD UPON THE COURT:** Defendant DAVILA's Judgments of 2008, were void as a matter of law, and were further frustrated by defendants' own non compliance with the orders. The damages associated injuries of these actions represent triable offenses.

The Judgments have been overturned by 4 Courts. Defendant KHERA et al, aided and abetted by the members of the cartel, willfully engage in malicious litigation tactics to refuse compliance, continuing to seek validation for these orders again and again, with acts designed to wear me out. But these violations only lead to claims under Civil Code 526 seeking material and non material sanctions, premised Court's authority as per CCP 526 (a)1, (a)(2), (a)(3)and (a)(6). Since defendant KHERA continues to be aided and abetted in avoiding paying his debts to me by illegal delaying of the resolution of the cases – this would produce waste, as well as great irreparable injury to me CCP 526(a)(2). The declarative and injunctive relief is necessary to restrain the multiplicity of judicial proceedings CCP 526(a)(6). It is clear that by his non compliance of support and property related orders, the defendant KHERA is depriving me of my property, and support rights, tending to render the operative Judgments and Orders against him ineffectual [CCP 526(a)(3)]. Hence, the injunctive relief is necessary to arrest litigation. **Supreme Court's 5th Amendment interpretation allows successive state/federal prosecutions. Federal Court jurisdiction infers discretion to ignore agreements made under State Law, especially when these agreements are made under duress**. The duress is evidenced from the variation in the transcript of the hearing where the agreement was orally recited, and the Default Judgments of 2008, which variation establishes the fraud alleged. I

21

was sanctioned to the amount of $17,000 by DAVILA because I protested against the fraud. Despite

protesting, and in retaliation, DAVILA made an unfair and unjust order, and sanctioned me $17,000.

The order has since been overturned by 4 Courts, including 5DCA. The sanctions of $17,000

represent evidence of extreme duress. *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co., 761

So. 2d 306 (Fla. 2000)*[22] establishes that the Federal Court has the discretion to refuse enforcement of

terms and conditions in contracts governed by state laws, especially where offenses a) involving

crime, criminal conduct, or in matters related to b) wilful violations  c) of constitutional and d)

federal law, and e) where the contracts violate public policy Each conditions a) – e)  are satisfied in

this instance. a) The 6DCA was "duped" into making the Appellate decision on Khera v Sameer

(2008)  (b) Defendant ELLIS was aware of the fraud, and fraudulent representations alleged, and the

"void" status of Judgments of 2008, on which the Continuation of Spousal Support was premised.  c)

He was aware that orders made in absence of jurisdiction are unconstitutional. d) He was aware that

the federal law prohibited waiver of child support, therefore the Judgments of 2008 violated federal

law. e) The waiver of child support violated public policy. . Therefore, the Federal Court has the

discretion to refuse enforcement of Judgments of 2008 – which represent the basis of the Marital

Settle Agreement – which too is a contract under settled law.

If any court grants relief, which under the circumstances it hasn't any authority to grant, its

judgment is to that extent void." (*1 Freeman on Judgments, 120-c*.) An illegal order is forever void.

*Stuck v. Medical Examiners, 94 Ca 2d 751. 211 P2d 389*. And can be attacked anywhere, anytime,

and in any court. "**There is no discretion to ignore . . lack of jurisdiction**." *Rosemond V. Lambert,

469 F2d 416*., . **No court has the lawful authority to validate a void order**. U.S.v. Throckmorton,

98U.S.61,25 L.Ed. 93 (1878); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct.

---

[22] Commercial nurseries in Florida brought a products liability action against a manufacturer of a fungicide. After a settlement agreement was entered, the nurseries brought suit against the manufacturer in state court, alleging they had been fraudulently induced to settle claims. The Florida Supreme Court enforced a choice-of-law provision within the settlement agreement. The Court found that unless the law of the chosen forum contravenes strong public policy, a choice-of-law provision in a settlement agreement governs the dispute. For the choice-of-law provision to be found invalid on public policy grounds, the countervailing public policy must be sufficiently important that it outweighs the policy protecting freedom of contract.

997 (1943); Root Refining Co. v. Universal Oil Products Co.,169 F.2d 514 (1948); In re Garcia, 109

B.R. 335 (N.D. Illinois, 1989); Schwarz v. Schwarz, 27 Ill.2d 140, 188 N.E.2d 673 (1963); Dunham

v. Dunham, 162 Ill. 614 (1896); Skelly Oil v. Universal Oil Products Co., 338 Ill.App.79, 87 (1st

Dist. 1949). If this Court chooses not to declare the Judgment void, the Judgements can still be

collaterally attacked for fraud, at any time in any court (County of Ventura v. Tillett, supra, 133 Cal.

