Madhu Sameer
37 Rarere Terrace
Keri Keri, New Zealand 0230

Plaintiff, Pro Se

EASTERN DISTRICT COURT

FRESNO COUNTY

FILED

SEP 25 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

Case # 1:17-CV-01748

MADHU SAMEER

       Plaintiff,

SAMEER KHERA ET AL

       Defendants

**PLAINTIFF"s OPPOSITION TO ORDER REVOKING E-FILING PRIVILEGE**

**REQUETS FOR RECONSIDERATION**

The Court has sealed the redacted second amended complaint. The Court hd not specified any particular method for redaction.

**REDACTION OF ADDRESSES**

The redaction was done on the computer – issuing a black background on a black foreground. Because a pdf was created, and filed (not a word document) - therefore it is **impossible** to extract the address from the pdf – which is in black writing that merges with the black foreground – which is also black.

The foreground can only be separated from the background if Word document was available to someone – a pdf eliminated all difference between foreground and background – foreground cannot be separated from the background in the pdf because they were done on a computer. A physical redaction may have enabled the separation. That is why I did not use physical pen to redact the information.

Therefore, the Court's ruling that I failed to redact properly, is erroneous.

The underlying address was not removed before redaction was undertaken, because I believed removal of the script would constitute alteration of the complaint. The Court did not ask me to alter the complaint – only to redact it – which I did. Attached herewith, as EX A, is the amended complaint. The underlying address has been replaced by XXXXXXXX, and redaction is applied OVER the XXXXX. I did not do this previously because I believed it would constitute alteration of the complaint which would be objected to, or would otherwise render the complaint to defendant's or Court's attacks.

Further, the Court must be aware that ALL the addresses were procured from internet. The addresses of the Judicial Officer, as well as other defendants are not confidential, but are freely available on internet. The only skip trace that was done, was on Sameer Khera's current address, because he had sold the house ie, the addresses on the 2AC – even for Sameer Khera – are not confidential addresses by any standard. In fact most of them were business addresses.

### NAMES & DOB's OF THE CHILDREN

The names of the children were not redacted because the children are emancipated now – being over 30, 20, and 19. At least 2 of the have no objection to being named. Third, being approx. 30 years of age, has long since emancipated.

### OTHER ARGUMENTS

No prejudice has occurred to anyone as a consequence of the filing of 2AC. No address or name has been released that was not supposed to be released. The revoking of the efiling privilege is therefore does appear to be punitive. The public has a right to know – therefore the complaint needs to be in the public domain. The complaint alleges RICO violations, and other victims require to come forward to establish how entrenched the alleged corruption is. Court's

order sealing the complaint – when the addresses etc – are freely available on the internet, directly affects and prevents my ability to prosecute. Therefore it is prejudicial. I am absolutely sure that the Court did not intend to prevent other victims from testifying, but that is the unintended consequences of the Court's order revoking my e-filing privilege and sealing my 2AC. As stated, the defendants are not prejudiced in any way – because their addresses are freely available on the internet, and were secured from the internet thru the google search. The addresses are also available to anyone who pays $2 to one of the several dozen address search companies which advertise on internet. I did not have to pay the $2 – I just found them with google.

The Court repeatedly alludes to the Motions to Dismiss. Perhaps it believes that I do not have credible case against the defendants, and therefore wishes to shield the defendants. But it cannot pre-empt a decision and deny me a privilege that is freely available to other defendants, especially as that assumption prejudices me. "it may appear on the face of the pleadings that a recovery is very remote and unlikely **but that is not the test** [[*Christopher v. Harbury 536 U.S. 403, 405-06 (2002)];* [1]. " . . .a complaint should not be dismissed for failure to state a claim unless it appears **beyond doubt** that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [Conley v. Gibson :: 355 U.S. 41 (1957)].

The Court is requested to re-instate my e-filing privilege as great harm will be inflicted on me if the filing is not re-instated.

Should the Court not wish to re-instate the filing, the Court must allow me to mail the documents. I live in NZ, and the mail takes upto 20 days to reach Fresno. And takes at least 2

---

[1] Boag v. MacDougall, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982);Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))].

additional days to be filed by the Court Clerk. The timelines imposed must therefore be appropriately adjusted – the complaint, after all, is based on diversity of citizenship.

The strict timelines will be prejudicial, and unfair. If I intend to file a motion or request seeking interim relief, or clarification – it will take 22 days to be filed. The Court has been made sufficiently aware that I lack financial resources to routinely engage the process server for each filing, because each of the filing. Each mailing costs approx. $50 plus the printing and mailing costs. I cannot afford this. The Court is requested to take into consideration these financial issues.

The Court states that I cannot be trusted to properly redact. This is not true – I have provided the rationale for my redaction techniques. The redaction was not basedon carelessness, but on the basis of the MOST effective technique. The technique may not be acceptable to the Court, but that is not a basis for assuming that I was careless after the Court made the order for redaction.

The Court's attention is directed to the 70 day extension requested by John Burton, to file his Special Motion to Strike. The Court granted him 70 day extension – to file ONE document against me – which document he actually never filed. The Court has insisted that I file documents against 32 different defendants – in 90 days. The Courts order denying further action was anyway prejudicial to me. Now the Court has ordered a further reduction of the timeline, and eliminated 22 days from that timeline. This decision is absolutely unfair, and biased against me. Therefore, in the furtherance of justice, my e-filing privileges must be re-instated.

The complaint is being resubmitted, the underlying address has been replaced by XXXXX and a redaction is made OVER the XXXX. The Court must not allow an objection from the

defendants that the redacted version of the 2nd Amended complaint is not the same as the second amended complaint itself.  If it meets Court's approval, I request that the Court order the Amended version of 2AC filed.

Alternately, if the Court wishes to impose any particular METHOD by which it wants the information to be redirected, it must disclose that and I would be happy to comply. The Court cannot indefinitely seal the complaint to protect the defendant's reputation. That is prohibited by the settled laws.

Alternately I request a stay on the matter until I can file a Writ on this matter with the 9th Circuit Court of Appeals  - as I am absolutely unable to afford the costs associated with the revoking of the efiling privilege, given that 32 defendants, and the Court will need to be served, and the deadline of October 22 for filing my reply is only a few days away  - the Court had intended to provide 30 days extension for filing, based on the efiling provisions.

Respectfully

9/26/2018                                                    Madhu Sameer, Plaintiff, Pro Se

**EX A**

MADHU SAMEER
8 Oakdale St, Avonhead,
Christchurch, 8042
New Zealand
Madhu Sameer, in pro. per.

EASTERN DISTRICT COURT

MADHU SAMEER, An individual on her behalf, and on behalf of all
similarly situated (Plaintiff)

v

SAMEER KHERA, an individual, Prime Defendant
SNEHAL DEVANI, an individual, Wife of Prime Defendant
DIVINE ARTS & ENTERTAINMENT, a corporation, owned by Prime
Defendant
HEALTHY MASALA, a corporation, owned by prime Defendant + Wife
J. HECTOR MORENO, an individual, Attorney representing Plaintiff
ANDREW WESTOVER, an individual, Attorney representing Plaintiff
RAECHELLE VELLARDE, an individual, Attorney representing Plaintiff
RORY COETZEE, an individual, Attorney representing Plaintiff
KAYLEIGH WALSH, an individual, Attorney representing Plaintiff
CONSTANCE SMITH, an individual, Attorney representing Plaintiff
MORENO & ASSOCIATES, a corporation, a lawfirm representing Plaintiff
T.C. ZAYNER, a Judicial Officer, in Official capacity and as an individual
EDWARD DAVILA, a Judicial Officer, in Official Capacity and as an
individual
KRISTI CULVER KAPETAN, a Judicial Officer, in Official Capacity and as
an individual
LENORE SCHREIBER, an individual an attorney representing Prime
Defendant
SUSAN BENETT, an individual, an attorney representing Prime Defendant
LEWIS BECKER, an individual, an attorney representing Prime Defendant
BENETT & BECKER INC, a lawfirm representing Prime Defendant
SANDRA SCHUSTER, an individual, Vocational Assessor hired by
Defendants
SALLY WHITE, an individual, CPA hired by Defendants
SALLY WHITE INC, a corporation, hired by Defendants
MICHAEL MILLEN, in individual, an attorney representing Plaintiff
FRANCINE TONE, an individual, an attorney representing Plaintiff
TONE & TONE, a corporation, lawfirm representing Plaintiff
GREGORY R ELLIS, an individual, an attorney representing Prime Defendant
WILLIAM PARDUE, an individual, an attorney representing Plaintiff
DEPARTMENT OF CHILD SUPPORT SERVICES, an agency
JOHN DYER, an employee of DCSS, In official capacity and as an Individual
KARI GILBERT, In Official Capacity, and as an Individual, Director of
DCSS
GARY GREEN, a Judge, In his official capacity and as Individual
THORNTON DAVIDSON, An Individual, an attorney representing Plaintiff
CITY OF FRESNO, A municipality, on behalf of DCSS
& DOES 1 THRU 4994
(Defendants)

SECOND AMENDED COMPLAINT

DEMAND FOR A JURY TRIAL

I, MADHU SAMEER, Plaintiff, allege as follows:

1. **NATURE OF THE CASE** : This action arises from the fraud perpetrated by Defendants KHERA et al,
   through a conspiracy in divorce proceedings in which defendants conspired to defraud me of millions of
   dollars. The suit seeks declarative, injunctive and material relief.

FAC

2. **PARTIES**: I MADHU SAMEER ("Plaintiff"), a citizen of Unites States, currently residing in New Zealand. I was married to defendant KHERA for 18 years (1986 – 2003). We arrived in US in 1998. I have not worked sufficiently in US to be eligible for 401K, IRA, superannuation or disability allowances. We have 3 children, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Due to defendants' alleged misconduct, I was forced to relocate to New Zealand in June 2015 with permission of the Court.

3. **KHERA DEFENDANTS:** SAMEER KHERA ("KHERA") is the prime defendant, earning over $500,000 - $1.5 million per annum.  SNEHAL DEVANI ("DEVANI") is defendant KHERA's current wife. DIVINE ARTS & ENTERTAINMENT LTD, and HEALTHY MASALA LTD, are companies owed by defendant KHERA and DEVANI. These shell companies, alter egos of KHERA and DEVANI, are opened for tax evasion and evasion of debt. Together, KHERA, DEVANI, DIVINE ARTS & ENTERTAINMENT, HEALTHY MASALA Corporations will be referred to as KHERA DEFENDANTS. All these are located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4. **BENNETT & BECKER DEFENDANTS (B&B Defendants)** are married defendants. Their last known known address ▮▮▮▮▮▮▮▮▮▮▮▮. The lawfirm BENETT & BECKER is the alter ego of defendants BENETT, BECKER. B&B Defendants were defendant KHERA's attorney in Santa Clara County.

5. **LENORE SCHREIBER** ("SCHREIBER") is located is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Defendant SCHEIBER acted as defendant KHERA's agent in Fresno County.

6. **MORENO DEFENDANTS:** MORENO defendants were my attorneys from 2007 - 2014. The defendants include:  J. HECTOR MORENO ("MORENO"), MORENO & ASSOCIATES, KAYLEIGH WALSH ("WALSH"), RAECHELLE VELLARDE ("VELLARDE") at ▮▮▮▮▮▮▮▮▮▮▮▮ ANDREW WESTOVER ("WESTOVER") at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮; CONSTANCE SMITH ("SMITH"), residing in Santa Cruz, RORY COETZEE ("COETZEE"), at ▮▮▮▮▮▮▮▮▮▮▮. J MORENO & ASSOCIATES, Jr  ("MORENO & ASSOCIATES") is owned by J HECTOR MORENO. MORENO & ASSOCIATES is an alter ego of MORENO, a shell company.

7. **JUDICIAL DEFENDANTS:** EDWARD DAVILA ("DAVILA"), TC ZAYNER ("ZAYNER"), GARY GREEN ("GREEN") and KRISTY KAPETAN ("KAPETAN") are Judges in Santa Clara and Fresno County. EDWARD  DAVILA (DAVILA) resides at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. T.C. ZAYNER (ZAYNER) resides at ▮▮▮▮▮▮▮▮▮▮▮, KRISTI CULVER KAPETAN (KAPETAN) and GARY GREEN (GREEN)are at ▮▮▮▮▮▮▮.

8. **EXPERT DEFENDANTS:** SALLY WHITE is at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. WHITE is a CPA, an agent of defendant KHERA and B&B Defendants. The Corporation SALLY WHITE ASSOCIATES, a shell company is an alter ego of SALLY WHITE. Together, the two are referred to as

WHITE. SANDRA SCHUSTER ("SCHUSTER") is a Vocational Assessor, at ████████████████ ████████████████. She was an agent of defendant KHERA and B&B Defendants.

9. **T & T Defendants:** FRANCINE TONE ("FRANCINE") is located at ████████████████ ████████████. TONE & TONE ("T&T") is a corporation in Truckee, California, an alter ego of FRANCINE. and T&T together are referred to as T&T DEFENDANTS. She was my appellate attorney.

10. **FC-DCSS Defendants:** Department of Child Support Services, Fresno is a govt agency, in Fresno.

11. The Office of the CITY OF FRESNO is located at ████████████████████████████. The city is being sued for s1983 and other violations for discriminating against me. KARI GILBERT ("GILBERT") is the Director of Fresno DCSS, a citizen of US. She is responsible for the actions of the employees working under her supervision, and for administrative decisions regarding provisions of services to Title IVD clients.  JOHN DYER ("DYER") is a resident of Fresno, an individual, an attorney at DCSS responsible for enforcement and related activities on my Title IVD case. Defendant DYER conspired by refusing to provide enforcement services, and intentionally making false statements before the Trial Courts and in the Appellate Court, in support of the conspiracy. Last known address of each of these defendants is ████████████████████. Together, these defendants will be known as FC-DCSS Defendants, or simply as FC-DCSS.

## OTHER NAMED DEFENDANTS

12. **MICHAEL MILLEN** ("MILLEN") known address is ████████████████████. Defendant MILLEN, was my attorney in my legal malpractice suit against PARDUE.

13. **GREGORY R ELLIS** ("ELLIS") last known address is ████████████████. Defendant ELLIS represented defendant KHERA in appeal (Khera v Sameer, 2012)

14. **WILLIAM PARDUE** ("PARDUE"), address is ████████████████████ was my attorney in 2006-2007 on matters related to property, child support and spousal support.

15. **THORNTON DAVIDSON** (DAVIDSON) is at ████████████████████████, is an attorney who had signed a substitution of attorney to represent me during my unavailability in 2015.

16. **NON PARTY ENTITIES AFFILIATED WITH CFDE**: The following represent non parties who engaged in the affairs of the CFDE and the racketeering acts.

17. Judge ELFVIN, Judge ZEPEDA, Judge KALEMKARIAN, Judge ALLEN SIMPSON, from Santa Clara County/Fresno County, are Judges in Santa Clara County, and Fresno County.

18. In 2010, BJ Fadem was appointed as a Children's attorney in 2010 by defendant ZAYNER in Santa Clara County. She conspired with others to wilfully obstruct  relocation, and to suppress and conceal sexual abuse.

19. Attorney Generals office represented FC-DCSS in the Appeal F 070938 seeking enforcement services.

20. Attorney JODY WINTERS, JENNIFER PANICKER, LLOYD WINTERS LAWFIRM, Attorney JAMES S BURTON, COOPER & BURTON LAWFIRM, JOHN MARSHALL/GARY HUNT, MCCORMICK BARSTOW LAWFIRM, SUSAN NAGLE, BOLD, POLISHNER, MADDOW, NELSON & JUDSON, ARTHUR HARRIS, KRISTI IVERSON, JAMES MURPHY, MURPHY, PEARSON, BRADLEY, FEENY, attorneys represented one or more of these defendants since 2015.

21. **JURISDICTION & VENUE**: Federal Court has Diversity Jurisdiction under 18 USC 1964[1] and 46 USC 1300 et seq. There is diversity of citizenship, as I reside in NZ, and defendants all reside in CA. Court has supplemental jurisdiction. The allegations constitute the matter of Interstate Commerce. All claims are related to and are ancillary to the RICO claim. The amount in controversy exceeds $75,000.  The case involves federal questions related to Title 15, 18, 26, 28, 42 and 46.

22. Venue is proper pursuant to 28 USC 1391, and 18 USC 1965. The events giving rise to this RICO complaint happened in this district of this state and each defendant transacts business in CA.

23. I have the standing and right to sue these defendants as I suffered injuries by reason of defendants' actions under 18 USC 1962, my complaint alleges damages in excess of $75,000. My injuries are directly, proximately related to the illegal conduct of each and every defendant.

24. Action is timely as I became aware of the conspiracy in early 2015 or thereabouts. The conspiracy, racketeering acts and fraud is ongoing. Any previous actions are tolled due to false invoicing, lying, and misrepresentation of the defendants.

### ALLEGATIONS

25. Defendant KHERA and I were married for 18 years, lived in India, Middle East, Australia,  came to US in 1998. We separated in June 2003. In July 2003, had an auto accident I152. I was charged with a felony, pleaded guilty, and was barred from working as a social worker.

26. **Violation of Court Orders** : In September 2003, B&B defendants filed dissolution proceedings in Santa Clara County on behalf of defendant KHERA. I filed a request for child and spousal support.

27. An ATRO Order prohibited KHERA from selling, buying, or transferring assets. Custody and support orders were made in Dec 2003, for payment on support on all his income, and to share childcare, and medical expenses. In 2006, Judge James Cox of Santa Clara County filed an Additional Order in 2006.  In Feb 2008, defendants conspired in making of a series of illegal Court orders referred to as Judgments of 2008, related to property, spousal support and child support. COMMISSIONER DUNCAN over-ruled the Judgments of 2008 in June 2008. In Feb 2014, Judge Glenda Allen Hill made a new order for Child Support.

28. Defendants conspired between themselves to assist KHERA in violation of each and every one of these orders.

---

[1] Also 28 USC § 1332, 1343, 1355, 1367

29. As a consequence, millions of dollars in property, child support, spousal support and reimbursement claims remain unpaid. Ostensibly, defendants have been engaged in a dissolution proceeding, but real, covert agreement between each one of them was wealth transfer by defrauding me, and the protection of the CFDE interests.

30. **Property Fraud Thru Bribery and Corrupt Activities** : Between 2000 and 2003, in anticipation of the separation, defendant KHERA sold 2 community properties in Australia. These properties were at *6 Chuvel Close, Wahroonga, Sydney, Australia* and at *Kings Street, Paramatta, Sydney, Australia*. Defendant did not pay taxes on the proceeds from sale of these properties. During dissolution proceeding, with an intention to defraud me, each defendant made a fraudulent representation that parties had not owned any property in Australia.

