UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADHU SAMEER,<br><br>Plaintiff,<br><br>v.<br><br>SAMEER KHERA, et al.,<br><br>Defendants. | No. 1:17-cv-01748-DAD-EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 156) |

On September 22, 2018, plaintiff filed a redacted version of the second amended complaint, in which she attempted to redact some of defendants' personally identifiable information, such as home addresses. (Doc. No. 153.) However, those redactions did not effectively shield that information from disclosure. In addition, plaintiff did not attempt to redact the full birthdates of other individuals named in the second amended complaint. After finding that this document was in violation of Federal Rule of Civil Procedure 5.2(a), Local Rule 140, and the court's prior order, the court ordered that the redacted second amended complaint be sealed and stricken from the court's docket. (Doc. No. 155.) The court also revoked plaintiff's permission to file documents electronically. (*Id.*) On September 25, 2018, plaintiff moved for reconsideration of that order. (Doc. No. 156.)

Plaintiff has provided no basis for the court to reconsider its prior order. As to her attempted redactions of defendants' home addresses, plaintiff asserts that it is "**impossible** to

1

extract the address" from the filing due to her redactions. As the court explained in its prior order, this is simply incorrect. Plaintiff also states that her redactions are unnecessary in any event. As to the home addresses of defendants, she states that all the addresses were procured from the Internet, and are therefore not confidential. As to the birthdates of her children, she states that it was unnecessary to redact them because her children are now emancipated, and that at least two of her children have no objection. However, neither the Federal Rules of Civil Procedure nor the Local Rules in the Eastern District of California draw such distinctions. It does not matter whether the addresses could be obtained from an alternative source, nor does it matter whether her children have been emancipated. All such information must be redacted, and plaintiff has repeatedly failed to do so in her filings. The court is therefore unpersuaded that plaintiff's electronic filing privileges should be reinstated.

In the alternative, plaintiff requests that the court extend the hearing date to accommodate the increased time it will take her to file her documents through the mail. However, the hearing on this matter remains more than a month away, providing plaintiff with adequate time to file her oppositions. In addition, the court notes that this hearing has been repeatedly continued, and was originally noticed for August of this year. Plaintiff has been provided with ample time to respond to the pending motions. The fact that plaintiff is required to respond to many motions to dismiss is not an adequate reason to further postpone the hearing—plaintiff has chosen to name many defendants in this action, and must be prepared to litigate against all of them simultaneously.

For these reasons, plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: **September 28, 2018**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE