1  BRADLEY A. BENING - 104221
   BRUCE D. MacLEOD - 130860
2  WILLOUGHBY, STUART, BENING & COOK, INC.
   50 W. San Fernando St., Suite 400
3  San Jose, California 95113
   Telephone: (408) 289-1972
4  Facsimile: (408) 295-6375
   brad@wsbclawyers.com
5  bruce@wsbclaywers.com

6  Attorneys for Defendant
   WILLIAM PARDUE

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10 MADHU SAMEER,                    Case No. 1:17-CV-01748-DAD-EPG

11              Plaintiff,          **REPLY BRIEF MEMORANDUM OF
                                    POINTS AND AUTHORITIES IN
12 vs.                             SUPPORT OF MOTION TO DISMISS
                                    SECOND AMENDED COMPLAINT
13 SAMEER KHERA, et al.,            [F.R.C.P. 12(b)(6)]**

14              Defendants.

15                                  Complaint Filed: December 26, 2017
                                    Trial Date: None Assigned

16

17                    **I.  INTRODUCTION**

18        Plaintiff's extended efforts to fashion an Opposition to Defendant William Pardue's motion

19 to dismiss fail for multiple reasons as specified below, not the least of which are an inability to focus

20 on the actual claims in the *Second Amended Complaint* ("*SAC*") against Mr. Pardue as opposed to

21 the dozens of other defendants, and her repeated "default" position, when all else fails, that Mr.

22 Pardue was part of a large, ill-defined, amorphous conspiracy.  Many of the failings of "*Plaintiff's*

23 *Opposition to Pardue's Motion to Dismiss*" ("*Opposition*") are partially obscured by the Plaintiff's

24 inability to comply with basic pleading requirements such as complete Tables of Authority or

25 providing citations to support legal claims.[1]

26 _____

27 [1]   While the problem is widespread, plaintiff promotes at least three theories without citing legal authority on
        pages 3 and 4 of the *Opposition*, including her claims (1) that the Rooker-Feldman doctrine is "inapplicable
28      when the alleged injury is distinct from the judgment", (2) that the case can be pursued because "prosecutions
                                                                                    (continued...)

WILLOUGHBY, STUART, BENING & COOK

1    Defendant William Pardue's status in this action is unique because, perhaps unlike any of the

2  other defendants, the Plaintiff has already sued him for many, if not all, of the same acts she now

3  alleges in the *SAC*, and that case was litigated, settled and a Request for Dismissal with prejudice

4  filed by the Plaintiff and her then counsel.  However, Mr. Pardue's unique status appears to be

5  overlooked in the *Opposition*.

6    Defendant William Pardue's Motion to Dismiss should be granted because the Reply fails on

7  several key levels:

8  1.    For all of her claims about continuing conspiracies, Plaintiff cannot change the basic

9        fact that the claims against Mr. Pardue all arise out of the "2008 Judgments" which

10       were same the basis as her prior malpractice claims, and other than as a defendant in

11       the prior lawsuit brought by the Plaintiff, Mr. Pardue has had no contact with the

12       claims since that case settled.  The result is that the claims are barred by the statute of

13       limitations.

14  2.    The "new" facts alleged in the *Opposition* – e.g., that Mr. Pardue had not blocked out

15       dates of trial on his calendar (*Opposition*, p. 21) -- do not show that Mr. Pardue can

16       be held liable for the acts alleged given the prior lawsuit.

17  3.    The *Opposition* expends substantial efforts related to the Release and Settlement

18       Agreement ("Release") the Plaintiff signed at the end of her prior lawsuit against Mr.

19       Pardue.  The Release was not a part of Defendant Pardue's *Memorandum of Points*

20       *and Authorities in Support of Motion to Dismiss Second Amended Complaint*

21       *[F.R.C.P. 12(b)(6)]* ("*MPA*"), but the facts admitted by the Plaintiff further support

22       Defendant's motion.

23  4.    Plaintiff has not shown that the statute of limitations contained in California Code of

24       Civil Procedure §340.6 does not apply to bar all claims other than actual fraud, and

25       that the 3 year fraud statute was likely triggered in 2008, and certainly no later than

---

[1](...continued)
can be brought by 'dual sovereigns", and (3) "[u]nder the Private Attorney General Doctrine, I  can prosecute
defendant twice 'for the same offence'."

