Madhu Sameer
37 Rarere Terrace
Keri Keri, New Zealand 0230

Plaintiff, Pro Se

FILED
OCT 22 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

EASTERN DISTRICT COURT

FRESNO COUNTY

| | |
|---|---|
| MADHU SAMEER<br><br>　　　　Plaintiff,<br><br>SAMEER KHERA ET AL<br><br>　　　　Defendants | **Request for Clarification**<br><br>**Request for Order**<br><br><br>Case # 1:17-CV-01748 |

This Court previously revoked my efiling privileges without making an order allowing me to serve defendants electronically.

The defendants have previously accepted electronic service. I served all documents on them electronically – this included all the documents for Rule 11 Motion for Sanctions. (See POS being filed concurrently herewith).

Except Ms Vance, Counsel for T&T Defendants, none of the defendants has objected to electronic service. However, it is not known if they are silent because they intend to raise objections *after* the motion is filed, or if they have genuinely accepted electronic service. In the past, documents have been exchanged electronically. For example, most defendants accepted summons, and provided waiver of summons electronically to me.

Ms Vance has been served by US Mail.

Although no objection to electronic service has been received by any defendant so far, nevertheless, this issue is being raised here given the past misconduct of some of these defendants in the State Courts. A request has been made to Court for permission for electronic service. I request that the Court provide permission for electronic service.

I also request permission to serve only the concerned individual. Given so many defendants, and their secretaries – there is a list of over 100 people on CM/ECF who need to be emailed and served.

I also request clarification if these documents related to Rule 11 Motions for Sanctions, need to be served again, pursuant to Court's order on electronic service. If so, I request additional time to serve them. I also re-iterate my request that the hearings on Motions for Sanction and Motion to Dismiss be held on the same date. This request is fair, to promote justice, and is not being made for the purposes of delays, because I have already filed my Oppositions. If the Motions to Dismiss are based on false representations, false statements of facts, and law, and if my Oppositions are blocked by caselaws that defendants have blacked, it is only fair that defendants either amend their complaints, or be sanctioned for such conduct. Hearing Motions to Dismiss before Rule 11 conditions have been satisfied would be prejudicial to me, and not in furtherance of justice.

## CONCLUSION

I request permission to serve defendants electronically per CCP 1010.6. Great irrepairable financial injury will result to me if this request is denied.

I request permission to serve only the relevant parties. Given 32 defendants, currently I am burdened by having to serve each defendant each and every document.

I request the Court to clarify if the Rule 11 Motions need to be served again on defendants, or whether the electronic service made is adequate. If Court denies my request for electronic service, I request more time to serve these documents on defendants.

The Motion for Sanctions will be filed 21 days after the service of these documents on the defendants, and may be scheduled for a hearing 30 days later. I request that the Court continue the hearing date for Motions to Dismiss, and hear the Motions for Sanctions on the same date as Motions to Dismiss.

Madhu Sameer

Madhu Sameer, Pro Per

21/10/2018