UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADHU SAMEER,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMEER KHERA, et al.,<br><br>    Defendants. | No. 1:17-cv-01748-DAD-EPG<br><br>ORDER REGARDING PLAINTIFF'S <u>FILINGS WITH THE COURT</u> |

The court is in receipt of various filings submitted by plaintiff to the Clerk of the Court. As to each filing, the court orders as follows:

Plaintiff's filing entitled "Second Amended Complaint" appears to be identical in all respects to the Second Amended Complaint filed on July 1, 2018 (Doc. No. 72), except that the redactions now appear to be in compliance with Federal Rule of Civil Procedure 5.2 and Local Rule 140. The Clerk of the Court is therefore directed to file this document on the docket.

Plaintiff's second filing is entitled "Plaintiff's Request for Continuation of Hearing Date for Motion to Dismiss" and "Request for Clarification and Orders." The Clerk of the Court is directed to file this document on the docket. The court construes this as a motion for a continuance of the pending hearing, and as a motion to compel certain defendants to accept electronic service. The motion for a continuance is denied for reasons previously stated by the court. (Doc. No. 149.) The court declines to address the issue of service at this time.

1

Plaintiff's third filing is entitled "Plaintiff's Common Declaration (With Exhibits) in Opposition to Defendants' Motion to Dismiss." This filing includes a three-page declaration, which once again requests a continuation of the pending hearing date. It also states that plaintiff has served certain defendants with points and authorities in support of a motion for sanctions, and requests that the court take judicial notice of each of these motions. Because the contents of these motions for sanctions are irrelevant to the motions to dismiss currently before the court, the court declines to take judicial notice of them. *See Nguyen v. Marketsource, Inc.*, No. 17-CV-02063-AJB-JLB, 2018 WL 2182633, at *3 (S.D. Cal. May 11, 2018) (declining to take judicial notice of documents that were "irrelevant to any controversy the Court must resolve"); *Garcia v. Cal. Supreme Court*, No. CV 12-4504-DWM, 2014 WL 309000, at *1 (N.D. Cal. Jan. 21, 2014) (same). The Clerk of the Court is directed to file the first three pages of plaintiff's declaration/request for judicial notice on the court's docket. However, plaintiff's request for judicial notice to be taken is denied.

Plaintiff has also filed eight opposition briefs in response to various motions to dismiss. The Clerk of the Court is directed to file each of these on the court's docket. Plaintiff also files a separate document, entitled "Plaintiff's Common Arguments in Opposition to Defendants' Motions to Dismiss." In essence, plaintiff seeks to incorporate by reference all of the arguments contained therein to her other opposition briefs. This document is well outside the allowable page limit, and in any event, constitutes supplemental briefing for which leave to file was not granted by the court. The Clerk of the Court is directed not to file this document, and the court disregards any argument contained in it.

Finally, plaintiff has filed a request for judicial notice in opposition to certain defendants' motions to dismiss. The court notes that some of the materials accompanying this request contain information that must be redacted under Federal Rule of Civil Procedure 5.2 and Local Rule 140. In particular, the court observes that the full financial account number of one of the defendants is plainly visible in the document submitted by plaintiff. Because this filing is not in compliance

/////

/////

2

with the Local Rules, the Clerk of the Court is directed not to file it on the docket, and the court will disregard the document.

IT IS SO ORDERED.

Dated: **October 23, 2018**

_____
UNITED STATES DISTRICT JUDGE