Michael Millen
Attorney at Law  (#151731)
119 Calle Marguerita  Ste. 100
Los Gatos, CA  95032
Telephone:  (408) 871-0777
Fax:  (408) 866-7480
mikemillen@aol.com

In Pro Per

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)

| MADHU SAMEER, | NO.: 17-CV-01748-DAD-EPG |
|---|---|
| Plaintiff, | **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MILLEN'S MOTION TO DISMISS #2** |
| v. | |
| SAMEER KHERA, et al., | |
| Defendants. | |

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA  95032
(408) 871-0777

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MILLEN'S MOTION TO DISMISS #2**

17-CV-01748-DAD

## INTRODUCTION

Before the court is plaintiff's Second Amended Complaint. Although it is only 1/3 the length of the previous complaints, it still fails to comply with FRCP Rule 8. This vague and loosely-pinned conspiracy complaint appears to be a rehash of activist Colbern Stuart's "the-entire-family-law-system-is-a-RICO-fraud" complaint which the 9th Circuit dismissed in 2016 on Rule 8 grounds. *See California Coalition for Families and Children v. San Diego*, 657 Fed.Appx. 675 (9th Cir. 2016).

The complaint should be dismissed on statute of limitations grounds as well as on numerous other grounds.

## FACTS

In the moving papers, defendant Millen noted that he, along with every other defendant, was being accused of being part of a conspiracy in which each actor allegedly committed each act of the conspiracy even though this would be impossible given temporal realities (Millen only came on the scene in 2009) and logistical realities (Millen and various judges who were not appellate attorneys of record could not possibly falsify facts to an appellate court). Several examples were given. *See* Millen's Motion to Dismiss #2, p. 3. Rather than clearing up these impossibilities by giving a clear "who, what, when, where, and how" explanation of acts of mis-, mal-, and non-feasance, plaintiff doubles down by blithely asserting that Millen's "participation in the conspiracy has been reasonably well plead[ed]", taking issue with Millen's assertion that "he does not know which crimes he is accused of." Sameer Oppo., p. 3. This misses the thrust of the argument: It is clear that plaintiff has created a laundry list of statutes and common law crimes which she believes Millen violated. The problem, however, is that she has not stated what acts Millen did which give him liability under the statutes nor how he "conspired" with anyone else.

# ARGUMENT

## I. THE CASE SHOULD BE DISMISSED ON STATUTE OF LIMITATION GROUNDS

As the 2013 substitution of attorney form shows, Millen ceased his representation of plaintiff in the malpractice action against William Pardue, Esq. on April 24, 2013, when plaintiff signed a substitution of attorney and began representing herself.  (Request for Judicial Notice #2 ("RJN"), Ex. C.)  Plaintiff does not take issue with that fact.  In her view, the order of events was that Millen "threatened, intimidated, and harassed" plaintiff to pay $20,000 to Millen after which Millen allegedly "coereced her" into signing a substitution of attorney from due to conflict of interest.  (Plaintiff's Opposition, p. 3.)  If anything, plaintiff's recitation of these facts makes April 24, 2013, the absolute latest date on which the statute of limitations began to run on all her causes of action because she suffered a known injury.  Given that plaintiff had only year to file her claim (and in no case more than four years), all of her claims are time barred.  See *Lee v. Hanley*, 61 Cal.4th 1225 (2015); Code of Civil Procedure §340.6(a)

Even more curious is plaintiff's statement that Millen resigned from representation due to a conflict of interest. (Plaintiff's Opposition, p. 4.)  If this is true, Millen's resignation was mandatory under the law as an attorney cannot represent a client if there is a conflict of interest.

## II. THE CASE SHOULD BE DISMISSED AS EACH CAUSE OF ACTION FAILS TO STATE A CLAIM

### A. First Cause of Action:  Attempts

As pointed out in defendants' moving papers, "Attempts" is not a recognized civil cause of action in California state or federal practice.  Plaintiff cites no authority allowing her to serve as an attorney general for any jurisdiction as to "attempts".

