1 [66745-1-26]
JOHN S. BURTON, ESQ. #060715
2 Law Offices of John S. Burton PC
55 River Street, Suite 230
3 Santa Cruz, California 95060
Telephone: (831) 425-5023
4 Fax: (831) 427-3159

5 Attorneys for Defendant, **SUSAN BENETT,**
erroneously sued as Susan Bennett; **LEWIS**
6 **BECKER** and **BENETT & BECKER,** a California
Law Partnership, sued erroneously as Bennett &
7 Becker, Inc, a corporation

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10 **FRESNO DIVISION**

11 MADHU SAMEER,                          ) Case No. 1:17-CV-01748-DAD-EPG
                                         )
12              Plaintiff,               ) **REPLY TO PLAINTIFF'S OPPOSITION**
                                         ) **TO MOTION TO DISMISS**
13        vs.                            ) **PLAINTIFF'S SECOND AMENDED**
                                         ) **COMPLAINT BY DEFENDANTS SUSAN**
14 SAMEER KHERA et al.,                  ) **BENETT, LEWIS BECKER AND**
                                         ) **BENETT & BECKER, A CALIFORNIA**
15              Defendants.              ) **LAW PARTNERSHIP**
                                         )
16                                       ) **Date: November 6, 2018**
                                         ) **Time: 9:30 a.m.**
17                                       ) **Courtroom: 5 (7th Floor)**
                                         ) **Judge: Hon. Dale A. Drozd**
18                                       )
                                         ) Complaint Filed: December 26, 2017
19 _____  ) Trial Date: TBD

20        Defendants Susan Benett, Lewis Becker and Benett and Becker, a California Law

21 Partnership, sued erroneously as Benett and Becker, Inc., (hereinafter collectively, "B&B

22 Defendants"), submit the following Reply in Support of their Motion to Dismiss Plaintiff's Second

23 Amended Complaint ("hereinafter "SAC").

24                          **I. INTRODUCTION**

25        Plaintiff has submitted detailed oppositions to Motions to Dismiss of not only the B&B

26 Defendants, but also has submitted oppositions to the Motions to Dismiss of defendants Sally White,

27 Judges Raymond Davila, Theodor Zayner, and Kristi Culver Kapetan and Commissioner Gary Green

28

1  (hereinafter: "Judicial Defendants"), Francine Tone and Tone and Tone  (hereinafter "Tone

2  Defendants"), Michael Millen, J. Hector Moreno, Jr. & associates, J Hector Moreno, Constance

3  Smith, Rory Coetezee, Andrew Westover, Kayleigh Walsh, and Raechelle Velarde (hereinafter

4  "Moreno Defendants"), County of Fresno, Department of Child Support Services, and William

5  Pardue. Read together, Plaintiff describes a far reaching "cartel" (a term she utilizes on at least seven

6  occasions in the first seven pages of her opposition to the B&B Defendants' Motion to Dismiss) as

7  between attorney, judges, state agencies and expert witnesses, to deprive primarily immigrant

8  women, including herself, of their rights.  In the first seven pages of her opposition to the B&B

9  Defendants' Motion to Dismiss Ms. Sameer employs the terms "corrupt," "corruption" or variants

10  thereof on at least twenty-one occasions; and the terms "fraud," "defraud," "fraudulently" or a

11  similar word at least twenty-two times.  Ms. Sameer uses "conspired" or "conspiracy" eight times

12  and describes an organized syndicate using on multiple occasions, utilizing the terms "bribed,"

13  "unethical," unlawful,"  and "illegal".  According to Ms. Sameer, the B&B Defendants were

14  "foundational/members of this cartel." [*see* Plaintiff's  Opposition, p. 3, par. 3, lines 1-4).

15  Ms. Sameer goes on to allege how this "cartel" conspired first to deprive her of her rights in

16  the underlying family law proceeding, spanning both Santa Clara and Fresno Counties, from 2003 to

17  the present.  When she could not obtain the relief she sought in the family court proceeding, she

18  proceeded to file in both Fresno County Superior Court, now on appeal from the lower court's

19  granting of the motions of, among others, the B&B defendants' motion to strike pursuant to

20  California Code of Civil Procedure section 425.16 (Anti-SLAPP), and the within Federal Court

21  action.  Plaintiff alleges the conspiracy continues to this very day through the actions of counsel

22  representing the various defendants, including, but not limited to, counsel for the B&B Defendants,

23  who have done nothing more than defend their clients in these two, seemingly never-ending actions.

