UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADHU SAMEER,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMEER KHERA, et al.,<br><br>    Defendants. | No. 1:17-cv-01748-DAD-EPG<br><br>ORDER DISMISSING ACTION WITH PREJUDICE |

This matter is before the court on multiple motions to dismiss and motions to stay filed by defendants. On November 6, 2018, those motions came before the court for hearing. Plaintiff Madhu Sameer appeared telephonically on her own behalf; numerous attorneys appeared, either in person or telephonically, on behalf of defendants. For the reasons that follow, this action will be dismissed with prejudice.

**BACKGROUND**

This case stems from state court proceedings regarding plaintiff's divorce from defendant Khera. Dissatisfied with the results of that divorce and related state court proceedings, plaintiff now alleges a massive conspiracy involving more than 30 defendants, including her ex-husband, his current wife, two corporations owned by these individuals, all attorneys who represented her in the divorce proceedings, all attorneys who represented defendant Khera in the divorce proceedings, two Santa Clara County judges (one of whom is now a United States District Judge),

a Fresno County Superior Court Judge, a Fresno County Superior Court Commissioner, the California Department of Child Support Services, a Certified Public Accountant, and a vocational assessment professional. Pending before this court is plaintiff's Second Amended Complaint, which alleges fifteen causes of action. (Doc. No. 184 ("SAC").) Those causes of action include claims of attempt, fraud, negligence, unjust enrichment, civil rights violations under 42 U.S.C. § 1983, fraudulent conveyance, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, intentional and negligent infliction of emotional distress, obstruction of justice, defamation, unfair business practices, aiding and abetting, misprision of a felony, insurrection, civil conspiracy under 42 U.S.C. § 1985 and other provisions, and RICO conspiracy. (*Id.* at 18–29.)

**ANALYSIS**

District courts are empowered to dismiss complaints that present "obviously frivolous" allegations, even where plaintiff is not proceeding *in forma pauperis*. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed *sua sponte* before service of process."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.") (internal quotation marks omitted); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.").

Although plaintiff's allegations against some of the named defendants are threadbare and conclusory, the general thrust of the complaint is clear enough. Plaintiff alleges that everyone involved—her lawyers, her ex-husband, his lawyers, expert witnesses involved in her divorce proceedings, the judges who presided over those proceedings, and more—is in cahoots and out to deprive her of money and property. Specifically, plaintiff's complaint alleges that all of the

2

defendants conspired to permit Khera, her ex-husband, to effectively steal millions of dollars in property, child support, and spousal support from her. (SAC at ¶¶ 27–29.) In plaintiff's telling, the conspiracy spans across the state of California and encompasses judges in both Santa Clara and Fresno Counties, as well as lawyers from locations as disparate as Santa Cruz, Truckee, and Pasadena, with no explanation as to how these individuals might have come to conspire with one another to harm plaintiff or others.

Even more implausibly, the SAC alleges a conspiracy not merely against plaintiff, but against many other "single, disadvantaged women," which forces them to "forego support and property using threats, humiliation, [and] intimidation to oppress and suppress women seeking dissolution, or undergoing domestic violence, and the child victims of sexual abuse." (*Id.* at ¶ 170.) This alleged conspiracy, which plaintiff claims is a "semi private, informal affiliation of entities with public presence," funds itself by exploitation of litigants' community property, bribery, patronage, extortion, and various kickback schemes. (*Id.* at ¶¶ 172–73.) The conspiracy has allegedly provided protection for parties as diverse as O.J. Simpson, Brock Turner, the San Francisco 49ers football team, and various unnamed perpetrators of sexual violence. (*Id.* at ¶ 182 n.6–7.) In essence, plaintiff alleges that the conspiracy effectively amounts to a permanent protection racket that has operated within the California legal community for decades, providing legal cover for all manner of offensive conduct including murder, domestic violence, sexual assault, witness tampering, and child abuse. In short, plaintiff's allegations are fanciful.

Similar cases, in which a complaint alleges the existence of a vast conspiracy bent on plaintiff's destruction, are unfortunately all too familiar in our courts. *Rosberg v. S.F. Sheriff's Dep't*, No. C 10-2370 CRB PR, 2010 WL 2219725, at *1 (N.D. Cal. June 2, 2010); *see also Garrett v. Muller*, No. 6:12-CV-581-CL, 2012 WL 1682585, at *1 (D. Or. May 11, 2012) (finding the allegation of a conspiracy involving the military, FBI agents, the Catholic Church, public defenders, judges, and the Secretary of Defense to take away plaintiff's child to be frivolous); *Thompson v. United States*, No. CV-10-0413-JLQ, 2011 WL 3566782, at *1 (E.D. Wash. Aug. 15, 2011) (dismissing as frivolous a complaint in which the plaintiff "alleges that the Government, specifically the Department of Homeland Security, is engaged in tyranny and a vast

conspiracy with the private sector, including local businesses, seeking to destroy anything that may bring him wealth and scientific recognition and to protect other mining company's interests") (internal quotation marks omitted); *Marshall v. Stengel*, No. 3:10CV-159-S, 2010 WL 1930172, at *1 (W.D. Ky. May 12, 2010) (dismissing complaint alleging conspiracy to cover up the wrongful actions of various state and federal officials, who had been targeting, terrorizing, and tormenting the plaintiff for numerous years, as fantastic and delusional). When confronted with such fanciful allegations, the only appropriate response is to dismiss the case with prejudice, as federal courts lack subject-matter jurisdiction over actions such as this. *See Franklin*, 745 F.2d at 1227 n.6.

For these reasons,

1. This action is dismissed with prejudice;
2. All pending motions are terminated; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 4, 2018**

UNITED STATES DISTRICT JUDGE