UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADHU SAMEER,<br><br>Plaintiff,<br><br>v.<br><br>SAMEER KHERA, et al.,<br><br>Defendants. | No. 1:17-cv-01748-DAD-EPG<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES<br><br>(Doc. No. 267) |

This matter is before the court on the motion of defendants J. Hector Moreno, Jr. & Associates, J. Hector Moreno, Constance Smith, Rory Coetzee, Andrew Westover, Kayleigh Walsh, and Raechelle Velarde's (collectively "defendants") motion for attorneys' fees. (Doc. No. 267.) On April 16, 2019, that motion came before the court for hearing. Plaintiff Madhu Sameer appeared *pro se*, attorney Kristin L. Iversen appeared on behalf of defendants, and attorney Alyson Berg appeared on behalf of defendant Lenore Schreiber. Having considered the parties' briefing and having heard from counsel, defendants' motion will be denied.

**BACKGROUND**

This case stems from state court proceedings regarding plaintiff's divorce from defendant Khera. Dissatisfied with the results of that divorce and related state court proceedings, plaintiff alleged in her action filed with this court a massive conspiracy involving more than 30 defendants, including her ex-husband, his current wife, two corporations owned by these

1

individuals, all attorneys who represented her in the divorce proceedings, all attorneys who represented defendant Khera in the divorce proceedings, two Santa Clara County judges (one of whom is now a United States District Judge), a Fresno County Superior Court Judge, a Fresno County Superior Court Commissioner, the California Department of Child Support Services, a Certified Public Accountant, and a vocational assessment professional. Plaintiff's Second Amended Complaint alleged fifteen causes of action, including claims of attempt, fraud, negligence, unjust enrichment, civil rights violations under 42 U.S.C. § 1983, fraudulent conveyance, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, intentional and negligent infliction of emotional distress, obstruction of justice, defamation, unfair business practices, aiding and abetting, misprision of a felony, insurrection, civil conspiracy under 42 U.S.C. § 1985 and other provisions, and RICO conspiracy. (Doc. No. 184 ("SAC") at 18–29.)

On December 5, 2018, the undersigned dismissed this action with prejudice, finding that the allegations contained within the complaint were frivolous. (Doc. No. 227.) Judgment was entered that same day. (Doc. No. 228.) Defendants filed their motion for attorneys' fees on February 12, 2019. (Doc. No. 267.) In it, defendants seeks an award of attorneys' fees and costs under 42 U.S.C. § 1988 and 28 U.S.C. § 1927. Plaintiff filed her opposition on April 2, 2019.[1] (Doc. No. 277.) Defendants filed a reply on April 9, 2019. (Doc. No. 279.)

/////

/////

---

[1] On the same day plaintiff filed her opposition to the pending motion she also filed a motion to stay these proceedings until her appeal before the Ninth Circuit is resolved. (Doc. No. 276.) "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (Breyer, J., dissenting) (quoting *Landis*, 299 U.S. at 254)). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. Here, the court finds that the pendency of plaintiff's appeal from the order of dismissal provides no basis to stay these proceedings in the district court. Plaintiff's motion will therefore be denied.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988(b), the court, in its discretion, may award reasonable attorneys' fees to the prevailing party in a case brought under 42 U.S.C. § 1983. Although this provision does not distinguish between prevailing plaintiffs and prevailing defendants, courts have interpreted the statute as treating the two differently. A prevailing defendant in a § 1983 action may be awarded attorneys' fees under § 1988 only when the plaintiff's action is "frivolous, unreasonable, or without foundation." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). In determining whether this standard has been met, courts must avoid 'post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* "A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception." *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). "A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.'" *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)). Accordingly, "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry*, 902 F.2d at 773 (citation omitted).

Meanwhile, 28 U.S.C. § 1927 provides that "[a]ny attorney or other person . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In order to impose sanctions under this provision, a district court must make "a finding of recklessness or bad faith." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996); *see also New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) ("Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith."). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent[.]" *Estate of Blas ex rel. Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986).

/////

## ANALYSIS

Defendants argue that their motion for attorneys' fees is necessitated by "[p]laintiff's total disregard for the Federal Rules of Civil Procedure ("FRCP"), California Code of Civil Procedure ("CCP"), and Eastern District Local Rules, combined with her total lack of professional courtesy towards opposing counsel[.]" (Doc. No. 267 at 6.) However, Local Rule 293(a) requires that "[m]otions for awards of attorneys' fees to prevailing parties pursuant to statute . . . be filed not later than twenty-eight (28) days after entry of final judgment." A review of the docket indicates that judgment in this case was entered on December 5, 2018 (Doc. No. 227), while defendants' motion for attorneys' fees was not filed until February 12, 2019 (Doc. No. 267), more than a month after this deadline had passed. Defendants' motion is untimely, and they are therefore not entitled to recover under § 1927 or § 1988.

As an alternative basis for their motion, defendants invoke the inherent power of the court to argue that the undersigned should impose sanctions against plaintiff for her conduct in this action. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). However, the Supreme court has cautioned that such "inherent powers . . . must be exercised with restraint and discretion." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). Here, the undersigned declines to invoke its inherent authority to impose sanctions. However, as she was at the hearing on this motion, plaintiff is cautioned that further frivolous filings in this court may cause the undersigned to reassess whether the imposition of sanctions is appropriate and necessary.

For these reasons,

1. Defendants' motion for attorneys' fees (Doc. No. 267) is denied; and

2. Plaintiff's motion to stay these proceedings (Doc. No. 276) is denied.

IT IS SO ORDERED.

Dated: **April 17, 2019**

UNITED STATES DISTRICT JUDGE

4