App. 3d 105, 110).  . Jurisdiction cannot be conferred on a trial court by the consent of the parties.

(Summers v. Superior Court (1959) 53 Cal. 2d 295, 298 [1 Cal. Rptr. 324, 347 P.2d 668]; Roberts v.

Roberts (1966) 241 Cal. App. 2d 93, 101 [50 Cal. Rptr. 408].) Thus, the fact that a judgment is

entered pursuant to stipulation does not insulate the judgment from attack on the ground that it is

void. [In People v. One 1941 Chrysler Sedan (1947) 81 Cal. App. 2d 18, 21-22 [183 P.2d 368].

      Refusal to declare the Judgments of 2008 void would be tantamount to declaring them valid.

Court does not have authority, or jurisdiction to grant defendant the relief that he is requesting, or to

abstain from declaring the Judgments of 2008 as void. .Burford v. Sun Oil Co.319 U.S. 315 (1943),

allows a federal court to dismiss a case **only** if it presents "*difficult questions of state law bearing on*

*policy problems of substantial public import whose importance transcends the result in the case then*

*at bar*," or if its adjudication in a federal forum "would be disruptive of state efforts to establish a

coherent policy with respect to a matter of substantial public concern." *Colorado River Water*

*Conservation Dist.* v. *United States,* 424 U. S. 800, 814. This power to dismiss represents an

extraordinary and narrow exception to a district court's **duty to adjudicate a controversy properly**

**before it**. Pp.723-728.  Defendant fails to establish that this case satisfies the criteria established by

*Burford*. Rule 8(f)'s mandate that "all pleadings shall be so construed as to do substantial justice."

      Courts possess inherent power to grant such relief. (Reid v. Balter (1993) 14 Cal.App.4th

1186, 1194.)] Consequently, a) all the officers of the court involved in the willful procurement or

validation of orders in clear absence of jurisdiction are liable to the victim for damages. b) all orders

derived from the underlying void order, including the Appellate Decision, are void/voidable.

Defendant's actions in securing such an order, represents Fraud upon the Court[23]. The doctrine of res judicata is inapplicable to void judgments [7 Witkin, Cal. Procedure, supra, Judgment, § 286, p. 828.). Because the Judgments *are* void on constitutional grounds, and not subject to res-judicata, the Court has a **_duty_** to declare it void especially because the defendants are using it to engage in ongoing fraud. Court does not have to review underlying case - a void order, made in clear absence of jurisdiction, is a nullity on its own, and does not need any special authority, or privilege, or perusal of history, or review. It can be overturned only by an analysis of the statutory code. DAVILA was statutorily prohibited by Family Code Section 5601(a) and (c) and FC 271 from making these orders. Therefore, the Judgments he made between Feb25-27, 2018 are void for lack of jurisdiction. All the Court has to do is to see if the conditions of subject matter jurisdiction related to these statutory codes were satisfied. Period. Further, if one consideration of an agreement is void, the entire agreement is void. Period. The analysis ends here. For these very reason, (and for additional reasons of fraud) it was overturned 4 times by various state courts

ELLIS has not argued that the Judgment is constitutionally valid. Therefore he is *aware* of the illegality. Yet he wants no court to declare it a nullity - so that he and other defendants can continue reaping the material and non material benefits of the alleged fraud and conspiracy. This they should not be allowed.

**FAILURE TO STATE A CLAIM : INDIVIDUAL CAUSES OF ACTIONS :** A motion to dismiss for failure to state a claim cannot be granted merely because the factual allegations are not believed. Instead, the _factual allegations must be taken as true_ when evaluating a motion to dismiss. A plaintiff that has a "well-pleaded complaint may proceed even if it strikes a savvy judge that actual

---

[23] "Fraud upon the court" has been defined as that fraud committed by an officer of the court in any attempt to deceive, either by commission, by omission, by speech, by silence, by gesture, by innuendo, by look, etc. In re Eugene Lee Armentrout et al., 99 Ill.2d 242, 75 Ill.Dec. 703, 457 N.E.2d 1262 (1983); Regenold v. Baby Fold, Inc., 68 Ill.2d 419, 435, 12 Ill.Dec. 151, 369 N.E.2d 858 (1977); In re Lamberis, 93 Ill.2d 222, 229, 66 Ill.Dec. 623, 443 N.E.2d 549 (1982); Bulloch v. United States, 763 F.2d 1115, 1121 (1985); Root Refining Co. v. Universal Oil Products Co., 169 F.2d 514 (1948). "fraud upon the court" vitiates the entire case, and all related Judgments must be stricken for clear lack of subject-matter jurisdiction.