31. Between 2003 – 2008, defendants also conspired to sell significant amount of community assets in violation of ATRO. In 2004, Defendants conspired to illegally transfer community assets of approx $1 million to defendant DEVANI's account to evade his debts to me. This amount was used to purchase a house at *4293 Verdigris Circle San Jose Ca 95134* for $600,000. The property was rented out, and the rental income reinvested in the enterprise. Another house was purchased with community property, at *21947 Oakleaf Ct, Cupertino 95014*, for $1.8 million, using funds derived from community property sold in violation of ATRO.

32. In 2006, defendant sold our family residence in Sunnyvale for $1.28million. Of the $550,000 in down payment on the property, defendant accounted for only $100,000, but filed taxes showing that he had divided the funds equally, thus evading payment of tax on the gains of $450,000.

33. Parties had two parcels of land in Delhi, purchased in joint names in 1993 or so – being parcel 4109, and 4110 in DLF Enclave, Phase IV. In the Judgment of 2008, defendant claimed to have given me a "corner" lot of land. Neither parcel of land was a "corner" parcel. Instead, defendant took control over both parcels of land, and continues to defraud me of this property.

34. Between 2006 – 2008, defendants conspired to illegally transfer a parcel of land held in joint names, to defendant KHERA. Accordingly, defendant KHERA and DEVANI engaged in identity theft, travelled to India. Defendant DEVANI was presented as MADHU SAMEER to the Magistrate of Land Transfer in New Delhi. She was also presented as MADHU SAMEER to an officer at the bank where my jewellery is kept in a safe deposit. Defendant DEVANI forged my signatures and had the property  DLF – 4109 fraudulently transferred/registered in defendant KHERA's name, and also removed the jewellery in the same way from the safe deposit box. Defendants bribed, or caused to be bribed, several entities in commission of these illegal acts.

35. Between 2003 – 2017, thru identity theft, conspired to have a check for $50,000 issued from my brokerage account at E*trade in defendant KHERA's name. Defendants stole my identity to retain control over my E*Trade and Schwab Accounts, changed the address associated with the brokerage account, and the phone number associated with the account, ordered statements to their address, at my expense.

36. Between 2003 – 2008, defendants conspired to illegally remove, or cause to be removed significant amount of community property held in Australian Banks. US Banks, Indian Banks, and transferred the funds into

FAC                                                                                                                    5 | P a g e

defendant DEVANI's or defendant KHERA's accounts, or removed otherwise. Defendants DEVANI and KHERA have travelled to Australia and funded their travels using community funds, to achieve this fraud. This property was reinvested and is an income generating asset, which income is concealed by defendant.

37. Between 2003 till date, defendants have conspired to transfer to me all the liabilities, loans and payments that had been accrued jointly by parties. Defendants DAVILA, ZAYNER have conspired in the commission of these crimes by wilfully rubber stamping a series of illegal orders.

38. Since 2008 Defendants KHERA et al have conspired to retain full control on any of the properties, bank accounts, brokerage accounts that were awarded to me in 2008. As a consequence of his fraud, there is a loan amount of $268,000 outstanding in the account, and I have had an additional loss of over $250,000 from being unable to remove the hedge to my securities.

39. On May 3, 2006, defendant issued a Bank Of America check # 8041, for $61,037.92 which I deposited in my bank. Defendant KHERA wrote Child Care Support on the check. Defendants SCHREIBER, and B&B Defendants et al then presented this check twice in Fresno, once stating that I had been paid $61,0327.32 in child support, and once stating that I had been paid this amount in childcare. The same check was presented to satisfy his payment obligation of Spousal Support in Santa Clara County, and then to account for payment for property division. The check for $61,037.92 was used by defendants to fraudulently write off his debts of over $243,000, 183,000+ of which remained unpaid.

40. In a similar manner as above, defendants released, or caused to be released $100,000 towards payment from proceeds of sale of the Kensington residence to me. However, they made a fraudulent showing that they had actually divided the $550,000 equally. Defendant DAVILA orchestrated this fraud.

41. In a similar manner, defendants showed that all superannuation, IRA, 401K, real estate, bank and brokerage accounts had been divided, but actually conspired between themselves to have defendant KHERA retain all of it thus defrauding me of *90% of the property*.

42. In 2007, Defendants bribed or otherwise corruptly influenced CPA SALLY WHITE and Vocational Assessor SCHUSTER to make false representations and reports, and to provide false testimonies about defendants income, assets. For example, defendant WHITE falsely claimed that defendant KHERA's income was $3,680 per month, when parties actually earned over $500,000 in or before 2003. Defendant SCHUSTER intentionally and fraudulently reported that I could earn $90,000 per annum as a Social Worker within 2 years. when actually I had been barred from working as a Social Worker by my felony conviction. Defendants used SCHUSTER and WHITES false representations to defraud me of property, and support.

43. On or around April 6, 2018, defendants KHERA et al sold the property located at 21947 Oakleaf Ct, before the Sixth Appellate District and while a RICO complaint alleging fraud in obtaining the property in his name, was pending. The ownership of that property is disputed. Obviously, the aim was to thwart the impact of any adverse decree which might ultimately be forthcoming on the appeal, or from the Federal Suit.

**44.** Defendant has defrauded me of over $150,000 in Superannuation accounts, 401K accounts, Provident Fund and Voluntary provident fund accounts, IRA Accounts in India, Australia and US. Defendant and I had Life Insurance Coverage from India which would have matured around 2003 or thereabouts. Defendants have conspired to forge my signatures and convert this money.

**45.** Between 2008 – Dec 2016, cumulative payments of over $500,000 were made to PARDUE, MORENO Defendants, T&T Defendants, MILLEN and their affiliates and associates using checks, credit cards and bank transfers. Defendants defrauded me of these monies by pretending to represent me where in fact they were employed by the CFDE and worked against me. In 2007, defendants used checks, or bank transfers to bribe or corruptly influence SCHUSTER, and WHITE to made false reports, and provide false testimony to the Court.

**46.** **Spousal Support Fraud in Santa Clara** In 2007, defendant bribed and or corruptly influenced defendants WHITE and SCHUSTER to make false reports and provide false testimony regarding defendant KHERA's income, assets, and my earning potential. Accordingly, defendant WHITE corruptly claimed that defendant earned $3,680 in 2003, and defendant SCHUSTER claimed that I could earn $90,000 as a Social Worker within 2 years of graduation. Both of these intentionally made false representations. I was deprived of appropriate spousal support as a consequence of such fraud.

**47.** **Blackmail, Coercion & Intimidation In Settlement Conference of 2007**: A settlement conference was scheduled for May 16, 2007, leading to trial on 23, 2007. Defendant PARDUE falsely extorted advance payments from me promising to take me to trial, but during the settlement conference, KHERA Defendants, B&B Defendants, PARDUE, DAVILA, and an unnamed pro tem Judge conspired to threaten, blackmail, intimidate and coerce me into accepting an absolutely inequitable settlement. After 3 days of impasse, I was threatened with $180,000 in attorney fee sanctions unless I agreed to the offer. Defendant PARDUE threatened to resign if I refused to accept the offer.

**48.** Each defendant intentionally concealed sale of community assets. I relied on their false representations, and capitulate under threat of attorney withdrawal and threat of sanctions. A settlement was recited at the Court.

**49.** I then attempted to recruit DELOITTES to audit records, and requested that defendant PARDUE file a Statement of Attorney Mistake. Defendant PARDUE *forged*/altered a Substitution of Attorney Document with my signatures on it. Upon being informed of the forgery, defendant DAVILA conspired to protect the CFDE attorney and sanctioned me a further $17,000.

**65:** **Fraudulent Judgments Of 2008**: In Jan 2008, FC-DCSS filed a Motion for Modification of Child Support in Fresno County. They assessed his monthly income at $65,000, annual income as $780,000, his child support obligations at $8,180 per month, and unspecified amount of arrearages owing at $2047 per month until exhausted. However, FC-DCSS defendants did not seek these payments with the explicit intention of evading their responsibilities, and conspiring with CFDE defendants to defraud me.

50. Defendants conspired to corruptly circumvent FC-DCSS's statutory authority, and had several illegal orders related to property, child support, and spousal support rubber stamped by defendant DAVILA between 25 Feb 2008 and 27th Feb 2008, collectively referred to as Judgments of 2008.

   a. The Judgments appeared to divide all properties, but actually over 80% of the property was directly awarded to KHERA, and the rest was placed under his control. Defendants conspired to forge documents to illegally transfer real estate to defendant KHERA, and award me fictitious properties that do not exist. The $550,000 proceeds from the sale of the residential house in US, which sold for $1.28m, were similarly transferred to defendant KHERA under fraudulent accounting. I was granted only $100,000 from this equity. Defendants conspired to award defendant KHERA the proceeds from the sale of TWO houses in Sydney Australia, that defendant had sold in anticipation of the divorce.401K accounts, Superannuation accounts containing hundreds of thousands of dollars were retained by KHERA.Defendant KHERA was given control over *all* community property in India and US. All my jewellery, worth approx. $200,000 at the time, worth approx. $800,000 today, was give to KHERA. Even the control of all my own bank and brokerage accounts  was given to KHERA. Till date, I have not been able to gain access to any of the accounts and have suffered substantial losses in the equities that were in the brokerage accounts, including but not limited to opportunity losses, margin interests etc.

   b. Defendant DAVILA, rubber stamped an order that declared our 20 year daughter, studying at UC Irvine at the time, a dependant for child support purposes, and arbitrarily granted defendant KHERA 50% custody of the children even though defendant KHERA had been awarded 22% by the custody evaluator. He voided all previous (valid) orders on child and spousal support, rubber stamping an order waiving all child and spousal support arrearages retrospectively, without an inquiry on the nature, and amount of arrearages that had accrued. Waiver of child support arrearages is prohibited by federal law. He then rubber stamped an order that stated that I had *voluntarily* agreed to wave all past due support, and that such an agreement was in the best interest of the children. Judge DAVILA *fabricated* these statements in his Judgment.

   c. On Feb 27, 2008, defendant DAVILA rubber stamped an order stating defendant KHERA had to pay only $2,800 in child support. At the time defendant made this order, he was aware that FC-DCSS had assessed $8,180 per month in defendant KHERA's child support obligations, and his Court lacked jurisdiction. Defendant DAVILA also fraudulently rubber stamped a step down arrangement on spousal support, granting me $2,600, $2,100, $1,500 in spousal support, in contrary to state laws. He also rubber stamped an order prepared by B&B Defendants sanctioning me $17,000 in attorney fee for refusing to stipulate to agree to the unconscionable, and fraudulent settlement offer of defendant KHERA, failing to provide me with the mandatory notice required under FC 271 sanctions.

   d. Defendant DAVILA rubber stamped an order that illegally transferred to me all liabilities and loans that parties had jointly held without actually ordering transfer of *any single asset* to me, except my house in Fresno and my car, both of which I had purchased after separation.  To protect defendants from exposure to fraud,

and to prevent me from obtaining evidence of fraud between 2003 - 2007, defendant DAVILA ordered all the bank, brokerage accounts which were awarded to me, and which contained the evidence of such fraud, to be dissolved or closed. By such orders, each and every account became inaccessible to me, and has remained so. The securities within those brokerage account have remained inaccessible. The margin loans have multiplied, the "short" positions have caused significant losses of over $170,000 and have restricted the upside of the hedged securities.

e. Defendants conspired to illegally transferr the proceeds from sale of family residence to defendant KHERA, but ordered defendant KHERA would not have to pay tax on the proceeds from the sale of family residence. For tax purposes, the proceeds were assumed to have been divided equally. Defendant DAVILA orchestrated and planned defendant KHERA's tax fraud.

f. A few days later, Judge ELFVIN rubber stamped one more order, that ordered me to pay $600 per month to defendant KHERA in transportation costs for children. At the time Judge ELFVIN made this order, he had no jurisdiction to make child support orders.

**51.** Each of Defendant DAVILA's Judgements of 2008 were void as a matter of law.

**52.** **FC-DCSS's Pyramid Scheme:** FC-DCSS acquired jurisdiction in 2005, but refused to enforce any of the orders in full. They failed to inform me that they were not going to enforce full orders. They failed to inform me that defendant KHERA was making significantly more than he was disclosing. The underlying, covert reasons for such failure is based on FC-DCSS's dedication to a pyramid scheme run by FC-DCSS, which reduces any incentive to provide services to Title IVD clients. Hence FC-DCSS defendants conspire with CFDE operatives using a series of kickbacks, referrals, and other corrupt instruments, to force Title IVD mothers to employ CFDE attorneys:

**53.** California receives federal and state grants for enforcement of support orders. CITY OF FRESNO (COF) administers the local LCSA program. One stated goal of the FC-DCSS is to provide enforcement services. I am entitled to complete enforcement services by FC-DCSS. I pay $25 per annum to receive such services from FC-DCSS. FC-DCSS lacks any statutory authority to deny any of its services to any family that seeks its services.

**54.** Under the FC-DCSS's retirement scheme, anyone who has worked in at FC-DCSS for 25 years, can volunteer to retire at full salary. This *unique* plan is like a pyramid scheme, acting like a leaky faucet that drains all funds from FC-DCSS either directly, or indirectly. It provides incentives to "stay" in a job, not to "work" in that job. Senior management, closer to retirement age, has no incentive to plug this leak as their own lifelong retirement benefits would be threatened. To effortlessly "stay" in a job for 25 years, FC-DCSS defendants – much like CFDE Judges - collude with the CFDE attorneys to reduce their own workload. They refuse services to Title IVD mothers, refer them to CFDE attorneys and then collude with CFDE attorneys to illegally coerce them into giving up their support entitlements by fraudulent processes, discriminating practices, and denying them any meaningful right to appellate processes. The Retirement Benefit Plan has become the central goal for existence

of FC-DCSS, leaving the intended beneficiaries – Title IV-D needy families, single mothers with children – with little and no enforcement services.

55. **Fraud in Santa Clara Set Aside Judgments of 2008/Continuation of Spousal Support**: In 2008, I hired MORENO defendants to Set Aside the Judgments of 2008, and seek a continuation of spousal support. MORENO defendants conspired with opposing counsel, engaged in unscrupulous and fraudulent billing practices, delaying tactics to defrauded me, to subvert the Course of justice, to protect other attorneys, and to seek favors, kickback, referrals etc, from Judges. MORENO Defendants *refused* to use the evidence collected against other defendants. Instead, they wilfully made *false representations of facts* and inadequate representations of law before the Trial Court on both these motions, *intentionally* sabotaging my chances to secure appropriate relief. For example, MORENO Defendants claimed I was enrolled in a full time PhD program and could only work 26 hours per week. This was a blatant lie. I was working over 10-12 hours per day, concurrently employed by 3 employers for most of the time. My PhD program was in Santa Barbara, one weekend a month. I was told that their lawfirm "did not get other attorneys in trouble" and that HECTOR MORENO's religious values prevented him from seeking sanctions against fathers. I was informed that they would not challenge defendant DAVILA's findings directly, as defendant DAVILA, (later ZAYNER) would sanction me, would sanction them, and would also retaliate against them in their other cases. They dragged the case for EIGHT (8) years. In concert with other defendants, ZAYNER denied my request for Set Aside. I repeatedly requested that defendants file a Statement of Attorney Mistake but they refused, and abandoned me instead.

56. During this process defendants DAVILA and ZAYNER, wilfully, to defraud and to suppress me, denied each and every one of the SIX (6) *pendent lite* attorney fee requests, directed Filing Clerks to refuse my filings, conspired with Court Reporter's to deny me access to transcripts for appeal, excluded all evidence that I had presented, and denied each and every motion filed by me, or by MORENO Defendants on my behalf.

57. Defendants DAVILA/ZAYNER unlawfully denied my Motion for Continuation of Spousal Support, and Set Aside. These illegal actions affected my ability to secure a proper outcome, and forced me to travel from Fresno to Santa Clara County at least 4-10 times each month for over 12 years, causing significant damage.

58. MORENO Defendants then retained T&T Defendants to represent me in a Trial For Continuation of Spousal Support.

59. **My Efforts to Void Judgment of 2008 for Fraud, and Lack of Jurisdiction** :In Santa Clara County, Defendant ZAYNER succeeded defendant DAVILA between 2010 – 2014. In 2012 – 2013, I filed a motion to void the Judgments of 2008, which was denied by defendant ZAYNER with the explicit intention of protecting defendants illegally. The order is being appealed in 6CDA, under H040565.

60. <u>**Fraud In Sixth Appellate District in 2010 :**</u> In 2010, T&T Defendants filed a Notice of Appeal against defendant DAVILA's order denying my request for Continuation of Spousal Support in 2010. Defendants KHERA et al recruited defendant ELLIS. Defendants colluded with each other at the Appellate *refusing* to present pertinent evidence at the trial court, generally conspiring against me, sabotaging my own appeal, to protect and support other defendants. All defendants engaged in *falsification of facts, and inadequate representations of law* to Sixth Appellate District. As a consequence, the Sixth Appellate District affirmed defendant DAVILA's order against me, but such an opinion of Sixth Appellate District is based on extensive fraud and has damaged me.

61. Between 2013 -2014, I also filed three appeals against defendant ZAYNER's rubber stamped orders. Defendants conspired to obstruct the process. On Defendants ZAYNER Directions, the Filing Clerks and Court Reporters and Appellate Division has attempted to sabotage the appellate process. Any reasonable person would surmise that the Appellate Division is colluding with the CFDE Judicial Officers to delay or sabotage the appeal.

62. In 2014, I filed a appeal against Judge ELFVIN;s illegal order dismissing my complaint and illegally granting a default order of $150,000 to MORENO Defendants and then refusing to set it aside. Judge ELFVIN, with an explicit intention of silencing me, denied my motion for Fee Waiver. As a consequence, my appeal could not be completed. The appeal against the order on cross complaint is pending appeal in 6CDA for records.

63. <u>**Sexual Abuse, Domestic violence, 2003 – 2017**</u> Between 2003 – 2007, defendant KHERA molested the children. From 2003 till date, defendants conspired between themselves to help defendant KHERA evade payment for medical expenses of the children, even as they were undergoing treatment for sexual abuse. Defendants culpably used threats, harassment, intimidation, stalking, trespass to prevent me and my children from testifying on matters related to sexual abuse. I was even threatening with murder. Fresno Police failed to prosecute. Judicial Officers refused to provide restraining orders against the wealthy, privileged perpetrator. A complaint was filed at State Bar of California, and in her response to State Bar, defendant SCHREIBER admitted to having committed acts of violence against me. Defendants even turned up at my workplace and caused problems there, as a consequence of which I was forced to resign from that job. Defendants conspired to maliciously cause problems at the Children's daycare centers, terrorized the babysitters who refused to work on Fridays, when KHERA was expected to pick up the children. My younger son spent 24 hours in police custody in LAX in 2016, because defendant filed false police reports accusing me of child abduction in 2015.