WILLOUGHBY, STUART, BENING & COOK

1    February of 2014 when she dismissed with prejudice the prior lawsuit.

2    5.    The Dismissal with Prejudice of the prior lawsuit operates as a retraxit, and the

3          current claims are barred pursuant to the doctrine of res judicata.

4    6.    Plaintiff's willingness to flout the court's procedural rules, justifying an award of

5          sanctions and/or fees, is exemplified by her "incorporation" of arguments contained

6          in other briefs to avoid what she acknowledges is a 25 page limit on her brief.[2]

## II.  RESPONSE TO FACTUAL ALLEGATIONS

8    The *Opposition* contains numerous factual allegations, without any citation to the Complaint,

9    or even to documents supplied with the *Opposition*.

10   In he "Factual Background" section of the *Opposition* (*Opposition, pp.1-2),* many of

11   these "facts" merely reinforces that the allegations against Mr. Pardue all relate to actions he

12   allegedly took prior entry of the "2008 Judgments.  For example, numbered paragraphs #1-

13   #4 all describe alleged actions by Mr. Pardue in representing the Plaintiff "in 2006/2007".

14   *Id.*, p.8.  The remainder of the section relates to actions between  2006 and May of 2008, and

15   specifically alleges that "in 2008, Judith Soley, my child support attorney, advised me to file

16   a legal malpractice suit and drafted the first legal malpractice complaint, filed in 2008."

17   *Opposition*, p. 2.  Given that the trigger for several of the statutes of limitations addressed by

18   the *MPA* is when a party has facts suggesting the wrong, or similar standards, these

19   additional facts reinforce the Defendant's arguments rather than defeat them as the Plaintiff

20   appears to believe. a "suspicion of wrongdoing".  (See, e.g., *Jolly v. Eli Lilly & Co.* (1998) 44

21   Cal. 3d 1103, 1111 [3 year statute of limitations for fraud triggered by a suspicion of wrongdoing].)

## III.  ANALYSIS

23   **A.    The Standard Governing Rule 12(b)(6) Motions.**

24   As stated in Defendant's moving papers, a motion to dismiss under Federal Rule of Civil

---

26   [2]   For example, under the headings "continuing offence doctrine" and "criminal offense/civil liability", the
*Opposition* merely states that the issue is addressed in "*Plaintiff's Opposition to Ellis Motion to Dismiss"*.  See,
27   *Opposition* p. 5.  Later, she refers to a 10 page section of *Plaintiff's Opposition to ELLIS's Motion to Dismiss*
("*Ellis Opposition"*) for details of her arguments related to actions other than negligence.  *(Opposition*, p.19.)
28   Still later, the *Opposition* states: "See *Void Judgments of 2008 & Fraud Upon the Court* (page 21-24) in [*Ellis
Opposition*] incorporated herein as if fully set forth herein."  *Opposition*, p. 22.

WILLOUGHBY, STUART, BENING & COOK

1   Procedure 12(b)(6) is warranted if the pleadings fail to state a claim upon which relief can be

2   granted.  While "[the court's] inquiry is limited to the allegations in the complaint, which are

3   accepted as true and construed in the light most favorable to the plaintiff" (*Lazy Y Ranch LTD v.*

4   *Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)) , in light of the *Opposition* in this case, case law advises

5   that a court need not accept as true unreasonable factual inferences or conclusory legal allegations

6   cast in the form of factual allegations.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

7   Cir. 2001).

8   **B.    Plaintiff Claims Are Barred Under the Doctrine of Res Judicata.**

9   **1.    Plaintiff's arguments that the prior lawsuit against Mr. Pardue is not**
     **"res judicata" are based on an inaccurate understanding of federal case**
10   **law on claim preclusion principles in diversity actions.**

11   The first argument in Defendant's *MPA* demonstrating that the motion to dismiss should be

12   granted was based on the doctrine of res judicata, and arises out of the fact that this is the second

13   lawsuit filed by the Plaintiff against Mr. Pardue for his actions in representing the Plaintiff between

14   2006 and early 2008.  The Plaintiff's responses to this argument are sprinkled throughout out the

15   *Opposition*, but none of them demonstrate a cognizable reason why res judicata does not bar her

16   current claims.