### B. Second Cause of Action:  Fraud

Defendant Millen has asked the court to dismiss the fraud cause of action on the grounds that the pleading violates FRCP Rule 9(b) because it fails to "state with

particularity the circumstances constituting fraud…."  Moreover, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

In her opposition, Plaintiff claims that the SAC makes the following allegations against Millen:

a) he "billed me unscrupulously,

b) "wilfully [sic] sabotaged the proceedings"

c) "conspired between themselves to abandon me"

d) "preventing me from seeking appropriate damages from defendant PARDUE", and

e) Fraudulently concealed his involvement in said conspiracy which prevented me from seeking damages against him.

*See* Sameer Oppo. at pp.7-8.  None of these give plaintiff a viable cause of action.

While being charged and then paying unscrupulous bills could theoretically serve as fraud if brought within three years of discovery outside of the legal context (Cal. Code Civ. Pro. §338(d)), and within one year within the instant legal context, plaintiff would have known about the bills when she received them and certainly when she took over her case. She gives no reason to suggest how or why she learned only more recently of Millen's alleged fraud.  Plaintiff's claim that Millen "wilfully [sic] sabotaged the proceedings" sounds more like a breach of fiduciary duty which is limited by the one year statute of limitations and in any case is too vague to give notice of what wrongful acts occurred. Plaintiff's claim that Millen prevented her from seeking appropriate damages sounds in malpractice as opposed to fraud, although it too is so vague as to give no notice of what Millen did or did not do.  The final claim that Millen "[f]raudulently concealed his involvement in said conspiracy" is similarly vague and unspecific in that it does not detail what Millen did or did not do nor what the plausible conspiracy was.

The complaint's vague allegations are not sufficient to make out a fraud cause of action that occurred after Dec. 25, 2013 (four years before filing), particularly in view of Rule 9(b), and thus this cause of action should be dismissed.

### C.  Third Cause of Action:  Negligence

Plaintiff denies that this cause of action is really for negligent misrepresentation in spite of the allegations that confirm this.  *See* SAC ¶¶130-131, 134.  This court has previously ruled that when a negligent misrepresentation claim relies on the same facts as an intentional misrepresentation claim, the pleading must meet the FRCP Rule 9(b) heightened pleading standard.  *See Ferguson v. JPMorgan Chase Bank, N.A.*, No. 2:14-CV-00328-KJM, 2014 WL 2118527, at *9 (E.D. Cal. May 21, 2014).  Plaintiff has not specified the false statements which Millen made, that he had no reasonable grounds for believing them, that plaintiff relied on them to her detriment, nor the damage she experienced due to said reliance.  Accordingly, this cause of action should be dismissed.

To the extent that plaintiff is actually suing for "gross negligence" (Sameer Oppo., p. 9), the claim should be dismissed given the one year statute of limitations that applies to attorney malpractice.  *Lee v. Hanley*, 61 Cal.4th 1225 (2015) and Code of Civil Procedure §340.6(a).

### D.  Fourth Cause of Action:  Unjust Enrichment

Plaintiff's fourth cause of action is for unjust enrichment, and she cites no authority to overrule this court's previous holding that such a cause of action does not exist.  *Walker v. USAA Casualty Insurance Co.*, 474 F. Supp. 2d 1168, 1174 (E.D. Cal. 2007), *affd by Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009), *cert. denied Walker v. Geico Gen. Ins. Co.*, 130 S. Ct. 400 (2009).

### E  Fifth Cause of Action:  Civil Rights 42 U.S.C. §1983

Private actors, such as an attorney, do not act under color of law so as to give rise to a 42 U.S.C. §1983 cause of action, and plaintiff notes this argument in her brief.  *See* Sameer Oppo., p. 10 at fn. 21.  To circumvent this complete bar, plaintiff argues that the

state action requirement is met because "defendant is a member of the CFDE . . . and therefore routinely engages in alleged <u>SCHEMES & ARTIFICES</u> to defraud." *See* Sameer Oppo., p. 10. The idea is that because the family law system is under the control of the state and is one big fraudulent enterprise, any attorney who participates in it has become a state actor.