24  Through a reading of the documents submitted in opposition to the various notions to

25  dismiss, it appears that Ms. Sameer is convinced that anyone who disagrees with her or defends their

26  clients in a proceeding adverse to her are automatically both lying and are part of a large, corrupt

27  "cartel" or "Cabal."  Further, she believes that the size and scope of this illegal, fraudulent

28  conspiracy, including bribery of expert witnesses, extends from attorneys to state officials to judicial

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT BY B&B DEFENDANTS                                    1:17-CV-01748-DAD-EPG

1    officers. [*See* Plaintiff's Opposition to B &B Motion's to Dismiss, p. 7, par. 1, 1-8].

2         The B&B Defendants respectfully request the Court grant their Motion to Dismiss as

3 requested. Plaintiff is not able to overcome the legal authority applied to the facts alleged in the

4 SAC as outlined in the Defendants' Motion to Dismiss.

5         It will be noted that Ms. Sameer attempted to file a document entitled "Plaintiff's Common

6 Arguments in Opposition to Defendants' Motions to Dismiss." Ms. Sameer refers to this document

7 throughout her Opposition to B& B's Motion to Dismiss, which was filed by the Court. On

8 October 23, 2018, the Court issued an Order stating that it is disregarding this document and directed

9 the Clerk of the Court NOT file it, as its number of pages was well outside the allowable page limit

10 and it constituted supplemental briefing for which leave to file was not granted. The B&B

11 Defendants will do their best to not refer to the "Common Arguments" document; however, Ms.

12 Sameer does refer to it throughout her Opposition to B&B's Motion to Dismiss and some parts need

13 to be addressed.

14                     **II.  SELECTED FACTUAL ASSERTIONS**

15      **A.  Plaintiff's Motion for Leave to File First Amended Complaint in State Court Action**

16         Plaintiff alludes to this in her opposition papers, although the bulk of her argument is

17 contained within the "Common Arguments" document the court is not considering. However, the

18 B&B Defendants feel it prudent to address the issue herein.

19         Briefly, this issue is part of the currently pending Appeal in the Fifth District Court of

20 Appeals Case No. F0718888, which resulted after the B&B Defendants' Special Motion to Strike

21 [*Code of Civil Procedure* section 425.16] was granted. Of note is the fact that, Ms. SAMEER

22 attempted to file her First Amended Complaint *after* the B&B Defendants filed their Special Motion

23 to Strike. Plaintiff filed a Motion for Leave to File a First Amended Complaint on April 14, 2015,

24 *one day after* the B&B Defendants filed their Anti-SLAPP Motion and *five days after* they served the

25 motion on all parties. Once an Anti-SLAPP motion is filed, "[a]llowing a SLAPP plaintiff leave to

26 amend the complaint once the court finds the prima facie showing has been met would completely

27 undermine the statue by providing the pleader a ready escape from section 425.16's quick dismissal

28 remedy." *Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1072-73. This interpretation has

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT BY B&B DEFENDANTS                    1:17-CV-01748-DAD-EPG

1  been affirmed as recently at 2015.  "Instead of having to show a probability of success on the merits,

2  the SLAPP plaintiff would be able to go back to the drawing board with second opportunity to

3  disguise the vexatious nature of the suit through more artful pleading." *Mobile Medical Services for*

4  *Physicians and Advanced Practice Nurses, Inc. v. Rajam* (2015) 241 Cal.App. 4th 164, 171.

5       Precisely on point is *Salma v. Capon* where the First District was asked to consider whether a

6  plaintiff may avoid a pleading challenge pursuant to Code of Civil Procedure section 425.16 by

7  amending the challenged complaint before the motion to strike is heard.  The court concluded he

8  could not. (2008) 161 Cal.App. 4th 1275,1279.  Permitting such a filing of amended pleadings after

9  an anti-SLAPP motion is filed would frustrate the very intent of the statute and "would undermine

10  legislative policy of early evaluation and expeditious resolution of claims arising from protected

11  activity." *Id at* 1294; see also *City of Colton v. Singletary* (2012) 95 Cal.App. 4th 751, 775. ["[T]here

12  is a history of case law setting forth the rule that a party cannot amend around a SLAPP motion];

13  *Law Office of Andrew L. Ellis v. Yang* (2009) 178 Cal.App. 4th 869, 880; *Sylmar Air Conditioning v.*

14  *Pueblo Contracting Services* (2004) 122 Cal.App. 4th 1049, 1054-55.