24

proof of the facts alleged is improbable, and 'that recovery is very remote and unlikely.'[

_Swierkiewicz v. Sorema N.A, 534 U.S. 506, 508 (2002)]_ A Plaintiff need not plead any causes of

action, he or she is required to plead merely **facts** with request for relief.  Specific facts are not

necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.' " _Bell Atlantic Corp_. v. _Twombly_, 550 U. S (2007) (slip op., at 7–8)

quoting _Conley_ v. _Gibson_, 355 U. S. 41, 47 (1957)). In addition, when ruling on a defendant's motion

to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. _Bell_

_Atlantic Corp._, _supra_, at ___ (slip op., at 8–9) (citing _Swierkiewicz_ v. _Sorema N. A_., 534 U. S. 506,

508, n. 1 (2002); _Neitzke_ v. _Williams_, 490 U. S. 319, 327 (1989); _Scheuer v. Rhodes, 416 U. S. 232,_

_236 (1974)_)).Timeliness is argued under _CONTINUOUS OFFENSE DOCTRINE_, and _RICO,_  unless

specially plead below.

**Attempts:  A**ttempt and the substantive offense carry the same penalties in most instances under

federal law. If the Congress intended to exclude attempts, it would not have articulated the penalties

for attempts. Congress outlawed the attempt to commit a substantial number of federal crimes on an

individual basis. In doing so, it has _proscribed_ Attempt, set its punishment, and left to the federal

courts the task of further developing the law in the area. Whether a defendant may be guilty of an

attempt to commit a federal offense is often a matter of statutory construction.

"The mere intent to violate a federal criminal statute is not punishable as an attempt **unless it**

**is also accompanied by significant conduct**," that is, unless accompanied by "**an overt act**

**qualifying as a substantial step toward completion**" of the underlying offense[24]  The complaint

---

[24] United States v. Resendez-Ponce, 549 U.S. 102, 107 (2007); see also, United States v. Howard, 766 F.3d 414, 419 (5th Cir. 2014); United States v. Anderson, 747 F.3d 51, 74 (2d Cir. 2014); United States v. Muratovic, 719 F.3d 809, 815 (7th Cir. 2013); United States v. Goodwin, 719 F.3d 857, 860 (8th Cir. 2013); United States v. Gordon, 710 F.3d 1124, 1150 (10th Cir. 2013); United States v. Pavulak, 700 F.3d 651, 669 (3d Cir. 2012); United States v. Evans, 699 F.3d 858, 867 (6th Cir. 2012); United States v. Engle, 676 F.3d 405, 419-20 (4th Cir. 2012); United States v. Berk, 652 F.3d 132, 140 (1st Cir. 2011); United States v. Lee, 603 F.3d 904, 913-14 (11th Cir. 2010); United States v. Mincoff, 574 F.3d 1186, 1195 (9th Cir. 2009); cf., United States v. Hite, 769 F.3d 1154, 1162 (D.C. Cir. 2014). The crime which is the object of the attempt is alternatively referred as the underlying offense, the substantive offense, or the predicate offense.

pleads with specificity the intent, and the overt acts performed towards completion of the intent[25]

which – if uninterrupted, would result in defendant swindling me of over \$5million[26], [27], [28] The 2AC

alleges "*Each of these attempts has resulted in significant injuries to me, and is **punishable under**

**the statute that would lead to the crime**, or under Model Penal Code 5.01. Defendants exhibited an

intent to commit the underlying substantive offenses and then took one or more substantial steps

towards that end*." [(Also see para 121 of 2AC)]. Defendant has conspired to attempt commission of

several alleged offenses, engaging in fraud against myself, 6DCA, and by inference, against United

States. He has attempted acts that are classified as infractions, misdemeanors, felonious acts under

various laws. The results are the 6DCA rulings in *Khera v Sameer (2012)* which have been

invalidated by *Khera v Sameer (2018)* and by other rulings form other courts. Defendant has neither

plead legal impossibility, nor factual impossibility,  nor abandonment[29] of these attempts. The

applicability of Model Code is alleged only for instances when there is no statute *derivable from the*