64. <u>**Fraud Upon The Court in Child Custody Matters:**</u> In 2010, in order to illegally evade Child Support payments, defendant KHERA voluntarily resigned from his job at CISCO Systems and opened a series of cash based businesses, refusing to disclose his earnings from these businesses. His total child support obligations were reduced to ¼ of what the children were entitled to. I secured a financial grant to open a residential

treatment facility for Schizophrenia, and sought permission from Santa Clara Court to relocate to India with the children. Defendant KHERA stated at the very beginning that he had no objection to my relocation.

65. Defendants frivolously delayed resolution until the financial aid I had been awarded had expired, and I could not relocate to India. Immediately thereafter, defendant KHERA accepted the recommendations of the evaluator. The cartel had opposed my departure only with the intent of sabotaging my career.

66. In March 2013, Santa Clara Court awarded me sole legal and physical custody of the children. A trial for attorney fee and sanctions, was set for Sept 9, 2014 in Dept 6, with Judge ZEPEDA. On the day of the trial, under Defendant ZAYNER's corrupt influence, Judge ZEPEDA refused to take the matter for trial, arbitrarily denied my attorney fee and sanctions motion and sanctioned me. I appealed in Nov 2014. After 3 ½ years, the designated records have yet to be filed.

67. **Child Support Fraud In Fresno:** FC-DCSS acquired jurisdiction on child support in April 2005. However, it conspired with others to deprive me of appropriate child and spousal support by failing to enforce orders.

68. In Jan 4, 2008, FC-DCSS filed a motion for modification of support, assessed defendant KHERA's income to be $65,000 per month, his child support obligations at $8,180 per month and assessed an unspecified amount of arrears, payable at $2047 per month, until exhausted. However, when defendant KHERA retained a CFDE attorney, FC-DCSS refused to prosecute. In collusion with CFDE, by 2014 they began to claim that KHERA did not owe any arrears. Thus FC-DCSS, colluding with Attorney General's office, conspired with the CFDE to help defendant KHERA evade hundreds of thousands of dollars in child and spousal support.

69. In concert of this conspiracy, between 2010 – 2014 MORENO Defendants conspired to defraud me of my right to child support by *refusing* to provide evidentiary documents, including bills, tax returns etc during trial. They *refused* to plead appropriate law related to FC-DCSS's jurisdiction on child support, stating that their lawfirm "did not get other attorneys in trouble" they wouldn't get the Santa Clara Judges in trouble. They wanted to appease the Santa Clara Judges to win their favors, even though they were aware that the conduct of these Attorneys and Judges was criminal in nature.

70. During the trial that lasted over 3+ years in Fresno, defendants engaged in delaying tactics In 2013, defendants entered into a covert arrangement to illegally waive child support arrears, medical and childcare reimbursements in return for an award of attorney fee. Defendants intentionally refused to file a Notice of Motion for FC 271 sanctions, breaching their contract with me, and refusing to resign from my case until they were forced thru an exparte order seeking their removal as my attorneys. For more than a year, FC-DCSS defendants refused to enforce these orders until I lodged a complaint in March 2015, and then refused to enforce the order.

71. After the order was made, Defendant SCHREIBER attempted to blackmail me, demanding that I accept lower payments than ordered by Judge ALLEN HILL. Upon my refusal, she conspired with other defendants to defraud me of the $92,000 of attorney fee awarded to me.

72. In 2013, pursuant to children's allegations of sexual abuse, Santa Clara County made a Custody Order that granted me sole legal and physical custody of the children. This order was made permanent on Sept 2014. FC-DCSS refused to secure a modification on child support. In June 2013, I filed a motion for modification on my own but defendants have conspired till date to prevent it from going to trial.

73. On Dec 15, 2014, COMMISSIONER GREEN's rubber stamped *with prejudice,* an order denying my motion for enforcement of child support orders. The arrears calculated in 2008 had miraculously disappeared from FC-DCSS's books. FC-DCSS then sabotaged my repeated efforts to seek enforcements on my own by filing false documents, and making false oral representations in Dept 301, 302, and Fifth Appellate District, that defendant KHERA was current on support. It robbed me of child support arrears of hundreds of thousands of dollars. At each step, each of these defendants have colluded, conspired, and attempted to sabotage my efforts to seek appropriate and timely support orders. The Appellate Opinion on *Sameer v Khera (2018)* is based on fraudulent representation made by Attorney General's Office, on behalf of defendants FC-DCSS and GREEN.

74. In 2013, pursuant to children's allegations of sexual abuse, Santa Clara County made a Custody Order granting me sole legal and physical custody of the children. Between 2013 – 2014 FC-DCSS defendants again *refused* to secure modified support for me, even after I was granted sole legal and physical custody pursuant to favourable FC 3118 evaluation establishing defendant KHERA's sexual misconduct. FC-Defendants again cited budgetary problems, advising me to "go get an attorney." No evidence of budgetary problems exists towards their Retirement Benefits Program.

75. Between 2012 – 2016, defendants have all conspired to help each other conceal defendant KHERA's income, and are accessories to the crime of child support evasion. I was significantly injured as a consequence of fraud

76. **Attorney Fee**: Defendants have engaged in unscrupulous, fraudulent billing, and delaying tactics to incease their billings, without really achieving anything. I was billed over $40,000 by PARDUE, $20,000 by MILLEN, $20,000 by T&T Defendants, and $400,000 by MORENO Defendants. These attorneys were in collusion with the opposing counsels, who delayed resolution and billed similarly by mutual collusion. I was injured.

77. **Fraud In Civil Litigation** : The CFDE attorneys and Judicial Officers conspired to prevent me from seeking damages against any of the culprits. In 2009, I filed a Legal Malpractice suit against PARDUE alleging negligence. MORENO defendant advised I retain MILLEN. Together the two billed me unscrupulously, wilfully sabotaged the proceedings, conspired between themselves to abandoned me, preventing me from seeking appropriate damages from defendant PARDUE, and against MORENO Defendants.

78. In June 2014, Judge ELFVIN illegally conspired to dismiss a Complaint I filed against MORENO defendants for legal malpractice, and sanctioned me over $20,000. He then conspired to sabotage my appeal by denying my fee waiver. In 2015, during my noticed unavailability, he conspired to grant defendant MORENO $150,000 without any basis whatsoever, then refusing to set aside the order. The order is being appealed.

79. In 2014, and in 2015, I filed a civil complaints against defendant KHERA, and others in Fresno County for fraud, deceit, personal injury, abuse of process, RICO etc. Defendants conspired to have my complaint dismissed illegally by scheduling hearings during my noticed unavailability. Defendants colluded with my attorney DAVIDSON - he signed Substitution of Attorney Forms, but was corruptly influenced to abandon me.

80. I was forced to file appeals F071888, F073777, and F 075455 with the Fifth Appellate District. These are currently pending. I was injured.

81. **Fraud In Fifth Appellate District:** As a consequence of the conspiracy to protect the interests of the CFDE members, the Judicial Officers made several illegal orders, leading to several appeals in the fifth appellate district – viz . F 070938, F071888, F074544, F073777 etc. Attorney General's Office has conspired to protect the interests of the CFDE enterprise and perfected an appeal in support of a deadbeat dad, supporting the violation of federal and state laws and evasion of child support. I was injured.

82. **Immigration Fraud:** In 2010, defendant KHERA applied for naturalization. The Naturalisation application N400 specifically asks at 30H "Have you ever failed to pay Child Support and Alimony". Q31 asks "Have you ever Given any US govt official any information or documentation that was false, fraudulent, or misleading." Defendant KHERA made false representations that he was current on child and spousal support, and answered no to the third question. At the time defendant made these representations, he was aware that he was delinquent on hundreds of thousands in child support, and he had made fraudulent representation in Santa Clara and Fresno County and had engaged in tax fraud and money laundering. I was injured.

120: **Obstruction of Justice :** The following are a few *examples* of acts of obstruction engaged in by the conspirators. I was injured.

　120.1 **Influencing Officers Generally:** Judicial Defendants corruptly influenced other Judges and Justices to make orders against me, by holding ex-parte communications, or by conspiring to make transcripts unavailable for appeal, or by unlawfully denying fee waivers to me, or by directing filing staff not to accept filings from me, or by issuing orders that were unlawful, in contravention to state and federal law, thereby attempting to influence the Justices of the Appellate Court. Ddefendants conspired to corruptly influenced Judicial Officers to rubber stamp their proposed orders favourable to defendant KHERA, or unfavourable to myself, in matters related to child support, in violation of their duties as United States Judges. Defendants used their influence with other Judicial Officers dealing with cases in Santa Clara County, Fresno County, Fifth and Sixth Appellate District with regard to my activities, including the complaints filed against the defendants. They secured an improper advantage for themselves, and their clients and/or the CFDE members, by corrupt methods, with an intent to defraud me.

　120.2 **Tax Fraud & Money Laundering** : Between 2000 and 2008, defendant KHERA sold TWO (2) Australian properties, ONE (1) property in US, but failed to pay capital gains taxes on these sales either in Australia, or in NZ. Subsequently, defendants conspired to transfer funds from community accounts

FAC                                                                                           14 | P a g e

to his personal bank accounts, and bank accounts of his then girlfriend defendant DEVANI, who invested these funds to generate income which was used to fund the interests of the CFDE. CFDE in turn conspired to conceal his assets generally, assisting defendant KHERA in his money laundering activities. For example, Defendant DAVILA conspired to illegally award KHERA $450,000 out of the total $550,000 of the proceeds from the sale of family residence in Sunnyvale, but directed that the tax be shared equally, helping defendant KHERA evade taxes, and erase all evidence of fraud, and obstructing justice. Between 2003 till date, defendant KHERA et al have wired funds, or caused the funds to be wired, to bank accounts, brokerage accounts, stocks, bonds and other monetary instruments that are held overseas for investment purposes. The investment returns are not reported in US, or elsewhere. Defendants have thus engaged in tax evasion, money laundering activities.

**120.3 Bribing, Corruptly Influencing, Witness Tampering, Forgery, Threats, Blackmail & Extortion** :

Between 2003 till date, defendants have engaged in bribing, corruptly influencing, witness tampering, forgery, threats, blackmail an extortion attempts. The following are a _few_ examples:

a) In 2007, defendants bribed or corruptly influenced defendants WHITE and SCHUSTER's to provide false testimonies and reports to help him evade taxes and erase evidence of money laundering activities.

b) One or more Defendants conspired in having community property DLF-4109 transferred to defendant KHERA's name and removing my jewellery from my safe deposit box in India, by forging my signatures, bribing a Magistrate Judges and Bank employees in India and/or thru identity theft.

c) In May 2007, Defendants extorted from me a settlement based on fraud, by threatening to sanction me, or have me sanctioned to the amount of $180,000, by threatening the resignation of my attorney. When confronted, Defendant PARDUE then forged/fabricated a substitution of attorney form, and filed it with the court.

d) In 2013, defendant KHERA and DEVANI locked our son ████████, and spent 45 hours attempting to influence him conceal from evaluators and officers, the acts of sexual abuse that defendant KHERA.

e) In 2014, Defendant SCHRIEBER et al attempted to blackmail me to accept lower child support and arrears then what defendant ALLEN HILL had awarded to me. I was told if I did not comply with her demands, she would make sure that I never received anything that Judge HILL had awarded me. Defendants conspired to threaten, harass, intimidate and blackmail me, including stalking, trespassing to evade child support payments. In Dec 15, 2014, defendant GREEN conspired with FC-DCSS to threaten me that he would not certify the settled statement if I refused to agree to his (falsified) version of the settled statement. Defendants carried thru with their threats.

f) MORENO Defendants threatened, and extorted from me more than they were owed in attorney fee.

g) In 2007, Defendant KHERA bribed and/or corruptly influenced B&B Defendants to illegally represent him in Santa Clara Court. B&B Defendants in turn bribed or corruptly influenced defendant DAVILA to make orders in clear absence of jurisdiction on Feb 25-27, 2008(s201). The communications to reach these agreements involved, or was foreseeable to involve use of wire and bank services. KHERA, B&B Defendants, PARDUE, SCHUSTER, WHITE bribed or corruptly influenced defendants PARDUE, MORENO Defendants, DAVILA, ZAYNER to defraud me in matters related to property, child support and spousal support, and these defendants in turn corruptly influenced others. Defendant DAVILA consented to this corrupt arrangement in return for kickbacks and support, and thru such a corrupt Judgment, in turn was successful in influencing the Sixth Appellate District to make a ruling against me on *Khera v Sameer (2012)*. (s201)

h) On Dec 15, 2014, SCHREIBER corruptly influenced COMMISSIONER GREEN to support orders made by defendant DAVILA in clear absence of jurisdiction (s201), and MORENO Defendants to defraud me of $92,000 in attorney fee, who corruptly influenced ELFVIN to make an order for $150,000 against me.

i) In 2015, the Opposing Counsels JOHN BURTON, GARY HUNT, JODY WINTERS, and SHARON NAGLE, ARTHUR HARRIS corruptly influenced defendant KAPETAN to make default orders against me, and DAVISION to abandon me without informing me.

**120.4.Abuse of Process**: Defendants used the litigation process for purposes other than it was designed for:

a. FC-DCSS refused to perform their mandated duties because they wanted to unlawfully reduce their workload illegally thru referrals, kickbacks, and other benefits provided by CFDE attorneys.

b. Attorney defendants PARDUE and MORENO defendants wanted to please defendant DAVILA, and to protect other CFDE colleagues B&B Defendants, SCHREIBER, SCHUSTER, WHITE, ELLIS.

c. MILLEN and T&T Defendants wilfully sabotaged the litigations, to protect MORENO Defendants, and other defendants.

d. Judicial Defendants made Judgements not on merits of the case, but to protect the CFDE operatives DAVILA, and the CFDE attorneys, and to protect a wealthy perpetrator evade support, and property division, so he could fund the CFDE attorneys. The intention and motivation behind denying each and every one of my meritorious claims was not the insufficiency of the claim, but the desire to protect other members of the cartel, entering into a quid pro quo relationships of illegal collusion with an explicit intention of defrauding me.

e. Such actions represent abuse of process.

**121.** **False Statements:** Defendants, each one of them made false statements to me, or to the Court, or conspired to protect and shield others who made false statements. Three examples of the false statements are provided below:

121.1 In Feb 2008, defendants KHERA *et al* stated that defendant KHERA"s income was between $129,000 - $179,000 per month for child support purposes, and $3,680 er month for spousal support purposes. His

tax returns and other documents show an income in excess of $50,000 per month for spousal support purposes, and income for child support was assessed at $65,000 per month by FC-DCSS, and by Judge Allen Hill.

121.2.      In 2008, FC-DCSS held that defendant was delinquent on child support. By 2014, in conspiracy with DFCE attorneys, FC-DCSS defendants and defendant GREEN conspired to help defendant KHERA evade arrears by making false statements that KHERA was current on child support and no arrears were outstanding.

121.3.      Defendants SCHREIBER *et al* made several false statements to Judge ALLEN HILL, during the trial that lasted from 2010 – 2013. These false statements include

    121.3.1.      Defendant KHERA had resigned from his job because he was afraid of being laid off.
    121.3.2.      Defendant KHERA's income in 2013 had been $100,000 less than what tax reports showed.
    121.3.3.      Defendant KHERA had paid me over $6000 thru 11 checks of approximately $600 each and did not owe this amount anymore.

121.4.      In 2013, MORENO Defendants *et al* wilfully made false statements in Fresno County stating that I owed them $92,000, in Santa Clara County stating that I owed them $150,000, and that I had fired them so I could keep the $92,000 in attorney fee awarded by Judge Allen Hill.

121.5.**Perjury**: Defendants conspired to make, or caused others to make perjured statements under oath.The following are a *few* examples:

    a.   A child support payee is prohibited from resigning from his job to seek a lower paying job with the intent of evading child support. Defendant KHERA resigned from a job where he was paid over $800,000 per annum. During the trial on child support, between 2010 – 2013, Defendants made false representations to the Court that defendant KHERA had resigned from his job because his job was threatened. As a consequence, his child support were significantly reduced. Defendants conspired to file false declarations under oath stating that Santa Clara County had jurisdiction on child support, that Fresno had no jurisdiction on child support.

122.   **False Police Report:**Between June 2015 and Feb 2016, defendant KHERA maliciously, with the intention of threatening and harassing me, filed a false police report with San Jose Police in violation of 18 USC 35, claiming that I had abducted the two children. As a consequence, my younger son, travelling alone to US in 2016, was taken into custody at the LAX. I incurred significant expenses, and emotional distress, in having him released and had to personally fly to US to ensure his safety.

123.   **Identity Theft** : We hold a safe deposit box that contained approx. $800,000 worth of my jewellery in New Delhi. It can be opened only with 2 keys, the keys have to be used simultaneously. One key cannot open the safe deposit box.

    a.   Since 2003, defendant KHERA has refused to provide me with one key.

b. Since 2006, till date, on various occasions I and the children have seen defendant DEVANI wearing several pieces of my jewellery. These pictures, showing my jewellery are available freely on the internet.

c. Between 2004 till date, defendant KHERA, and defendant DEVANI appeared before a bank employee in New Delhi. Defendant DEVANI introduced herself as MADHU SAMEER, acquired access to my Safe Deposit Box.  Defendants conspired to, and stole my jewellery.

d. In 2007, defendants KHERA and DEVANI similarly appeared before a Mgistrate Judge in Delhi. Ms DEVANI presented herself as MADHU SAMEER. She then corruptly influenced the Magistrate, forged my signatures on the transfer forms, transferring the community property, designated as DLF-4109, to defendant KHERA's sole name.

e. Between 2003 -2017, defendants have engage din identity theft and have hacked my brokerage accounts, removed $50,000 from my accounts, changed the address and ordered bank/brokerage statements at my expense mailed to their address, and generally have asserted control over these accounts, and prevented me from accessing these accounts, even though these accounts had been awarded to me thru the Judgment of 2008, and the accounts contained my money.