17   In a portion of the *Opposition* under the heading of "Rooker Feldman Doctrine", the Plaintiff

18   argues that she settled the malpractice suit against Mr. Pardue "under duress due to Millen's

19   conspiracy and alleged misconduct: "I was not a 'loser,' This distinction is important.  Doctrine of

20   claim preclusion does not apply as I have not asked this Court to 'set aside' the agreement against

21   Pardue."[3]  *Opposition*, p.2.  In this statement. the Plaintiff (presumably unintentionally) admits that

22   she settled a prior lawsuit against Mr. Pardue, but fails to demonstrate why the settlement would not

23   bar this claim even if it did come as a result of her own attorney's alleged actions.

24   The Plaintiff next relies upon *Semtek, Int'l Inc. v. Lockheed Martin Corp.* 531 U.S. 497

25   (2001) to argue that the reach of res judicata is extremely limited, and  only prevents dismissal of a

26   subsequent lawsuit "in the same federal district court.  The phrase does not preclude

27

28   [3]   Plaintiff's argument that Rooker-Feldman does not bar her claim because she was not "a loser" in the
       malpractice action will be addressed separately.

WILLOUGHBY, STUART, BENING & COOK

1  recommencement of the same action in other federal district courts, other state courts, or even all

2  courts." (*Opposition*, pp.2-3.) This represents a seriously flawed misreading of *Semtek*.

3         *Semtek* involved a determination of which state's rules would apply in determining the claim

4  preclusive effect of a dismissal in a different district court sitting in diversity.  In *Semtek*, a district

5  court in California, sitting in diversity, had dismissed the action based on a statute of limitations

6  defense, which was considered a dismissal "on the merits" under California law.  The plaintiff

7  refiled in Maryland, and the Maryland court believed that it was bound by the earlier decision of the

8  California court.  The United States Supreme Court ruled that federal common law governed the

9  effect of the dismissal by the federal court sitting in diversity, and federal common law dictated that

10  the claim-preclusive effect of the federal judgment was governed by the law of claim preclusion of

11  the federal court's forum state.  The Supreme Court held that the Maryland court had erred in using

12  California's law of claim preclusion rather than Maryland's.  "Because the claim-preclusive effect of

13  the California federal court's dismissal 'upon the merits' of petitioner's action on statute-of-

14  limitations grounds is governed by a federal rule that in turn incorporates California's law of claim

15  preclusion (the content of which we do not pass upon today), the Maryland Court of Special Appeals

16  erred in holding that the dismissal necessarily precluded the bringing of this action in the Maryland

17  courts." *Semtek*, supra at 509.

18         *Semtek*, as applied to the current action, requires no more than that this court follow

19  California law on claim preclusion of the underlying action.  As demonstrated in the *MPA*,

20  California law requires dismissal of this action, and *Semtek* does not, contrary to the Plaintiff's

21  *Opposition*, grant her *carte blanche* to pursue Mr. Pardue a second time for the same acts.

22        **2.**      **There is an "identity of claims" between the two lawsuits, even thought**
                    **differently titled causes of action are included in the second case.**

23

24         The Plaintiff argues that because the prior case was "general legal malpractice", and it is now

25  "attempts to defraud" "gross negligence", etc., there is no "identity of claims". *Opposition*, p. 8.[4]

26  As stated in §III(B)(2) of the *MPA*, the key question is whether the cases share a "transactional

27

28    [4]  Defendant's *MPA* provided a full explanation as to why there <u>is</u> an identity of claims. *MPA*, 5:20-6:4

WILLOUGHBY, STUART, BENING & COOK

nucleus of fact", not the mere existence of differently named causes of action[5]:

> "The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated. Rather, '[i]dentity of claims exists when two suits arise from "the same transactional nucleus of facts."' [Citation.]  Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action. ... 'It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.' [Citation.]"

*Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077-1078 (9th Cir. 2003).  As stated in the *MPA*, both the 2008 malpractice action against Mr. Pardue alone, and the Plaintiff's current claims against Mr. Pardue, et al, arise out of Mr. Pardue's representation of the Plaintiff during a portion of her marital dissolution action, and the same claims now being made could have been brought in that action. See, e.g., *RJN*, Exh. A, 2:7-13 (the 2008 Action), and Plaintiff's *Second Amended Complaint* ("*SAC*"), ¶¶14, 31-37 and 47.

**3.  The release signed by the Plaintiff in the 2008 Action was not an element of Defendant's motion, but Plaintiff's arguments regarding "waiver", demonstrate not only the claim preclusion effect of the release, but also the futility of allowing a further attempt to amend the *Second Amended Complaint*.**

The *MPA* never used the term "waiver" nor referred to the release signed by the Plaintiff to end the 2008 Action.[6]  However, the *Opposition* spends pages regarding various defenses the Plaintiff believes she could offer to the effect of the "release", including "fraud at inducement", "waivers against the policy of law are unenforceable", and "[the] federal court has the discretion to refuse enforcement of contract". See, *Opposition*, pp.11-19.  Given that the Defendant's *Motion to Dismiss* was not based on the release, but it would become an issue if the case proceeds, Defendant will offer only a limited rebuttal to the Plaintiff's arguments.

As quoted by the Plaintiff, the mutual "Release/Waiver" she signed in 2014 as part of the

---

[5]  This common nucleus of fact standard has been described as the most important of the factors in determining claim preclusion. See, e.g., Costantini v. Trans World Airlines, 681 F.2d 1199 (9th Cir. 1982).

[6]  Defendant's claim preclusion arguments were premised on the Request for Dismissal which ended the Plaintiff's earlier lawsuit, and asked this court to take judicial notice of that filed pleading.

WILLOUGHBY, STUART, BENING & COOK

termination of the 2008 Action, included a broad release of claims.  The release covered:

> "[A]ny and all claims, liabilities or damages, of any nature or kind, known or unknown, (Claims) existing as of the date of this agreement, and that relate, or arise out of Pardue's representation of Sameer in the Underlying action.  This release exists to any claim or facts existing as of the effective date of this agreement and arising out of the work performed by Pardue, and/or matters arising from or connected to the lawsuit which have existed in the past, which presently exist, which may exists in the future, based on facts existing as of the effective date or which could have been alleged in the lawsuit.  The effective date on which this agreement is fully executed by all parties."

*Opposition*, pp.9-10 (emphasis added by Plaintiff omitted).[7]  This release, as quoted by the Plaintiff, is broad enough to encompass to cover any claims based on not only the bare facts of Mr. Pardue's representation of the Plaintiff, but also any claims "known or unknown" to the Plaintiff as of 2014. These terms are broad enough to encompass not just the basic negligence based claims, but also the conspiracy and RICO allegations upon which the Plaintiff has previously identified as one basis for not applying claim preclusion.

> **4.      Plaintiff has not attempted to dispute that there was no "judgment on the merits" or that there is no "privity between the parties", which are the other elements of the res judicata defense.**

As argued in the *MPA*, "[r]es judicata will apply if three elements are present: "[T]here is (1) an identity of claims, (2) a final judgment on the merits and (3) privity between parties." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143, fn. 3 (9th Cir. 2002). Plaintiff has not apparently challenged Defendant's showing in the *MPA*, that the 2nd[8] and 3rd elements are present.

> **C.      Plaintiff Has Failed to Show That Her Claims Are Not Barred by the Statutes of Limitation That Apply to This Action as Shown by the Defendant in the MPA.**

The *MPA* demonstrated, at length, that regardless of which cause of action among the legion of causes of action contained in the Second Amended Complaint is analyzed, it is barred by the applicable Statute of Limitations.  Key among the statutes of limitations is Code of Civil Procedure

---

[7]    As would be expected, this is only a portion of the entire release executed by the Plaintiff.