There are several problems with these allegations. First, there are no allegations in the complaint that Millen serves in the family law system or ever represented plaintiff in a family law context. He simply served as a civil attorney in plaintiff's civil malpractice case. Thus, whatever wrongs and ills plague the family law system, Millen is not alleged to be part of it. Second, the alleged wrongful acts of the family law cartel are simply issuing rulings which plaintiff disagrees with and encouraging litigants to settle their cases (which would be an insufficient basis to find a deprivation of civil rights). While plaintiff suggests bribery occurs in the midst of this, she gives no factual predicate which actually suggests that this happened in her case or any other case. The SAC's sweeping general allegations are insufficient to turn every attorney into a state agent.

Regardless, the statute of limitations on a §1983 action is two years in California, and this complaint was filed years after the critical events in question occurred.

### F. Sixth Cause of Action:  Fraudulent Conveyancing

Plaintiff's sixth cause of action against defendant Millen is for fraudulent conveyance. In the moving papers, defendant Millen pointed out that there was no allegation of property being handed over to a defendant to prevent a creditor from satisfying a claim.

Plaintiff argues that defendant Millen "fraudulently handed over my case file to MORENO Defendants, to help them in spoliation of evidence." Sameer Oppo., p. 10. However, this allegation does not make out a fraudulent conveyance because there is no financial claim plaintiff alleges she had which could have been satisfied from the proceeds of her case file.

To the extent the gravamen of plaintiff's argument is some sort of personal property tort, the statute of limitations on a personal property claim (such as papers and documents) would have begun to run after plaintiff took over the malpractice case against Pardue and those would have a three year statute of limitations under C.C.P. §338(c) if for some reason §340.6(a) does not apply.

Regardless, these allegations do not establish a fraudulent conveyancing cause of action.

### G. Seventh Cause of Action: Breach of Fiduciary Duty

Plaintiff's seventh cause of action against defendant Millen is breach of fiduciary duty. As defendant Millen's moving papers pointed out, given that Millen had nothing to do with the underlying family law litigation and simply represented plaintiff in a civil malpractice action, the complaint does not state what fiduciary duties Millen is alleged to have breached. In her opposition, plaintiff devotes only one sentence to clarifying this glaring omission, stating that" by working against my interests, he also breached the covenant of good faith and fair dealing that is inherent in any contractual relationship with an attorney." Sameer Oppo., p. 10. However, this does not lend any specificity to the vague charge. Moreover, to the extent plaintiff considered herself "abandoned" when she signed a substitution of attorney and began representing herself in the Pardue civil malpractice action, the statute of limitations had begun to run and this was well over four years before the instant complaint was filed.

The court is asked to find that insufficient facts are pleaded to make out a breach of fiduciary cause of action and that in any case it is barred by the statute of limitations.

### H. Eighth and Ninth Causes of Action: Intentional / Negligent Infliction of Emotional Distress

Plaintiff's eighth and ninth causes of action against defendant Millen are for intentional and negligent infliction of emotional distress. Even if plaintiff would have detailed "outrageous" behavior by defendant Millen (which she has not), her allegations make clear that the distress she suffered on account of defendant Millen's alleged wrongs

happened at or before the time she substituted in as a *pro per* plaintiff in the malpractice case. This was more than four years prior to the initiation of this case and is barred by the two year statute of limitations in C.C.P. §335.1 even if the shorter statute of limitations of §340.6(a) did not apply.

### I. Tenth Cause of Action: Obstruction of Justice

Plaintiff's tenth cause of action against defendant Millen is for obstruction of justice, and in her opposition she gives a laundry list of federal crimes which she claims all defendants committed. Sameer Oppo., p. 11. However, there is no private right of action in regards to these federal crimes. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1483 (9th Cir. 1997), *overruled on another ground by Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (affirming judgment on the pleadings as to claim for obstruction of justice in violation of 18 U.S.C. § 1503, because the criminal statute does no sanction a private cause of action). Therefore, Plaintiff's cannot state a claim for obstruction of justice because these are nonexistent causes of action in a civil case. Thus, the court should dismiss this cause of action.