15       **B.  B&B Defendants' Representation of Defendant Khera**

16       In her papers, Ms. Sameer contends that counsel for the B&B Defendants misled the court

17  when counsel states "apparently" the B&B Defendants' representation of Ms. Khera ceased in 2008.

18  This time line was taken from directly from Ms. Sameer's SAC which is the subject matter of this

19  motion.  The B&B Defendants can rely only upon the content of the complaint and matters to which

20  judicial notice is granted for purposes of this motion.

21       **C.  Alleged Forged Documents**

22       Ms. Sameer also argues in the SAC and her Opposition, that current counsel for the B&B

23  Defendants "submitted forged/altered documents to the Appellate Court in and during the appeal

24  F071888.  She ultimately refers to the years 2017. [*See* SAC, par. 5, lines 1-3] and 2018 [par. 1, lines

25  9-10].  In reviewing her papers, it is unclear as to what documents to which Ms. SAMEER is

26  referring.

27  \\

28  \\

4

# III. ANALYSIS

## A. The Standard Governing Rule 12(b)(6) Motions

As explained in the B&B Defendants' moving papers, a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) is warranted if the pleadings fail to state a claim upon which relief can be granted.  It is settled that the "court's  inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to plaintiff." *Lazy Y Ranch v. Behrens* (9th Cir. 2008) 546 F.3d 580, 588.  Nevertheless, the court "need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors* (9th Cir., 2001) 266 F3d. 979, 988.

## B. Statutes of Limitations

Ms. Sameer argues that her RICO claims are timely because, despite the underlying proceedings beginning well over a decade ago, she is discovering new "frauds" as recently at 2018. However, the standard for determining whether the statute of limitations is triggered is not when a party "becomes aware" of the facts, as Ms. Sameer contends, but rather the "injury discovery" statute of limitations rule for civil RICO claims.  As discussed in our moving papers, in this jurisdiction, the RICO statute of limitations begins to run when a plaintiff knows or should have known the injury that underlies his cause of action." *Pincay v. Andrews* (9th Cir., 2001) 238 F.3d 1106, 1109.  As Ms. Sameer has been engaged in litigation stemming from her martial dissolution proceedings for well over ten years she most certainly knew or should have known if there were potential claims to be asserted on her behalf as a result of the litigation. "If a person becomes aware of facts which would make a reasonably prudent person suspicious, he or she has a duty to investigate further and is charged with knowledge of matters which would have been revealed by such an investigation." *McCoy v. Gustafson* (2009) 180 Cal.App. 4th 56, 78.

Ms. Sameer also refers to the document served but not filed, per the Court's order, entitled "Plaintiff's Common Arguments In Opposition to Defendants' Motion to Dismiss" as support for the timeliness of her claims.  As the Court ordered this document to not be filed and stated it will not consider any argument contained within it, Ms. Sameer cannot rely upon it oppose the B&B Defendants' Motion to Dismiss.

5

1     Ms Sameer cites two cases from the Illinois to assert that the statute of limitation begins to

2  run when facts exist authorizing Plaintiff to bring an action.  These cases may cite the rule of law for

3  Illinois but they do not for California matters.

4     Ms. Sameer failed to provide a basis to conclude the four year statute of limitation for all her

5  claims were not triggered in 2008 and that such claims are not now barred.  Ms. Sameer admits in

6  her Opposition that she filed a motion to set a side a judgment from 2008, ten years ago, as she

7  believed Mr. Khera had misappropriated funds.  If Ms. Sameer believed fraud was occurring ten

8  years ago, and has continually acted upon it though litigation, it is hard to understand how she is just

9  now supposedly discovering new "frauds," which would permit new causes of action. [*See* Plaintiff's

10  Opposition Par. 3 Page 11].

11     **C. Rooker Feldman Doctrine is Applicable**

12     In her Opposition, Ms. Sameer simply states the Rooker-Feldman doctrine does not apply

13  and refers the Court to "Plaintiff's Common Arguments in Opposition to Defendants' Motions to

14  Dismiss."  As mentioned above, this is not a basis to refute the B&B Defendant's argument that this

15  doctrine applies.  The Court has already stated it will not consider argument contained within that

16  document.   The B&B defendants would like to add that this document, even though it will not be

17  considered by the Court, fails to contradict the applicable holding in *Exxon Mobile Corp. v. Saudi*

18  *Basic Industries Corp.* (2005) 544 US 280.  In essence, Ms. Sameer has failed to provide any

19  argument as to why this doctrine does not apply, while the B&B Defendants, in their moving papers,

20  have demonstrated its applicability in this case.