---

[25] United States v. Hite, 769 F.3d 1154, 1164 (D.C.Cir. 2014)("For an action to constitute a 'substantial step,' it must 'strongly corroborate' the firmness of defendant's criminal attempt, such that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute"); United States v. Aldawsari, 740 F.3d 1015, 1020 (5th Cir. 2014); United States v. Howard, 766 F.3d 414, 419 (5th Cir. 2014); United States v. Gordon, 710 F.3d 1124, 1151 (10th Cir. 2013); United States v. Wesley, 417 F.3d 612, 618-19 (6th Cir. 2005)("Because of the problems of proving intent in attempt cases and the danger of convicting for mere thoughts, desires, or motives, we require that the substantial step consist of objective acts that mark the defendant's conduct as criminal in nature. This objective conduct must unequivocally corroborate the required subjective intent to engage in the criminal conduct").

[26] United States v. Goodwin, 719 F.3d 857, 860 (8th Cir. 2013); United States v. Sanchez, 615 F.3d 836, 844 (7th Cir. 2010)("[A] substantial step must be something that makes it reasonably clear that had the defendant not been interrupted or made a mistake he would have completed the crime"); United States v. Muratovic, 719 F.3d 809, 815 (7th Cir. 2013); United States v. Gordon, 710 F.3d 1124, 1150 (10th Cir. 2013).

[27] United States v. Howard, 766 F.3d at 419 ("A substantial step is more than mere preparation, but is less than the last act necessary before the crime is in fact committed); United States v. Anderson, 747 F.3d 51, 73-4 (2d Cir. 2014); United States v. Gordon, 710 F.3d at 1151 ("The fact that further, major steps remain before the crime can be completed does not preclude a finding that the steps already undertaken are substantial").

[28] United States v. Manzo, 636 F.3d at 58. Manzo, a candidate for elective office, had been charged with attempted extortion under color of official right based on official actions he would take or omit if elected. The court observed that, "[a] Hobbs Act inchoate offense prohibits a person acting 'under color of official right' from attempting ... to use his or her public office in exchange for payments. It does not prohibit a private person who is a candidate from attempting ... to use a future public office to extort money…. To sustain an 'under color of official right' Hobbs Act charge here would create a 'legal alchemy with the power to transform any gap in the facts into a cohesive extortion charge.'" Id. at 68-9.

[29] Model Penal Code §5.01(4)("When an actor's conduct would otherwise constitute an attempt … it is an affirmative defense that he abandoned his effort to commit the crime or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose.").

*statute that would lead to the crime.* Model Code has greatly influenced criminal courts even in states where it is not enacted, as source of the doctrines and principles underlying criminal liability [*Kadish, Schulhofer & Barkow (2017), p. 157].* Also see *CRIMINAL STATUTE/CIVIL LIABILITY* .

**Fraud**[30]**:** Specificity is provided in the section titled as *ALLEGATIONS (para 25 – 124)* generally, which *ALLEGATIONS* are incorporated in each Cause of action. The elements of fraud are plead. ELLIS claims that he could not have committed acts that pre-date his association with the case. He is an accessory to all crimes committed by co-conspirators. Liability is joint and several. Quantum of involvement is a triable issue. See *CONTINUOUS OFFENSE DOCTRINE*, and *RICO* for timeliness.

**Negligence:** Negligence is not *intentional misrepresentation* as defendant claims. Defendant argues his non-involvement in conspiracy, and judicial error -he seems to be stating that he – and others – were merely negligent in their duties. Therefore, negligence, or gross negligence cannot be dismissed. Statute of limitations will not run during the time the plaintiff cannot bring a cause of action for damages from negligence." (Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison (1998) 18 Cal.4th 739, 751 [76 Cal.Rptr.2d 749, 958 P.2d 1062].) Actual injury must be noticeable and do not include speculative and contingent injuries that do not yet exist  (Shaoxing City Maolong Wuzhong Down Products, Ltd. v. Keehn & Associates, APC (2015) 238 Cal.App.4th 1031, 1036 [190 Cal.Rptr.3d 90], internal citations omitted.)  The absence of injury or damages serves as a tolling factor (Adams v. Paul (1995) 11 Cal.4th 583, 589, fn. 2 [46 Cal.Rptr.2d 594, 904 P.2d 1205]. The damages against ELLIS are speculative due to missing information of defendant KHERA's income and assets. In addition, I feared Judicial retaliation until the children emancipated, invoking the doctrine of equitable tolling.