124. **Insurrection Or Rebellion Against Constitution**: Between 2003 till date, Defendants have engaged in repeated wilful violation of constitutional, federal and state laws. For *example* a) in 2007, defendants conspired to have child support waived retrospectively in violation of 42 USC 666(a)(9)(c ) b) In 2012, defendants ZAYNER et al conspired to conceal the wrongful, and illegal acts of Judge DAVILA, denying my request to set aside or void the Judgments of 2008  c) In No 2013, and on Dec 15, 2014, defendants ZAYNER, GREEN et al illegally supported the Judgments of 2008 that were made in clear absence of jurisdiction. Each of these acts of defendants represented a rebellion against the constitution as the term is defined in 18 USC 2383.

## PART III:  CLAIMS
### FIRST CAUSE OF ACTION: ATTEMPTS (Model Penal Code 5.01)
Against All Defendants

*120* I incorporate all the preceding and successive paragraphs of this Complaint, and by reference, as if fully set forth herein. This cause of action against all defendants is based on Model Penal Code 5.1. See *ALLEGATIONS*, for greater details and specificity.

121 Between 2003 till date, Defendants have conspired to commission of one or more criminal and civil acts punishable under federal and state laws. Defendants have attempted to defraud me of property, spousal support, and child support as alleged, and attorney fee.  Each of these attempts has resulted in significant injuries to me, and is punishable under the statute that would lead to the crime, or under Model Penal Code 5.01. In each case, Defendants exhibited an intent to commit the underlying substantive offense and then took one or more substantial steps towards that end. (5.01).

FAC                                                                                                    18 | P a g e

**122** Each defendant performed these acts knowingly, intentionally, culpably, their conduct being wilful, wanton, malicious, and oppressive. It was foreseeable that defendants such activities would lead to my injuries. Defendants activities are the direct, proximate cause of my *INJURIES & DAMAGES*. But for such activities, I would not have suffered these injuries.

## SECOND CAUSE OF ACTION : FRAUD
Against All Defendants

**123** I re-affirm, and re-allege and incorporate all the preceding and successive paragraphs of this complaint, also by reference, as if fully set forth herein. This cause of action against all defendants alleges that the defendants have conspired with each other and engaged in intrinsic and extrinsic fraud as alleged in *ALLEGATIONS*.

**124** Defendants, each one of them, have wilfully and intentionally engaged in fraud and misrepresentation as defined by Cal Civ Code 1572, and fraud and deceit, as defined by Cal Civ Code 1709-1710. Defendants fraudulent representations occurred on dates and in the manner discussed in *ALLEGATIONS*.

**125** Defendant unlawfully coerced me into entering into one or more contracts against my will by threatening, coercing, intimidating, blackmailing me, with the intention of aiding and abetting defendant KHERA to convert almost *all* of the community property, and to help him evade child and spousal support payments and arrearages including but not limited to expenses for childcare, tutoring, medical etc. Defendants fraudulently induced me into entrusting community funds to defendant KHERA and then coerced me into entering a settlement agreement by promising that defendant KHERA would comply with the agreements and court orders. Defendants wilful, fraudulent promises to comply with Court Orders occurred on the dates and in the manner discussed in *ALLEGATIONS*. Defendants' assertions and promises, which induced me into entrusting community funds and enter into various agreements, were not true facts and defendants did not believe their assertions and promises to be true. Defendants assertions, representations of facts were not true, defendants did not believe that their assertions and representations were true, and defendants, each one of them, made such representations recklessly and without regard for the truth.

**126** Defendants intentionally created, or caused to be created orders that were false, and intentionally suppressed from Appellate Courts the true facts material to resolution of the matters. Defendants intentionally made false representations, forged documents, concealed, sold and converted community assets, illegally transferred assets, engaged in tax fraud, money laundering activities, travelled interstate and internationally in commission of the conspiracy to defraud me of child, spousal support and property. Defendants then made false representations to Family Courts, DCSS Courts, Civil Courts, as well as Appellate Courts.

**127** Defendants, each one of them, then used, or caused to be used, the legal processes unlawfully, preventing me from participating in civil and family law proceedings that I had initiated, alleging fraud, fraudulent misrepresentation and fraud upon the Court. Or by making false representations to the appellate Court, prevented a lawful, just resolution of the matters.

**128** I reasonably and justifiably relied on defendants false assurances, statements, pretexts, declarations and actions, and was injured as a consequence of such reliance. Attorney-Defendants, each one of them, refused to provide Statement of Mistake. Their failure must be construed as a willingness and intention to engage in fraud. Defendants actions constitute fraud, fraudulent representation, fraud upon the Court. The fraud is ongoing. Each defendant performed these acts knowingly, intentionally, culpably, their conduct being wilful, wanton, malicious, and oppressive. Defendants' unlawful conduct has foreseeably, directly, legally, and directly, proximately caused and continues to cause INJURIES & DAMAGES to me in my business and/or property. But for such actions of the defendants I would not have suffered these damages.

### THIRD CAUSE OF ACTION: NEGLIGENCE
Against All Defendants

**129** I re-affirm, re-allege and incorporate by reference each and every allegation in the preceding and succeeding paragraphs as though fully set forth herein

**130** Defendants negligent representations occurred on dates and in the manner discussed in *ALLEGATIONS*.

**131** Between 2003 and till date if each of these defendant claims their failure was not malicious, then they may have been negligent. They may have genuinely believed their belief was accurate. However, defendants had no reasonable grounds to believe that their belief and their statements to the court were true.

**132** I relied on their negligent misrepresentations. My reliance on their negligent representations have caused forseeable direct and indirect losses, damages, pain and suffering, and INJURIES & DAMAGES.

**133** Attorney-Defendants, each one of them, could have provided Statement of Mistake, which would mandate the Court to set aside, or void its orders. However, defendants intentionally or negligently failed to do so.

**134** Defendants' negligence, and negligent misrepresentations, and failure to provide Statement of Mistake, are the direct, proximate and ultimate cause of my alleged INJURIES & DAMAGES. But for Defendants' actions I would not have suffered these injuries, losses, and damages.

### FOURTH CAUSE OF ACTION: UNJUST ENRICHMENT
Against All Defendants

**135** I incorporate all the preceding and successive paragraphs of this Complaint, and by reference, as if fully set forth herein. This cause of action is against all defendants, arising from unjust enrichment that these defendants have enjoyed for the last 15 years or so.

**136** Defendants engaged in unjust enrichment as per the acts committed on dates and in the manner discussed in *ALLEGATIONS*.

**137** Defendants each one of them, have benefitted, and have been unjustly enriched as a consequence of the alleged fraud in the form of money, kickbacks, referrals, and other instruments. I have been defrauded of property, child support, spousal support, attorney fee, and my rights to employment.

**138** Since defendants have been unjustly enriched at my expense, and maintenance of the enrichment would be contrary to the rules and principles of equity. Defendants have also been additionally enriched through the

receipt of payments, or other kickbacks and referrals and instruments of corruption that benefited them due to the conspiratorial behaviour.

139 I therefore demand restitution from the Defendants in the form of actual damages, exemplary damages, and attorneys' fees. Defendants' unjust enrichment was a foreseeable and the direct and proximate cause of my alleged INJURIES & DAMAGES. But for Defendants' actions I would not have suffered these losses. The unjust enrichment is a continuous and ongoing offense.

### FIFTH CAUSE OF ACTION:  DEPRIVATION OF CIVIL RIGHTS (42 USC 1983, 18 USC 241, 242)

Against ALL Defendants

140 I incorporate all the preceding and successive paragraphs of this Complaint, and by reference, as if fully set forth herein. For specificity and details, see *ALLEGATIONS*. Between 2003 till date, defendants, each one of them, have conspired to deprive me of my constitutional, and statutory rights.

141 Defendants impaired my  right to voluntarily enter into a mutually beneficial marital settlement agreement, thru their multiple unconscionable acts of coercion, threats and intimidation.  Their actions violate freedom to contract by creating a completely "unconscionable marital agreement", which no person in their right mind would enter, and which is totally void of "quid pro quo" redemption.

142 Since 2003 till date, Defendants' have deprived me of my right to my property guaranteed under the fifth amendment, and my right to appropriate and timely child support and spousal support guaranteed by California's statutory codes, and settled laws.

143 Defendants, each one of them, have directly denied me, or conspired to deny me my right to procedural as well as substantive due process, right to equality before law, as promised by First, Fifth, and Fourteenth Amendments, Federal Constitutional law, Article 1 Section 10. I was unlawfully deprived of my right to trial by each of these Judicial defendants.

144 In addition I have been deprived of my rights under Title IVD, 42 USC 666, 42 USC 1981; 42 USC 1982; 42 USC 1985 (3); 42 USC 1986; 42 USC 1988 (a)-(c ) by FC-DCSS's refusal to enforce the *full* child support order. FC-DCSS has been securing from me, an amount of $25 per annum as a valuable consideration for providing these services to me.

145 At the time these defendants conspired against me, each of them was aware that their actions were unlawful. I justifiably relief on their false assurances, promises and was injured. It was reasonably foreseeable that defendants' actions would cause injuries to me. Defendants' such actions are the direct, proximate cause of my  alleged INJURIES & DAMAGES.  But for Defendants' actions I would not have suffered these losses. The deprivation of rights is an ongoing offense as defendants actions continue to deprive me of my rights.

### SIXTH CAUSE OF ACTION: FRAUDULENT CONVEYANCING
Against ALL Defendants

125.

126. I re-allege and incorporate all the preceding and successive paragraphs of this Complaint, and by reference, as if fully set forth herein. For details and specificity, see ALLEGATIONS.

127. This cause of action against defendant arises from conspiracy of to help defendant evade his debts to me between 2003 till date. Defendants have sold property, or otherwise transferred, concealed, and invested funds with an explicit intention of avoiding paying their debts to me.

128. In addition to the past attempts at evasion of debt illegally, on or around April 6, 2018, defendant KHERA conspired to sell the property located at 21947 Oakleaf Ct, while an appeal H040565, disputing his ownership, and a RICO complaint alleging fraud and conversion, are pending before the Sixth Appellate District, and this Federal Court. Any efforts to transfer, dispose, or otherwise conceal the property, or funds, by KHERA represents an act of fraudulent conveyancing. Defendant engaged in similar acts between 2000 – 2007, wherein he conspired to sell over $1m in community assets which by law, and by court order, he was prohibited from selling and/or transferring. The aim in both these instances is was to thwart the impact of any adverse decree which might ultimately be forthcoming on the complaint, the appeal, or from the Federal Suit. In effect it was a resistance to the lawful writ, process, order, rule, decree, or command or two Courts. Defendants have been served the documents on appeal in 2013. Defendants were aware that the appeal had been initiated, including the fact that his ownership of the _21947 Oakleaf Ct, Cupertino_ Residence was disputed. Defendant was also mailed the documents of this lawsuit in Jan 2018. As a foreseeable consequence of this illegal sale, I have been injured. Defendants' conspiracy is the foreseeable and the direct, proximate cause of my alleged INJURIES & DAMAGES.  But for Defendants' actions I would not have suffered these losses.

## SEVENTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY & COVENENT OF GOOD FAITH & FAIR DEALING
### Against All Defendants

129. I reaffirm and re-allege all the preceding and successive paragraphs as if set forth more fully herein below. See _ALLEGATIONS_.

130. Between 2003 till date, the above mentioned Defendants have had absolute discretion or power delegated over the legal interests and assets that belonged to me. Defendants conspired to defraud me by breaching their fiduciary duty to me, by performing the fraudulent acts described in ALLEGATIONS which were contrary to my stated intentions; contrary to my interests; and contrary to my rights. Defendants committed one or more acts of fraud as averred in _ALLEGATIONS_.

131. I trusted defendants to protect my assets and legal interests because these parties had control over my assets and legal interests. I was extremely vulnerable and dependent on these parties who had the power and discretion to make decisions about these assets and legal interests, and in which I reposed trust and confidence, especially given that I am not a lawyer, paralegal, or a Judge, and I had just arrived in US, had never had a divorce in my family, and was totally unaware of laws, proceedings and legal actions.

132.    These defendants, each one of them, accordingly owed a fiduciary responsibility to me, being a spouse, attorneys-in-fact, Judicial officers and licensed professionals. They have also breached the covenant of good faith and fair dealing that I was entitled to as per their contractual obligations to me.

133. The unlawful actions of Defendants, and each of them, have foreseeably, directly, illegally, and directly, proximately caused and continue to cause injuries to me in my person, and in my business. But for such actions, I would not have been injured.

### EIGHTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### Against All Defendants

134. All prior paragraphs are re-affirmed, and re-alleged and incorporated as if set forth in full. See *ALLEGATIONS* for details and specificity.

135. The actions of each of these defendants were CULPABLE, extreme, and outrageous, malicious, fraudulent, and oppressive, reasonably and foreseeably causing me severe emotional distress. In committing the acts described above, defendant KHERA, and his group of co-conspirators foreseeably damaged, injured, and deprived me and caused me to be deprived of rights, privileges, and immunities relating to substantive, procedural due process, access to justice, rights to child support, spousal support, property, honest services, rich to peace and happiness as guaranteed by the constitution, federal and state laws, inflicting horrendous emotional injuries on me.

136. Defendants' conduct went beyond all reasonable bounds of decency, in breach of fiduciary duties, and the position of authority that gave them real power to affect my life and wellbeing. Each of them was aware of my fragile emotional state, the struggles that their fraud imposed upon me. Each defendants wilfully, culpably, with an intent to injure me, agreed to wilfully, maliciously injure me. Defendants' conduct was inhuman, cruel, beyond any and all societal norms. I suffered acute and chronic/subchronic major depression, chronic/subchronic insomnia, chronic/subchronic mood swings, chronic social isolation, chronic/subchronic anhedonia, chronic/subchronic anxiety, worry, mortification, shock, chronic/ subchronic Post Traumatic Stress Disorder, chronic/subchronic Major Depressive Disorder, chronic/subchronic Adjustment Disorder, chronic/subchronic Generalized Anxiety Disorder, stomach upset, humiliation, embarrassment, indignity, ordeal, nightmares, ongoing reduced standard of living, ongoing poverty, ongoing litigation related stressors, ongoing financial stressors, loss of vocation and ongoing related loss of self-esteem, loss of self-confidence, stress-related heart problems, stress-related stroke, stress-related stomach problems, stress related to being forced into a role of a sole caregiver for the children, recurrent headaches, nervousness, fright, grief, loss of trust, loss of faith in men, in the justice system, in god, depersonalization, panic attacks, general neurosis, loss of family and friends, social and financial drift into poverty, experiences of shame, and loss of confidence, crying spells, fear for children, terror, fear of personal safety, fear of financial safety, distress, fear and anxiety related to being forced to drive the children. I experience fright, terror, fear and other forms of emotional

FAC                                                                                                      23 | P a g e

distress related to threats – including but not limited to murder threats - intimidation, blackmail, trespass, by KHERA and other members of his "cabal."

137. Defendants' acts were intentionally carried out in concert with other defendants in order to inflict severe emotional distress on me. It is the direct, proximate, foreseeable cause of my injuries. But for their such actions, I would not have suffered such emotional injuries.

### NINETH CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
AGAINST ALL DEFENDANTS

138. I re-affirm, and re-allege and incorporate by reference each and every allegation in the preceding and succeeding paragraphs as though fully set forth herein. See *ALLEGATIONS* for details and specificity.

139. Each of the named, and factiously named defendants have committed acts with absolute and reckless disregard to law. The injuries inflicted by their acts are continuous and ongoing.

140. Defendants may have been negligent in their actions, but they had no reasonable grounds to perform the actions that they have performed. Their negligence has resulted in severe emotional injuries to me.

141. Their actions have inflicted severe emotional damage on me. As a consequence I and my entire family have had severe psychological, physical and emotional problems. It was reasonably foreseeable that such acts of defendants would injure me emotionally.

142. Defendants actions are the foreseeable, direct, proximate cause of my emotional, physical, injuries, losses, pain and suffering. Liability is both joint and several. But for defendants' participation and actions, I would not have suffered such emotional damage.

### TENTH CAUSE OF ACTION: OBSTRUCTION OF JUSTICE & DEFAMATION (18 USC 35, 18 USC 1500 et seq)

143. I reaffirm and re-allege all the preceding and successive paragraphs as if set forth more fully herein below.

144. Defendants have engaged in obstruction of justice and I was injured as a consequence.

145. Defendants, each one of them, conspired to obstructing and subverting justice, as alleged in *OBSTRUCTION OF JUSTICE* under *ALLEGATIONS.*

146. At the time defendants conspired to be engaged in such actions, each one of them was aware that they were subverting the course of justice, and were conspiring and engaged in miscarriage of justice, and that their actions were malicious, intended to cause harm to me, actions were damaging me. Defendants performed these actions wilfully, to inflict injuries on me. I was injured as a consequence of their misconduct.

147. Defendant *intended* to obstruct justice, and cause such damage to me. They were successful in obstruction of justice. The results were foreseeable. Defendants actions related to *OBSTRUCTION OF JUSTICE*, are direct, proximate cause of the alleged *INJURIES & DAMAGES*. But for such acts, I would not have suffered.

### ELEVENTH CAUSE OF ACTION : THEFT/IDENTITY THEFT (Penal Code 529PC)
Against KHERA, DEVANI

148. I re-allege and incorporate by reference each and every allegation in the preceding and succeeding paragraphs as though fully set forth herein.  See *IDENTITY THEFT* in *ALLEGATIONS* for greater details and specificity.

149. At the time defendants engaged in this conspiracy and such activities, each of them was aware that their acts were illegal and criminal and that I would suffer foreseeable injuries as a consequence of their such acts. Defendant was a fiduciary, and I had justifiably relied on his pretences and misrepresentations when he engaged in theft/identity theft and stole/illegally transferred these assets to his name to my detriment. By such acts, defendants managed to defraud me. Defendants such illegal actions are foreseeable, direct, proximate and ultimate cause of my injuries. But for such actions, I would not have had these injuries.

### TWELFTH  CAUSE OF ACTION: UNFAIR BUSINESS PRACTICES
AGAINST JUDICIAL DEFENDANTS, EXPERT DEFENDANTS & ATTORNEY DEFENDANTS

150. I re-allege and incorporate by reference each and every allegation in the preceding and succeeding paragraphs as though fully set forth herein. Allegations are raised, and specified in detail in *ALLEGATIONS*.

151. This cause of actions is brought against Attorneys, Judicial Officers, and other licensed professionals for unfair practices that are contrary to the code of conduct of their profession. The alleged conspiracy is averred in ALLEGATIONS.