[8]    Defendant relied upon the Request for Dismissal with Prejudice, attached to the *Request for Judicial Notice* as Exhibit B, along with the doctrine of retraxit, to demonstrate the existsence of a final judgment. *MPA*, 6:518.

WILLOUGHBY, STUART, BENING & COOK

1  §340.6, which applies a one year statute for any cause of action other than actual fraud arising out of

2  an attorney's performance of his professional duties.  See, e.g., *Lee v. Hanley* (2015) 61 Cal.4th

3  1225, 1236-1237.

4        Plaintiff argues that her RICO claims are timely because there is a four year statute, she did

5  not 'become aware' of the conspiracy until 2015, and "[a]ny previous actions are tolled due to false

6  invoicing, lying and misrepresentation of the defendants."   However, the standard for determining

7  when the statute of limitations is triggered is not when a party "becomes aware" of the facts.  As

8  stated in the *MPA*, the Ninth Circuit follows the "'injury discovery' statute of limitations rule" for

9  civil RICO claims.  *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2001).  Under this rule, 'the

10  civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that

11  underlies his cause of action."  *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996).   The plaintiff

12  need not discover that the injury is part of a "pattern of racketeering" for the period to begin to run.

13  *Phillips v. Cane*, 2014 U.S. Dist. LEXIS 8902.   The standard is similar to the trigger for "fraud"

14  claims in California: "Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to

15  sue, she must decide whether to file suit or sit on her rights." *Jolly v. Eli Lilly & Co.* (1998) 44 Cal.

16  3d 1103, 1111.  "[If] a person becomes aware of facts which would make a reasonably prudent

17  person suspicious, he or she has a duty to investigate further and is charged with knowledge of

18  matters which would have been revealed by such an investigation." *McCoy v. Gustafson* (2009) 180

19  Cal.App.4th 56, 108.

20        Plaintiff has admitted that she was advised to file a legal malpractice suit in 2008 by her then

21  "child support attorney" (*Opposition*, p.2), and was then involved in a lawsuit against Mr. Pardue

22  that lasted from 2008 through 2014.  She thus had ample opportunity and motivation to investigate

23  starting in 2008.  If she failed to discover the facts at the time, such failure would not be chargeable

24  to Mr. Pardue, who was by then, her opponent rather than her ally in the litigation.

25        The *Opposition* also argues that a motion to dismiss cannot be used for a statute of litigation

26  defense, citing *Tuggle v. Maddox, Fla.* 60 So.2d 158, 159 (1958). (*Opposition*, p.5.)  *Tuggle*,

27  however, is based on Florida state law and is factually inapplicable to the current action.   and the

28  court determined that the lower court had erred because the appellant had not affirmatively pled the

WILLOUGHBY, STUART, BENING & COOK

REPLY BRIEF MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
SECOND AMENDED COMPLAINT [F.R.C.P.
12(b)(6)]                                                          8

1490.13419B

1    statute of limitations in an answer, and so was barred from erred in dismissing the claim on the basis

2    that it was barred by the statute of limitations because where appellee failed to affirmatively plead

3    the statute of limitations as a defense in his answer, so he was barred from presenting it as a defense

4    to a motion to strike.  In contrast, to the Plaintiff's claims, the court stated, "In the present case no

5    motion to dismiss was ever presented. Instead the appellee moved to strike, severally, three of the

6    four paragraphs of the complaint[.]" *Tuggle*, supra at 159.

7         Similarly, Plaintiff alleges that there is an apparently general "10 year statute of repose", but

8    the only two cases she cites in support are two cases decided under Kansas law, not California.

9    *Opposition*, p.6.

10        Plaintiff's *Opposition* also offers no basis to conclude that the statutes of limitations for all of

11   her claims were not triggered in 2008 as shown by the *MPA*, and that they are not now barred by the

12   applicable statutes of limitations identified in Defendant Pardue's moving papers.