### J. Eleventh Cause of Action: Theft/ Identity Theft

Plaintiff's eleventh cause of action is stated as being only against Khera and Devani and does not involve allegations against Millen. Plaintiff suggests that Millen is nonetheless liable because of his "conscious involvement [in] the conspiracy and therefore has to convince other defendants that he is not liable." Sameer Oppo., p. 11. The problem is that the complaint makes no factual allegation suggesting that Millen directly or indirectly had anything to do with the identify theft or the people involved therein. Further, given that the cause of action itself claims to include only Khera and Devani, this claim should be dismissed as against Millen.

### K. Twelfth Cause of Action: Unfair Business Practices

Plaintiff's twelfth cause of action against defendant Millen is for unfair business practices under Bus. & Prof. Code §§17200 and 17500. Plaintiff claims that Millen delayed

the case for 4.5 years and then demanded that plaintiff either take over the case or pay him a $20,000 retainer. Sameer Oppo. p. 11, fn. 23. Plaintiff elected to sign the substitution of attorney form.[1] (Millen Request for Judicial Notice, Ex. C).

Neither these facts nor any other part of the pleading make out a properly pleaded cause of action against Millen. Further, even if one considered the lengthy laundry list of Business and Professions code sections at Sameer Oppo. p. 13, as being properly pleaded (which they are not, being devoid of facts), none of them are timely in light of C.C.P. §340.6(a).

### L. Thirteenth Cause of Action: Crimes Against the United States

Plaintiff's thirteenth cause of action is for crimes against the United States. However, plaintiff has no standing to bring such criminal claims. Accordingly, the court should dismiss this cause of action.

### M. Fourteenth Cause of Action: Civil Conspiracy

Plaintiff's fourteenth cause of action against defendant Millen is for civil conspiracy. However, there is no cause of action for "civil conspiracy". *Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773, 787 (1979); *Mox Incorporated v. Woods,* 202 Cal. 675, 677 (1927).. Accordingly, the court should dismiss this cause of action.

### N. Fifteenth Cause of Action: RICO

Plaintiff's fifteenth cause of action against defendant Millen is for racketeering under Federal Civil RICO. This cause of action is not properly pleaded and fails to state a claim. Plaintiff claims that it is enough that she has pleaded that "MILLEN conspired with MORENO Defendants, who played a major part in the overall conspiracy". Sameer Oppo., p.14. However, this is not sufficient to state a civil RICO claim against Millen because plaintiff must allege (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of

---

[1] Plaintiff admits that she signed the form. *See* Plaintiff's Oppo. p. 3 ("He coerced me into signing the substitution of attorney form…."); p. 4 ("I relied on his statements, signed a substitution of attorney form…."); p. 5 ("he manipulated me into signing a Substitution of attorney form").

racketeering activity, (5) causing injury to plaintiff's business or property. *Chan v. Chen*, 80 F.3d 1293, 1298-1300 (9th Cir.1996). The complaint does not establish any of the above elements in regard to Millen.

### III. THE COMPLAINT DOES NOT SATISFY RULE 8(A), 9(B), TWOMBLY, AND IS A SHOTGUN PLEADING

As noted in the moving papers, plaintiff's SAC does not plead a plausible set of claims against Millen, and this is doubly true as to the fraud claims. This violates FRCP Rule 8(a), 9(b), and *Twombly*. Further, the SAC's very form is that of a shotgun pleading in which each cause of action includes every allegation in the complaint. The complaint can and should be dismissed on the basis of "form" alone.

### IV. MILLEN HAD NO DUTY TO MEET AND CONFER WITH PLAINTIFF

Both defendant Millen and plaintiff Sameer are *pro per* in this lawsuit. No rule mandates that a *pro per* defendant meet and confer with a *pro per* plaintiff before filing a motion to dismiss.

### CONCLUSION

The court is asked to dismiss the complaint without leave to amend. However, if such leave is given, the court is asked to enforce the previously requested pleading rules, to wit: (1) Causes of action against "all defendants" shall not be allowed unless a defendant is alleged to have engaged in specified mis-, mal-, or non-feasance related to that cause of action; (2) Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged; (3) Plaintiff shall not plead separate causes of action for conspiracy; and (4) Each cause of action shall only incorporate by reference those allegations which are necessary to make out the cause of action;

Dated: October 30, 2018

                                  MICHAEL MILLEN
                                  DEFENDANT IN PRO PER