21     **D. Younger Abstention Doctrine is Applicable**

22     Similarly, Ms. Sameer simply states that the Younger Abstention doctrine does not apply and

23  refers the Court to "Plaintiff's Common Arguments in Opposition to Defendants' Motions to

24  Dismiss."  As mentioned above, this is not a basis to refute the B&B Defendant's position as to the

25  applicability of this doctrine.  The Court has already stated it will not consider argument contained

26  within that document.  Ms. Sameer has provided no substantive basis as to why this doctrine not

27  apply in this case.

28  \\

1    **E.  The Claims in the Second Amended Complaint Are Time-Barred**

2         As explained in the B&B Defendants' moving papers, all of the causes of action alleged by

3    Ms. Sameer's are time-barred, as the activity complained of occurred between 2003 and 2008.  In her

4    Opposition, Ms. Sameer does not provide allegations to the contrary.  Again, she refers the Court to

5    her "Plaintiff's Common Arguments in Opposition to Defendants' Motion to Dismiss," which was

6    not filed.  She mentions, on page 10 of her Opposition, a fraudulent act allegedly committed by

7    counsel in connection with the Fifth District Appeal and states that she found a property in Mr.

8    Khera's name in 2018.  However, she then refers back to the 2008 judgment and 2007 marital

9    settlement agremenet. Depsite hers best efforts, Ms. Sameer cannot point to any conduct by the *B&B*

10   *Defendants* that are not time-barred.

11   **F.  The Litigation Privilege Applies to the Alleged Conduct of the B&B Defendants**

12        The B&B Defendants' alleged tortious conduct occurred entirely within their representation

13   of Mr. Khera in a legal proceeding.  Ms. Sameer cannot dispute this fact.  Instead, in her Opposition

14   she states the privilege does not apply because the B&B Defendants somehow engaged in the

15   practice of law that was not "authorized."  She offers no case law other than one citation, *Lee v.*

16   *Hanley* (2015) 61 Cal. 4th 1225.  This case involves claims  brought by a client against his former

17   attorney for wrongful acts or omissions.  The case holdings concern the applicable statute of

18   limitations (one year).  However, the case does not involve the litigation privilege as codified in

19   California Civil Code section 47(b).  Again, as according to the Plaintiff's SAC, all the conduct she

20   complains of as to the B&B Defendants occurred during their representation of Mr. Khera.  The

21   privilege applies and is an appropriate basis for dismissal of claims.

22   **G.  Plaintiff is Not Able to State a Claim as to Each of Her Causes of Action**

23        Plaintiff's Opposition fails to adequately address the B&B Defendants' position that in

24   addition, to being time-barred, each of her causes of action fails to state a claim.  Again, Ms. Sameer

25   repeatedly refers to a document that the Court ordered not be filed nor considered: "Plaintiff's

26   Common Arguments in Opposition to Defendants' Motions to Dismiss."  In support of most of her

27   claims, Ms. Sameer seems to rely upon her belief that the underlying family law proceedings were

28   unfair and in her perspective, fraudulent; and that the mere representation of her ex-husband by

                                                          7

1  counsel is tantamount to a wide-ranging, criminal conspiracy. All of the claims as to the B&B

2  Defendants arose, Ms. Sameer admits, during the course of their representation of her ex-husband

3  Mr. Khera. The allegations are exceedingly vague, lack specificity and and cannot form an adequate

4  basis for ANY of her causes action against the B&B Defendants.

5       Briefly, the B&B Defendants address is separate cause of action pled by plaintiff and which

6  she asserts are meritorious claims. The B&B Defendants respectfully submit that plaintiff has not

7  stated causes of action.