**Unjust Enrichment:**   Unjust enrichment is synonymous with the remedy of restitution. There is no remedy for unjust enrichment **without an alternative, underlying valid legal claim**[31]  [*Walker v.*

---

[30] Fraud is "a general term which embraces all ingenious efforts and means that individuals devise to take advantage of others."  Modern Federal Jury Instructions, Instruction 57-15.
[31] "In each case cited the courts were faced with plaintiffs who were claiming unjust enrichment based on rights arising out of other law. *See, e.g., Lectrodryer v. Seoul-Bank,* 77 Cal.App.4th 723, 91 Cal.Rptr.2d

*USAA Casualty Insurance Co., 474 F.Supp.2d 1168, 1174 (E.D. Cal. 2007)]*[32]. ELLIS was enriched

by way of fee, goodwill, business referrals, kickbacks and other emoluments as alleged in 2AC[33] in

*SCHEMES and ARTIFICES TO DEFRAUD*.  It would be unjust, unfair and a miscarriage of justice

to allow him/his business to benefit  from his crimes. The quantum of the enrichment is a matter for

trial. Continuing Offense Doctrine applies. Defendant's argument fails.

**Deprivation of Civil Rights:**  18 USC 1983 claim is against judicial defendants. Conspiratorial

liability accrues against ELLIS. Defendant claims that "the actions of privately retained counsel are

not considered state action and therefore cannot form the basis of 1983 claim. Untrue. Under

conspiracy, he is liable as a principal for crimes under 1983 also, under 18 USC 2, 3, 4.  [*Dunn v.*

*Hackworth, 628 F.2d 1111, 1112-1113 (8th Cir., 1980), citing Slavin v. Curry, 575 F.2d 1256,*

*1265 (5th Cir. 1978)]*. The cause of action adequately pleads civil rights deprivation under

conspiracy, as well as under RICO. I request permission to add 18 USC 1985, and 18 USC 1986 as

well. Deprivation of civil rights continues till date, the conspiracy is a continuing offense.

**Breach of Fiduciary Duty & Covenant of Good Faith & Fair Dealing:** Defendant did not owe

me a fiduciary duty. One or more defendants were fiduciaries. D**efendant aided and abetted**

**others in breaching their fiduciary duty to me.** He was bound by the CRPCs, B&PC, and by

covenant of good faith and fair dealing. The allegation in 2AC state: ""[Ellis has] also breached the

covenant of good faith and fair dealing that I was entitled to" (para 132The alleged offenses were

committed *in* the conspiracy, therefore the statute of limitations for conspiracy/RICO apply.

---

881 (2000) (unjust enrichment claim based upon wrongful dishonor of a credit letter); *Weststeyn Dairy 2 v.*
*Eades Commodities Co.,* 280 F.Supp.2d 1044, 1075 (E.D.Cal. 2003) (unjust enrichment claim based upon an
alleged trust and contractual rights). Plaintiff has not alleged any such theory here and cannot seek restitution
on the basis of unjust enrichment alone without any other legal basis because unjust enrichment is not a cause
of action in and of itself. [*Walker v. USAA Casualty Insurance Co., 474 F.Supp.2d 1168, 1174 (E.D. Cal. 2007)]*
[32] Prior to Walker, the Unjust Enrichment was under the Restatement (Third) 's principles [*Ghirardo v. Antonioli. In*
*Ghirardo, 924 P.2d 996 (Cal. 1996)]*  The *Ghirardo* court stated that a "*benefit is conferred not only when one adds to*
*the property of another, but also when one saves the other from expense or loss.*"
[33] "**Defendants** each one of them, have benefitted, and have been unjustly enriched as a consequence of the alleged fraud
in the form of . . . **kickbacks, referrals, and other instruments**. I have been defrauded of property, child support,
spousal support, attorney fee, and my rights to employment." [para 137]

**Negligent & Intentional Infliction of Emotional Distress:** Defendant's implication that his conduct may not have been shocking enough is untrue. At Appellate level, there is an unstated presumption of attorney integrity. Defendants' lies, in a Higher Court, are especially heinous because of the precedence setting nature of these proceedings. I was devastated by Appellate Court's decision, and lost all faith in the judicial system. I was in psychotherapy for 7-8 years. Defendants' actions felt akin to gang rape – each defendant engaging in repeated acts of rape. His actions set off a chain of events, and such acts were the proximate cause of a prolonged physical and emotional distress, a foreseeable event [see para 134-137]. The statute of limitation is also tolled due to the continuity of the events, and the alleged conspiracy.  See *Slavin, supra*. If defendant was negligent, or grossly negligent, he is still liable for the infliction of distress. The *physical* harm suffered as a consequence of the ongoing conspiracy is detailed in paras 134 – 137. These are all plead in the 2AC. Liability is joint and several.