**152.** The following include, but are not limited to the code violations for which the defendants must be reported to State Bar for further actions:

    152.2.    Between 2007 - 2014, Defendants PARDUE, MILLEN, T&T Defendants, MORENO Defendants, DAVIDSON, violated CRPC 1-400 (D) by false advertising, false statements, and making false representations about themselves. their lawfirms, and affiliates and referrals. Fraudulent advertisement and referrals are prohibited under BPC 17500. Defendants concealed their corrupt motives, and have recklessly, intentionally, repeatedly failed to perform legal services competently, in violation of 3-110 (A), (B) and (C), have maintained relationships with opposing counsels, that were adverse to their relationship with me – representing a violation of CRPC 3-310, 3-320, and have extorted over \$400,000 from me, an unreasonable and unconscionable amount of fee in violation of 4-200.  Defendants suppressed and concealed pertinent evidence from Santa Clara, Fresno, and DCSS Courts, and from Fifth and Sixth Appellate Districts in violation of CRPC 5-220. I justifiably relied on their representations and was injured.

    152.3.    Between 2005 – 2017, B&B Defendants engaged in unauthorised practice of law when they used their license to present themselves as defendant KHERA's lawful attorneys (CRPC 1-300(A) and (B). Defendant SCHREIBER arrived at my house, and threatened, intimidated, harassed, stalked me, and attempted to abduct my son, in violation of CRPC 2-100. Defendants SCHREIBER, B&B Defendants, and PARUDE, MORENO defendants, DAVIDSON, MILLEN and T&T Defendants colluded to share the attorney fee by delaying, have the fee awarded in exchange of waiver of child support arrears,

misrepresentation and other illegal and unlawful acts of the defendants, a violation under CRPC 2-200 (A) and (B).

152.4.    Each defendant has violated CRPC 3-200 (A),(B) by bringing claims, or supporting claims, or failing to object against claims that are frivolous, meritless, and in violation of law. Each defendant has aided and abetted and advised defendants KHERA et al, to violate Court orders, or state and federal laws.

152.5.    In 2006, defendant PARDUE forged/fabricated a Substitution of Attorney form with my signature, filed it with the Court in violation of CRPC 3-700 (A). Subsequently, PARDUE destroyed majority of the casefile and the evidence, and documents contained therein, in violation of 3-700 (C).

**152.6.**    Between 2003 till date, defendants SCHREIBER, ELLIS, and B&B Defendants failed to withdraw from the case in violation of CRCP 3-700 (B) or (C), despite knowing that defendant KHERA's actions against me were without probable cause and defendant KHERA had demanded them to commit fraud, and violate statutory and settled laws. Defendants' failure to withdraw from the case under such conditions represents violation of CRPC 3-700(B)(1)-(3)(1),(b) They are liable for my damages. Defendants SCHREIBER, ELLIS, B&B Defendants violated **ABA Model Rule 8-**.(c ), (d), (e ), (f); Rule 8.3; Rule 8.1 in their entirety. Each and every Attorney-defendant has  violated Section 19 of the **California Attorney Guidelines of Civility and Professionalism.**

152.7.    Each attorney-Defendant has directly, or indirectly,  conspired with,  aided, advised, conspired with or supported  defendant KHERA in violation of Court Orders of 2003, 2006, 2008, 2014, in violation of CRPC 3-210 of State Bar Rules of Professional Conduct. Defendants have intentionally made, caused to be made, conspired to make, supported each other in making of false representations of facts, or law before defendant DAVILA, defendant ZAYNER, defendant GREEN, or defendant KAPETAN between 2003 till date, in violation of Rule 5.200A, B, E, State Bar Rules of Professional Conduct. Defendants are liable for these acts. Each defendant attorney has engaged in abuse of process, which represents a violation under BPC 17200, for unlawful, unfair or fraudulent business activities, unfair, deceptive, untrue or misleading advertising. Each defendant attorney has engaged in violations which is classified as a misdemeanour, and for which they are culpable and liable under  BPC 6128 (a), and (b), BPC 6068 and BPC 6106.

153. The actions of the Judicial Defendants include making or supporting orders in clear absence of jurisdiction, illegally protecting defendant-attorneys from being sanctioned,  threatening, coercing, intimidating me into an stipulation, sanctioning me when I refuse to stipulate, refusing to void illegal, unconstitutional orders unlawfully imposing sanctions against, depriving me of  substantive and procedural due process, obstruction of justice, fraud upon the court, failure to report crime, failure to report corrupt attorneys to State Bar, failure to sanction attorneys, failure to report corrupt judicial officers to Judicial Commission, and so on.  These actions

are flagrant violations of Judicial Canons, and thus represent non judicial acts[2]. Judicial Defendants failed to competently perform their duties under Judicial Canons, esp Canon 3D, which encompasses the power and a duty to discipline officers of the court. Judicial Officers are liable for acts performed in clear absence of jurisdiction, or for failure to perform acts that are part of their judicial responsibility.

154. SCHUSTER & WHITE are guilty of violating the terms and conditions of their professional licensure, which includes their duty to not engage in unethical behaviour, and fraud, and acts of moral turpitude.

155. Defendants' such illegal actions are foreseeable, direct, proximate and ultimate cause of my INJURIES & DAMAGES. But for such actions, I would not have had these injuries. The injuries are ongoing.

### THIRTEENTH CAUSE OF ACTION : PRINCIPAL & AIDING & ABETTING IN COMMISSION OF AN OFFENCE, ACESSORT AFTER THE FACT, MISPRISON OF FELONY, INSURRECTION  (18 USC. § 2, 3, 4, 2383).
AGAINST ALL DEFENDANTS

156. I re-allege and incorporate by reference each and every allegation in the preceding and succeeding paragraphs as though fully set forth herein.

157. This cause of action is against all defendants.  See *ALLEGATIONS* for further details and specificity.

158. Between 2003 – 2018, Defendant KHERA is guilty as a principle under (s2a) and was aided and abetted by other defendants in commission of the alleged crimes. The aforementioned defendants are punishable as principals.(s2a).Each defendant was aware that defendant KHERA, and the other defendants named in this complaint had been a party to commission of alleged crimes against me. Each defendant received, relieved, comforted and assisted these other offenders in order to hinder or prevent their apprehension, trial and punishment. Each defendant therefore is an accessory after the fact (18 USC 3).  Each defendant was/is aware that the actions of other named, unnamed, and factiously named defendants in this complaint represented/represents a felony cognizable according to constitutional, federal or state laws, and was required to report such acts truthfully to the Court.  Each defendant concealed and did/does not make known the same to some judge or other person in civil authority. The failure of each defendant to do so is a punishable offense under 18 USC 4.

---

[2] The acts of Judicial Officers were not conducive to "establishing, maintaining, and enforcing high standards of conduct," to "personally observe those standards" and thus compromised the "the integrity* and independence* of the judiciary." (Canon 1). Their refusal to sanction defendant attorneys, or refer them to state bar violate their responsibility to "promote public confidence," to "respect and comply with the law," to "promotes public confidence in the integrity and impartiality of the judiciary". Their orders and their conduct during proceedings, has been "inconsistent with the impartial performance of the adjudicative duties of judicial office." Judicial Officers have allowed their "social or other relationship to influence [her] judicial conduct or judgment." (Canon 2). They lent "the prestige of judicial office" and used "the judicial title. . .to advance [their] personal interests". . .a social relationship with such attorneys in exchange for offering protection for their deceitful and corrupt practices in court. (Canon 2). Judicial Defendants have shown no inclination to be "faithful to the law", or to perform judicial duties without bias or prejudice, and have failed to "accord [her]. . .who has a legal interest in a proceeding. . .full right to be heard according to law." They, each of them, failed to comply with the Code of Conduct. (Canon 6).

159.  In 2007 and since, defendants have conspired directly or indirectly in the commission of acts that were in violation and contravention of constitutional, federal, state and settled laws. Such acts represent rebellion against the constitution as the term is defined in 18 USC 2383. Each CFDE member, wilfully, with a specific intent to conspire in the cover up the frauds committed by CFDE operatives inflicted additional *INJURIES & DAMAGES* on me.

160.  Even if some of the Defendants did not agree to harm me, or claim that they did not agree to harm me, specifically, the purpose of the acts they engaged in was to advance the overall object of the conspiracy, and the harm to me was a reasonably foreseeable consequence of Defendants' actions. Such actions are the direct, proximate cause of my *INJURIES & DAMAGES*. But for defendants actions, I would not have suffered these injuries.

### FOURTEENTH CAUSE OF ACTION – CIVIL CONSPIRACY (42 USC 1983, 1985 (1),(2),(3); (18 USC. 371, 18 USC 152 (b))
AGAINST ALL Defendants

161. I incorporate by reference all the preceding paragraphs of this Complaint as if fully set forth herein. See *ALLEGATIONS* for further details and specificity. The conspiracy commenced at least as early as 2003.

162. Defendants, and each of them, combined and agreed with each other and/or others to defraud me by failing to disclose that one or more parties had been corruptly influenced as alleged in paragraphs above, and by performing acts, or aiding and abetting in commission of the acts as averred in *ALLEGATIONS*, and in *the First Cause of Action* thru *Thirteenth Cause of Actions*.

163. Pursuant to their agreements, each defendant acted in concert to support their common purpose of defrauding me in order to cause me to unlawfully relinquish, or to deprive me of my rights to property, child support and spousal support, ceding my rights to Defendant KHERA and paying exorbitant amount of attorney fee in the process to defendants who were pretending to represent me but were working for defendant KHERA.

164. Each Defendant committed one or more acts in furtherance of such conspiracy including misleading me as to my rights to property and support and concealing and facilitating the bribes, referrals, kickbacks and other instruments of corruption to one or more professionals, Judicial Officers, and attorneys involved. Each Defendant acted with the common intent to defraud me and understood that all other Defendants shared in that common purpose.

165.  Section 371 contains both a general conspiracy prohibition and a specific obstruction conspiracy prohibition in the form of a conspiracy to defraud proscription.

166. As a foreseeable, direct and proximate result of the conspiracy, the overt acts taken in furtherance of that conspiracy, I have suffered *INJURIES and DAMAGES* in my career, and my property, in an amount that will be fully characterized, detailed, adduced with specificity at trial. But for such conspiracy, I would not have suffered these injuries and damages. But for such actions, I would not have suffered these damages.

## FIFTEENTH CAUSE OF ACTION : RACKETEERING UNDER FEDERAL CIVIL RICO (1962(c))
### AGAINST ALL DEFENDANTS

### CFDE AS A RICO ENTERPRISE

167. The following configurations constitute an enterprise engaged in racketeering activities affecting interstate commerce as these terms are defined in Title 18 United States Code §1961(4).

### The California Dispute Enterprise (CFDE)

168. Certain family court divisions of California are controlled and operated by private structures made up of divorce lawyers, court employees and clerks, pro tem judges, judicial officers, supporting mental health industry professionals, CPA's Vocational Assessors and other professionals involved in the Family Dispute, Domestic Violence, Sex Abuse "Industry". This virtual structure - CFDE - meets the legal definition of a criminal racketeering enterprise as per 18 USC 1964(a) (c) and (d). The alleged criminal organization reportedly has operated for more than 10 years.

169. Many attorneys, and current and former judges have direct or indirect ties to the corruption. Some attorneys and judges are active participants or effectively facilitate the racketeering as accessories. The non affiliates are usually penalized for their refusal to co-operate with the cartel. All professionals and officers of the Court know that systemic lawbreaking, institutionalized socioeconomic bias, and criminal activity are rampant, but they turn a blind eye and fail to report the misconduct to oversight authorities. None has attempted to help fight the corruption. The alleged corruption is pervasive.

170. Each defendant is functionally separate and independent from the CFDE, and operates in a way distinct from the CFDE. The CFDE members work together, culpably, with malice, and engage in fraud as a matter of course, ignoring the established law. There is a threat of continuity by conduct of the members of the CFDE, and the defendants, to other victims also, not just to me. Recent scandals in Family Court of Sacramento County, and LA County are examples on how the CFDE operates across California. These entities form an association-in-fact for the common and continuing purpose described herein and constitute an enterprise within the meaning of 18 USC 1961(4) engaged in the conduct of their affairs through a continuing pattern of racketeering activity. There may also be other members of the enterprise who are unknown at this time. Alternatively, each county has a separate enterprise within the meaning of 18 USC. 1961(4). Alternatively, the enterprise is a statewise concern within the meaning of 18 USC 1961(4). Currently named, and fictitiously named defendants are part of the CFDE, and have intentionally injured me in my property and my rights, participating in the business of the CFDE.

### MEMBERSHIP OF CFDE

171. A large proportion of CFDE is comprised of officers of the Court. Although only some officers of the Court are members of the CFDE cartel, but almost all acknowledge existence of CFDE, and are at best deliberately indifferent to the *Schemes and Artifices* of the corrupt members of the CFDE. The CFDE members collude with wealthy male perpetrators and encourage, coerce single, disadvantaged women to forego support and property

using threats, humiliation, intimidation to oppress and suppress women seeking dissolution, or undergoing domestic violence, and the child victims of sexual abuse viz Brock Turner case. These *Schemes & Artifices* cannot go unnoticed by any competent Judicial Officer, yet no one takes any actions.

172. The lower rung participants in the enterprise  Court Clerks, Filing Clerks, Mental Health, Accounting, Vocational Assessors and other Professionals who act as expert witnesses,  are under the direction of "upper management" of the CFDE. These wealthy clients bribe the CFDE members for commission of their crimes.

## COMMERCIAL PURPOSE

173. The CFDE operates as a "cabal," a semi private, informal affiliation of entities with public presence. CFDE is funded by exploitation of the litigants' community estates, bribery, exchange of value, emoluments, patronage, nepotism, and/or kickback schemes within their networks to assure system-wide "cash flow" and continued viability and vitality of the CFDE. Illegal protections are perpetrated as sanctions by judicial officer, to target any litigant that appears as a potential or probable threat to CFDE purpose.

## MARKETPLACE

174. Since litigants enlist the help in navigating the legal process of divorce proceedings, there exists a market for law experts – officers of the Court including Attorneys, Counselors, Evaluators, FC-DCSSs and Court and Judicial Officers. (MARKET). Net profit from community estate, child support and spousal support "buckets" is extorted from the litigants by these experts. These experts devise one or more *Schemes and Artifices* To Defraud the clients.

## INTERSTATE/INTERNATIONAL COMMERCE & LONGITIVITY

175. In this instance, diversity of citizenship affects international commerce. India is the birthplace of defendant KHERA and myself, and we hold properties in India. We lived in UAE, and Australia and purchased and held properties there or from there. I currently live in New Zealand, and defendant paid child support that affected me in NZ.

176. The Family Disputes is a worldwide industry, generating $5billion or so in US revenue for the operatives. The Domestic Violence Laws are enforceable under federal law and entitled to full faith and credit under the multiple state laws (18 USC. § 2261(a)(1), 2265); Child and Spousal Support awards and Custody arrangements are enforced interstate by Department of Child Support Services, under Uniform Interstate Family Support Act, in foreign Countries through bilateral international treaties like Hague Convention. Title 18 Section 228 is applicable federally, and in all U.S. Military Courts = affecting international commerce.

## SCHEMES & ARTIFICES TO DEFRAUD

177. Defendants employ various Schemes and Artifices to defraud their victims. Below are only a handful of these Schemes and Artifices:

178. **Illegally Reducing Caseload of Judges and FC-DCSS :** One objective of the partnership is to significantly reduce the caseload, and workload of FC-DCSS, and the Judicial Officers by having the CFDE attorneys,

court staff or FC-DCSS operate the settlement program. At the settlement conferences, CFDE operatives use threats, intimidation, and coercion to force litigants to enter into a settlement agreement, thus averting a trial.

179. Under the quid pro quo agreement, in exchange for reducing the workload of judges and court staff, the temporary judges and attorneys are provided reciprocal kickbacks, gratuities, referrals, nepotism, emoluments or favors like rubber stamped orders, illegal court orders that ignore, and even authorize criminal conduct by the CFDE attorneys and their clients. The arrangements of reciprocal benefits violates state and federal criminal, and civil laws,[3]. implicate consumer protection and antitrust laws, California Unfair Business Practices Act. Five CFDE operatives coerced me to give up my rights to child, spousal support and property in 2007[4]. CFDE expert witnesses SCHUSTER and WHITE, were then bribed to legitimise the fraudulent settlement processes thru their false testimonies and reporting. Defendant DAVILA rubber stamped orders without any regard for due process. By commission of such acts, the attorney Defendants acquired the favoured attorney status of the Judicial Officers, and the caseload of the Judicial Officers has been reduced illegally by consistently averting a trial that would have enabled justice, and exposed the corrupt dealings of the cartel.

180. FC-DCSS operates the same way. CFDE. FC-DCSS and COMMISSIONER conspire to reduce their workload. CFDE attorney generate lucrative benefits for themselves under the protective umbrella of the CFDE Judicial Officers and Attorney General's Office. Attorney General's office in turn protects CFDE attorneys from being held accountable for fraud – all of these agencies come together to help CFDE attorenys defraud the Title IVD victims. In return, the CFDE attorneys offer their "unconditional" support to CFDE, to FC-DCSS, Attorney General's office and to the Judicial Defendants.

181. Immunizing Members from Government Oversight and Accountability: The quid pro quo arrangement involves a reciprocal protection racket that conceals CFDE's illegal operations from discovery by law enforcement agencies and state oversight authorities. For instance, none of the Judges in this instance wanted to void the Judgment of 2008, or sanction attorneys who committed fraud upon the court – as it would have implicated the attorneys. Attorneys in turn provided their full support to defendants DAVILA, ZAYNER et al, by refusing to have Judgments of 2008 voided for clear absence of jurisdiction. ;Although seemingly in adversarial position, in reality, the attorneys collude between themselves, reaching secret agreements on the nature of dispute, filings, and settlements. CFDE attorneys, Judicial Officers, and other members of the cartel collude between themselves to intentionally injure the women and children.

---

[3]. The statistically impossible *in-court* success rate of judge pro tem acting in concert with defendant DAVILA, ZAYNER, provided these defendants prominence. In return these defendants provided CFDE defendants with rubber stamped orders, referrals, wealth, and a substantial monopoly on the divorce and family law business.

[4] Four of them – Minor's Counsel, B&B Defendants, Pro Tem Judge and defendant ZAYNER, attempted but failed to coerce me in matters related to Child Custody in 2014. Having failed thus, defendant ZAYNER then retaliated by conspiring with Judge Zepeda in evading the trial, denying me attorney fee award, and in fact, sanctioning *me*.