13        **D.    Plaintiff's Claims Are Barred by the Rooker-Feldman Doctrine.**

14        Plaintiff's primary argument against application of the Rooker-Feldman doctrine to bar her

15   claims appears to be that because she settled her malpractice suit against Mr. Pardue,  Rooker-

16   Feldman does not apply because she did not "lose the underlying family law case, that I was a victim

17   of fraud, fraudulent representation, fraud upon the court, deprivation of rights, obstruction of justice,

18   civil and RICO conspiracy."  *Opposition*, p.3.

19        Plaintiff's analysis fails because the application of Rooker-Feldman does not depend upon

20   whether the challenger is formally denominated the "winner".[9]  While Plaintiff claims to not

21   understand the "context and applicability" of Defendant's citation of *Exxon Mobil Corp. v. Saudi*

22   *Basic Industries Corp.* 544 U.S. 280 (2011) (see, *Opposition*, p.2), *Exxon* explains that Rooker-

23   Feldman is concerned with parties seeking to have the federal court "review and reverse unfavorable

24   state-court judgments", declared such efforts "out of bounds", and directed that such cases should be

25   dismissed for want of subject-matter jurisdiction. *Exxon,* supra at 283-284.

26        As Defendants moving papers demonstrated, Plaintiff's *SAC* is founded on the idea that the

27

28   [9]   Plaintiff can only claim to not be a "loser" in the underlying family court action by ignoring the fact that her
         lawsuit is based on her efforts to overturn the "Void Judgements of 2008". *Opposition*, p. 3.

Reply Brief Memorandum of Points and
Authorities in Support of Motion to Dismiss
Second Amended Complaint [F.R.C.P.
12(b)(6)]                                  9                                      1490.13419B

WILLOUGHBY, STUART, BENING & COOK

1  state court's actions and order in enforcing (or what is more her focus – not enforcing) the 2008

2  Judgments. *MPA*, 10:12-11:2. The Plaintiff cannot deny that she seeks to use the current action to

3  challenge the interpretation of the 2008 Judgments that she claims to be wrong. However, in a

4  footnote on p.3, of the *Opposition*, she admits: "On matter related to void Judgments of 2008, the

5  complaint only seeks declarative/injunctive relief that this Court declare them void."

6        Finally, Plaintiff argues that this is an issue of "abstention", citing *Burford v. Sun Oil Co.*,

7  319 U.S. 315 (1043). *Opposition*, pp.3-4. While the Rooker-Feldman doctrine is one form of

8  abstention, Plaintiff incorrectly attempts to apply rules which arise from a different rule of judicial

9  deference– what is sometimes referred to as "*Burford Abstention*"-- rather than those specific to

10  Rooker-Feldman. However, Burford Abstention applies to different situations than the Rooker-

11  Feldman Doctrine. See, e.g., *Reaching Hearts Int'l, Inc. v. Prince George's County*, 584 F. Supp. 2d

12  766 (D.C. Md., 2008). Burford Abstention "is concerned with protecting complex state

13  administrative processes from undue federal interference", but does not require abstention whenever

14  there exists such a process, or even in all cases where there is a "'potential for conflict' with state

15  regulatory law or policy." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350,

16  362 (1989). " Burford abstention respects the states' specialized and comprehensive regulatory

17  schemes, in the way that Rooker-Feldman respects the judicial processes of the states."

18  *Hachamovitch v. Debuono*, 159 F.3d 687, 697 (2nd Cir. 1998). Regardless of whether Burford

19  would apply is irrelevant to the current action as Defendants have not claimed that it should be

20  applied.

21        Defendant has demonstrated that the Rooker-Feldman doctrine applies in the current case,

22  and Plaintiff has failed to show the contrary.

23        **F.    The Court Should Dismiss the Case Without Leave to Amend.**

24        Defendant's *MPA* argued that the Plaintiff should not be provided with the opportunity to

25  amend her complaint yet again because "it appears beyond doubt that the plaintiff can prove no set

26  of facts that would entitle him to relief and this defect cannot be cured by amendment. [Citations.]"