8            **1.    First Cause of Action: "Attempts"**

9       Without any legal support, Plaintiff argues that she may bring a cause of action for

10  "Attempts" pursuant to the "private attorney general doctrine." This is incorrect. "Attempts" is not a

11  recognized civil cause of action in California.  The B&B Defendants have addressed this issue in

12  their Points and Authorities in Support of Motion to Dismiss (hereinafter "Moving Papers"), Section

13  IV, B, 1 contained on Page 15, and incorporate same herein by reference.

14            **2.    Second Cause of Action: Fraud**

15       Plaintiff's opposition does not address the issues before the Court, specifically the details of

16  the fraud and how she relied upon the alleged fraud. The B&B Defendants incorporate herein by

17  reference their argument as set forth in their Moving Papers, specifically Section IV, B, 2 contained

18  on pages 15 and 16. In addition, there is no "fraud exception" to the Litigation Privilege, California

19  Civil Code Section 47b. As set forth in the B&B Defendants' Moving Papers, the actions of the

20  B&B Defendants were entirely in the context of their representation of their client, Sameer Khera, in

21  the underlying family court proceedings.  The Litigation Privilege extends to even fraudulent

22  statements, even if presented to the court, if they were made in furtherance of litigation. *Herterich vs.*

23  *Peltner* (2018) 20 Cal.App.5th 1132,1141.

24            **3.    Third Cause of Action: Negligence**

25       Again, this cause of action is actually for negligent misrepresentation.  Plaintiff fails to meet

26  the heightened pleading standard contained in FRCP Rule 9(b).  Further, since all acts alleged to

27  have been performed by the B&B Defendants arise in the context of their representation of Mr.

28  Khera, they are absolutely privileged pursuant to the Litigation Privilege, Civil Code Section 47b.

1

### 4.     Fourth Cause of Action: Unjust Enrichment

2       Plaintiff's opposition ignores the fact that no such cause of action is recognized in California.

3   *Walker vs. USAA Casualty Insurance Co.* (E.D. Cal.) 474 F.Supp.2d 1168,1174.  Further, since all

4   acts alleged to have been performed by the B&B Defendants arise in the context of their

5   representation of Mr. Khera, they are absolutely privileged pursuant to the Litigation Privilege, Civil

6   Code Section 47b.

7

### 5.     Fifth Cause of Action: Civil Rights 42 U. S. C. Section 1983

8       In their Moving Papers, the B&B Defendants asserted that they cannot be held liable for

9   violating plaintiff's civil rights because they are not "state actors" and that none of their alleged

10  actions were performed under color of state law.  *Dunn vs. Hackworth* (8th Circuit, 1980) 628 F.2d

11  1111, 1112-1113 and additional citations.  The B&B Defendants incorporate herein their argument

12  as contained in Section IV, B, 5 contained on page 17 of their Moving Papers.

13      Plaintiff argues that the B&B Defendants can be held liable because, she alleges, they

14  conspired with state agencies and state judges to deprive her of her civil rights.  This argument fails.

15  One cannot be held liable for conspiring to breach a duty one never owed.  See *Everest Investors 8*

16  *vs. Whitehall Real Estate Limited Partnership XI* (2002) 100 Cal.App.4th 1102, 1106-1107.  Tort

17  liability arising from conspiracy pre-supposes that the co-conspirator is legally capable of

18  committing the tort in the first place and that he or she owes the plaintiff a duty that is recognized by

19  law and is potentially subject to liability for a breach of that duty.  *Applied Equipment Corp. Vs.*

20  *Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503,511.  Since the B&B Defendants cannot be held liable

21  for violation of plaintiff's civil rights, they cannot be held liable for conspiring with those who are

22  state actors, such as the state agencies, judges, etc.  Further, since all acts alleged to have been

23  performed by the B&B Defendants arise in the context of their representation of Mr. Khera, they are

24  absolutely privileged pursuant to the Litigation Privilege, Civil Code Section 47b.

25

### 6.     Sixth Cause of Action: Fraudulent Conveyancing

26      Plaintiff has not overcome the arguments contained in the B&B Moving Papers, specifically

27  those set forth in Section IV, B, 6 contained on pages 17 and 18.  Further, since all acts alleged to

28  have been performed by the B&B Defendants arise in the context of their representation of Mr.

9

Khera, they are absolutely privileged pursuant to the Litigation Privilege, Civil Code Section 47b.

### 7.    Seventh Cause of Action: Breach of Fiduciary Duty and Covenant of Good Faith and Fair Dealing

Once again, the B&B Defendants owed fiduciary duties to their client, Mr. Khera, and not to plaintiff Sameer in the context of the family law proceedings.  Her SAC contains no factual allegations, other than allegations of bribery and corruption of co-defendant Sally White and intimidating Ms. Sameer at a mandatory settlement conference. The SAC pleads insufficient facts to support this cause of action.  Even if it did, since all acts alleged to have been performed by the B&B Defendants arise in the context of their representation of Mr. Khera, they are absolutely privileged pursuant to the Litigation Privilege, Civil Code Section 47b.