**Obstruction of Justice:** Defendant argues "to the extent that the Plaintiff is attempting to assert a standalone claim….. t*here is no recognized private cause of action for "obstruction of justice."* I am not asserting a standalone claim. I have alleged a conspiracy to obstruct justice, and this suit is on my behalf and also on behalf of all others similarly situated. ELLIS's actions in the Appellate Court represent nonfeasance, malfeasance, and/or misfeasance. ELLIS prevented a lawful resolution of the proceedings at the Appellate level. See paras 77-80, and at para 120.3 (i) of 2AC. The cited caselaw *Forsyth v. Humana, Inc., 114 F.3d 1467, 1483 (9th Cir. 1997)* has been filed by individuals who were not acting on behalf of others similarly situated[34]. Also See *CRIMINAL STATUTE/CIVIL LIABILITY.*

---

[34] To decide whether a private right of action is available under a statute, the court must decide "whether Congress, expressly or by implication, intended to create a private cause of action." *Sonnenfeld v. Denver,* 100 F.3d 744, 747 (10th Cir. 1996). The Tenth Circuit has cautioned **\*1284** that the court "must exercise great care in finding an implied right of action." *Davis-Warren Auctioneers, J.V. v. F.D.I.C.,* 215 F.3d 1159, 1162 (10th Cir.2000) (citing *Musick, Peeler & Garrett v. Employers Ins. of Wausau,* 508 U.S. 286, 291, 113 S. Ct. 2085, 124 L. Ed. 2d 194 (1993)). "A plaintiff asserting an implied right of action under a federal statute bears the relatively heavy burden of demonstrating that Congress affirmatively contemplated private enforcement when it passed the statute." *Casas v. Am. Airlines, Inc.,* 304 F.3d 517, 521-22 (5th Cir.2002). "In other words, he [or she] must overcome the familiar presumption that Congress did not intend to create a private right of action." *Id.* at 522.

29

**Unfair Business Practices:** Citation  Khoury v. Maly's of California, Inc. (1993) 14 Cal.App.4th 612, 619 is an action by a retailer against a distributor of beauty supplies. FRCP 9(b) does not apply. It does not involve attorneys misconduct, and is not based on RICO, or conspiracy theory. The 2AC specifically alleges : *"This cause of actions is brought against Attorneys, Judicial Officers, and other licensed professionals for <u>unfair practices that are contrary to the code of conduct of their profession</u>. The alleged conspiracy is averred in ALLEGATIONS. [para 151]*

CRPCs intended to establish the standards for lawyers for purposes of discipline. (See Ames v. State Bar (1973) 8 Cal.3d 910, 917 [106 Cal.Rptr. 489].)  ELLIS engaged in several CRPC violations. A willful violation of a rule **does not require that the lawyer intended to violate the rule**. (Phillips v. State Bar (1989) 49 Cal.3d 944, 952 [264 Cal.Rptr. 346]; and see Bus. & Prof. Code, § 6077.). Under the new CRPCs that will go into effect November 1, 2018, ELLIS violated CRPCs 1.1, 1.2.1, 1.16(a), (b), 3.1(a), 3.3(a), (b), (c), 3.4 (b), (c),(g). Defendant breached CRPC 8.4 (a) -(f) and must be disciplined under CRPC 8.5.

According to the current rules,  defendant breached: **CRPC 3-110**: he intentionally, or recklessly, failed to perform legal services with competence and failed to associate with someone more qualified in family law. **CRPC 5-200**: Defendants made false representations of facts and law to 6DCA, a Court of law that sets precedents. **CRPC 5-220**: Defendants colluded with others to suppress the fact that Judgments of 2008 were void, and based on fraud. He had a legal obligation to disclose this information to the Appellate Court, under CRPC 5-200.