182. The relationship between the association in fact enterprise members is continuous and hierarchical, in that the attorney members of the enterprise seek favors from Judges. As a consequence they win more cases, and later may themselves become Judges. As Judges, they then employ other attorneys as pro tem Judges to coerce victims, disadvantaged single mothers, pro per mothers, emigrant mothers, and women or color, to settle without any regard for their rights. Such settlement reduces the workload of judges, who reward the attorneys in quid pro quo arrangements by rubber stamping their Motions or rubber stamping denials, and even summary denials of motions filed by opposing, indigent, pro per, disabled, immigrants, women of color, or otherwise disadvantaged or disfavoured. These orders consistently are contrary to established law, and the rulings go far beyond the boundaries of, and cannot be attributed to the exercise of judicial discretion[5],[6]. Such actions constitute unfair, fraudulent, and unlawful business practices prohibited under California unfair competition laws, including Business and Professions Code 17200[7]. **The** courts operate prejudicially when a

---

[5] Between Feb 25 and Feb 27, 2008, defendant DAVILA rubber stamped three illegal orders in Santa Clara County. Between June 2012 and Nov 2014, defendant ZAYNER rubber stamped ten illegal orders in Santa Clara County. On Dec 15, 2014, defendant GREEN rubber stamped two illegal orders in Fresno County. Between May 21, 2015 – Dec 2016, defendant KAPETAN rubber stamped five illegal orders in Fresno County. Between May 10 – Dec 2016, Judge SIMPSON rubber stamped three illegal orders in Fresno County. Between Dec 2014 – Dec 2016, Judge ELEVIN rubber stamped four illegal orders in Santa Clara County. Each and every order was made to oppress, suppress and silence me, with a culpable intent to injure me in my person, my career, and my finances. Defendant GREEN went to the extent of providing false statements on the settled statement on appeal, and when I protested against the falsification of facts, he threatened me, sanctioned me, and *refused* to certify settled statements with an intention to intentionally obstruct and prejudice me in my appeal.

[6] For example: Judicial Defendants refused to hold hearings or allow matters to proceed for trial. CFDE Attorneys corruptly influenced the CFDE expert witnesses, mental health professionals to provide false testimonies. FC-DCSS intentionally colludes to deny a proper appellate process to Title IVD pro per mothers. Police detectives, CPS, District Attorney, Judicial Officers conspire to suppress allegations of sexual abuse against wealthy clients.

- [7] Criminal files in Santa Clara County show Sexual Assault Legal Expert Robert Allard not only had a close relationship with DA Jeff Rosen that landed Allard some of the county's most high profile cases,. Allard may have worked with Rosen in a manner to silence victims  in order to promote political campaigns, including those of Supervisor Mike Wasserman and Jeffery Rosen.
- Defendant Hector Moreno is an ex-District Attorney, and uses his contacts to quash any investigation into his corrupt practices. Defendant MORENO's son MICHAEL MORENO works in District Attorney's Office. Michael Moreno is currently under investigation by FBI, for witness tampering on a case against 49ers, where his father, defendant Hector Moreno was representing a victim of 49ers.
- Michael Lazarin, the biological father of Audrie Pott, claims the Santa Clara County DA and Sheriffs hid domestic violence Audrie allegedly suffered at the hands of her mother and step father. Sheriff Laurie Smith gave no particular reason for failure to investigate the domestic violence allegations.
- Olga C's daughter was removed from her home because Olga C, a disadvantaged first generation Russian mom, was not well conversant with English and could not read the documents CPS provided to her. The daughter repeatedly abused in her foster home for several years before a hospital confirmed abuse. In 2018, Judge DAVILA, with an intention to unlawfully silence the victim, denied Olga G's complaint for damages for County's wrongdoing.
- In 2016, Brock Turner, a white, Stanford athlete from privileged class, was sentenced to just 6 months in jail, and walked away after 3 months, for sexually assaulting a woman – because he could afford to pay a CFDE attorney.
- In 2015, Ikaika Gunderson, 21, beat and choked his ex-girlfriend, confessed to police, and "three months later pleaded no contest to a felony count of domestic violence," according to Baker. Persky allowed him to leave the mainland for Hawaii, violating federal laws. He was arrested for another domestic violence charge in Washington state. He had paid for services of a CFDE attorney.
- Persky's Judgment include letting off a man accused of child pornography and another involving a football player and domestic violence. On Persky, District Attorney Jeff Rosen actually states "other judges in our county and other judges in our state would have made the same decision." Thus Persky's own supporters point out that the whole Judicial system is as corrupt and biased against women as Judge Persky was shown to be.
- Contrary to the Above, I – a disadvantaged woman of color – was convicted with felony, and given 4 months jail before arrest and 5 years of probation, for a simple auto accident, by a Santa Clara Judge.

CFDE attorney is employed, despite the fact that socio-economic prejudice is prohibited by the Code of Judicial Ethics, according to the Commission on Judicial Performance and the California Judicial Conduct Handbook[8].

183. Often the spouses and children of the Judges and attorneys are also attorneys and may be employed in conflict of interest relationships. Attorneys provide referrals to mental health professionals, CPAs and Vocational Assessors, under threats of favorable reports. Thus the members of CFDE exert enormous illegal control over the outcome of the proceedings. These conflictual relationships are concealed from litigants. CFDE attorneys pretend to represent their clients, but in reality, they are in collusion, simply delaying resolution with the intention to extort attorney fee and direct all assets and payables and receivables to themselves.

205 FC-DCSS illegal Pyramid Scheme- Retirement Benefits Plans are paid at the expense of Title IVD families. It diverts funding to servicing the Retirement Debts, at the expense of services for non Title IVA clients. See *FC-DCSS Pyramid Scheme* under *ALLEGATIONS*. The Title IVD women are told to "go get an [CFDe] attorney, thus providing referral benefits to the CFDE.

206 *CFDE's Schemes Are Specially Used to Target Disadvantaged Women & Children:* Though child support law is facially neutral, in practice CFDE conspires to make disadvantaged Single Mothers, pay the bulk of

---

- Cindy Raygoza, a disadvantaged Mexican woman, was a victims of abuse in 2015 and was stabbed and killed by an ex-boyfriend in Fresno. Her family and friends state that the police didn't do anything to help the victim even though they were aware that she was clearly in dangerous situations.
- Pam Motley was shot by an estranged husband and wound up almost fully paralyzed. A federal judge dismissed the lawsuit in January, saying the police were not liable for the attacks on the women. The dismissal was appealed. Pam Motley was financially disadvantaged.
- OJ Simpson was acquitted for the murder of his wife, Nicole Simpson because he retained a CFDE attorney. A few years later, the same system incarcerated him for a simple theft and robbery, which was apparently a bigger crime than murder of a black woman.
- Between 2008 - 2013, Olga Chervyokova, a woman of Russian origin, repeatedly informed Judge DAVILA and Judge ZAYNER that her son Misha was being abused by the father. Judge DAVILA maliciously and culpably granted custody to the father and ZAYNER refused to change the order despite repeated requests. Just 2 months later, the child died in father's custody due to medical negligence.
- Between 2008 -2010, a woman identifying herself as Jolly, a East-Indian woman, had her young daughter unlawfully taken away and given to the father. In 2018, she is still fighting to have more time with her daughter.
- Between 2011-2013, an Armenian mother, struggling with language and US justice system in ZAYNER's Court, was left destitute, and had her children taken away from her. I was a witness to Judge ZAYNER's conduct in that case as well. I helped her file a motion for Attorney Fee by sharing my pleadings with her and helping her prepare the documentation. When she filed the motion, Judge ZAYNER denied her repeated attorney fee requests just as he had illegally denied six of my requests.
- In 2014, a Jewish women, almost left destitute by defendant DAVILA's wilful coercion to settle, and illegal denial of appropriate child, spousal support, and property division was similarly abused by ZAYNER, who refused to set aside the order to protect the interests of the CFDE, and to protect an exposure of the tales of horror and devastation that defendant DAVILA had left behind during his tenure in Family Courts.
- Between 2013 – 2015, Judge Zayner took away the children of a Chinese woman for 3 years and disallowed her to meet with her daughter. He humiliated, abused, ridiculed, and harassed her, he repeatedly rescheduled her hearings and denied her access to her daughter. Judge ZAYNER also appointed BJ Fadem, as a Minor's Counsel for her child[7].. I was a frequent witness to Judge ZAYNER's behaviour at Courtroom towards this mother. I was also a witness to the behaviour of BJ Fadem who continued with the same pattern of lies, and misrepresentation to deny the mother access to the children, as she had done in my case.
- Between 2013 – 2015, in my presence at the Courthouse, Judge Zayner continued to abuse another Chinese mother to the extent that she was often reduced to tears, and unable to continue in the Courtroom, and had to leave the Courtroom almost every time she attended his Court. I was a witness to several of these offenses of Judge ZAYNER while I waited for my turn in the Courtroom.
- Divorce Corp, a documentary film that "exposes the corrupt and collusive industry of family law in the United States" was released in major U.S. cities on January 10, 2014. After a nationwide search for the most egregious examples of family court corruption, the movie's production team ultimately included several cases from Californian Courts, more than any other jurisdiction.

[8] The conspiracy ultimately results in unnecessary appeals burdening the appellate court system, that wastes public funds, exposes taxpayers to civil liability, and squanders scarce court resources. Over 5 appeals were filed in this underlying case.

the costs of caring for the children. Single Mothers are routinely refused services by FC-DCSS. CFDE coerces them to forego support and property. In child molest, fraud, and domestic violence cases, CFDE Judicial Officer unlawfully and routinely deny restraining orders, or pendente lite, and other attorney fee award to suppress and silence women and to protect privileged male perpetrators of crimes[9] - colluding to keep pro per women disadvantaged and silenced by preventing them from obtaining counsel or obtaining relief thru appellate processes. The body of caselaw that emerges from these is absolutely skewed in the favor of FC-DCSSs and against these single mothers.

207 The CFDE Judges refuse to sanction wealthy perpetrators or CFDE attorneys representing the wealthy perpetrators. Alternately, the trial is delayed to such an extent that it becomes impossible for the victim to hold a trial as memories fade and evidence disappears. Such actions represent violation of settled laws, statutory codes, and Judicial Canons 3, and deprivation of Rights to Substantive and Procedural Justice and due process, guaranteed under Fourteenth Amendment, to Tangible and Intangible Property, to appropriate and timely child support, spousal support, property, pendent lite attorney fee, and post judgment attorney fee awards. Women and their children are deprived of their right to a safe environment free from threats, intimidation, domestic violence, extortion, blackmail, conspiracy, and deceitful behavior during the proceedings. The framework of the alleged criminal enterprise, in scale and scope, rivals the Kids for Cash court scandal in Luzerne County, PA, and the Orange County Superior Court case-fixing corruption scheme recently exposed by the FBI.

211. ***CFDE Members Breach their Professional Duties:*** CFDE Attorneys regularly abuse professional duties. Attorneys appeal to their client's emotions, greed, or other untoward ends to generate fees with no beneficial legal work performed. They engage in meritless discovery processes and unnecessary communications, and often bill fraudulently to generate more income for themselves. These practices are quietly encouraged by the CFDE Judicial Officers. Such collusion is a violation of one or more professional duties of loyalty, zealous advocacy, fiduciary responsibility, honest services, and to assert victim's rights adverse to other entities. CFDE attorneys and Judicial Officers conspire to ignore their oaths to protect, uphold and defend the U.S.

---

[9] If the disadvantaged pro se single mother has a valid claim, the CFDE Judges exclude the pleadings, or opposition papers, and/or make default judgments against the victim. CFDE Judicial Officers wilfully abort discovery against the privileged, favoured CFDE members, while sanctioning women indiscriminately for even seeking extension of time. Defendants DAVILA, GREEN, KAPETAN, Judge ELFVIN, SIMPSON, KALEMKARIAN are a few judicial officers who intentionally, culpably, with a mens rea of protecting corrupt CFDE members from being exposed, and promoting the interests of the CFDE, performed such acts which harmed me in my person, career, finances, and/or property, and unlawfully extinguished my claims against defendants.

Constitution and laws of the United States, instead engaging in a series of kickback, referrals, bribes, and witness tampering etc, to illegally protect wealthy payors[10].

212. ***CFDE Operatives Engage in Wealth Transfer :*** CFDE Operatives maximize extortion and illegal wealth transfer from clients to themselves. To achieve this, CFDE Attorneys scrutinize the *Income and Expense* and *Asset & Liability* Declarations to devise a scheme on how best to effect the wealth transfer. The members of the CFDE appoint several attorneys to the case, and drag the case over several years to increase their billing, engaging in good/cop bad copy play acting with one CFDE attorney pretending to reduce the support, and the other pretending to get maximum support for the custodial parent. Often the CFDE Judicial Officer is aware of the charade, but fails to object, or limit the play-acting of the CFDE attorneys. In the current instance. For example, MORENO defendants engaged with SCHREIBER at an expense of over $220,000 in attorney fee, held a trial for over 12 days, seeking $200 extra in child support, and waiving arrearages of hundreds of thousands of dollars in arrearages. Between 2007 – 2014, defendants B&B, SCHREIBER, and ELLIS have unlawfully pretended to be litigating the matter, when in fact they were engaged in good-cop/bad cop collusion, dragging the litigation by colluding with PARDUE, MORENO defendants, T&T Defendants, MILLEN, FC-DCSS Defendants. They have collected over $650,000 in legal fee from defendant KHERA without really achieving much. This is far in excess of what defendant would have had to pay in additional child and spousal support.

**213.** The wealth transfer is also carried out in favour of the wealthy perpetrator. CFDE operatives conspire to have all the marital wealth awarded to the male, husband, father, in violation of state and federal laws, with an explicit intention of defrauding the single, disadvantaged, disfavoured women, emigrants, women of color, and single mothers, as it is more likely that the male perpetrator will promote the interests of the CFDE enterprise.

## PATTERNS OF RACKETEERING ACTIVITY (18 USC 1961(5))

214. Defendants were associated with the enterprise, and knowingly, willfully and unlawfully conducted or participated, directly or indirectly, in the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 USC 1961(1), 1961 (5) and 1962(c) during the TEN (10) calendar years preceding the filing of this suit, and did co-operate jointly or severally in the commission of TWO(2) or more of RICO predicate acts in violation of 18 USC 1962(a), (c), (d) and 18 USC 1963. Defendants' regularly and repeatedly

---

[10] For instance, between 2007 – 2014, MORENO defendants, T&T Defendants, MILLEN, wilfully colluded with B&B Defendants, SCHREIBER, ELLIS, to delay resolution of the Fresno, and Santa Clara litigation and engaged in blatant abuse of process to generate over $800,000 - $1m in attorney fee for themselves, diverting all the money in community property to themselves in the form of attorney fee. When the money ran out, they reached a secret agreement with SCHREIBER, and B&B Defendants to drop the case without my approval, while CEDE FC-DCSS defendants maliciously, with an intent to injure me, and in dereliction of their duties, refused to provide the full range of their mandated duties to this Title IVD client, telling me to "go get an attorney".                                                      35 | P a g e

used the facilities and services of CDFE to engage in the substantive RICO violation alleged herein and they premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, in violation of the RICO law at 18 USC. 1962(a),(c),(d). The association-in-fact enterprise was not limited to the predicate acts and extended beyond the racketeering activity. CFDE existed separate and apart from the pattern of racketeering activity for the legitimate business purpose of divorce dissolution, but also for defrauding disadvantaged, disfavoured women like me. Defendants have had and do have, upon information and belief, legitimate business plans outside of the pattern of racketeering activity. Each defendant is functionally separate and independent from the CFDE, and work independently, but routinely agree to come together culpably to engage in fraud, ignoring the established law. The RICO laws are to be *liberally* construed. *Respondeat superior, the* principal is liable for agents' misconduct: knowledge of, participation in, and benefit from a RICO Enterprise, vicarious liability, accomplice liability, conspiratorial liability against all defendants. Liability is joint and several.

### GENERAL RICO ALLEGATIONS – 18 USC 1965 (5)

215. Defendants engaged in the following racketeering activities, as defined pursuant to 18 USC 1961(5), and 18 USC 1961(1)(B). The alleged predicate acts cluster around criminal collusion between CFDE operatives, and their wealthy clients.

### FIRST RICO CLAIM – FRAUD (18 USC 1962(c ))
Against ALL Defendants

216. I reallege and incorporate all the preceding paragraphs of this Complaint, and by reference, as if fully set forth herein. This claim is against all defendants for violation of 1962 (c)). Defendants violated RICO, I was injured as a result.

217. Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 USC 1961 (3). Each Defendant violated 18 USC. 1962(c) by the acts described in the prior paragraphs, and as further described below.

218. The Enterprise. Incorporated by reference *CFDE AS A RICO ENTERPRISE*. Each enterprise routinely engage in, has engaged in, and their activities routinely affect, and have affected, *INTERSTATE AND INTERNATIONAL COMMERCE*, and engaging in one or more *SCHEMES and ARTIFICES* to defraud.

219. Defendant *PARTIES* have engaged in a *PATTERN OF RACKETEERING ACTIVITIES*. Their corrupt acts are detailed in *ALLEGATIONS*.

220. I specifically allege that Defendants participated in the operation and management of the association-in-fact enterprise and the alternative enterprises by overseeing and coordinating the commission of multiple acts of racketeering as described below:

221. **Predicate Act: Use of Mails, Wires, and Banks to Defraud Me In Violation of 18 USC. 1341 and 1343, 1344:**

222. Between 2003 till date, Defendants committed acts constituting indictable offenses under 18 USC 1341 and 1343 in that they devised one or more *SCHEMES & ARTIFICES* to defraud me by means of false or fraudulent pretenses, representations or promises. In the execution of such *SCHEMES & ARTIFICES*:

238.1 Defendants caused delivery of various documents and things by the US mails or by private or commercial interstate carriers, or received therefrom. Defendants also used emails, faxes for such delivery, and communicated with each other, and with me using the mail, wire facilities. The unlawful motions, pleadings, orders directions were delivered to me in US, and in NZ thru mail. Defendants used wire services for Courtcalls, and efiling systems and Truefilings to communicate and transmit documents containing false information and fraudulent representations and orders. Threats, intimidation, blackmail and extortion was achieved using phone or email.

238.2 Defendants advertised their business, and made available online various documents, and court orders, via internet. Defendants used Courtcalls, efiling facilities, and Truefiling for transmission of instruments of fraud. During the hearings, and trials, myself, all defendants, their attorneys, and Judicial Officers had to speak into a microphone, and all the hearings/trials were recorded digitally as per the procedures of FC-DCSS.

238.3 The acts of Defendants set forth above were done with knowledge that the use of the mails or wires would follow in the ordinary course of business or that such use could have been foreseen, even if not actually intended. These acts were done intentionally and knowingly with the specific intent to advance Defendants' *SCHEMES & ARTIFICES*.