27  *Moore v. Fountainhead Garden Home Owners' Ass'n*, 1997 U.S. Dist. LEXIS 8435 (N.D. Cal 1997).

28  This rule applies equally to "pro per" plaintiffs.

WILLOUGHBY, STUART, BENING & COOK

WILLOUGHBY, STUART, BENING & COOK

1    The *Opposition* offers no reason to believe that the defects in Plaintiff's *SAC* can be cured.

2    Although she alleges "new" facts in her *Opposition* – e.g., Mr. Pardue had not blocked out the dates

3    of the trial on his calendar (*Opposition*, p. 21)[10] - these additional facts do not tend to show liability

4    that would have been outside of the "nucleus of fact" common to both the 2008 Action and the

5    current claim.  In addition, as described above, Plaintiff's *Opposition* discloses the contents of a

6    Release which she signed to terminate the 2008 Action which included a broad form release of any

7    and all claims that would be include any of the claims she now seeks to pursue.

8    Further support for dismissing the claim is found in Plaintiff's repeated disregard for court

9    rules relating to her filings.  In addition to issues regarding the first two versions of her Complaint,

10   this attitude is evidenced in her *Opposition*.  Plaintiff has demonstrated that she is aware of the

11   court's 25 page limit on oppositions: "There are other reasons due to which the statute of limitation

12   has tolled, but these cannot be addressed in the 25 pages allowed by the Court."  *Opposition*, p. 5.

13   Rather than comply with the rules, the Plaintiff attempts to circumvent them by "incorporating"

14   arguments presented in other briefs; e.g., for details of arguments on actions other than negligence,

15   the *Opposition* refers to 10 page section of "*Plaintiff's Opposition to ELLIS' Motion to Dismiss*"

16   ("*Ellis Opposition*").  *Opposition*, p. 19.[11]

17   Plaintiff argues that the court "is required to give special consideration" given her "pro per

18   status."  *Opposition*, p. 24.  While this may be true, it is also true that "'the court's discretion to deny

19   such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]'"

20   *Dougherty v. Bank of Am., N.A.*, 177 F. Supp. 3d 1230, 1242 (E.D. Cal, 2016)

21                                 **IV.  CONCLUSION**

22   Defendant Pardue's situation is different from, and less complex than the remaining

23   Defendants: Not only has he not represented Ms. Sameer in almost 10 years, it has been almost that

24   long since she filed a lawsuit against him for that representation, and it has been more than four

---

[10]    Presumably, Plaintiff discovered this fact no later than the discovery phase of the 2008 lawsuit.

[11]    Other examples include, but are not limited to, a section titled "*Void Judgments of 2008 & Fraud Upon the Court*" which incorporates a four page section of the same name in the *Ellis Opposition* (*Opposition*, p. 22); and a two page section of the *Ellis Opposition* in the section of her *Opposition* titled "*Pro Se Status Per Status of the Plaintiff*" *Opposition*, p. 24.

1 | years since she filed a Request for Dismissal with prejudice of that lawsuit.  These simple facts

2 | demonstrate that the court should grant Mr. Pardue's motion to dismiss either (a) because it is barred

3 | under the doctrine of res judicata; (b) is barred by the applicable statute of limitation, and/or (c) is

4 | barred by the Rooker-Feldman doctrine.

5 |       In addition, Plaintiff has not shown that there are any new fact which would justify providing

6 | her with the change to amend her Complaint yet again.

7 |       Based on all of the foregoing, Defendant William Pardue respectfully requests that the court

8 | dismiss the Plaintiff's action against him without leave to amend.