### 8.    Eighth and Ninth  Causes of Action: Intentional/Negligent Infliction of Emotional Distress.

Plaintiff has failed to pled "extreme and outrageous conduct" which "exceeds all bounds of decency usually tolerated in a civilized society."  She provides her interpretations of the legal system and how it works but the facts do not equate with the conclusions.

In addition, as with many of her other causes of action,  since all acts alleged to have been performed by the B&B Defendants arise in the context of their representation of Mr. Khera, they are absolutely privileged pursuant to the Litigation Privilege, Civil Code Section 47b.

### 9.    Tenth Cause of Action: Obstruction of Justice

Plaintiff offers no rebuttal to the argument contained in the B&B Defendants' Moving Papers, specifically in  Section IV, B, 9 contained on page 19.

### 10.    Eleventh Cause of Action: Identity theft

Once again, this cause of action is not directed to the B&B Defendants but, rather to defendants Khera and Devani.

### 11.    Twelfth Cause of Action: Unfair Business Practices

Plaintiff fails to address the flaws in her twelfth cause of action.  Specifically, she must state with reasonable particularity the facts supporting the statutory elements of the alleged violation. *Khoury vs. Macy's of California, Inc.* (1993) 14 Cal.App.4th 612,619. Plaintiff has not done so.

\\

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT BY B&B DEFENDANTS                                    1:17-CV-01748-DAD-EPG

1        **12.    Thirteenth Cause of Action: Crimes Against the United States**

2        Plaintiff fails to address the argument contained in the B&B Defendants' Moving Papers,

3    specifically as set forth in Section IV, B, 12 contained on page 20, She lacks standing to assert this

4    cause of action which, therefore, must fail.

5        **13.    Fourteenth Cause of Action: Civil Conspiracy**

6        Plaintiff fails to overcome the argument contained in the B&B Defendants' Moving Papers,

7    specifically Section IV, B, 13 contained on page 20.  There is no recognized cause of action.

8    Further, since all acts alleged to have been performed by the B&B Defendants arise in the context of

9    their representation of Mr. Khera, they are absolutely privileged pursuant to the Litigation Privilege,

10   Civil Code Section 47b.

11       **14.    Fifteenth Cause of Action: RICO**

12       Plaintiff fails to overcome the argument contained in the B&B Moving Papers, Specifically

13   Section IV, B, 14 contained on pages 20 through 22.  The B&B Defendants respectfully submit that

14   plaintiff has failed to state a civil RICO claim against them.  See *Chen vs. Chen* (9th Cir., 1996) 80 F.

15   3rd 1293, 1298-1300.

16       **H.  There Is No Meet and Confer Requirement**

17       Per the Court's Standing Order regarding Law and Motion, there is no meet and confer

18   requirement in this instance because plaintiff is representing herself *in pro per*.

19       **I.  The Court Should Dismiss the Case Without Leave to Amend**

20       Years of litigation have ensued between the parties in various venues.  Ms. Sameer continues

21   to make similar claims throughout.  She should not be permitted with another opportunity to amend

22   her Complaint as "it appears beyond doubt that plaintiff can prove no set of facts that would entitle

23   [her] to relief and this defect cannot be cured by amendment." *Noll vs. Carson* (9th Cir., 1987) 809 F.

24   2d 1446,1448-1449.  Plaintiff's Opposition provides no support that the defects in her SAC can be

25   cured through yet another amendment.

26                           **IV.  CONCLUSION**

27       Based upon all the foregoing and the content of their Moving Papers, including documents

28   and files to which the court is requested therein to take judicial notice, defendants Susan Benett,

1  Lewis Becker, and Benett & Becker respectfully request that the Court dismiss Plaintiff's Second

2  Amended Complaint against them, without leave to amend.

3

4  Dated: October 30, 2018                                LAW OFFICES OF JOHN S. BURTON PC

5

6                                        By: _____

7                                        JOHN S. BURTON
                                         Attorney for Defendant, **SUSAN BENETT**,
                                         erroneously sued as Susan Bennett; **LEWIS**
8                                        **BECKER** and **BENETT & BECKER**, a California
                                         Law Partnership, sued erroneously as Bennett &
9                                        Becker, Inc, a corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT BY B&B DEFENDANTS                                1:17-CV-01748-DAD-EPG