In addition, defendant is guilty of violating B&PC 6068,  and punished under 6101, 6106, and 6128. **BPC 6108**: Defendant willfully rebelled against the constitutional law established on limiting jurisdictions of the Courts, and helped others rebel as well [BPC 6068 (a), and 18 USC 2383].  His fraud against 6DCA represents disrespect for 6DCA [BPC 6068(b)]. ELLIS failed to maintain those actions, proceedings, or defenses that were legal, just [BPC 6068 (c)]. Defendant mislead Appellate Court justices, by falsifying facts and laws [BPC 6068 (d)]. Defendant falsely accused me in his

30

appellant briefs [BPC 6068 (f)] and continued actions against me from a corrupt motive to help others defraud me [BPC 6068(g)]. These are acts of moral turpitude, misdemeanor, and/or felony and caused my injuries. **BPC 6128**: He is guilty of a misdemeanor because he (a) is guilty of deceit or collusion, or consented to any deceit or collusion, with intent to deceive the 6DCA, and me. **BPC 6100**: Defendant must be disbarred or suspended, or referred for the same. **BPC 6101**(a) Defendants actions represent acts of moral turpitude, constituting a cause for disbarment or suspension.**BPC 6106**: The commission of any act involving moral turpitude, dishonesty or corruption, constitutes a cause for disbarment or suspension. These have been alleged in para 152 of the 2AC.

Defendant also claims that I fail to allege how he could have been aware that defendant KHERA"s actions lacked probable cause. 2AC alleges that the alleged fraud was committed at the appellate level, implying that defendant was in possession of designated records, and being an attorney, was required to be familiar with family laws. Regardless, these issues are not to be raised thru a motion to dismiss.

The _Khera v Sameer (2012)_ judgment is still not recalled, my injuries were noticed in 2015. The complaint is timely under _CONTINUING OFFENCE DOCTRINE._. As to defendants repeated and vehement arguments stating ……not once does defendant allege [this that and the other]………, these are all false. The 2AC is replete with the allegations of ELLIS' misconduct in depriving me of Spousal Support, and the injuries arising therefrom. See  _CRIMINAL STATUE/CIVIL LIABILITY_.

**Principal Aiding and Abetting, Accessory After the Fact, Misprison of Felony, Insurrection:**

Defendant argues: "_Criminal statutes "do not provide a basis for civil liability."_"See _CRIMINAL STATUTE/CIVIL LIABILITY_.  Regardless, the complaint seeks injunctive and declarative relief, disgorgement of profits etc on the basis of these offenses. Therefore these allegations cannot be simply dismissed. Defendant's argument fails.

**Civil Conspiracy :** Civil conspiracy can be a cause of action. See *Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983).* In *Wyatt v. Union Mortg. Co. (1979) 24 Cal.3d 773, 787,* the Court stated:

> "No conspiracy, however atrocious, gives rise to any civil cause of action <u>unless an underlying civil wrong, resulting in damage, is alleged and proven</u>. (Unruh v. Truck Insurance Exchange (1972) <u>7 Cal.3d 616</u>, 631 [102 Cal.Rptr. 815, 498 P.2d 1063]; Chicago Title Ins. Co. v. Great Western Financial Corp. (1968) <u>69 Cal.2d 305</u>, 316 [70 Cal.Rptr. 849, 444 P.2d 481]; Orloff v. Metropolitan Trust Co. (1941) <u>17 Cal.2d 484</u>, 488 [110 P.2d 396].)"

Underlying civil wrongs have been alleged, and evidenced.  The complaint is timely under

<u>*CONTINUING OFFENCE DOCTRINE.*</u>

**RICO :** The allegations are significantly detailed as per the requirements of Rule 8. Claims against ELLIS have been plead with sufficiency to <u>*"cross the line between possibility and plausibility".*</u> Further specificity is a matter for discovery and trial.

(1) a pattern of agreements that absent RICO would constitute multiple conspiracies may be joined under a single RICO conspiracy count if the defendants have agreed to commit a substantive RICO offense; and (2) such an agreement to violate RICO may be established on circumstantial evidence, i e., evidence that the nature of the conspiracy is such that each defendant must necessarily have known that others were also conspiring to violate RICO. [United States v. Elliott 571 F.2d 880] The Court in <u>*United States v. Sutherland 656 F.2d 1181, 1194 (5th Cir. 1981),cert. denied, 102 S. Ct. 1451, 102 S. Ct. 1617 (1982)*</u>. 2AC fulfils the criteria. ELLIS was hired by defendant KHERA, BENETT, BECKER, who *were* defrauding me. Each *knew* the other was involved in commission of alleged crimes. He worked with T&T Defendants and MORENO Defendants, and their failure to allege facts, and adequate law, could only be possible under some kind of consensus. All of them must necessarily have known that *I was being defrauded.*  It can be reasonably assumed that ELLIS was *well aware* of the conspiracy and fraud being perpetuated by others[35].