239  Defendants' shared objective was and continues to defraud me, and/or divert funds that were awarded to me in property, child support, and spousal support, to their own benefit or benefit of the enterprise. Defendants fraudulent conduct occurred on the dates and in the manner discussed in the *ALLEGATIONS*, using Mail and Wire fraud in commission of one or more predicate acts:

240  Between 2003 till date, Defendants have engaged in a conspiracy to deprive me of my property by committing Property Fraud as alleged in *Property Fraud thru Bribery & Corrupt Activities  (See Allegations), Tax Fraud & Money Laundering* (See *Obstruction of Justice under Allegations*). Their actions constitute indictable offenses under 18 USC 1341, 1343, 1344, 1509, 26 USC 7201, 7202 in that they devised or intended to devise one or more *SCHEMES & ARTIFICE* to defraud me of my property, and by failure to provide accurate and dependable tax returns on which accurate child and spousal support calculations and property division could be based. Then they defrauded of my property. Banks were involved in these acts. Specifically:

241  Between 2003 – Dec 2017, Defendants engaged in a conspiracy to commit Child Support Fraud as alleged in *Violation of Court orders, Child Support Fraud In Fresno, Fraudulent Judgments of 2008* (See *ALLEGATIONS*). Defendants also engaged in a conspiracy to commit Fraud related to Spousal Support, as alleged in *Spousal Support Fraud in Santa Clara, Blackmail, Coercion & Intimidation in Settlement Conference of 2007,  Fraudulent Judgments of 2008,  Fraud in Santa Clara Set Aside Judgments of 2008/Continuation os*

*Spousal Support, My Efforts to Void Judgments of 2008 for Fraud, and Lack of Jurisdiction, Fraud in Sixth Appellate District* (See *ALLEGATIONS*). Since Sept 2003, till date, every month, defendant KHERA received income from his employer into his bank account thru bank transfer enabled by a wire facility. He had self employment, investment income, and other income deposited into his bank directly, using wire facilities. Defendants conspired to help him evade Court ordered support payment of these monies held fraudulently in his banks, refusing to pay FC-DCSS or myself, the Court ordered support, thus depriving me of these funds.

242   Between 2003 till date, Defendants have conspired in commission of Property Related Fraud, as alleged in *Property Fraud Thru Bribery and Corrupt Activities*, *Fraudulent Judgments of 2008*, F*raud in Santa Clara Set Aside Judgments of 2008/Continuation of Spousal Support*, *My Efforts to Void Judgments of 2008 for Fraud and Lack of Jurisdiction*. (See *ALLEGATIONS*). Defendants also engaged in a conspiracy to commit Fraud related to Spousal Support, as alleged in *Spousal Support Fraud in Santa Clara County* (See *ALLEGATIONS*). Since Sept 2003, till date, every month, defendant KHERA received income from his employer into his bank account thru a wire facility. He had self employment, investment income, and other income deposited into his bank directly, using wire facilities. Defendants conspired to help him evade Court ordered support payment of these monies held fraudulently in his banks, refusing to pay FC-DCSS or myself, the Court ordered support, thus depriving me of these funds.

243   Between 2008 to 2014, defendants have conspired with each other to defraud me of money also by way of fraudulent attorney bills, Court Fee, Reporter's Fee in Fresno as well as previously alleged. MORENO Defendants, MILLEN, T&T Defendants used email services to transmit bills to me every month. They billed me atrociously and unlawfully for services that they never intended to perform, or for services that they never actually performed. In the commission of the CFDE conspiracy, PADUE, MORENO Defendants, MILLEN, T&T Defendants have communicated with me using phone and email services, and have been paid thru bank transfers and checks issued by my banks, involving wire, mail and bank fraud as these are defined under 18 USC 1341, 1343, 1344.

244   Defendants also engaged in extrinsic fraud, as alleged in *Fraud in Civil Litigation* (See *ALLEGATIONS*).

245   The acts of Defendants were done with knowledge that these actions would cause injury to me, and was intended to advance Defendants' *SCHEMES & ARTIFICES*. I have suffered INJURY by defendants' actions. I justifiably relied on defendants' false disclosures, bills, fraudulent representations, fraudulent orders. These unlawful actions of Defendants have foreseeably, directly, illegally, proximately caused and continue to cause injuries to me in my person, and in my business. But for defendants' such acts, I would not have been injured.

246   **Predicate Act: Breach of Fiduciary Duty  (Carpenter v United Stated (1987), 484, US 19):** I specifically allege that Defendants participated in the operation and management of the association-in-fact enterprise and the alternative enterprises by overseeing and coordinating the commission of multiple acts of racketeering as described below:

247   Between 2003 till date, the above mentioned Defendants have had absolute discretion or power delegated over the legal interests and assets that belonged to me. Defendants devised one or more *SCHEMES & ARTIFICES* and conspired to defraud me by means of false or fraudulent pretences, representations or promises, utilising mail, bank and wire, conspiring to breach their fiduciary duty to me, and thus committing fraud as per the definition established by [Carpenter v US (1987), 484, US 19), by violating their fiduciary duty to me *ALLEGATIONS*, which were contrary to my stated intentions; contrary to my interests; and contrary to my rights. Defendants, each one of them, conspired in the commission of one or more acts of fraud as averred in *ALLEGATIONS*.

248   I trusted defendants, each one of them, as each was an accountable professional. I trusted my attorneys, and the judicial officers to protect my assets and legal interests because these parties had control over my assets and legal interests. I was extremely vulnerable and dependent on these parties who had the power and discretion to make decisions about these assets and legal interests, and in which I reposed trust and confidence, especially given that I am not a lawyer, paralegal, or a Judge, and I had just arrived in US, had never had a divorce in my family, and was totally unaware of laws, proceedings and legal actions.

249   These defendants, each one of them owed a fiduciary responsibility to me, and to others like me, being a spouse, LCSA, attorneys-in-fact, Judicial officers and licensed professionals. Each one of them breached their fiduciary duty to me by engaging in conduct that was prohibited under federal and state laws, by entering in a series of conflicting relationships, and by intentionally causing INJURIES & DAMAGES to me.

250   The unlawful actions of Defendants, and each of them, have directly, illegally, proximately caused and continue to cause injuries to me in my person, and in my business. But for such actions of the defendants, I would not have been damaged.

251   **Predicate Act: Honest Services Fraud (18 USC 1346):** Defendants engaged in one or more Schemes and Artifices alleged to deprive me the intangible right of their honest services.

252   On information and belief, Defendants, and each of them, support and promote one another in perpetrating one or more SCHEMES & ARTIFICES actionable, including but not limited to fraud, bribery and/or kickbacks, wherein a quid pro quo is provided by the RICO defendants to persons unknown to me to assure that I would be effectively punished, silenced, discredited, and rendered ineffective in seeking appropriate child support, spousal support and property.

253   Specifically, these allegations have been averred in *ALLEGATIONS* and in *FIRST to FOURTEENTH* Causes of Actions. The conduct of each of these defendants constitutes the deprivation of the intangible personal property right to receive 'honest-services' for purposes of 18 USC 1346.

254   As an actual and foreseeable result, and direct and proximate cause of defendants' aforementioned conduct, I have suffered INJURIES & DAMAGES, to be further augmented, and proven at trial. But for these defendants and their alleged activities, I would not have suffered such damages.

**SECOND RICO CLAIM:  BRIBE OR CORRUPT INFLUENCE (18 USC 201)**
Against All Defendants

255   I re-allege, and incorporate all the preceding paragraphs of this Complaint, and by reference, as if fully set forth herein. Defendant violated RICO and I was injured as a result. Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 USC 1961 (3). Defendant violated 18 USC 1962(c) by the acts described in the prior paragraphs, and as further described below.

256   The Enterprise. Incorporated by reference *CFDE AS A RICO ENTERPRISE*. Each enterprise routinely engage in, has engaged in, and their activities routinely affect, *INTERSTATE AND INTERNATIONAL COMMERCE.* Defendants have engaged in a *PATTERN OF RACKETEERING ACTIVITIES,* participating in the operation and management of the association-in-fact enterprise and the alternative enterprises by overseeing and coordinating the commission of multiple acts of racketeering as described below:

*257* Defendants committed acts constituting indictable offenses under 18 USC 201. The use of mail, wire and bank services was foreseeable in commission of these offenses. Defendants also used banks to transfer the bribes, or other financial emoluments, considerations to one or more of those corruptly influenced or bribed.  See ALLEGATIONS for details and specificity. Each defendant bribed or corruptly influenced others or caused to be corruptly influenced, or agreed to be corruptly influenced by use of bribes, kickbacks, referrals, and other instruments of corruption in furtherance of one or more *SCHEMES & ARTIFICES* to defraud me within the meaning of 18 USC 201. Defendants used these bribed, kickbacks or other instruments of corruption to achieve illegal results. See *Bribing, Corruptly Influencing, Witness Tampering, Forgery, Threats, Blackmail & Extortion,* under *OBSTRUCTION OF JUSTICE* in *ALLEGATIONS.*

258   Upon information and belief, each defendant made use of the mails, wires, banks, and other means of interstate commerce corruptly influenced by use of bribes, kickbacks, referrals, and other payments one or more of my representatives, in furtherance of their scheme to defraud me within the meaning of 18 USC 201.

259   Defendants' failed to disclose the instruments of corruption and bribery to me. Such disclosure was material because I relied upon conduct of these people during my divorce proceedings and was injured as a consequence. These defendants received or provided bribes, kickbacks, referrals and other inducements to engage in fraudulent acts, and were in a position to injure me and to influence negotiations and outcome of the settlement. I justifiably relied upon Defendants' intentional concealment of the bribes, referrals, kickbacks, in that I continued to use the services of these defendants, including one or more such individuals who had received bribes, referrals, kickbacks, and other benefits. I did so in the justifiable belief that I receiving honest services from licensed professionals, and Judicial Officers. Defendants conduct was wilful, wanton, malicious, and oppressive and reasonably foreseeable. I justifiably relied on their false representations and was injured as a consequence.

260 Defendants' unlawful conduct has directly, legally, and direct, proximately caused and continues to cause *INJURIES & DAMAGES* to me in my business and/or property by their participation in CFDE. But for such conduct I would not have suffered the injuries and damages alleged.

## THIRD RICO CLAIM – MONEY LAUNDERING  (18 USC 1956, 1957)

261  I re-allege, and incorporate all the preceding paragraphs of this Complaint, and by reference, as if fully set forth herein. Defendant violated RICO and I was injured as a result. Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 USC 1961 (3). Defendant violated 18 USC 1962(c) by the acts described in the prior paragraphs, and as further described below.

262  The Enterprise. Incorporated by reference *CFDE AS A RICO ENTERPRISE*. Each enterprise routinely engage in, has engaged in, and their activities routinely affect *INTERSTATE AND INTERNATIONAL COMMERCE.* Defendants have engaged in a *PATTERN OF RACKETEERING ACTIVITIES*. Defendants participated in the operation and management of the association-in-fact enterprise and the alternative enterprises by overseeing and coordinating the commission of multiple acts of racketeering as described below:

263  All financial transactions involving racketeering acts are money laundering activities. See *TAX FRAUD AND MONEY LAUNDERING.*

264  . I reasonably and justifiably relied upon Defendants' false representations, false pretenses and deceptive communications and suffered foreseeable injuries. Defendants' such actions are the foreseeable, direct, proximate cause of my *INJURIES and DAMAGES*.  But for these actions, I would not have suffered these damages.

## FOURTH RICO CLAIM: INTERSTATE & FOREIGN TRAVEL & SALE & RECEIPT OF STOLEN GOODS, SECURITY, MONEY (18 USC. § 1952, 18 USC 2314, 2315)

265  I re-allege, and incorporate all the preceding paragraphs of this Complaint, and by reference, as if fully set forth herein. Defendant violated RICO and I was injured as a result. Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 USC 1961 (3). Defendant violated 18 USC 1962(c) by the acts described in the prior paragraphs, and as further described below.

266  Defendants are members of the *CFDE AS A RICO ENTERPRISE*, engaged in *INTERSTATE AND INTERNATIONAL COMMERCE.* Defendants have engaged in a *PATTERN OF RACKETEERING ACTIVITIES* and participated in the operation and management of the association-in-fact enterprise by overseeing and coordinating the commission of multiple acts of racketeering as described below:

267  Defendants committed acts constituting indictable offenses under 18 USC 1952, 2314, 2315, in that, having devised or intended to devise a *SCHEME & ARTIFICE* to defraud me, Defendants travelled internationally to promote, manage and facilitate the continuation of their scheme, and received stolen securities, goods, money and invested the same illegally. See *ALLEGATIONS* for specificity.

268 Defendants conspired between themselves to give defendant KHERA 100% control of my property, and to help him violate Court Orders, and evade child and spousal support payments. To achieve this, defendants KHERA travelled to India, and to Australia several time, to perform one or more illegal acts.

269 Defendants transported or caused to be transported in interstate or foreign commerce money having a value of $5000 or more, received money, and jewellery that was stolen, converted or taken by fraud. Defendants also committed acts constituting indictable offenses under 18 USC 2315 in that they received money in excess of $5000, which crossed a State or United States boundary after being stolen, unlawfully converted or taken. The acts of Defendants set forth above were done willfully and with knowledge that the money was stolen, converted or taken by fraud, with the specific intent to advance Defendants' *SCHEMES & ARTIFICES.*.

270 Defendant KHERA et al were fiduciaries. I reasonably and justifiably relied upon Defendants' false representations, false pretences and deceptive communications, and am damaged as a direct and proximate result of Defendants' participation in such enterprise. Defendants' participation and commission of such crimes, is the foreseeable, direct, proximate cause of my *INJURIES & DAMAGES*. But for such actions, I would not have suffered these injuries.

### FIFTH RICO CLAIM : IMMIGRATION FRAUD (18 USC 1451)
Against KHERA

271 I re-allege, and incorporate all the preceding paragraphs of this Complaint, and by reference, as if fully set forth herein. Defendant violated RICO and I was injured as a result. Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 USC 1961 (3). Defendant violated 18 USC 1962(c) by the acts described in the prior paragraphs, and as further described below.

272 Defendants are part of CFDE. *CFDE AS A RICO ENTERPRISE* routinely engages in *INTERSTATE AND INTERNATIONAL COMMERCE.*Defendants have engaged in a *PATTERN OF RACKETEERING ACTIVITIES*. Defendants participated in the operation and management of the association-in-fact enterprise and the alternative enterprises by overseeing and coordinating the commission of multiple acts of racketeering as described below:

273 Defendant's false declaration (See *IMMIGRATION FRAUD* under *ALLEGATIONS*) constitutes immigration fraud under 18 USC 1425, 18 USC 1015, subject to revocation under 18 USC 1451 and constitutes a racketeering act as defined under 18 USC 1961(1). Had defendants been truthful, and honest, defendant KHERA would have been forced to pay past due child support, simply in an effort to reap the benefits of the US immigration. Defendants' dishonesty in immigration application represents a crime against United States, which dishonesty the CFDE concealed, and protected. This crime actually has injured me as it has prevented me from collecting appropriate support and property division.

274  I justifiably relied on defendants' false pretenses and was injured as a consequence. Defendants corrupt actions as outlined above, are the direct, proximate cause of my foreseeable INJURIES & DAMAGES. But for these acts, I would not have continued to suffer these injuries.

### SIXTH RICO CLAIM : OBSTRUCTION OF JUSTICE  (18 USC 1500 et seq)

275  I re-allege, and incorporate all the preceding paragraphs of this Complaint, and by reference, as if fully set forth herein. Defendant violated RICO and I was injured as a result. Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 USC 1961 (3). Defendant violated 18 USC 1962(c) by the acts described in the prior paragraphs, and as further described below.

276  Defendants engaged in *CFDE AS A RICO ENTERPRISE*. CFDE routinely engages in, and their activities routinely affect, and have affected, *INTERSTATE AND INTERNATIONAL COMMERCE.* Defendants have engaged in a *PATTERN OF RACKETEERING ACTIVITIES,* participating in the operation and management of the association-in-fact CFDE by overseeing and coordinating the commission of multiple acts of racketeering as described below:

277  Over the past 15 years, defendants have engaged in obstruction of Justice by way of perjury, violation of court orders, forgery, and threatening, blackmail, domestic violence etc. For factual allegations, and specificity, see *OBSTRUCTION OF JUSTICE,* under *ALLEGATIONS*. A few predicate acts are raised here:

278  Defendants committed acts constituting indictable offenses under 18 USC 1503, 1505 in that, having devised or intended to devise one or more *SCHEMES & ARTIFICES* to defraud me, defendants engaged in **Corruptly Influencing Officers** to achieve their goals. engaged in **Obstruction of Court Orders** in violation of  (18 USC 1509, 18 USC 228, CCP 1209: CCP 1209 (a) (4)) to culpably violate or cause violation of, or assist in violation of ATRO orders of 2003, Support orders of 2003, Judge Cox's order of 2006, Judge DAVILA's order of 2008, COMMISSIONER DUNCAN's orders of 2008, and Judge Allen Hill's order of 2014. Defendants devise one or more *SCHEMES & ARTIFICES*  to defraud me  by means of *Witness Tampering* in matters related to child support, spousal support, property, and custody of children. Defendants defrauded me **Forgery** of documents, prohibited under 10 USC 923 and by engaging in acts of **Blackmail and Extortion**, which acts constitute indictable offenses under (18 USC 873, 875(d)).

279  Defendants generally devised one or more SCHEMES & ARTIFICES to culpably defraud me by means of bad faith litigation tactics, unreasonably and maliciously prosecuting without probable cause, with the intent to procure illegal benefits for themselves, for each other, and the CFDE enterprise as a whole, engaging in **Abuse of Process**. They participated in commission of acts in violation of 18 USC 1621, 1623, by way of making oral or written **False Statements &/or Declarations**, false representations to various Superior and Appellate Courts under oath to promote, manage and facilitate the continuation of their scheme (**Perjury**).

### SEVENTH RICO CLAIM – DEPRIVATION OF CIVIL RIGHTS (42 USC 1983, 1985)

280  I incorporate all the preceding paragraphs of this Complaint, and by reference, as if fully set forth herein. See *ALLEGATIONS* for specificity. Defendants violated RICO and I was injured as a result.