9 | DATED: October 11, 2018                          WILLOUGHBY, STUART, BENING & COOK

10 |

11 |                                         By:  /s/ Bruce D. MacLeod

12 |                                              BRUCE D. MacLEOD
                                                  Attorneys for Defendant

13 |                                              WILLIAM PARDUE

WILLOUGHBY, STUART, BENING & COOK

1    **Case Name:**    **Sameer v. Khera, et al.**
        **Court:**         **U.S. District Court - Eastern District of California**
2    **Case No.**      **1:17-cv-01748-DAD-EPG**
        **Our File No.**   **1490.13419B**

3

4         **PROOF OF SERVICE/CERTIFICATE OF SERVICE FOR ELECTRONIC FILINGS**

5    STATE OF CALIFORNIA         ]
                               ] ss.
6    COUNTY OF SANTA CLARA    ]

7         I am a citizen of the United States and a resident of the County of Santa Clara, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 50 W. San Fernando Street, Suite 400, San Jose, CA 95113.  On the date set forth
8    below I served the document[s] described as:

9    **REPLY BRIEF MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMDNEDED COMPLAINT [F.R.C.P. 12(b)(6)]**

10

11         I hereby certify that I electronically filed the above-entitled document with the United States District Court - Eastern District of California, by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be
12    served by the CM/ECF system:

13    See Attached Service List

14         I further certify that I served a copy of the above-entitled document on the following parties or their counsel of record by U.S. Mail and by placing a true copy thereof enclosed in a
15    sealed envelope addressed as follows:

16    Madhu Sameer
17    37 Rarere Terrace
        Keri Keri, 0230
18    New Zealand

19
        (Courtesy copy sent via email:
20    madhu.bambroo@gmail.com)

21    **Plaintiff in Pro Per**

22         [FEDERAL] I declare that I am employed in the office of a member of the bar of this
23    court at whose direction the service was made.

24         Executed on October 12, 2018 at San Jose, California.

25

26                                     _Sheila Smith_
27                                       Sheila Smith

28

SERVICE LIST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

John Steven Burton
LAW OFFICES OF JOHN S. BURTON PC
55 River St., Ste. 230
Santa Cruz, CA 95060
831-425-5023
832-427-3159 - fax
jburtson@JohnSBurton.com

**Counsel for Susan Bennett, Lewis Becker,
Bennett & Becker, a law firm corporation**

John P. Girarde
MURPHY PEARSON BRADLEY &
FEENEY
88 Kearney St., 10th Flr.
San Francisco, CA 94108
415-788-1900
415-393-8087 - fax
jgirarde@mpbf.com

**Counsel for J. Hector Moreno, Andrew
Westover, Constance Smith, Rory
Coetzee, Kayleigh Walsh, Raechelle
Vellarde, J. Hector Moreno & Associates**

Sharon Margaret Nagel
BOLD, POLISNER, MADDOW, NELSON
& JUDSON
2125 Oak Grove Rd., Ste. 210
Walnut Creek, CA 94598
925-933-7777
925-933-7804 -fax
snagle@bpmnj.com

**Counsel for Judge Edward Davila, Judge
Kristi Culver Kapetan, Gary Green**

Michael D. Millen
LAW OFFICE OF MICHAEL MILLEN
119 Calle Marguerita, #100
Los Gatos, CA 95032
408-871-0777
408-516-9861 - fax
MikeMillen@aol.com

**Counsel for Michael Millen**

Natalie P. Vance
Kristin N. Blake
KLINEDINST PC
777S. Figueroa St., Suite 2800
Los Angeles, CA 90017
213-406-1100
213-406-1101 - fax
nvance@klinedinstlaw.com
kblake@klinedinstlaw.com

**Counsel for Francine Tone and Tone &
Tone**

Marshall C. Whitney
Mandy L. Jeffcoach
Kelley B. Lowe
WHITNEY, THOMPSON & JEFFCOACH
LLP
8050 N. Palm Ave., Ste. 110
Fresno, CA 93711
(559) 753-2250
(559) 795-2560 - fax

**Counsel for Lenore Schreiber**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sameer Khera
21947 Oakleaf Court
Cupertino, CA 95014
(408) 839-7024
skhera_9999@yahoo.com

**Defendant in Pro per**

James D. Weakley
Michelle Sassano
WEAKLEY & ARENDT
5200 N. Palm Avenue, Suite 211
Fresno, CA 93704
(559) 221-5256
(550) 221-5262
jim@walaw-fresno.com
michelle@walaw-fresno.com

**Counsel for Defendants, County of
Fresno, John Dyer and Kari Gilbert**