---

[35] "The gravamen of the conspiracy charge in this case is. . .that each agreed to participate, directly and indirectly, in the affairs of the enterprise by committing two or more predicate crimes. Under the statute, it is irrelevant that each defendant participated in the enterprise's affairs through different, even unrelated crimes, so long as we may reasonably infer that each crime was intended to further the enterprise's affairs. To find a single conspiracy, we still must look for agreement

RICO injury, discovered in 2015, is a CONTINUING OFFENSE which further tolls the statute. The existing circumstances required to violate section 1962(c), (a), and (d) are plead generally and with specificity. ELLIS states that he doesn't know which of the 30 defendants he is. The section titled *ALLEGATIONS* broadly satisfies the specificity requirements, and is incorporated by reference in each cause of action. The RICO complaint is to be liberally construed. The short and concise statement of facts makes the complaint plausible. 2AC is designed to test the legal sufficiency of the complaint, not the strength of the plaintiff's case. Doe v. Sundquist, 2 S.W.3d 919, 922 (Tenn.1999);  Riggs v. Burson, 941 S.W.2d 44, 47 (Tenn.1997).

**PRO PER STATUS OF THE PLAINTIFF:** The Court cannot subject the merits of every case to "the test of the market,"' and assume that a civil litigant who cannot retain counsel does not have a meritorious case (Merritt v. Faulkner, 697 F.2d 761, 769-70 (7th Cir. 1983). Pleadings of pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers [*Haines v. Kerner, 404 U.S. 519 (1972)].* Courts are required to protect pro se litigants against consequences of technical errors if injustice would otherwise result. [U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996);Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938);Picking v. Pennsylvania Railroad Co., 151 F.2d 240 (3rd Cir. 1945);Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax or sentence construction, or a litigant's unfamiliarity with particular rule requirements. [Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982);Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quotingConley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))] *Conley* establishes that only the barest of pro se complaints be dismissed for non-specificity even when alleging fraud, especially considering Rule 15's mandate that district courts liberally grant leave for amended, curative

---

on an overall objective. What Congress did was to define that objective through the substantive provisions of the Act." [Elliot supra, 571 F.2d at 902-03]. United States v. Sutherland, 656 F.2d 1181, 1192-93 & n.7 (5th Cir. 1981), cert. denied, 102 S. Ct. 1451, 102 S. Ct. 1617 (1982), reaffirms and elaborates on this interpretation of RICO conspiracy.

pleadings36.  [*Conley v. Gibson :: 355 U.S. 41 (1957)*]. The pleading is not a game of skill in which one misstep by counsel may be decisive to the outcome, and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Cf. *Maty v. Grasselli Chemical Co., 303 U. S. 197*, cited in *Conley v Gibson, supra*].  I request that the Court consider these citations.

**CONCLUSION:** Given the above**,** *ELLIS'* Motion to Dismiss must be denied. Alternately, I request permission to amend 2AC[37]. I also request permission to exceed 50 page limit.

Voiding Judgments of 2008 is a non issue as to ELLIS. Claims against ELLIS are damages, based on clear evidence of  fraud at 6DCA, and his involvement in the alleged conspiracy.

The Court has discretion, and jurisdiction to declare Judgments of 2008 void. Alternately, the Court may allow an evidentiary hearing. Less preferred is a stay until the matter of the underlying Judgment is resolved in the State Appellate Court[38] - the Appellate Division has been notoriously slow, and reporters have been prohibited from providing incriminating transcripts on appeal.  The Court has the discretion to remand the case to State Court, as in my 2AC. However, given the history of corruption, nepotism, and conspiracy, I fear I would be prejudiced by such transfer. Hence I request that the case be allowed to proceed here.

Respectfully Submitted

09/10/2018                                                                            Madhu Sameer

---

[36] *"The Court of Appeals' departure from the liberal pleading standards set forth by Rule 8(a)(2) is even more pronounced in this particular case because petitioner has been proceeding, from the litigation's outset, without counsel. A document filed pro se is "to be liberally construed," Estelle, 429 U. S., at 106, and "a pro secomplaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").]*

[37] Rule 15's mandate that district courts liberally grant leave for amended, curative pleadings ("The court should freely give leave when justice so requires.")[37].  [*Conley v. Gibson :: 355 U.S. 41 (1957)]*.
[38] No Appeal to void the Judgments of 2008 is pending with 6DCA per se, but various appeals – on property etc -  are pending, and a void Judgment can be attacked at any time, even in the Appellate jurisdiction.

34