281  Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 USC 1961 (3). Each Defendant violated 18 USC 1962(c) by the acts described in the prior paragraphs, and as further described below. Defendants are part of an enterprise as defined in *CFDE AS A RICO ENTERPRISE*

282  Each enterprise routinely engages in *INTERSTATE AND INTERNATIONAL COMMERCE* and *PATTERN OF RACKETEERING ACTIVITIES*. Defendants participated in the operation and management of the association-in-fact enterprise and the alternative enterprises by overseeing and coordinating the commission of multiple acts of racketeering as described below:

283  Defendants impaired my right to contract by threatening, intimidating, and coercing me into the marital settlement agreement. Their actions violate freedom to contract by creating a completely "unconscionable marital settlement agreement", which no person in their right mind would enter, and which is totally void of "quid pro quo" redemption.

284  Defendants' wilfully, maliciously, with an intent to injure me, deprived me of my right to my property guaranteed under the fifth amendment, my right to petition and trial.

285  CFDE Defendants employed various Schemes and Artifices, mails and/or interstate wires, and engaged in racketeering activity culpably intending to deprive me of my rights 18 USC 1962 (d); 18 USC 1341; 18 USC 1343; 18 USC 1346; 18 USC 1349; Federal Constitutional law, Article 1 Section 10; Bill of Rights – First, Fifth, and Fourteenth Amendment); 42 USC 1981; 42 USC 1982; 42 USC 1985 (3); 42 USC 1986; 42 USC 1988 (a)-(c )

*286*  Defendants, each one of them, conspired to deter me, by threat of sanctions, for the purpose of impeding, hindering, obstructing, or defeating, in some manner, the due course of justice, with intent to deny me the equal protection of the laws guaranteed under fourteenth amendment to injure me in my property, and prevent me from lawfully enforcing, or attempting to enforce, my rights, as a pro per litigant, single mother, to the equal protection of the laws related to child support, spousal support, property and custody of children. Defendants continue to conspire to deprive me of my rights to my property, spousal support, and child support. See *ALLEGATIONS.*

287  I reasonably and justifiably relied upon Defendants' false representations, false pretences and deceptive communications, and their threats and intimidation, that have caused foreseeable damage to me. Defendants' such actions are the direct, proximate cause of my *INJURIES and DAMAGES* in matters related to child support and spousal support.  But for these actions, I would not have suffered these damages.

### EIGHTH RICO CLAIM – FORGERY (1963; 10 USC 923)
AGAINST KHERA, DEVANI, PARDUE

288  I incorporate all the preceding paragraphs of this Complaint, and by reference, as if fully set forth herein.

289   Defendants violated RICO and I was injured as a result. Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 USC 1961 (3).

290   Each Defendant violated 18 USC 1962(c) by the acts described in the prior paragraphs, and as further described below.

291   Defendants are members of a corrupt enterprise  - See *CFDE AS A RICO ENTERPRISE.* CFDE routinely engages in and affects *INTERSTATE AND INTERNATIONAL COMMERCE*. Defendants have engaged in a *PATTERN OF RACKETEERING ACTIVITIES*. Defendants participated in the operation and management of the association-in-fact enterprise and the alternative enterprises by overseeing and coordinating the commission of multiple acts of racketeering as averred in *ALLEGATIONS.* In commission of racketeering activities, defendants have forged documents, and presenting these forged instruments to officials. Specifically:

292   In August 2007, or thereabouts, defendant PARDUE wilfully, knowingly fabricated/forged a Substitution of Attorney form and filed it with the Court. Between 2007 till date, defendants DEVANI and KHERA have engaged in *IDENTITY THEFT* (See *ALLEGATIONS*), and in forgery of official documents with the intention of defrauding me.

293   Between 2003 till date, CFDE defendants have intentionally, culpably, conspired - either directly, or indirectly, by supporting others - to conceal and suppress this information, with the intention of protecting the abovementioned defendants, in the best interests of the CFDE, in violation of federal and state laws. As a consequence, I suffered *INJURIES & DAMAGES*. Defendants' such actions are foreseeable, direct, and proximate cause of my injuries. But for defendants' such actions I would not have suffered these injuries.

### NINETH  RICO CLAIM – FRAUD - INVESTING THE PROCEEDS OF RACKETEERING ACTIVITIES (1962(a))
#### Against all Defendants

294   I re-allege, and incorporate all the preceding paragraphs of this Complaint, and by reference, as if fully set forth herein. Defendants violated RICO and I was injured as a result. Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 USC 1961 (3). Each Defendant violated 18 USC 1962(c) by the acts described in the prior paragraphs, and as further described below

295   The Enterprise. Incorporated by reference *CFDE AS A RICO ENTERPRISE*. Each enterprise routinely engages in and affects *INTERSTATE AND INTERNATIONAL COMMERCE* and the defendants have engaged in a *PATTERN OF RACKETEERING ACTIVITIES* using and invested income that was derived from a pattern of racketeering activities in an interstate enterprise. Specifically: The acts mentioned herein are averred in *ALLEGATIONS,* with specific dates and times.

296   Between 2003 – 2008, Defendants conspired with DEVANI and KHERA to illegally sell community assets, and or transfer community funds illegally, and invested them in long term investments in US and overseas, concealed for tax purposes. The tax fraud and money laundering activities injured me.

297   Every month, defendant KHERA has received employment and self employment income, but defendants have conspired to help defendant KHERA violate support orders and conceal income. Defendant KHERA is

delinquent in millions of dollars in support payments. Defendants are accessories to the crime of evasion of support payments.

298 The combined proceeds from such racketeering activities were diverted into businesses operated by defendant DEVANI and KHERA, including but not limited to HEALTHY MASALA, and DIVINE ARTS & ENTERTAINMENT from these funds, which were used as a front to generate cash based businesses, on which money no appropriate tax, or child and spousal support was paid, extending money laundering operations. (previously averred in *MONEY LAUNDERING (18 USC 1957))*.

299 These proceeds, were invested by the Defendants in purchase of a property in San Jose in 2004, for $600,000 and purchase of the Cupertino residence in 2006. The rental income from these properties was reinvested in the CFDE enterprise to engage in additional racketeering activities and also to pay the CFDE attorneys who then used their influence to bribe, or corruptly influence Judicial Officers, to continue helping defendants KHERA et al in their racketeering activities. As a foreseeable, direct and proximate result of the Defendants' racketeering activities and violations of 18 USC 1962(a), I have been injured in my business and property as alleged in *INJURY & DAMAGES*. But for such actions, I would not have been injured.

### TENTH RICO CLAIM – CONSPIRACY TO VIOLATE FEDERAL CIVIL RICO (18 USC 1962(d), 1349)
Against all defendants

300 I re-allege, and incorporate all the preceding paragraphs of this Complaint, and by reference, as if fully set forth herein. Defendant violated RICO and I was injured as a result. Each Defendant is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 USC 1961 (3). Defendant violated 18 USC 1962(c) by the acts described in the prior paragraphs, and as further described below.

301 The Enterprise. Incorporated by reference *CFDE AS A RICO ENTERPRISE*. Each enterprise routinely engage in, has engaged in, and their activities routinely affect, and have affected, *INTERSTATE AND INTERNATIONAL COMMERCE.* Defendants have engaged in a *PATTERN OF RACKETEERING ACTIVITIES*.

302 Defendants participated in the operation and management of the association-in-fact enterprise and the alternative enterprises by overseeing and coordinating the commission of multiple acts of racketeering as described below:

303 As set forth above, the defendants agreed and conspired to violate 18 U.S.C. 1962(a) and (c), In violation of 18 USC. § 1962(d), the defendants, each of them, knowingly, willfully, and unlawfully conspired to facilitate one or more *SCHEMES & ARTIFICES* in support of operation or management of a RICO enterprise through a pattern of racketeering activity. Specifically:

304 The conspiracy commenced at least as early as 2000 and is ongoing. The conspiracy's purpose was to illegally promote the interests of the enterprise as alleged in ALLEGATIONS.

305 Defendants reached an agreement between themselves to obstruct the lawful functioning of the Santa Clara and Fresno Courts, and the Fifth and Sixth Appellate Districts, to commit overt acts as described, in furtherance of

one or more *SCHEMES & ARTIFICES*. The *SCHEMES & ARTIFICES* were designed to frustrate the legitimate functioning of the Superior Courts.

306 Each Defendant committed at least two acts in furtherance of such conspiracy. These acts in furtherance of the conspiracy included, misleading me as to the true value of community assets, true value of child and spousal support, participating in illegal communications, negotiations and litigation for such litigation, traveling in foreign commerce to facilitate and manage these schemes to defraud me, and facilitating the payment of one or more instruments of corruption, including bribery, kickbacks, referrals etc, bank, mail and wire fraud, identity theft, obstruction of justice, tax fraud, money laundering, immigration fraud, breach of fiduciary duty, forgery, money laundering, deprivation of my civil rights, and all others as alleged under First to Fourteenth Cause of Action, and in *ALLEGATIONS*.

307 Predicate Act: Mail, Wire and Bank Frauds, as averred in *Use of Mails and Wires to Defraud me in Violation of 18 USC 1341 and 1343*, incorporated herein as if fully set forth herein.

308 Predicate Act: Bank Fraud, as averred in *Bank Fraud (18 USC 1344),* incorporated herein as if fully set forth herein.

309 Predicate Act: Property Fraud, as averred in *Property Fraud Using Bank, Mail and Wires, and Bribery*, incorporated herein as if fully set forth herein,

310 Predicate Act: Bribery, as previously averred in *Bribery or Corruptly Influencing (18 USC 201)*incorporated herein as if fully set forth herein,

311 Predicate Act: Alteration and Falsification of Documents, as previously averred in *Alteration and Falsification of Documents (18 USC 1519)* incorporated herein as if fully set forth herein,

312 Predicate Act: Obstruction of Justice, as previously averred in *Obstruction of Justice (18 USC 1500 et seq)*, incorporated herein as if fully set forth herein,

313 Predicate Act: Interstate and foreign travel in aid of racketeering activities, as previously averred *Interstate and Foreign Travel in aid of Racketeering (18 USC 1952)* incorporated herein as if fully set forth herein,

314 Predicate Act: Sale of Receipt of Stolen Securities, Money, as previously averred in *Sale of Receipt of Stolen Securities, Money  (18 USC 1952)*, incorporated herein as if fully set forth herein,

315 Predicate Act: Transport and Receipt of Stolen Money, as previously averred in *Transport and Receipt of Stolen Money* (18 USC 2314 and 2315), incorporated herein as if fully set forth herein,

316 Predicate Act: Tax Fraud, as previously averred in *TAX FRAUD BY MAIL, WIRE FRAUD ( 26 USC 7201, 7202, 18 USC 1341, 1343)* incorporated herein as if fully set forth herein,

317 Predicate Act: Immigration Fraud, as previously averred in *IMMIGRATION FRAUD (18 USC 1451),* incorporated herein as if fully set forth herein,

318 Predicate Act: Breach of Fiduciary Duty, as previously averred in *BREACH OF FIDUCIARY DUTY (Carpenter v United States (1987), 484, US 19)* incorporated herein as if fully set forth herein,

319 Predicate Act: Money Laundering, as previously averred in *MONEY LAUNDERING (18 USC 1957)*, incorporated herein as if fully set forth herein,

320 Predicate Act: Deprivation of Civil Rights, as previously averred in *DEPRIVATION OF CIVIL RIGHTS*, incorporated herein as if fully set forth herein,

321 Predicate Act: Deprivation of Civil Rights, as previously averred in *HONEST SERVICES FRAUD*, incorporated herein as if fully set forth herein,

322 Predicate Act: Fraud, as previously averred *in FRAUD - INVESTING THE PROCEEDS OF RACKETEERING ACTIVITIES (1962(a))*, incorporated herein as if fully set forth herein,

323 The Defendants have intentionally conspired and agreed to directly and indirectly use or invest income that is derived from a pattern of racketeering activity in an interstate enterprise, through a pattern of racketeering activity, and conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above. That conduct constitutes a conspiracy to violate 18 USC 1962(a) and (c), in violation of 18 USC 1962(d). Defendants have attempted to, and have in fact been successful in defrauding me of appropriate child support, spousal support, property, worth millions of dollars, and must be subjected to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy (18 USC 1349).

324 Defendants engaged in other non predicate acts. Specifically:

  324.1 As a consequence of the conspiracy, I have been defrauded of millions of dollars in support payments, for property division, attorney fee. In order to intimidate me, defendants filed false police reports, and engaged in domestic violence, for which I had to incur significant expenses. Defendants' actions also causes significant damages as alleged in Causes of Actions 1 thru 14.

  324.2 Defendant KHERA is guilty as a principle under (s2a). Defendants, each one of them, conspired in the commission of the alleged crimes, and aided, abetted, comforted, and concealed his crimes. Hence, the aforementioned defendants are punishable as principals under 18 USC 2a. Each defendant was/is aware that the actions of other named, unnamed, and factiously named defendants in this complaint represented/represents a felony cognizable according to constitutional, federal or state laws. Each defendant concealed the same in violation of 18 USC 4. Between 2003 till date, each defendant has attempted to incite Judicial Officers and Appellate Level Justices to rebel against the constitution by and thru seeking, failing to object to, filing, and refusing to void the Judgments of 2008 made as a consequence of fraud, fraudulent representations, fraud upon the court and in clear absence of jurisdiction. Such actions represent insurrection and rebellion against the constitution under 18 USC 2383.

325 As a foreseeable, direct and proximate result of Defendants' conspiracy, and the predicate and non predicate acts in furtherance of that conspiracy, and violations of 18 USC 1962(d), I have been injured. But for defendants' conspiracy, I would not have suffered these *INJURIES & DAMAGES*.

FAC                                                                                                    48 | P a g e

326 **CONTINUITY**: The pattern of activity has continued across Santa Clara, Fresno Counties with similar patterns alleged in LA, Sacramento Counties, threatened to be repeated and extended indefinitely into the future. It has the same or similar purpose, the same results, the participants are always the members of the CFDE cartel, and the victims are always the same or similar – disadvantaged, pro se victims, usually single mothers, women of color, participants of divorce litigation. The result is always the deprivation of rights, miscarriage of justice, and the end result is wealth transfer to CFDE operatives. The methods of commission of these crimes are almost always as in *SCHEMES & ARTIFICES*. The victims may differ with time, but the underlying scheme are interrelated by distinguishing characteristics and are not isolated events despite the appearances, each event being a part of an overall conspiracy and *pattern of racketeering activity*.

345.**INJURIES:** Due to the conspiracy related to non payment of support, childcare, and violations of custody schedule, property fraud, I was unable to pursue my education and my career in an appropriate manner. I lost several jobs, and referrals due to my inability to afford appropriate childcare, it interfered in my education, and my ability to work, increased my expenses, forced me to spend all my savings on the children's education, lifestyle, medical, tutoring and childcare costs, and incur attorney fee in Santa Clara and Fresno, I was defrauded of millions of dollars in property. Defendant has transferred all the fines and penalties to me, I was paid less than what I deserved while defendant KHERA enjoyed the benefits of tax refund that were essentially paid by me, defendants took control of my ETrade and Schwab Brokerage Accounts (that had been allocated to me in 2008), I have suffered a loss of over $451,000 in the ETrade Brokerage Account that was allocated to me. My losses in Schwab Brokerage Account are similar or more. There is currently a debt of over $270,000 in the ETrade account, the Schwab funds were liquidated, and I have been denied access to the account, or the funds allocated to me, since 2007, a DLF 4109 property worth has been illegally transferred to defendant and defendant KHERA continues to retain full control over *all community property.*

**346.** I was forced to relocate to New Zealand and incurred significant expenses. I and the children had to seek mental health treatment at a significant expense to me, suffered public loss of reputation, pain and suffering, and severe mental health issues, and emotional distress. I was forced to constantly travel from Fresno to Santa Clara County, sometimes as often as 8 – 10 times a month, for 15 years for legal proceedings. I had to incur substantial expenses in having my younger son freed from police custody in 2016.

**347.**In addition to the above, I was forced to incur personal debts of over $450,000. I have bank debts of over $450,00 caused directly by defendants misconduct, and additional direct losses from real estate depression in India, exceeding $400,000. I have paid over $400,000 in attorney fee. These are *some* consequential damages.

**348.** There are other injuries, and the injuries are ongoing as defendant continues with his misconduct. The complete details, evidence, and actual amounts will be provided at the time of the trial.

**349.** **DAMAGES:** I seek an award of injunctive, declaratory, material, punitive damages as per the law. The injuries are ongoing. An exact monetary amount to be determined and proven at the trial.

**Prayer for Relief : Declaratory and Injunctive Relief**

350. I request the Court declare the CFDE as a racketeering enterprise, ordering immediate dissolution of the same under 18 USC 1964(a) and exercising its equitable powers pursuant to the Civil Rights Criminal and Civil Statutes and FRCP Rules 57 and 65, enjoin defendants from a further deprivation of my aforementioned rights;

351. I request that this Court declare the Judgment of 2008 and any and all orders derived from, or based on Judgment of 2008, void based on based on 18 USC 666(a)(9)(c) and Civ Code 1710.

352. I request that the Court order CFDE attorneys disbarred for flagrant CRPC and BPC violations, or referred to State Bar for disciplinary actions pursuant to BPC 6086.7(c ) for breach of CRPSs and Business and Professional Codes, that licenses of defendants SCHUSTER and WHITE be suspended or they be referred to their respective licensing board for investigation and discipline. I request that defendants DAVILA, ZAYNER, GREEN, KAPETAN be referred to the judicial Commission of California for wilful and intentional violations of federal, state and constitutional laws in violation of 2383,

**Prayer for Relief : Material Relief**

353. For First – Fourteenth Cause of Action, damages in the amount to be determined by offer of proof at trial.

354. Punitive damages as a deterrent, and appropriate criminal penalties for under 1962(a), (c), (d), 1963

355. For each RICO claim pursuant to section 1964(a),(c),(d), treble damages for RICO injuries, uncluding but not limited to, in the actual amount in unpaid child and spousal support, attorney fee for the underlying actions, to be determined by offer of proof at trial, attorneys' fees and costs under Title 18, 28, and 42, damages arising from lost profits and/or lost work/business opportunities attributable to defendants' RICO acts.

356. Equitable remedy of disgorgement/forfeiture for profits earned by B&B Defendants, and defendants SCHREIBER, ELLIS, SCHUSTER, WHITE, also ordering refund of attorney fee paid to PARDUE, MORENO Defendants, MILLEN, T&T Defendants.

357. Other Declaratory, Injunctive, and Prospective Relief or other remedies that Court may consider appropriate,

358. Alternately, in the event that Federal Court refuses to assert jurisdiction, I request that the case be transferred to State Courts.

**CERTIFICATION & CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

FAC

MADHU SAMEER, Plaintiff, Self Represented, 2/7/2018